IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEMA MOUSILLI,<br>*Plaintiff,*<br><br>v.<br><br>DANIEL MCNARY "MAC"<br>LECKRONE,<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL CASE NO.<br>_____<br><br>JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, PLAINTIFF, LEMA MOUSILLI,** in the above-styled matter and files this *Plaintiff's Original Complaint* complaining of **DEFENDANT, DANIEL MCNARY "MAC" LECKRONE,** and for cause of action would respectfully show unto the Court as follows:

### I. SUMMARY OF THE ACTION

1. This is an action for defamation per se under Texas law (Tex. Civ. Prac. & Rem. Code § 73.001 et seq.), business disparagement, tortious interference with contract and prospective economic relations, and intentional infliction of emotional distress.

2. Plaintiff seeks compensatory damages in an amount to be determined at trial, but in no event less than $75,000, exclusive of interest and costs, exemplary damages, attorneys' fees, costs, pre-judgment and post-judgment interest, and such other relief as the Court deems just and proper.

### II. JURISDICTION

1

PLAINTIFF'S ORIGINAL COMPLAINT

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between a citizen of Texas and a citizen of Oregon, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.   VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claims occurred in this district.

## IV.   PARTIES

5. Plaintiff Lema Mousilli ("**Plaintiff**") is an individual who resides in Houston, Harris County, Texas. Plaintiff is a citizen of Texas and a licensed attorney practicing law in Texas.

6. Defendant Daniel McNary "Mac" Leckrone is an individual who resides at 1895 NW Remarkable Drive, Bend, OR 97703 and is a citizen of Oregon. Defendant Leckrone is attorney associated with Lloyd & Mousilli, PLLC. Defendant Leckrone may be served with process at that address or wherever he may be found.

## V.   BACKGROUND FACTS

7. Plaintiff Lema Mousilli ("**Ms. Mousilli**") and her brother, Feras Mousilli, have been siblings and equal business partners in a mutual partnership since at least 2019. As part of this partnership, Ms. Mousilli and Feras Mousilli shared co-equal responsibilities for the management and operation of Lloyd & Mousilli, PLLC ("**L&M**"), a Texas-based law firm. In 2019, Ms. Mousilli assumed the role of Litigation Partner at L&M, while Feras Mousilli served as Managing Partner. In her capacity as Litigation Partner, Ms. Mousilli exercised significant authority over key

aspects of L&M's practice, including but not limited to hiring and firing staff, case management, client relations, and decisions regarding fee waivers and discounts.

8.      These facts regarding Ms. Mousilli's role and authority at L&M are extensively documented and corroborated by substantial evidence, including testimony from numerous witnesses and thousands of pages of records. Such evidence includes current and historical public filings, digital archives, L&M marketing materials (e.g., promotional videos, social media posts, and website content), internal documents (e.g., L&M's Staff Handbook), and public statements. The vast majority of these materials were created, disseminated, or approved with the knowledge, consent, and often at the direction of Feras Mousilli.

9.      Beginning in or around 2020, Feras Mousilli relocated outside the United States and began residing primarily in developing countries, specifically Colombia, Turkey, and Ukraine. He typically visited the United States for only one or two weeks per year. As a transactional attorney, Feras Mousilli conducted virtually all of his client interactions and L&M-related meetings remotely. In contrast, Ms. Mousilli, a litigation attorney residing in Houston, Texas, performed the majority of her work in person, including court appearances, depositions, and mediations.

10.     Over the course of her years as L&M's Litigation Partner, Ms. Mousilli encountered escalating difficulties in working with Feras Mousilli, stemming from her direct observations of his engagement in unethical and questionable behavior, which she strongly disapproved. Ms. Mousilli also received reports from various individuals, some anonymous, detailing Feras Mousilli's wrongful conduct. Furthermore, Ms. Mousilli witnessed and objected to Feras Mousilli's improper actions toward attorneys and paralegals at L&M, some of whom subsequently filed lawsuits against him individually and against L&M. Unable to continue associating with such unconscionable behavior, Ms. Mousilli resigned from her position as Litigation Partner in mid-

2024 upon confirming Feras Mousilli's pattern of reprehensible conduct constituting moral turpitude.

11. Shortly after Ms. Mousilli's resignation, Feras Mousilli was arrested and charged with the felony offense of Sexual Performance By a Child. A true and correct copy of Feras Mousilli's indictment is attached hereto as **Exhibit A** and incorporated herein by reference. Feras Mousilli's arrest was widely publicized on numerous news platforms, including ABC13, CW39, and Yahoo News. A true and correct copy of the ABC13 news story is attached hereto as **Exhibit B** and incorporated herein by reference.

12. Following her resignation from L&M, Ms. Mousilli established an independent law firm where she continues to practice law. The overwhelming majority of L&M's litigation clients elected to continue their representation with Ms. Mousilli at her new firm. In retaliation for her departure and the loss of these clients, Feras Mousilli initiated a frivolous lawsuit against Ms. Mousilli and orchestrated a campaign of reputational attacks against her. In late 2024, Ms. Mousilli initiated a judicial dissolution proceeding for L&M, which is currently pending in the 295th Judicial District Court of Harris County, Texas.

13. As part of this retaliatory campaign, Feras Mousilli and others associated with L&M, including attorneys and staff, attempted unsuccessfully to persuade former L&M clients to return their business to L&M through improper and unethical means, such as spreading false and defamatory information about Ms. Mousilli. Defendant Daniel McNary "Mac" Leckrone ("**Defendant Leckrone**") is an attorney associated with L&M and one such individual who participated in these efforts.

14. Specifically, on or about December 1, 2024, Defendant Leckrone contacted one of Ms. Mousilli's clients (the "**Client**"), who had chosen to continue representation with Ms. Mousilli at

her new firm following her departure from L&M. During this initial telephone call, Defendant Leckrone attempted to persuade the Client to terminate Ms. Mousilli's representation and redirect the Client's business back to L&M by falsely stating that Ms. Mousilli "stole hundreds of thousands of dollars from the Lloyd & Mousilli law firm." During that same call, the Client asked Defendant Leckrone why he continued to associate with L&M following Feras Mousilli's widely publicized arrest on felony charges involving a minor, to which Defendant Leckrone dismissed the Client's concerns. In a subsequent telephone call with the Client, Defendant Leckrone reiterated and specified the false accusation, claiming that Ms. Mousilli stole $75,000 from L&M. These statements are categorically false, as Ms. Mousilli did not steal any funds from L&M or from any other person or entity.

15. Defendant Leckrone's statements impugned Ms. Mousilli's character, integrity, and professional reputation by accusing her of criminal conduct (theft) and unethical behavior unbecoming of an attorney. Such accusations constitute defamation per se under Texas law, as they injure Ms. Mousilli in her profession and impute to her the commission of a crime. Defendant Leckrone's false statements have caused substantial harm to Ms. Mousilli's personal and professional reputation, particularly as they were made to one of her clients in an apparent effort to interfere with her business relationships and redirect the Client's business back to L&M. This demonstrates that Defendant Leckrone's statements were made with malicious intent and have the potential to further damage Ms. Mousilli's client relationships, business opportunities, and standing in the legal community.

16. On November 11, 2025, pursuant to the Texas Defamation Mitigation Act (Tex. Civ. Prac. & Rem. Code § 73.055), Ms. Mousilli, through her counsel, served Defendant Leckrone with a written demand letter requesting that he correct, clarify, or retract the defamatory statements, as

well as any and all statements he has ever made about Ms. Mousilli stealing anything from anyone. Defendant Leckrone failed to respond to the request or take any action to correct, clarify, retract, or otherwise mitigate the harm caused by the defamatory statements.

17. As a direct result of Defendant Leckrone's actions, it became necessary for Ms. Mousilli to initiate the instant lawsuit against him to seek redress for the harms inflicted.

## VI.   CAUSES OF ACTION

### A.  COUNT 1- DEFAMATION

18. Plaintiff hereby restates and re-alleges every fact and allegation set forth in the preceding paragraphs and hereby incorporates them by reference as if fully set forth herein.

19. On or about December 1, 2024, Defendant Leckrone published false and defamatory statements about Plaintiff by making oral statements during telephone calls with Plaintiff's client.

20. The statements were that Plaintiff "stole hundreds of thousands of dollars from the Lloyd & Mousilli law firm" and that Plaintiff stole $75,000 from Lloyd & Mousilli, PLLC.

21. Defendant Leckrone published the statements to Plaintiff's client, causing the statements to be exposed to Plaintiff's client. Plaintiff's client heard the defamatory material and understood its defamatory meaning.

22. The statements were false at the time of publication because Plaintiff did not steal any funds from Lloyd & Mousilli, PLLC, or from any other person or entity.

23. Defendant Leckrone's defamatory statements expressly identified Plaintiff by name.

24. Defendant Leckrone published the statements with reckless disregard of whether the statements were false because the statements were made to one of Plaintiff's clients in an apparent effort to interfere with Plaintiff's business relationship and redirect the client's business back to

Lloyd & Mousilli, PLLC, and because Defendant Leckrone relied on false information conveyed by Feras Mousilli or Megan Weiss, or both, without verifying its truth.

25. The false statements were defamatory per se because they constituted an accusation of a crime (theft) punishable by imprisonment and injured Plaintiff in her office, profession, or occupation as an attorney.

26. As a result of Defendant Leckrone's publication of the defamatory statements, Plaintiff has suffered harm to her reputation, mental anguish, humiliation, anxiety, and lost business opportunities, which have accrued and are continuing to accrue in an amount within the jurisdictional limits of the Court. In particular, the statements have damaged Plaintiff's client relationships, business opportunities, and standing in the legal community. Because the defamation is per se, damages to Plaintiff's reputation are presumed.

27. As a result of Defendant Leckrone's publication of the defamatory statements, Plaintiff also suffered special economic damages, including lost revenue and profits. In particular, the statements were made in an effort to interfere with Plaintiff's business relationships, resulting in potential loss of clients and business opportunities.

28. In publishing the defamatory statements, Defendant Leckrone's actions were so egregious as to warrant the imposition of punitive damages. In particular, the statements were made with actual malice, as evidenced by the apparent motive to harm Plaintiff's business and the reckless disregard for the truth. Plaintiff made a request that Defendant Leckrone correct, clarify, or retract the defamatory statements within 90 days of learning of the defamation. As a result, the Court should assess punitive damages against Defendant Leckrone.

29. Before filing this action, Plaintiff fully complied with the Texas Defamation Mitigation Act (the "**DMA**") (Tex. Civ. Prac. & Rem. Code § 73.055). On November 11, 2025, Plaintiff served

Defendant Leckrone with written notice requesting that Defendant Leckrone correct, clarify, or retract his defamatory statements. Specifically, the written request demanded that Defendant Leckrone provide a written correction, clarification, or retraction of the defamatory statements, as well as any and all statements he has ever made about Plaintiff stealing anything from anyone. The correction, clarification, or retraction was required to: (1) be provided in writing to Plaintiff's client and to any other individuals or entities to whom Defendant Leckrone repeated or disseminated the defamatory statements or any similar statements accusing Plaintiff of theft; (2) explicitly state that the original statements were false and that Plaintiff did not steal any funds from Lloyd & Mousilli, PLLC or anyone else; (3) apologize for the false statements and any harm caused thereby; and (4) be disseminated in the same manner and to the same audience as the original statements (i.e., via direct communication to Plaintiff's client and others who received the information). Additionally, the request demanded that Defendant Leckrone disclose in writing, within seven days of receipt of the letter, the identity of the individual(s) who informed him of these false statements, including but not limited to whether it was Feras Mousilli, Megan Weiss, or both. Proof of compliance, including copies of all corrections, clarifications, or retractions issued, was required within seven days of receipt of the letter.

30. Plaintiff made the request during the period of limitation for commencing this defamation action. Therefore, Plaintiff's request was timely under the statute.

31. Defendant Leckrone failed to respond to the request or take any action to correct, clarify, retract, or otherwise mitigate the harm caused by the defamatory statements.

32. By reason of the foregoing, Defendant Leckrone is liable in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

B. COUNT 2- BUSINESS DISPARAGEMENT

33.     Plaintiff hereby restates and re-alleges every fact and allegation set forth in the preceding paragraphs and hereby incorporates them by reference as if fully set forth herein.

34.     Defendant Leckrone published disparaging words about Plaintiff's economic interests, specifically her professional services and client relationships, that were false and made with malice. The statements were communicated to Plaintiff's client and played a substantial part in inducing said client or others not to deal with Plaintiff, resulting in special damages such as lost profits and business opportunities.

35.     By reason of the foregoing, Defendant Leckrone is liable in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### C. COUNT 3- TORTIOUS INTERFERENCE WITH CONTRACT AND PROSPECTIVE ECONOMIC RELATIONS

36.     Plaintiff hereby restates and re-alleges every fact and allegation set forth in the preceding paragraphs and hereby incorporates them by reference as if fully set forth herein.

37.     Plaintiff had existing contracts and prospective economic relations with clients. Defendant Leckrone was aware of these relationships and intentionally interfered with them by making false and defamatory statements designed to disrupt them and redirect business to Lloyd & Mousilli, PLLC. This interference was independently tortious and unjustified.

38.     By reason of the foregoing, Defendant Leckrone is liable in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### D. COUNT 4- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39.     Plaintiff hereby restates and re-alleges every fact and allegation set forth in the preceding paragraphs and hereby incorporates them by reference as if fully set forth herein.

40. Defendant Leckrone intentionally or recklessly made extreme and outrageous statements accusing Plaintiff of serious criminal conduct, which were so outrageous in character and extreme in degree as to go beyond all possible bounds of decency. These actions caused Plaintiff severe emotional distress, including humiliation, anxiety, and mental anguish.

41. No alternative cause of action would provide a remedy for the severe emotional distress caused by Defendant Leckrone's conduct.

42. By reason of the foregoing, Defendant Leckrone is liable in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## VII.  JURY DEMAND

43. Plaintiff demands a trial by jury on all issues so triable.

## VIII. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Lema Mousilli prays that Defendant Daniel McNary "Mac" Leckrone be cited to appear and answer herein; that upon final trial, Plaintiff have judgment against Defendant Daniel McNary "Mac" Leckrone for actual damages, exemplary damages, pre-judgment and post-judgment interest, attorneys' fees, costs of court, and such other and further relief, at law or in equity, to which Plaintiff may be entitled.

DATE: November 23, 2025                                   Respectfully submitted,

>                                                         */s/ Lloyd E. Kelley*
>                                                         LLOYD E. KELLEY
>                                                         Attorney-in-charge
>                                                         Texas State Bar No. 11203180
>                                                         SDTX Federal ID No. 13497
>                                                         **THE KELLEY LAW FIRM**
>                                                         2726 Bissonnet Ste 240 PMB 12

                                                  Houston, Texas 77005
                                                  Telephone: 281-492-7766
                                                  Telecopier: 281-652-5973
                                                  *kelley@lloydekelley.com*

                                        **ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**

Lema Mousilli
Texas State Bar No. 24056016
SDTX Federal ID No. 1358290
**MOUSILLI LAW, PLLC**
11807 Westheimer Road
Suite 550, PMB 624
Houston, TX 77077
Tel: (281) 305-9313
*lema@mousillilaw.com*
*service@mousillilaw.com*

**ATTORNEYS FOR PLAINTIFF**

11

PLAINTIFF'S ORIGINAL COMPLAINT