IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEMA MOUSILLI,<br>　　*Plaintiff,* | § § § | |
| v. | § § | CIVIL CASE NO.<br>_____ |
| DANIEL MCNARY "MAC"<br>LECKRONE,<br>　　*Defendant.* | § § § § | JURY DEMANDED |

**PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, PLAINTIFF, LEMA MOUSILLI,** by and through her undersigned counsel, and respectfully moves this Court pursuant to Federal Rule of Civil Procedure 4(e) for an order authorizing substituted service of process on Defendant Daniel McNary "Mac" Leckrone ("**Defendant**") by electronic mail. In support of this Motion, Plaintiff respectfully shows the Court as follows:

### I.　　INTRODUCTION

1.　　This a civil action for defamation per se, business disparagement, tortious interference with contract and prospective economic relations, and intentional infliction of emotional distress. The Complaint was filed on November 23, 2025.

2.　　Despite diligent efforts to serve Defendant personally at his known residence in Bend, Oregon, service has been unsuccessful after multiple attempts. Defendant is aware of this lawsuit, as evidenced by his email communications with Plaintiff's counsel acknowledging receipt of a pre-suit demand letter and his failure to respond to a subsequent request to waive service. Defendant has actively used and responded to emails at his professional email address,

1

demonstrating that service by email is reasonably calculated to provide him with actual notice of this action.

3. Plaintiff seeks an order authorizing substituted service by emailing a copy of the Summons, Complaint, and this Order to Defendant's email address: mac@lloydmousilli.com. Such service complies with Federal Rule of Civil Procedure 4(e)(1), which incorporates the service rules of Texas (the state where this Court sits) or Oregon (the state where service is to be effected). Under Texas Rule of Civil Procedure 106(b), alternative service is appropriate where personal service has been attempted with due diligence but unsuccessful, and the proposed method is reasonably effective to give notice. Similarly, Oregon Rule of Civil Procedure 7(D)(3) permits alternative service by methods, including electronic means, that are reasonably calculated to apprise the defendant of the action upon a showing of inability to serve by other means.

## II.   FACTUAL BACKGROUND

4. Defendant's residence, as stated in the Complaint and confirmed through public records, is 1895 NW Remarkable Drive, Bend, Oregon 97703. *See* Declaration of Lema Mousilli ("Mousilli Decl.") at ¶ 2-3, attached hereto as **Exhibit A**. This address is Defendant's primary residence and the location where he may be served pursuant to the Complaint. *Id.*

5. Plaintiff engaged a licensed process server, Andrew Roy, to effect personal service on Defendant at this address. *Id.* at ¶ 4. Despite six attempts at varying times and days, service has been unsuccessful. *Id.* The process server's attempts are detailed as follows:

- On December 5, 2025, at 10:23 a.m. PST, the process server attempted service at the address. No answer.
- On December 6, 2025, at 11:57 a.m. PST, the process server attempted service at the address. No answer, but a dog was heard barking from inside the home, indicating occupancy.

- On December 9, 2025, at 3:17 p.m. PST, the process server attempted service at the address. No answer.
- On December 10, 2025, at 10:42 a.m. PST, the process server attempted service at the address. No answer, with no activity or changes observed since the prior visit.
- On December 11, 2025 (as reflected in the status update), the process server attempted service at the address. No answer.
- On December 12, 2025, at 7:42 a.m. PST, the process server attempted service at the address. No answer. The process server also sent a text message to Defendant's known phone number (ending in 5404) but received no response.

A true and correct copy of the process server's Proof of Service detailing these attempts is attached hereto as **Exhibit B**.

6. These attempts were made at different times of day (morning, midday, and afternoon) and on different days of the week, demonstrating due diligence. *Id.* Signs of occupancy, such as the barking dog, suggest Defendant may be evading service. *Id.*

7. Defendant is aware of the claims in this lawsuit. On November 11, 2025, Plaintiff's counsel sent a pre-suit demand letter pursuant to the Texas Defamation Mitigation Act to Defendant at his email addresses, including mac@lloydmousilli.com. *See* Mousilli Decl. at ¶ 5. On November 24, 2025, Defendant responded from mac@lloydmousilli.com, acknowledging receipt of the demand letter and stating he would "take several days to digest the meaning and provide a reply." *Id.*

8. Defendant did not respond substantively to the demand letter. *Id.* Subsequently, on January 2, 2026, Plaintiff's counsel emailed Defendant at mac@lloydmousilli.com requesting that he waive formal service pursuant to Federal Rule of Civil Procedure 4(d). *Id.* at ¶ 6. Attached to that email were copies of the Summons, Complaint, and Waiver of Service form (AO 399). *Id.* Defendant has not responded to this request, nor has he executed the waiver. *Id.*

9. Defendant's email address, mac@lloydmousilli.com, is his professional email associated with his law practice at Lloyd & Mousilli, PLLC, as confirmed by his email signature and the firm's website. *Id.* at ¶ 7. Defendant has used this email to communicate with Plaintiff's counsel

regarding the subject matter of this lawsuit, demonstrating it is a reliable means of reaching him. *Id.*

### III. ARGUMENT & AUTHORITIES

6. Federal Rule of Civil Procedure 4(e)(1) provides that service on an individual within the United States may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." This Court sits in Texas, and service is to be effected in Oregon. Thus, either Texas or Oregon rules for alternative service apply.

7. The Texas Rules of Civil Procedure provide that a plaintiff may serve a defendant by "delivering to the defendant, in person, a copy of the citation ... and of the petition." TEX. R. CIV. P. 106(a)(1). If service under Texas Rule of Civil Procedure 106(a) is unsuccessful after due diligence, the Court may allow the plaintiff to serve the defendant "electronically by social media, email, or other technology" if doing so "will be reasonably effective to give the defendant notice of the suit." TEX. R. CIV. P. 106(b)(2). Federal courts in Texas routinely grant motions for substituted service by email where, as here, personal service attempts have failed, the defendant is aware of the suit, and email has been used for prior communications. *See, e.g., Sec. & Exch. Comm'n v. Plummer*, No. 3:21-cv-2331-B, 2022 WL 1643958 (N.D. Tex. May 23, 2022) (granting email service under TRCP 106 where diligence shown). Courts have held that service by email is appropriate when "(1) the plaintiff made diligent efforts to effect traditional service at a physical ... address and (2) the defendant recently used the email address." *Rock Island Auction Co. v. Dean*, No. 3:23-CV-2642-S-BN, 2024 WL 1837970 at *4 (N.D. Tex. Apr. 26, 2024) (citing *Plummer*, 2022 WL 447077, at *2).

8.  Similarly, Oregon Rule of Civil Procedure 7(D)(3) allows for service by "any other method that is reasonably calculated to apprise the defendant of the existence and pendency of the action" upon a court order based on a showing that service cannot reasonably be accomplished by other means. Email service is permitted under this rule where it is effective.

9.  Here, Plaintiff has demonstrated due diligence through six unsuccessful service attempts at Defendant's residence. Defendant's awareness of the lawsuit is evident from his email acknowledgment of the pre-suit demand and his failure to waive service after receiving the Complaint via email. Service by email to mac@lloydmousilli.com is reasonably calculated to provide actual notice, as Defendant has used this address to respond to Plaintiff's counsel on related matters. As a practicing attorney, Defendant is presumed to understand the significance of legal process.

10. Without an order for substituted service, Plaintiff will be prejudiced in prosecuting this action, as Defendant appears to be evading service while fully aware of the claims.

### IV. Prayer

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Lema Mousilli prays that the Court grant this Motion for Substituted Service; authorize service on Defendant by emailing copies of the Summons, Complaint, and this Order to mac@lloydmousilli.com; deem service complete upon transmission of the email, with proof of service filed via affidavit confirming the email was sent and any delivery receipt; award Plaintiff the costs incurred in attempting service and filing this Motion, pursuant to Federal Rule of Civil Procedure 4(d)(2), as Defendant has failed without good cause to waive service; and grant such other and further relief as the Court deems just and proper.

DATE: January 12, 2026                                Respectfully submitted,

                    */s/ Lloyd E. Kelley*
LLOYD E. KELLEY
Attorney-in-charge
Texas State Bar No. 11203180
SDTX Federal ID No. 13497
**THE KELLEY LAW FIRM**
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973
*kelley@lloydekelley.com*

**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**

Lema Mousilli
Texas State Bar No. 24056016
SDTX Federal ID No. 1358290
**MOUSILLI LAW, PLLC**
11807 Westheimer Road
Suite 550, PMB 624
Houston, TX 77077
Tel: (281) 305-9313
*lema@mousillilaw.com*
*service@mousillilaw.com*

**ATTORNEYS FOR PLAINTIFF**

PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE