IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEMA MOUSILLI, <br>     *Plaintiff,* <br><br> v. <br><br> DANIEL MCNARY "MAC" LECKRONE, <br>     *Defendant.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL CASE NO. <br> _____ <br><br> JURY DEMANDED |

## DECLARATION OF LEMA MOUSILLI

Pursuant to 28 U.S. Code § 1746, I, **Lema Mousilli**, declare under penalty of perjury the following is true and correct:

1. I am over the age of eighteen (18) years, of sound mind, capable of making this declaration, and have personal knowledge of the facts stated herein, which are true and correct. I am an attorney licensed to practice law in the State of Texas and am counsel for Plaintiff in the above-captioned action. In that capacity, I am familiar with the facts and circumstances of this case, including efforts to serve Defendant Daniel McNary "Mac" Leckrone.

2. This declaration is made in support of Plaintiff's Motion for Substituted Service pursuant to Federal Rule of Civil Procedure 4(e)(1) and Texas Rule of Civil Procedure 106(b). The purpose of this declaration is to provide evidence that Defendant's residence is 1895 NW Remarkable Drive, Bend, Oregon 97703 (the "Residence"), that diligent attempts have been made to serve Defendant personally at that location without success, and that service by electronic mail to Defendant's email address, mac@lloydmousilli.com, will be reasonably effective to give Defendant notice of this suit because Defendant has recently used that email address to communicate regarding the subject matter of this action.

3. Based on information in the Complaint, which was derived from public records and Defendant's association with Lloyd & Mousilli, PLLC, Defendant resides at the Residence. This address is listed as Defendant's home address in public databases, including property records and professional directories associated with his law practice. Defendant is a licensed attorney and uses this address for personal and professional purposes.

1

UNSWORN DECLARATION OF LEMA MOUSILLI

<span style="color:red">**EXHIBIT A**</span>

4. Plaintiff engaged a licensed process server, Andrew Roy, to attempt personal service on Defendant at the Residence. Despite six attempts at various times and days, including mornings, mid-days, and afternoons, on December 5, 2025; December 6, 2025; December 9, 2025; December 10, 2025; December 11, 2025; and December 12, 2025, service was unsuccessful. According to Andrew Roy, on one occasion, a dog was heard barking inside the home, suggesting occupancy, but no one answered the door. On December 12, 2025, the process server also attempted to contact Defendant by text message to a phone number associated with him (ending in 5404), but received no response. These attempts demonstrate due diligence in attempting service under Texas Rule of Civil Procedure 106(a)(1), but they were unsuccessful. A true and correct copy of the process server's affidavit detailing these attempts is attached to Plaintiff's Motion as Exhibit B.

5. Defendant is aware of the claims in this lawsuit and has recently used the email address mac@lloydmousilli.com to communicate about them. On November 11, 2025, paralegal Izabelle Hernandez emailed a pre-suit demand letter pursuant to the Texas Defamation Mitigation Act (Tex. Civ. Prac. & Rem. Code § 73.055) to Defendant at mac@lloydmousilli.com. The demand letter requested that Defendant correct, clarify, or retract defamatory statements he made about Plaintiff. On November 24, 2025, Defendant responded from mac@lloydmousilli.com, acknowledging receipt of the demand letter. Defendant did not provide a substantive response or comply with the demand. A true and correct copy of this email exchange is attached hereto as Exhibit A-1.

6. On January 2, 2026, paralegal Izabelle Hernandez emailed Defendant at mac@lloydmousilli.com requesting that he waive formal service pursuant to Federal Rule of Civil Procedure 4(d). Attached to that email were copies of the Summons, the Complaint, and the Waiver of Service form. The email explained the benefits of waiving service and the potential consequences of failing to do so without good cause, including reimbursement of service costs. Defendant has not responded to this request or executed the waiver. A true and correct copy of this email is attached hereto as Exhibit A-2.

7. The email address mac@lloydmousilli.com is Defendant's professional email, as confirmed by his email signature identifying him as "Senior Counsel" at Lloyd & Mousilli, PLLC, and by the firm's website (www.lloydmousilli.com), which lists this email for him. Defendant has used this email address recently, within the last two months, to communicate directly with our office regarding the claims in this lawsuit. Specifically, his response on November 24, 2025, was less than two months before the filing of Plaintiff's Motion for Substituted Service, and the waiver request was sent to the same address on January 2, 2026, without any indication of delivery failure. This recent usage demonstrates that emailing the Summons, Complaint, and a copy of the Court's order to this address will be reasonably effective to provide Defendant with actual notice

of this action, as required under Texas Rule of Civil Procedure 106(b)(2).

8. Defendant has not waived service despite being provided with the opportunity to do so, and without an order authorizing substituted service, Plaintiff will be prejudiced in prosecuting this action, as Defendant appears to be evading service while being fully aware of the lawsuit.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 13, 2026

_____
**Declarant**

EXHIBIT A



### Demand for Retraction- Defamatory Statements Regarding Lema Mousilli

Izabelle Hernandez <izabellehernandez611@gmail.com>

**Mac Leckrone** <mac@lloydmousilli.com>   Mon, Nov 24, 2025 at 1:21 PM
To: Izabelle Hernandez <izabellehernandez611@gmail.com>, "lloydkelley@hotmail.com" <lloydkelley@hotmail.com>, "kelley@lloydekelley.com" <kelley@lloydekelley.com>, Kimberly Ayres <kimberly@lloydekelley.com>

Ms Hernandez,

For some reason your email of November 11 to me was directed to a Junk Email folder.

In any case, upon my routine review of that folder today, I'm acknowledging receipt.

I imagine will take several days to digest the meaning and provide a reply.


Sincerely,

**Mac Leckrone**, Senior Counsel
Lloyd & Mousilli - Attorneys & Counselors at Law
Main: 512.609.0059 Direct: 408.396.3466
www.lloydmousilli.com

---

**From:** Izabelle Hernandez <izabellehernandez611@gmail.com>
**Date:** Tuesday, November 11, 2025 at 5:46 PM
**To:** mac@lloydmousilli.com <mac@lloydmousilli.com>, lloydkelley@hotmail.com <lloydkelley@hotmail.com>, kelley@lloydekelley.com <kelley@lloydekelley.com>, Kimberly Ayres <kimberly@lloydekelley.com>
**Subject:** Demand for Retraction- Defamatory Statements Regarding Lema Mousilli

Dear Mr. Leckrone,

Please find legal correspondence from Attorney Lloyd E. Kelley directed to your attention attached to this email.


Sincerely,
Izabelle

Paralegal for Lloyd E. Kelley

**EXHIBIT A-1**

	Izabelle Hernandez <izabellehernandez611@gmail.com>

## Demand for Retraction- Defamatory Statements Regarding Lema Mousilli

**Izabelle Hernandez** <izabellehernandez611@gmail.com>	Fri, Jan 2, 2026 at 7:29 PM
To: Mac Leckrone <mac@lloydmousilli.com>
Cc: "lloydkelley@hotmail.com" <lloydkelley@hotmail.com>, "kelley@lloydekelley.com" <kelley@lloydekelley.com>, Kimberly Ayres <kimberly@lloydekelley.com>

Mr. Leckrone,

A lawsuit has been filed against you. Pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, on behalf of Plaintiff, we hereby request that you waive formal service of the summons and complaint. Waiving service will avoid the costs associated with formal service and facilitate a more efficient progression of the case.

Attached are the following documents:

A copy of the summons;
A copy of the complaint; and
A copy of the Waiver of the Service of Summons form (Form AO 399)

To waive service, kindly execute and date one copy of the waiver form and return it to me within 30 days from the date of this request. Upon waiver, you will have 60 days from the date of this request to file an answer or motion under Rule 12, in lieu of the standard 21 days following formal service.

Should you waive service, you will not be liable for the expenses that would otherwise be incurred for formal service. However, if you fail to return the executed waiver without good cause, you may be required to reimburse such service expenses pursuant to Rule 4(d)(2), irrespective of the ultimate outcome of the case.

Thank you for your prompt attention to this request.

Sincerely,
Izabelle

Paralegal for Lloyd E. Kelley

[Quoted text hidden]

**3 attachments**

 **1.pdf**
9968K

 **[5] 2025-12-01 Summons.pdf**
212K

 **Waivers.pdf**
134K

EXHIBIT A-2