IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEMA MOUSILLI,<br>　　*Plaintiff,*<br><br>v.<br><br>DANIEL MCNARY "MAC"<br>LECKRONE,<br>　　*Defendants.* | §<br>§<br>§<br>§   CIVIL CASE NO.<br>§   4:25-cv-05642<br>§<br>§   JURY DEMANDED<br>§<br>§<br>§ |

**DEFENDANT DANIEL MCNARY LECKRONE'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

**COMES NOW, DEFENDANT DANIEL MCNARY LECKRONE,** in the above-entitled and number cause and files his *Original Answer and Affirmative Defenses.* All allegations not specifically admitted by this Answer are generally denied.

### I.　SUMMARY OF THE ACTION

1.　Defendant denies the allegations set forth in paragraph 1 of the Complaint.

2.　Defendant denies the allegations set forth in paragraph 2 of the Complaint.

### II.　JURISDICTION

3.　Defendant responds that paragraph 3 of the Complaint calls for a legal conclusion or presents a question of law to which no response is required.

### III.　VENUE

4.　Defendant responds that paragraph 4 of the Complaint calls for a legal conclusion or presents a question of law to which no response is required.

## IV. PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint and therefore denies them.

6. Defendant admits the allegations set forth in paragraph 6 of the Complaint.

## V. BACKGROUND FACTS

7. Defendant admits that Lema Mousilli and Feras Mousilli are siblings. Defendant denies Lema Mousilli and Feras Mousilli were equal business partners in a mutual partnership since at least 2019. Defendant lacks knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation set forth in paragraph 7 of the Complaint and therefore denies them.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint and therefore denies them.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint and therefore denies them.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint and therefore denies them.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint and therefore denies them.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint and therefore denies them.

13. Defendant admits he has been associated with L&M. Defendant denies spreading false and defamatory information about Plaintiff. Defendant lacks knowledge or information sufficient to

form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint and therefore denies them.

14. Defendant denies the allegations set forth in paragraph 14 of the Complaint.

15. Defendant denies the allegations set forth in paragraph 15 of the Complaint.

16. Defendant admits that he received a demand letter from Plaintiff's counsel. Defendant denies each and every remaining allegation set forth in paragraph 16 of the Complaint.

17. Defendant denies the allegations set forth in paragraph 17 of the Complaint.

## VI.   CAUSES OF ACTION

### A.   COUNT 1 – DEFAMATION

18. Defendant incorporates by reference his responses to the preceding paragraphs. To the extent this paragraph purports to assert any additional factual allegations, Defendant denies them.

19. Defendant denies the allegations set forth in paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth in paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in paragraph 21 of the Complaint.

22. Defendant denies the allegations set forth in paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in paragraph 26 of the Complaint.

27. Defendant denies the allegations set forth in paragraph 27 of the Complaint.

28. Defendant denies the allegations set forth in paragraph 28 of the Complaint.

29. Defendant responds that the allegation set forth in paragraph 29 of the Complaint regarding the Texas Defamation Mitigation Act calls for a legal conclusion or presents a question of law to

which no response is required. Defendant admits that on November 24, 2025, he received a demand letter dated November 11, 2025. Defendant denies each and every remaining allegation set forth in paragraph 29 of the Complaint.

30. Defendant responds that the allegations set forth in paragraph 30 of the Complaint call for a legal conclusion or present a question of law to which no response is required.

31. Defendant denies the allegations set forth in paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in paragraph 32 of the Complaint.

**B.    COUNT 2- BUSINESS DISPARAGEMENT**

33. Defendant incorporates by reference his responses to the preceding paragraphs. To the extent this paragraph purports to assert any additional factual allegations, Defendant denies them.

34. Defendant denies the allegations set forth in paragraph 34 of the Complaint.

35. Defendant denies the allegations set forth in paragraph 35 of the Complaint.

**C.    COUNT 3- TORTIOUS INTERFERENCE WITH CONTRACT AND PROSPECTIVE ECONOMIC RELATIONS**

36. Defendant incorporates by reference his responses to the preceding paragraphs. To the extent this paragraph purports to assert any additional factual allegations, Defendant denies them.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint that "Plaintiff had existing contracts and prospective economic relations with clients" and therefore denies them. Defendant denies each and every remaining allegation set forth in paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in paragraph 38 of the Complaint.

**D.    COUNT 4- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

39. Defendant incorporates by reference his responses to the preceding paragraphs. To the extent this paragraph purports to assert any additional factual allegations, Defendant denies them.

40. Defendant denies the allegations set forth in paragraph 40 of the Complaint.

41. Defendant denies the allegations set forth in paragraph 41 of the Complaint.

42. Defendant denies the allegations set forth in paragraph 42 of the Complaint.

## VII. JURY DEMAND

43. Defendant denies that Plaintiff is entitled to the relief requested and otherwise states that no response is required to paragraph 43 of the Complaint, as it does not contain a factual allegation.

## VIII. PRAYER FOR RELIEF

44. To the extent the prayer for relief contained in Plaintiff's Complaint asserts any factual allegations, Defendant denies each and every such allegation. Defendant further denies Plaintiff is entitled to the requested relief therein.

## IX. AFFIRMATIVE DEFENSES

**A.   First Defense – Failure to State a Claim**

45. Plaintiff has failed to state a claim upon which relief can be granted.

**B.   Second Defense – Truth / Substantial Truth**

46. Any alleged statements complained of were true or substantially true.

**C.   Third Defense - Opinion / Non-Actionable Statement**

47. Any alleged statements constitute protected opinion, rhetorical hyperbole, or statements not capable of being proven false.

**D.   Fourth Defense - Lack of Defamatory Meaning**

48. Any alleged statements made are not reasonably capable of defamatory meaning and would not tend to harm Plaintiff's reputation.

### E.    Fifth Defense - Lack of Fault / No Actual Malice

49.    Defendant did not act with negligence, actual malice, or any degree of fault required to impose liability.

### F.    Sixth Defense - No Damages

50.    Plaintiff has not suffered any legally recoverable damages.

### G.    Seventh Defense - First Amendment

51.    Plaintiff's claims are barred or limited by the First Amendment to the United States Constitution and Article I, Section 8 of the Texas Constitution.

### H.    Eighth Defense -Failure to Mitigate

52.    Plaintiff failed to mitigate any alleged damages.

53.    Defendant will assert additional affirmative defenses as may become known through discovery or further investigation.

## X.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Daniel McNary Leckrone respectfully asks that the Court enter judgment in his favor, deny all relief requested by Plaintiff, award Defendant his costs of court, and grant such other and further relief, both general and special, at law or in equity, to which he may show to be justly entitled.

Dated:  March 9, 2026.                           Respectfully submitted,

By:    /s/ *Elizabeth Revere*
ELIZABETH REVERE
State Bar No. 00791513
S.D. Texas Bar No. 18329
**ELIZABETH REVERE, PLLC**
804 Sabine Street
Houston, Texas 77007
Tel: (281) 924-8845
Fax: (832) 201-0584
*service@bethrevere.com*
**ATTORNEY FOR DANIEL MCNARY LECKRONE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, pursuant to the District's ECF service rules on **March 9, 2026,** *via electronic filing system* on the following:

Lloyd E. Kelley
The Kelley Law Firm
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005

/s/ *Elizabeth Revere*
Elizabeth Revere