**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO.** |
| | § | **4:25-cv-05642** |
| **DANIEL MCNARY "MAC"** | § | **JURY DEMANDED** |
| **LECKRONE,** | § | |
| *Defendants.* | § | |
| | § | |

**DEFENDANT'S DISCOVERY/ CASE MANAGEMENT PLAN UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

Please restate the instruction before furnishing the information**.**

1.    State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.

On April 15, 2026, Plaintiff's counsel, Lloyd E. Kelley, and Defense Counsel, Elizabeth Revere conferred by phone. The parties exchanged draft case management plans on April 20, 2026, and April 21, 2026. The parties were not able to finalize the joint plan prior to the deadline.

2.    List the cases related to this one that are pending in any state or federal court with the case number and court.

None.

3.    <u>Briefly</u> describe what the case is about.

This case involves allegations of defamation, business disparagement, tortious interference, and intentional infliction of emotional distress, all of which are without merit and Defendant denies all claims.

4.    Specify the allegation of federal jurisdiction.

Plaintiff alleges federal jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, which Defendant does not concede as a matter of law. Defendant does not agree that any of the alleged allegations occurred in this district.

5.    Name the parties who disagree and the reasons.

Defendant disagrees with the claims alleged by Plaintiff, see above.

6.    List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

None are anticipated at this time. Defendant may join additional parties as appropriate based on information and evidence obtained through discovery and with leave of Court as required.

7.    List anticipated interventions.

None anticipated.

8.    Describe class-action issues.

This case is not a class action. No class-action issues exist.

9.    State whether each party represents that it has made the initial disclosures required by Rule 26(a).   If not, describe the arrangements that have been made to complete the disclosures.

Neither party has served initial disclosures as of the date of this Plan. The parties agree that initial disclosures shall be served no later than fourteen (14) days after the Court's initial scheduling conference.

10.    Describe the proposed agreed discovery plan, including:

A.    Responses to all the matters raised in Rule 26(f).

The parties will conduct discovery consistent with the Federal Rules of Civil Procedure. The parties agree to cooperate in good faith throughout discovery and to comply with all applicable rules, orders, and deadlines.

B.    When and to whom the plaintiff anticipates it may send interrogatories.

C.    When and to whom the defendant anticipates it may send interrogatories.

Defendant anticipates serving interrogatories on Plaintiff Lema Mousilli after of the entry of the Court's scheduling order.

D.    Of whom and by when the plaintiff anticipates taking oral depositions.

E.    Of whom and by when the defendant anticipates taking oral depositions.

Defendant anticipates taking the oral depositions of Plaintiff Lema Mousilli and such other witnesses as may be identified through discovery. Defendant anticipates completing oral depositions by November 30, 2026.

F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Defendant will designate responsive expert witnesses and provide responsive reports one month after Plaintiff has designated expert witness and provided reports.

    G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

    H.    List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

Defendant anticipates taking the deposition of any expert witness designated by Plaintiff. Completion of depositions will be determined once Plaintiff's has proposed a timeline.

11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Defendant is not aware of any part of the discovery plan that is not agreed upon as Plaintiff did not respond prior to this filing.

12.    Specify the discovery beyond initial disclosures that has been undertaken to date.

No discovery has been undertaken to date.

13.    State the date the planned discovery can be reasonably completed.

Defendant proposes that all discovery, including expert discovery, be completed on or before January 15, 2027.

14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

The parties discussed the possibility of settlement; however, no agreement has been reached. Defendant is amenable to alternative dispute resolution, including mediation.

15.    Describe what each party has done or agreed to do to bring about a prompt resolution.

Defendant has provided an offer of settlement as proposed by Plaintiff and awaits Plaintiff's response.

16.    From the attorneys= discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

Defendant is open to mediation after entry of the Court's scheduling order.

17.    Magistrate judges may now hear jury and non-jury trials.  Indicate the parties joint position on a trial before a magistrate judge.

Defendant is amenable to trial before the magistrate judge.

18.   State whether a jury demand has been made and if was made on time.

Defendant has not made a jury demand.

19.   Specify the number of hours it will take to present the evidence in this case.

Defendant estimates approximately 10 hours for presentation of evidence at trial.

20.   List pending motions that could be ruled on at the initial pretrial and scheduling conference.

None.

21.   List other motions pending.

None.

22.   Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

Defendant agrees to confer regarding a protocol for the preservation and production of electronically stored information in the possession or control of the parties consistent with Rule 26(f)(3)(C).

23.   Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

Plaintiff's Disclosure of Interested Parties was filed on December 2, 2025.

Defendant's Disclosure of Interested Parties was filed on April 2, 2026.

24.   List the names, bar numbers, addresses and telephone numbers of all counsel.

Counsel for Plaintiff Lema Mousilli:
Lloyd E. Kelley
Texas State Bar No. 11203180
SDTX Federal ID No. 13497
THE KELLEY LAW FIRM
2726 Bissonnet, Ste. 240, PMB 12
Houston, Texas 77005
Telephone: (281) 492-7766
Telecopier: (281) 652-5973
kelley@lloydekelley.com

Of Counsel:
Lema Mousilli
Texas State Bar No. 24056016
SDTX Federal ID No. 1358290

MOUSILLI LAW, PLLC
11807 Westheimer Road, Suite 550, PMB 624
Houston, Texas 77077
Telephone: (281) 305-9313
lema@mousillilaw.com | service@mousillilaw.com

Counsel for Defendant Daniel McNary Leckrone:
Elizabeth Revere
Texas State Bar No. 00791513
S.D. Texas Bar No. 18329
ELIZABETH REVERE, PLLC
804 Sabine Street
Houston, Texas 77007
Telephone: (281) 924-8845
Facsimile: (832) 201-0584
service@bethrevere.com

Dated:  April 21, 2026.                    Respectfully submitted,

                                           By:____/s/ *Elizabeth Revere*____
                                           ELIZABETH REVERE
                                           State Bar No. 00791513
                                           S.D. Texas Bar No. 18329
                                           **ELIZABETH REVERE, PLLC**
                                           804 Sabine Street
                                           Houston, Texas 77007
                                           Tel: (281) 924-8845
                                           Fax: (832) 201-0584
                                           *service@bethrevere.com*
                                           **ATTORNEY FOR DEFENDANT**
                                           **DANIEL MCNARY LECKRONE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, pursuant to the District's ECF service rules on **April 21, 2026,** *via electronic filing system* on the following:

                              /s/ *Elizabeth Revere*____
                              Elizabeth Revere