**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 4:25-cv-05642** |
| | § | |
| **DANIEL MCNARY "MAC"** | § | |
| **LECKRONE,** | § | **JURY DEMANDED** |
| *Defendant.* | § | |

**PLAINTIFF'S DISCOVERY/ CASE MANAGEMENT PLAN
UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

**PRELIMINARY STATEMENT**

Plaintiff Lema Mousilli submits this Discovery/Case Management Plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Plaintiff made diligent and repeated efforts to confer and reach agreement with Defense Counsel, Elizabeth Revere, and to file a joint plan. On April 15, 2026, Lloyd E. Kelley, counsel for Plaintiff, and Elizabeth Revere, counsel for Defendant, conferred by telephone as required by Rule 26(f). On April 20, 2026, Plaintiff transmitted a proposed joint case management plan to Defense Counsel and requested her edits. Defense Counsel provided redlined edits the following morning, April 21, 2026. That same evening, before Plaintiff had a full opportunity to review and incorporate those edits, Defense Counsel filed Defendant's own unilateral case management plan (Document 12) without advance notice to Plaintiff's counsel. Thereafter, counsel for both parties continued to communicate via email on April 21, 22, and 23, 2026, in a continued effort to finalize and file a joint plan and to obtain Defense Counsel's consent to the conformed signatures required for filing. Despite Plaintiff's good-faith efforts, the parties were unable to finalize and file a joint plan. Accordingly, Plaintiff files this separate Discovery/Case Management Plan and respectfully represents to the Court the positions set forth below.

**1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

The parties conferred as required by Rule 26(f) on April 15, 2026, by telephone. Lloyd E. Kelley, counsel for Plaintiff Lema Mousilli, and Elizabeth Revere, counsel for Defendant Daniel McNary Leckrone, participated in the conference on behalf of their respective clients. The parties exchanged draft case management plans on April 20 and April 21, 2026. The parties were unable to finalize and file a joint plan prior to the deadline. Defense Counsel filed Defendant's own proposed case management plan on April 21, 2026 (Document 12). Plaintiff files this separate plan in accordance with the Court's Order for Conference and Disclosure of Interested Parties.

1

**2. List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

**3. Briefly describe what the case is about.**

This is a defamation action arising from false statements of fact made by Defendant Daniel McNary Leckrone, a licensed attorney, to clients of Plaintiff Lema Mousilli. Defendant falsely accused Plaintiff of stealing funds from Lloyd & Mousilli, PLLC. Plaintiff asserts claims for: (1) defamation per se; (2) business disparagement; (3) tortious interference with existing contract and prospective economic relations; and (4) intentional infliction of emotional distress. Plaintiff seeks compensatory damages in excess of $75,000, exemplary damages, attorneys' fees, costs, and pre- and post-judgment interest.

**4. Specify the allegation of federal jurisdiction.**

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff Lema Mousilli is an individual who resides in Houston, Harris County, Texas, and is a citizen of the State of Texas. Defendant Daniel McNary Leckrone is an individual who resides in Bend, Oregon, and is a citizen of the State of Oregon. The amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

**5. Name the parties who disagree and the reasons.**

Defendant disputes federal jurisdiction and venue. In Defendant's separately filed proposed case management plan (Document 12), Defendant states that he does not concede diversity jurisdiction as a matter of law and does not agree that any of the alleged acts occurred in this district. Plaintiff disagrees and maintains that this Court has proper subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and that venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None are anticipated at this time. Plaintiff reserves the right to add additional parties as may be warranted by information and evidence obtained through discovery.

**7. List anticipated interventions.**

None anticipated.

**8. Describe class-action issues.**

This case is not a class action. No class-action issues exist.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

PLAINTIFF'S DISCOVERY/ CASE MANAGEMENT PLAN

Neither party has served initial disclosures as of the date of this Plan. The parties agree that initial disclosures shall be served no later than fourteen (14) days after the Court's initial scheduling conference.

**10. Describe the proposed agreed discovery plan, including:**

**A. Responses to all the matters raised in Rule 26(f).**

The parties have addressed all matters raised in Rule 26(f) throughout this Joint Discovery/Case Management Plan. The parties agree to cooperate in good faith throughout discovery and to comply with all applicable rules, orders, and deadlines.

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates serving interrogatories on Defendant Daniel McNary Leckrone within thirty (30) days of the entry of the Court's scheduling order.

**C. When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates serving interrogatories on Plaintiff Lema Mousilli after entry of the Court's scheduling order.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking the oral depositions of: (1) Defendant Daniel McNary Leckrone; (2) Elizabeth Revere; (3) Megan Weiss; (4) Feras Mousilli; (5) Marlene Campbell; and (6) former clients of Lloyd & Mousilli, PLLC. Plaintiff also reserves the right to take additional depositions as may be warranted by information obtained through discovery. Plaintiff anticipates completing oral depositions by October 30, 2026.

**E. Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking the oral depositions of Plaintiff Lema Mousilli and such other witnesses as may be identified through discovery. Defendant anticipates completing oral depositions by November 30, 2026.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff will designate expert witnesses and provide expert reports as required by Rule 26(a)(2)(B) on or before September 1, 2026. Defendant will designate responsive expert witnesses and provide responsive reports on or before October 1, 2026.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates taking the deposition of any expert witness designated by Defendant. Plaintiff anticipates completing expert depositions by November 21, 2026.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendant anticipates taking the deposition of any expert witness designated by Plaintiff. Defendant has not provided an anticipated completion date.

**11.  If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties were unable to reach full agreement on a joint case management plan. Defendant filed a separate proposed case management plan (Document 12) on April 21, 2026. The following matters reflect areas in which the parties' proposals differ: (1) Defendant disputes federal jurisdiction and venue; (2) Defendant proposes a discovery deadline of January 15, 2027, whereas Plaintiff proposes November 21, 2026; (3) Defendant estimates 10 hours for presentation of evidence at trial, whereas Plaintiff estimates 20 hours (approximately three trial days); and (4) Defendant states that he is amenable to trial before the magistrate judge, whereas Plaintiff requests that this case be tried before the Honorable Alfred H. Bennett. To the extent the parties' proposals conflict, Plaintiff requests that the Court adopt the deadlines and positions set forth in this Plan.

**12.  Specify the discovery beyond initial disclosures that has been undertaken to date.**

No discovery has been undertaken to date.

**13.  State the date the planned discovery can be reasonably completed.**

Plaintiff proposes that all discovery, including expert discovery, be completed on or before November 21, 2026.

**14.  Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties discussed the possibility of settlement and the use of alternative dispute resolution techniques during their Rule 26(f) conference. The parties may be amenable to alternative dispute resolution, including mediation, after the close of fact discovery.

**15.  Describe what each party has done or agreed to do to bring about a prompt resolution.**

Prior to filing suit, Plaintiff sent a written demand letter to Defendant on November 11, 2025, requesting retraction of the defamatory statements and tendering an opportunity to resolve the dispute without litigation. Defendant failed to retract or substantively respond. The parties have participated in a Rule 26(f) conference and have agreed to consider mediation as a potential alternative dispute resolution mechanism.

**16.  From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Based on discussions with their respective clients, the parties agree that mediation is a reasonably suitable form of alternative dispute resolution in this case. Plaintiff believes that mediation, if pursued, may be most effectively used following the close of fact discovery, on or before December 15, 2026, so that each party has sufficient information to evaluate the merits of the case and engage in meaningful settlement discussions.

**17.  Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to trial before the magistrate judge. The parties request that this case be tried before the Honorable Alfred H. Bennett, United States District Judge.

**18.  State whether a jury demand has been made and if it was made on time.**

Yes. Plaintiff made a timely jury demand in Plaintiff's Original Complaint, filed on November 23, 2025.

**19.  Specify the number of hours it will take to present the evidence in this case.**

Plaintiff estimates that it will take approximately 20 hours to present the evidence in this case (approximately three trial days).

**20.  List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**21.  List other motions pending.**

None.

**22.  Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

Plaintiff respectfully requests the Court's attention to the following: Plaintiff anticipates that discovery may involve electronically stored information, including but not limited to email communications, text messages, and call records between and among Defendant, employees or agents of Lloyd & Mousilli, PLLC, and former clients. The parties agree to confer regarding a protocol for the preservation and production of electronically stored information consistent with Rule 26(f)(3)(C).

**23.  Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Plaintiff and Defendant have each filed their respective Disclosure of Interested Parties as directed. Plaintiff's Disclosure of Interested Parties was filed on December 2, 2025. Defendant's Disclosure of Interested Parties was filed on April 2, 2026.

**24.  List the names, bar numbers, addresses and telephone numbers of all counsel.**

Counsel for Plaintiff Lema Mousilli:

Lloyd E. Kelley
Texas State Bar No. 11203180
SDTX Federal ID No. 13497
**THE KELLEY LAW FIRM**
2726 Bissonnet, Ste. 240, PMB 12
Houston, Texas 77005
Telephone: (281) 492-7766
Telecopier: (281) 652-5973
kelley@lloydekelley.com

Lema Mousilli
Texas State Bar No. 24056016

5

SDTX Federal ID No. 1358290
**MOUSILLI LAW, PLLC**
11807 Westheimer Road, Suite 550, PMB 624
Houston, Texas 77077
Telephone: (281) 305-9313
lema@mousillilaw.com | service@mousillilaw.com

Counsel for Defendant Daniel McNary Leckrone:
Elizabeth Revere
Texas State Bar No. 00791513
S.D. Texas Bar No. 18329
**ELIZABETH REVERE, PLLC**
804 Sabine Street
Houston, Texas 77007
Telephone: (281) 924-8845
Facsimile: (832) 201-0584
service@bethrevere.com

DATE: April 24, 2026                    Respectfully submitted,

                                        */s/ Lloyd E. Kelley*
                                        LLOYD E. KELLEY
                                        Attorney-in-charge
                                        Texas State Bar No. 11203180
                                        SDTX Federal ID No. 13497
                                        **THE KELLEY LAW FIRM**
                                        2726 Bissonnet Ste 240 PMB 12
                                        Houston, Texas 77005
                                        Telephone: 281-492-7766
                                        Telecopier: 281-652-5973
                                        *kelley@lloydekelley.com*

                                        **ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**

Lema Mousilli
Texas State Bar No. 24056016
SDTX Federal ID No. 1358290
**MOUSILLI LAW, PLLC**
11807 Westheimer Road

6

PLAINTIFF'S DISCOVERY/ CASE MANAGEMENT PLAN

Suite 550, PMB 624
Houston, TX 77077
Tel: (281) 305-9313
*lema@mousillilaw.com*
*service@mousillilaw.com*

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document, and any attachments, will be served on all counsel of record, pursuant to the District's ECF service rules via the Court's electronic filing system on April 24, 2026.

*/s/ Lloyd E. Kelley*
Lloyd E. Kelley

PLAINTIFF'S DISCOVERY/ CASE MANAGEMENT PLAN