**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 4:25-cv-05642** |
| | § | |
| **DANIEL MCNARY "MAC"** | § | **JURY DEMANDED** |
| **LECKRONE,** | § | |
| *Defendant.* | § | |

**JOINT DISCOVERY/ CASE MANAGEMENT PLAN
UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

**1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

On April 15, 27, and 30 2026, Plaintiff's counsel, Lloyd E. Kelley, and Defense Counsel, Elizabeth Revere conferred by phone. The parties exchanged draft case management plans on April 20, 21, and 30, 2026.

**2. List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

**3. Briefly describe what the case is about.**

Plaintiff's position: This is a defamation action arising from false statements of fact made by Defendant Daniel McNary Leckrone, a licensed attorney, to clients of Plaintiff Lema Mousilli. Defendant falsely accused Plaintiff of stealing funds from Lloyd & Mousilli, PLLC. Plaintiff asserts claims for: (1) defamation per se; (2) business disparagement; (3) tortious interference with existing contract and prospective economic relations; and (4) intentional infliction of emotional distress. Plaintiff seeks compensatory damages in excess of $75,000, exemplary damages, attorneys' fees, costs, and pre- and post-judgment interest.

Defendant's position: This case involves allegations of defamation, business disparagement, tortious interference, and intentional infliction of emotional distress, all of which are without merit and Defendant denies all claims.

**4. Specify the allegation of federal jurisdiction.**

Plaintiff's position: This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff Lema Mousilli is an individual who resides in Houston, Harris County, Texas, and is a citizen of the State of Texas. Defendant Daniel McNary Leckrone is an individual who resides in Bend, Oregon, and is a citizen of the State of Oregon. The amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is proper in this district

pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

Defendant's position: Plaintiff alleges federal jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, which Defendant does not concede as a matter of law. Defendant does not agree that any of the alleged allegations occurred in this district.

**5. Name the parties who disagree and the reasons.**

Defendant disagrees with the claims alleged by Plaintiff, see above.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None are anticipated at this time. Plaintiff reserves the right to add additional parties as may be warranted by information and evidence obtained through discovery. Defendant may join additional parties as appropriate based on information and evidence obtained through discovery and with leave of Court as required.

**7. List anticipated interventions.**

None anticipated.

**8. Describe class-action issues.**

This case is not a class action. No class-action issues exist.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Neither party has served initial disclosures as of the date of this Plan. The parties agree that initial disclosures shall be served no later than fourteen (14) days after the Court's initial scheduling conference.

**10. Describe the proposed agreed discovery plan, including:**

**A. Responses to all the matters raised in Rule 26(f).**

The parties will conduct discovery consistent with the Federal Rules of Civil Procedure. The parties agree to cooperate in good faith throughout discovery and to comply with all applicable rules, orders, and deadlines.

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff will serve interrogatories on Defendant Daniel McNary Leckrone fourteen (14) days after the entry of the Court's scheduling order.

**C. When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates serving interrogatories on Plaintiff Lema Mousilli after of the entry of the Court's scheduling order.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking the oral depositions of Defendant and such other witnesses as may be identified through discovery. Plaintiff anticipates completing oral depositions by October 30, 2026.

**E.  Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking the oral depositions of Plaintiff Lema Mousilli and such other witnesses as may be identified through discovery. Defendant anticipates completing oral depositions by November 30, 2026.

**F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff will designate expert witnesses and provide expert reports as required by Rule 26(a)(2)(B) on or before September 1, 2026.

Defendant will designate responsive expert witnesses and provide responsive reports on or before October 1, 2026.

**G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates taking the deposition of any expert witness designated by Defendant. Plaintiff anticipates completing expert depositions by November 21, 2026.

**H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendant anticipates taking the deposition of any expert witness designated by Plaintiff. Defendant anticipates completing expert depositions by November 21, 2026.

**11.  If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties are in agreement on the discovery plan set forth in this Joint Case Management Plan.

**12.  Specify the discovery beyond initial disclosures that has been undertaken to date.**

No discovery has been undertaken to date.

**13.  State the date the planned discovery can be reasonably completed.**

The parties propose that all discovery, including expert discovery, be completed on or before January 15, 2027.

**14.  Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties discussed the possibility of settlement; however, no agreement has been reached. The parties may be amenable to alternative dispute resolution, including mediation.

**15.  Describe what each party has done or agreed to do to bring about a prompt resolution.**

Plaintiff's position: Prior to filing suit, Plaintiff sent a written demand letter to Defendant on November 11, 2025, requesting retraction of the defamatory statements and tendering an opportunity to resolve the dispute without litigation. Defendant failed to retract or substantively respond.

Defendant's position: Defendant has provided an offer of settlement and awaits Plaintiff's response.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Plaintiff asserts that mediation, if pursued, may be most effectively used following the close of fact discovery, on or after January 15, 2027, so that each party has sufficient to evaluate the merits of the case and engage in meaningful settlement discussions.

Defendant is open to mediation after entry of the Court's scheduling order.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

Plaintiff does not consent to trial before the magistrate judge.

Defendant is amenable to trial before the magistrate judge.

**18. State whether a jury demand has been made and if it was made on time.**

Yes. Plaintiff made a timely jury demand in Plaintiff's Original Complaint, filed on November 23, 2025.

Defendant has not made a jury demand.

**19. Specify the number of hours it will take to present the evidence in this case.**

Plaintiff estimates that it will take approximately 20 hours to present the evidence in this case (approximately three trial days).

Defendant estimates approximately 10 hours for presentation of evidence at trial.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**21. List other motions pending.**

None.

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

Plaintiff respectfully requests the Court's attention to the following: Plaintiff anticipates that discovery may involve electronically stored information, including but not limited to email communications, text messages, and call records between and among Defendant, employees or agents of Lloyd & Mousilli, PLLC, and former clients.

To the extent that Plaintiff seeks discovery from third parties, Defendant is unable to make agreements as to production of that information.

The parties agree to confer regarding a protocol for the preservation and production of electronically stored information in the possession or control of the parties consistent with Rule 26(f)(3)(C).

4

**23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Plaintiff's Disclosure of Interested Parties was filed on December 2, 2025.

Defendant's Disclosure of Interested Parties was filed on April 2, 2026.

**24. List the names, bar numbers, addresses and telephone numbers of all counsel.**

Counsel for Plaintiff Lema Mousilli:

Lloyd E. Kelley
Texas State Bar No. 11203180
SDTX Federal ID No. 13497
**THE KELLEY LAW FIRM**
2726 Bissonnet, Ste. 240, PMB 12
Houston, Texas 77005
Telephone: (281) 492-7766
Telecopier: (281) 652-5973
kelley@lloydekelley.com

Of Counsel:

Lema Mousilli
Texas State Bar No. 24056016
SDTX Federal ID No. 1358290
**MOUSILLI LAW, PLLC**
11807 Westheimer Road, Suite 550, PMB 624
Houston, Texas 77077
Telephone: (281) 305-9313
lema@mousillilaw.com | service@mousillilaw.com

Counsel for Defendant Daniel McNary Leckrone:

Elizabeth Revere
Texas State Bar No. 00791513
S.D. Texas Bar No. 18329
**ELIZABETH REVERE, PLLC**
804 Sabine Street
Houston, Texas 77007
Telephone: (281) 924-8845
Facsimile: (832) 201-0584
service@bethrevere.com

JOINT DISCOVERY/ CASE MANAGEMENT PLAN

DATE: April 30, 2026                    Respectfully submitted,

                                        */s/ Lloyd E. Kelley (by permission LM)*
                                        LLOYD E. KELLEY
                                        Attorney-in-charge
                                        Texas State Bar No. 11203180
                                        SDTX Federal ID No. 13497
                                        **THE KELLEY LAW FIRM**
                                        2726 Bissonnet Ste 240 PMB 12
                                        Houston, Texas 77005
                                        Telephone: 281-492-7766
                                        Telecopier: 281-652-5973
                                        *kelley@lloydekelley.com*

                                        **ATTORNEYS FOR PLAINTIFF**


**OF COUNSEL:**

Lema Mousilli
Texas State Bar No. 24056016
SDTX Federal ID No. 1358290
**MOUSILLI LAW, PLLC**
11807 Westheimer Road
Suite 550, PMB 624
Houston, TX 77077
Tel: (281) 305-9313
*lema@mousillilaw.com*
*service@mousillilaw.com*

**ATTORNEYS FOR PLAINTIFF**

JOINT DISCOVERY/ CASE MANAGEMENT PLAN

/s/ *Elizabeth Revere*
ELIZABETH REVERE
Attorney-in-Charge
State Bar No. 00791513
S.D. Texas Bar No. 18329
**ELIZABETH REVERE, PLLC**
804 Sabine Street
Houston, Texas 77007
Telephone: (281) 924-8845
Facsimile: (832) 201-0584
*service@bethrevere.com*
**ATTORNEY FOR DEFENDANT**
**DANIEL MCNARY LECKRONE**

JOINT DISCOVERY/ CASE MANAGEMENT PLAN