IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEMA MOUSILLI,<br>    *Plaintiff,* | § <br> § <br> § | |
| v. | § <br> § | **CIVIL CASE NO.**<br>**4:25-cv-05642** |
| DANIEL MCNARY "MAC"<br>LECKRONE,<br>    *Defendant.* | § <br> § <br> § <br> § | **JURY DEMANDED** |

---

**DEFENDANT DANIEL MCNARY LECKRONE'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIM FOR DECLARATORY JUDGMENT**

---

**COMES NOW, DEFENDANT DANIEL MCNARY LECKRONE,** in the above-entitled and number cause and files his *First Amended Answer, Affirmative Defenses, and Counterclaim for Declaratory Judgment.* All allegations not specifically admitted by this Answer are generally denied.

### I.      SUMMARY OF THE ACTION

1.      Defendant denies the allegations set forth in paragraph 1 of the Complaint.

2.      Defendant denies the allegations set forth in paragraph 2 of the Complaint.

### II.      JURISDICTION

3.      Defendant responds that paragraph 3 of the Complaint calls for a legal conclusion or presents a question of law to which no response is required.

### III.      VENUE

4.      Defendant responds that paragraph 4 of the Complaint calls for a legal conclusion or presents a question of law to which no response is required.

## IV.    PARTIES

5.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint and therefore denies them.

6.    Defendant admits the allegations set forth in paragraph 6 of the Complaint.

## V.    BACKGROUND FACTS

7.    Defendant admits that Lema Mousilli and Feras Mousilli are siblings. Defendant denies Lema Mousilli and Feras Mousilli were equal business partners in a mutual partnership since at least 2019. Defendant lacks knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation set forth in paragraph 7 of the Complaint and therefore denies them.

8.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint and therefore denies them.

9.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint and therefore denies them.

10.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint and therefore denies them.

11.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint and therefore denies them.

12.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint and therefore denies them.

13.    Defendant admits he has been associated with L&M. Defendant denies spreading false and defamatory information about Plaintiff. Defendant lacks knowledge or information sufficient to

form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint and therefore denies them.

14.     Defendant denies the allegations set forth in paragraph 14 of the Complaint.

15.     Defendant denies the allegations set forth in paragraph 15 of the Complaint.

16.     Defendant admits that he received a demand letter from Plaintiff's counsel. Defendant denies each and every remaining allegation set forth in paragraph 16 of the Complaint.

17.     Defendant denies the allegations set forth in paragraph 17 of the Complaint.

## VI.   CAUSES OF ACTION

### A.     COUNT 1 – DEFAMATION

18.     Defendant incorporates by reference his responses to the preceding paragraphs. To the extent this paragraph purports to assert any additional factual allegations, Defendant denies them.

19.     Defendant denies the allegations set forth in paragraph 19 of the Complaint.

20.     Defendant denies the allegations set forth in paragraph 20 of the Complaint.

21.     Defendant denies the allegations set forth in paragraph 21 of the Complaint.

22.     Defendant denies the allegations set forth in paragraph 22 of the Complaint.

23.     Defendant denies the allegations set forth in paragraph 23 of the Complaint.

24.     Defendant denies the allegations set forth in paragraph 24 of the Complaint.

25.     Defendant denies the allegations set forth in paragraph 25 of the Complaint.

26.     Defendant denies the allegations set forth in paragraph 26 of the Complaint.

27.     Defendant denies the allegations set forth in paragraph 27 of the Complaint.

28.     Defendant denies the allegations set forth in paragraph 28 of the Complaint.

29.     Defendant responds that the allegation set forth in paragraph 29 of the Complaint regarding the Texas Defamation Mitigation Act calls for a legal conclusion or presents a question of law to

which no response is required. Defendant admits that on November 24, 2025, he received a demand letter dated November 11, 2025.   Defendant denies each and every remaining allegation set forth in paragraph 29 of the Complaint.

30.   Defendant responds that the allegations set forth in paragraph 30 of the Complaint call for a legal conclusion or present a question of law to which no response is required.

31.   Defendant denies the allegations set forth in paragraph 31 of the Complaint.

32.   Defendant denies the allegations set forth in paragraph 32 of the Complaint.

**B.   COUNT 2- BUSINESS DISPARAGEMENT**

33.   Defendant incorporates by reference his responses to the preceding paragraphs. To the extent this paragraph purports to assert any additional factual allegations, Defendant denies them.

34.   Defendant denies the allegations set forth in paragraph 34 of the Complaint.

35.   Defendant denies the allegations set forth in paragraph 35 of the Complaint.

**C.   COUNT 3- TORTIOUS INTERFERENCE WITH CONTRACT AND PROSPECTIVE ECONOMIC RELATIONS**

36.   Defendant incorporates by reference his responses to the preceding paragraphs. To the extent this paragraph purports to assert any additional factual allegations, Defendant denies them.

37.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint that "Plaintiff had existing contracts and prospective economic relations with clients" and therefore denies them. Defendant denies each and every remaining allegation set forth in paragraph 37 of the Complaint.

38.   Defendant denies the allegations set forth in paragraph 38 of the Complaint.

**D.   COUNT 4- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

39.   Defendant incorporates by reference his responses to the preceding paragraphs. To the extent this paragraph purports to assert any additional factual allegations, Defendant denies them.

40.    Defendant denies the allegations set forth in paragraph 40 of the Complaint.

41.    Defendant denies the allegations set forth in paragraph 41 of the Complaint.

42.    Defendant denies the allegations set forth in paragraph 42 of the Complaint.

## VII.    JURY DEMAND

43.    Defendant denies that Plaintiff is entitled to the relief requested and otherwise states that no response is required to paragraph 43 of the Complaint, as it does not contain a factual allegation.

## VIII.    PRAYER FOR RELIEF

44.    To the extent the prayer for relief contained in Plaintiff's Complaint asserts any factual allegations, Defendant denies each and every such allegation. Defendant further denies Plaintiff is entitled to the requested relief therein.

## IX.    AFFIRMATIVE DEFENSES

**A.    First Defense – Failure to State a Claim**

45.    Plaintiff has failed to state a claim upon which relief can be granted.

**B.    Second Defense – Truth / Substantial Truth**

46.    Any alleged statements complained of were true or substantially true.

**C.    Third Defense - Opinion / Non-Actionable Statement**

47.    Any alleged statements constitute protected opinion, rhetorical hyperbole, or statements not capable of being proven false.

**D.    Fourth Defense - Lack of Defamatory Meaning**

48.    Any alleged statements made are not reasonably capable of defamatory meaning and would not tend to harm Plaintiff's reputation.

**E.    Fifth Defense - Lack of Fault / No Actual Malice**

49.    Defendant did not act with negligence, actual malice, or any degree of fault required to impose liability.

**F.    Sixth Defense - No Damages**

50.    Plaintiff has not suffered any legally recoverable damages.

**G.    Seventh Defense - First Amendment**

51.    Plaintiff's claims are barred or limited by the First Amendment to the United States Constitution and Article I, Section 8 of the Texas Constitution.

**H.    Eighth Defense -Failure to Mitigate**

52.    Plaintiff failed to mitigate any alleged damages.

**I.    Ninth Defense – Plaintiff is a Public Person**

53.    Plaintiff is a well-known public figure in the Houston, Harris County area. She is active and famous in the large local Arab American community and has offered free legal workshops to the community. Plaintiff has voluntarily engaged in public controversies. She has participated in and been featured in news segments aired on broadcasts by local affiliates of national media outlets related to cases she has handled.  Most notably, she has run for Harris County District Judge multiple times[1], including in the spring election prior to which the alleged statement was made.

## X.    COUNTERCLAIM FOR DECLARATORY JUDGMENT

54.    Defendant/Counter-Plaintiff Daniel McNary Leckrone ("**Counter-Plaintiff**" or **"Mr. Leckrone"**) seeks a declaration of the parties' rights and legal relations pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

---

[1] According to public records, Lema Mousilli's attempts to be elected judge in Harris County, Texas include races in 2022 (as Lema Barazi), 2024, and 2026.

55.     Plaintiff's (**"Ms. Mousilli"**) claims are predicated, in whole or in substantial part, upon her allegation that Mr. Leckrone falsely accused her of having "stolen money." Further, Plaintiff's claims are based solely in Texas law, both statutory and common.

**A.      Factual Basis**

56.     Mr. Leckrone incorporates by reference the preceding paragraphs of this First Amended Answer as though fully set forth herein.

57.     Ms. Mousilli alleges that Mr. Leckrone falsely stated that she "stole hundreds of thousands of dollars from the Lloyd & Mousilli law firm" and that she stole "$75,000 from Lloyd & Mousilli, PLLC" (**"L&M"**). Dkt. 1, p. 5, ¶ 14, and p. 6, ¶ 20.

58.     Ms. Mousilli contends that the alleged statements are actionable under Texas law.

59.     Ms. Mousilli was not a party to the conversation at issue.

60.     According to Mr. Leckrone's recollection, Ms. Mousilli mischaracterized that conversation throughout her Complaint.

61.     Based on phone records, Mr. Leckrone received two phone calls from Scott Hepford (**"Mr. Hepford"**), a former client, on November 26, 2024.

62.     At the time he received the phone calls, Mr. Leckrone was in his home state of Oregon.

63.     Because Mr. Hepford traveled with some frequency and often called him from the road, Mr. Leckrone does not know where Mr. Hepford was when he made the call.

64.     According to phone records, the first call from Mr. Hepford on November 26, 2024, was received at 10:02 A.M. PST and lasted 20 minutes, the second call from Mr. Hepford on November 26, 2024, was received at 10:57 A.M. PST and lasted 27 minutes.

65.     At some point during the calls, Mr. Hepford asked Mr. Leckrone why he did not stop working with L&M and go to work for Ms. Mousilli at the firm she had just formed.

66. Mr. Leckrone told Mr. Hepford that there were several reasons that he would not consider working for Ms. Mousilli.

67. Among those reasons were the facts that Ms. Mousilli was a junior attorney to him[2] and that he practiced a different type of law than she did.

68. Additionally, for Mr. Leckrone, the fact that Ms. Mousilli had been accused of taking money from L&M weighed against considering a job with her.

69. Mr. Leckrone was aware of the allegation because he had been informed of it by L&M's head of operations.

70. Further, Mr. Leckrone had reviewed the petition filed by L&M in Harris County, Texas District Court alleging that Ms. Mousilli had taken money from L& M. **Exhibit A**, Petition filed October 18, 2024.

71. The filing of that lawsuit had made L&M's allegation against Ms. Mousilli a matter of public record.

72. Specifically, Ms. Mousilli had been publicly accused of violating the Texas Theft Liability Act, violating the Texas Deceptive Trade Practices Act, breach of contract, and conversion.

73. Based on what he learned in the public filing, Mr. Leckrone told Mr. Hepford that Ms. Mousilli had been accused of taking money from L&M, which was yet another reason that Mr. Leckrone had no interest in working for Ms. Mousilli.

74. At all times relevant to Ms. Mousilli's claims, Mr. Leckrone was domiciled in and residing in the State of Oregon.

75. The telephone calls allegedly giving rise to Ms. Mousilli's claims were received by Mr. Leckrone in Oregon and he remained in Oregon for the duration of the calls.

---

[2] Mr. Leckrone had been in practice for over 30 years at that time.

LECKRONE'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM FOR DECLARATORY JUDGMENT

76.    Because Ms. Mousilli has sued Mr. Leckrone over statements he made during a private phone conversation while he was in Oregon, an actual, present, and justiciable controversy exists as to whether Texas law governs Mr. Leckrone's conduct.

**B.    Claim for Declaratory Relief**

77.    Counter-Plaintiff respectfully requests that the Court enter a declaratory judgment declaring: Texas law is inapplicable to any claims Plaintiff may have arising from the alleged communications.

**C.    Necessity of Declaratory Relief**

78.    A judicial declaration will determine whether Plaintiff has raised colorable claims under law applicable to the controversy between the parties.

79.    Mr. Leckrone has no adequate remedy that will fully resolve the uncertainty as to whether Texas law is applicable to the conduct alleged in the Complaint absent declaratory relief.

80.    The requested declarations will resolve discrete legal issues concerning the parties' rights and obligations that are presently in dispute and that are necessary to resolving the claims between the parties.

## XI.    PRAYER ON COUNTERCLAIM

81.    WHEREFORE, Counter-Plaintiff Daniel McNary Leckrone respectfully requests that the Court:

**(a)**    Enter judgment declaring that Texas law does not govern Mr. Leckrone's actions during the communications at issue.

**(b)**    Award Mr. Leckrone all costs recoverable by law;

**(c)**    Award reasonable attorney's fees if authorized by applicable law; and,

LECKRONE'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM FOR DECLARATORY JUDGMENT

**(d)** Grant such other and further relief, both general and special, at law or in equity, to which he may show himself to be justly entitled.

## XII.   GENERAL PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Daniel McNary Leckrone respectfully asks that the Court enter judgment in his favor, deny all relief requested by Plaintiff, award Defendant his costs of court, and grant such other and further relief, both general and special, at law or in equity, to which he may show himself to be justly entitled.

Dated:  July 31, 2026.

Respectfully submitted,

By:___ /s/*Elizabeth Revere*___
ELIZABETH REVERE
State Bar No. 00791513
S.D. Texas Bar No. 18329
**ELIZABETH REVERE, PLLC**
804 Sabine Street
Houston, Texas 77007
Tel: (281) 924-8845
Fax: (832) 201-0584
*service@bethrevere.com*
**ATTORNEY FOR DANIEL MCNARY LECKRONE**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, pursuant to the District's ECF service rules on **July 31, 2026,** *via electronic filing system* on the following:

Lloyd E. Kelley
The Kelley Law Firm
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005

/s/ *Elizabeth Revere*___
Elizabeth Revere