10/18/2024 4:23 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 93340803
By: Wanda Chambers
Filed: 10/18/2024 4:23 PM

CAUSE NO. _____

| | | |
|---|---|---|
| LLOYD & MOUSILLI, PLLC<br>*Plaintiff*, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | HARRIS COUNTY, T E X A S |
| LEMA BARAZI, TEXAS NEXUS LAW<br>GROUP AND JPMORGAN CHASE<br>BANK N.A.,<br>*Defendants.* | §<br>§<br>§<br>§ | ___ JUDICIAL DISTRICT |

---

**PLAINTIFF LLOYD & MOUSILLI PLLC'S VERIFIED PETITION AND
APPLICATION FOR INJUNCTIVE RELIEF**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, Plaintiff, Lloyd & Mousilli, PLLC** in the above-styled matter and files this *Plaintiff Lloyd & Mousilli PLLC's Verified Petition and Application for Injunctive Relief* complaining of **Defendants, Lema Barazi, Texas Nexus Law Group and JPMorgan Chase Bank, N.A.** In support thereof, Plaintiff respectfully shows unto the Court the following:

## I.    DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under Discovery Level 3 in accordance with Texas Rule of Civil Procedure 190.4 and requests that the Court enter a discovery control plan order tailored to the circumstances of this suit.

## II.    CLAIM FOR RELIEF

2.    Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff states that it seeks monetary relief over $1,000,000.00 and non-monetary relief. The damages sought are within the jurisdictional limits of this Court.

<div style="border:1px solid;display:inline-block;padding:4px;">

**EXHIBIT
A**

</div>

Certified Document Number: 117077520 - Page 1 of 15

### III.    PARTIES

3.    Plaintiff Lloyd & Mousilli PLLC (**"Lloyd & Mousilli"**) is a private corporation duly formed and existing under the laws of the State of Texas, and having its principal place of business in Houston, Harris County, Texas.

4.    Defendant Lema Barazi, an individual, last known to reside at 11910 Louvre Ct, Houston, TX 77082.

5.    Defendant Texas Nexus Law Group is a Domestic Limited Liability Company and may be served with process through its registered agent Lema Barazi at 1305 E. Nolana, Suite F, McAllen, TX 78504.

6.    Defendant JPMorgan Chase Bank, N.A., (**"Defendant Chase Bank"**), is a foreign financial institution, organized and existing under the laws of the State of New York, with its main office located in New York, New York. Chase Bank does business in the State of Texas and may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### IV.    VENUE AND JURISDICTION

7.    Pursuant to Texas Civil Practice & Remedies Code § 15.002(a)(1), venue for this suit is proper in Harris County, Texas because all or a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Harris County, Texas. Plaintiff is requesting injunctive relief in this petition; however, injunctive relief is not the primary relief requested. The venue provisions of Texas Civil Practice and Remedies Code § 65.023, therefore, do not apply.

8.    This Court has general subject matter jurisdiction over the lawsuit because it is a court of general jurisdiction and the amount in controversy exceeds this Court's minimum jurisdictional requirements.

PLAINTIFF LLOYD & MOUSILLI PLLC'S VERIFIED PETITION AND APPLICATION FOR INJUNCTIVE RELIEF

9. This Court has personal jurisdiction over Defendant Lema Barazi because she resides in Texas. This Court has personal jurisdiction over Defendant Texas Nexus Law Group because Defendant Texas Nexus because it does business in Texas. This Court has specific personal jurisdiction over Defendant Chase Bank because Defendant has sufficient minimum contacts with Texas, has purposely availed itself of the benefits and protection of Texas law, and does a substantial amount of business in Texas such that the Court's exercise of personal jurisdiction accords with due process.

## V. OPERATIVE FACTUAL BACKGROUND

10. Plaintiff Lloyd & Mousilli is a boutique law firm specializing in intellectual property and technology law.

11. Defendant Lema Barazi known to be the sole member and manager of Defendant Texas Nexus Law Group was previously contracted to provide legal services to Lloyd & Mousilli but was terminated on August 28, 2024.

12. During portions of the term of Defendant Barazi's Independent Contractor Agreement with Lloyd & Mousilli, Defendant Barazi was an authorized signatory on Lloyd & Mousilli's Chase Bank Account ending in 1125 ("Account 1125"). However, sole owner and Managing Partner of Lloyd & Mousilli, Feras Mousilli, revoked Defendant Barazi's access via written instructions to Chase Bank on September 6, 2024. *See* Exhibit 1.

13. On October 16, 2024, despite this written revocation, Defendant Chase Bank allowed an unauthorized withdrawal of $75,000 to Defendant Barazi from Account 1125.

14. Immediately upon discovery on October 18, 2024, Managing Partner Feras Mousilli reached out to Defendant Barazi in writing regarding this theft.

PLAINTIFF LLOYD & MOUSILLI PLLC'S VERIFIED PETITION AND APPLICATION FOR INJUNCTIVE RELIEF

Certified Document Number: 117077520 - Page 3 of 15

15.    Defendant Barazi admitted in writing to withdrawing the funds despite being fully on notice that she had no authority to do so. *See* Exhibit 2

16.    Unless restrained as requested in this petition Defendant will likely withdraw more funds from Account 1125; as she erroneously contends she is owed more than even the funds she has already stolen.

## VI.    CAUSES OF ACTION

## A.    VIOLATIONS OF THE TEXAS THEFT LIABILITY ACT

17.    Plaintiff herein re-alleges each and every fact and allegation set forth above as if fully set forth herein.

18.    Plaintiff had a possessory right to the funds in its bank account.

19.    On October 16, 2024, Defendant Barazi accessed Plaintiff's bank account and assumed and exercised dominion and control over Plaintiff's funds in an unlawful and unauthorized manner, to the exclusion of and inconsistent with Plaintiff's rights.

20.    Defendant Barazi unlawfully misappropriated $75,000.00 U.S. Dollars (Seventy-five thousand) from Plaintiff's bank account with the intent to deprive Plaintiff of the property.

21.    Plaintiff sustained damages because of Defendant Barazi's theft.

22.    The foregoing acts constitute statutory theft under the Texas Theft Liability Act, Texas Civil Practice & Remedies Code § 134.

23.    Because of Defendant Barazi's theft, Lloyd & Mousillii has suffered significant damages, for which Plaintiff seeks its actual and additional damages, to which it is entitled under the statute, as well as court costs and reasonable and necessary attorney's fees.

Certified Document Number: 117077520 - Page 4 of 15

**B.      VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT**

24.      Plaintiff herein re-alleges each and every fact and allegation set forth above as if fully set forth herein.

25.      Plaintiff is a consumer of Defendant Chase Bank's services, as that term is defined in Texas Business & Commerce Code § 17.45(4).

26.      Defendant Chase Bank is an entity that can be sued under the Texas Deceptive Trade Practices Act (**"DTPA"**).

27.      Defendant Chase Bank contracted with Plaintiff to hold its funds in its accounts.

28.      Defendant Chase Bank directly and/or through its representatives engaged in false, misleading, and/or deceptive acts or practices that Plaintiff relied on to Plaintiff's detriment, including representations that:

     (a)      It would handle Plaintiff's money and affairs prudently;

     (b)      Its services were properly managed and conducted;

     (c)      Its services would be of a particular standard, quality, or grade, when they were not; and

     (d)      That it would have adequate safety and security of the funds on deposit.

29.      Upon information and belief, Defendant Chase Bank committed these actions knowing the falsity, deception, and unfairness of the acts or practices and with the intent of having Plaintiff detrimentally rely on the falsity or deception and/or in detrimental ignorance of the unfairness.

30.      Defendant Chase Bank's wrongful conduct is a producing cause of Plaintiff's injuries.

31.      Plaintiff seeks recovery of the actual damages found by the trier of fact. Additionally, because Defendant Chase Bank acted knowingly and/or intentionally, Plaintiff is entitled to recover treble economic damages, pursuant to Texas Business & Commerce Code § 17.50(b)(1).

5

PLAINTIFF LLOYD & MOUSILLI PLLC'S  VERIFIED PETITION AND APPLICATION FOR INJUNCTIVE RELIEF

Certified Document Number: 117077520 - Page 5 of 15

32.     Upon the trier of fact's finding of actual damages with respect to any of Plaintiff's claims, Plaintiff seeks an award of exemplary damages, pursuant to Texas Civil Practice & Remedies Code § 41.003(a). There is clear and convincing evidence of Defendant Chase Bank's fraud, malice, and/or gross negligence.

33.     Because Defendant Chase Bank's conduct was willful and malicious, Plaintiff is also entitled to seek exemplary damages, pursuant to Texas Business & Commerce Code §§ 27.01(c) and/or (d).

## C.     BREACH OF CONTRACT

34.     Plaintiff herein re-alleges each and every fact and allegation set forth above as if fully set forth herein.

35.     Plaintiff entered into a contract with Defendant Chase Bank whereby Plaintiff deposited money with Defendant in specified accounts, and Defendant agreed to (a) safeguard the deposited money; (b) follow Plaintiff's instructions with regard to transfers and withdrawals of the money from the accounts; (c) provide the ability for Plaintiff to access and view account information; and (d) provide statements regarding the accounts.

36.     Plaintiff has performed its obligations under its contract with Defendant Chase Bank, and all conditions precedent to performance of the agreements have been met.

37.     Defendant Chase Bank has failed and refused to honor its obligations under its contract with Plaintiff. Specifically, Defendant Chase Bank has (a) failed to safeguard the money deposited by Plaintiff into its account; and (b) failed to follow Plaintiff's instructions with regard to transfers and withdrawals of the money from its accounts. These failures were material breaches of the contract between Plaintiff and Defendant Chase Bank.

Certified Document Number: 117077520 - Page 6 of 15

38. Plaintiff has notified Defendant Chase Bank of its breaches of the agreements and given it an opportunity to cure, but Defendant has refused to do so.

39. Plaintiff has been damaged by Defendant Chase Bank's breach of its obligations under its contract with Defendant because Plaintiff has been denied access to and use of the money deposited in its accounts, for which Plaintiff seeks recovery in an amount within the jurisdictional limits of this Court.

## D. CONVERSION

40. Plaintiff herein re-alleges each and every fact and allegation set forth above as if fully set forth herein.

41. Plaintiff deposited money into an accounts under its name with Defendant Chase Bank. Defendant Chase Bank has no title nor ownership interest in the money, yet it has exercised dominion and control over the money in violation of Plaintiff's rights. Plaintiff seeks recovery of damages for Defendant Chase Bank's conversion of its money in an amount within the jurisdictional limits of this Court. In addition, Plaintiff seeks punitive damages in an amount not to exceed two times the amount of actual damages.

## VII. PLAINTIFF'S INJURIES AND DAMAGES

42. Lloyd & Mousilli has and will continue to be damaged and injured by Defendants unlawful conduct, which threatens to disrupt Lloyd & Mousilli's business operations and will cause loss of customers and loss of goodwill amassed by Lloyd & Mousilli over the years. Defendants' wrongful actions have caused Lloyd & Mousilli damages in an amount within the jurisdictional limits of the court.

Certified Document Number: 117077520 - Page 7 of 15

## VIII.     APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

43.     Plaintiff requests that the court issue a temporary restraining order and a temporary injunction against Defendant Barazi and/or Defendant Chase  to prevent imminent and irreparable harm to Plaintiff. Plaintiff further requests that upon final hearing, the court award a permanent injunction against Defendant Barazi. In support of this application for a temporary restraining order, temporary injunction, and permanent injunction (collectively, **"injunctive relief"**), Plaintiff respectfully shows the Court as follows:

44.     Plaintiff herein re-alleges and incorporates by reference each and every fact and allegation set forth above as if fully set forth herein. The facts in this petition have been verified by the declaration of Feras Mousilli.

45.     Lloyd & Mousilli requires injunctive relief to prevent Defendant Barazi's attempts to undermine the viability of the Lloyd & Mousilli entity by withholding the company's operational funds and illicitly absconding with its financial assets.

46.     Lloyd & Mousilli's application for a temporary restraining order and temporary injunction is authorized by TEX. CIV. PRAC. & REM. CODE § 65.011. Lloyd & Mousilli has joined all indispensable parties under TEX. R. CIV. P. 39. This petition is signed and verified by Lloyd & Mousilli's Managing Partner Feras Mousilli.

47.     Lloyd & Mousilli is entitled to a temporary restraining order and a temporary injunction because, as set forth in the instant petition, Lloyd & Mousilli has demonstrated the following four grounds for relief: 1) the existence of wrongful acts; 2) the existence of imminent harm; 3) the existence of irreparable injury; and 4) the absence of an adequate remedy at law. *See Pinebrook Prop. v. Brookhaven Lake*, 77 S.W.3d 487, 505 (Tex. App.—Texarkana 2002, pet. denied).

PLAINTIFF LLOYD & MOUSILLI PLLC'S  VERIFIED PETITION AND APPLICATION FOR INJUNCTIVE RELIEF

48.     Lloyd & Mousilli has alleged a statutory theft claim against Defendant Barazi, and has shown a probable right of recovery and likelihood of success on the merits. Lloyd & Mousilli will suffer imminent, irreparable harm without Court intervention, and there is no adequate remedy at law. An applicant need not prove that it will prevail on the merits at trial but is only required to show a probable right to relief on the merits and a probable injury in the interim. *Sun Oil. Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex. 1968).

49.     As a direct and proximate result of the Defendant Barazi's wrongful actions as alleged in this petition, Lloyd & Mousilli has suffered and will continue to suffer imminent injury that will be irreparable and for which no remedy at law exists without the protections of a temporary restraining order and injunctive relief. Lloyd & Mousilli is willing to post the necessary reasonable bond to facilitate the injunctive relief requested.

50.     The only adequate, effective, and complete relief to the Plaintiff is to restrain Defendant Barazi's from further engaging in certain proscribed activities, as set forth below. Pursuant to TEX. R. CIV. P. 680 et seq. and TEX. CIV. PRAC. & REM. CODE § 65.001 et seq., and in order to preserve the status quo during the pendency of this action, Lloyd & Mousilli seeks a temporary restraining order, and on hearing, a temporary and permanent injunction, ordering and immediately restraining Defendant, including the Defendant's agents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities in active concert or participation with them (collectively, the **"Restrained Parties"**), as follows:

   a. Ordering Defendant Barazi to immediately return the $75,000.00 U.S. Dollars (Seventy five thousand) she withdrew from Lloyd & Mousilli's bank account to Lloyd & Mousilli by delivering a cashier's check in the same amount to Lloyd & Mousilli's

Certified Document Number: 117077520 - Page 9 of 15

undersigned legal counsel within 24 hours of being served with the Temporary Restraining Order;

b. Enjoining the Restrained Parties from accessing Lloyd & Mousilli's bank accounts, funds, or financial records by any means;

c. Enjoining the Restrained Parties from withdrawing funds from Lloyd & Mousilli's bank accounts, funds, or any other repository;

d. Enjoining the Restrained Parties from communicating with Lloyd & Mousilli's staff members;

e. Enjoining the Restrained Parties from going to or near, or within 1000 feet of the residences or places of employment or business of any of Lloyd & Mousilli's staff; and

f. Enjoining the Restrained Parties from the destruction or deletion of any documents, evidence or record, electronic or otherwise, that relates to any of the matters implicated by this lawsuit or pertaining to the Plaintiff, including but not limited to all hard drives, backups, archives, and other possible sources of stored metadata or information.

51. The injury to Lloyd & Mousilli is readily apparent and further injury is imminent and irreparable. Such an injury cannot be measured by a certain pecuniary standard or calculated to a dollar amount, therefore Lloyd & Mousilli is without an adequate remedy at law.

52. An ex parte order, without notice to Defendants, is necessary because there is not enough time to give notice to the Defendants, hold a hearing, and issue a restraining order before an irreparable injury, loss, or damage to Plaintiff will occur. Specifically, Defendants Barazi and Texas Nexus Law Group were able to withdraw funds from Plaintiff's Account 1125 with Defendant, Chase, without authorization from Plaintiff and in complete disregard for the instructions Plaintiff gave Chase to not allow Defendants Barazi and Texas Nexus Law Group to

PLAINTIFF LLOYD & MOUSILLI PLLC'S VERIFIED PETITION AND APPLICATION FOR INJUNCTIVE RELIEF

Certified Document Number: 117077520 - Page 10 of 15

withdraw funds from Plaintiff's Account 1125. It is likely, therefore, that Defendants Barazi and Texas Nexus will withdraw more funds from Plaintiff's Account 1125 before notice can be given or a hearing held on Plaintiff's Application for Temporary Restraining Order causing irreparable harm to Plaintiffs.

53.    Alternatively, because the injury to Lloyd & Mousilli is significant, immediate, and irreparable, Lloyd & Mousilli requests this Court set its application for a temporary restraining order immediately.

54.    Lloyd & Mousilli requests this Court set its application for temporary injunction for a hearing and, after the hearing, issue a temporary injunction against Defendant.

55.    Lloyd & Mousilli further asks the Court to set its request for permanent injunction for a full trial on the merits and, after the trial, issue a permanent injunction against Defendant.

## IX.    RULE 193.7 NOTICE

56.    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendants are hereby put on actual notice that any documents and items produced in response to discovery requests will be used in pretrial proceedings and at trial and will be deemed authentic unless Defendants make valid objections to authenticity pursuant to this rule.

## X.    ATTORNEYS' FEES

57.    Defendants' conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retention of the attorneys whose names are subscribed to this petition.

58.    Pursuant to Section 134 of the Texas Civil Practice and Remedies Code, Plaintiff is entitled to recover its reasonable attorney's fees from Defendant Barazi in bringing this action for Defendant's violation of the Texas Theft Liability Act. Pursuant to Texas Business & Commerce

PLAINTIFF LLOYD & MOUSILLI PLLC'S VERIFIED PETITION AND APPLICATION FOR INJUNCTIVE RELIEF

Certified Document Number: 117077520 - Page 11 of 15

Code § 27.01(e), Plaintiff is entitled to recover reasonable and necessary attorneys' fees and court costs from Defendant Chase Bank. Plaintiff is also entitled to recover reasonable and necessary attorney fees for prosecuting this suit under Texas Business & Commerce Code § 17.50(d). Additionally, pursuant to Texas Civil Practice and Remedies Code § 38.001(b)(8), Plaintiff is entitled to recover reasonable and necessary attorneys' fees in bringing this action for Defendant Chase Bank's breach of contract.

59.    Plaintiff requests all costs and reasonable and necessary attorneys' fees incurred by Plaintiff herein, including all fees necessary in the event of any appeal of this cause, as the Court deems equitable and just, and as otherwise allowed by law.

## XI.    JURY DEMAND

59.    Plaintiff makes this demand for jury trial in the above-styled and numbered cause in accordance with the Texas Rules of Civil Procedure. Simultaneous with the making of said demand for jury trial, Plaintiff hereby tenders its jury fee to the District Clerk of Harris County, in accordance with the applicable statutes and laws of the State of Texas.

## XII.    PRAYER

**WHEREFORE**, Plaintiff Lloyd & Mousilli requests that Defendants be cited to appear and answer, and respectfully prays for the following relief:

a.    A temporary restraining order, and upon hearing, a temporary injunction for the relief requested above;

b.    Upon final trial, judgment against Defendants for full permanent injunctive relief, and for the full amount of Lloyd & Mousilli's actual and consequential damages on all of its claims;

c.    Statutorily enhanced treble damages, as allowed by the DTPA;

12

PLAINTIFF LLOYD & MOUSILLI PLLC'S VERIFIED PETITION AND APPLICATION FOR INJUNCTIVE RELIEF

Certified Document Number: 117077520 - Page 12 of 15

d.  Exemplary damages;

e.  Lloyd & Mousilli's reasonable and necessary attorneys' fees in prosecuting its claims through trial and, if necessary, through appeal;

f.  Pre-judgment and post-judgment interest as provided by law;

g.  Costs of suit; and

h.  All other relief to which Lloyd & Mousilli, may show itself entitled, either at law or in equity, general and special, under the facts set forth in its claims.

Certified Document Number: 117077520 - Page 13 of 15

PLAINTIFF LLOYD & MOUSILLI PLLC'S VERIFIED PETITION AND APPLICATION FOR INJUNCTIVE RELIEF

## DECLARATION OF FERAS MOUSILLI

"My name is Feras Mousilli. My date of birth is January 31, 1978, and my business address is 11807 Westheimer Rd., Suite 550, PMB 944; Houston, Texas 77077.  I declare under penalty of perjury that the facts stated in this document are within my personal knowledge and are true and correct."

Executed in Istanbul, Turkey on October 18, 2024.


*/s/ Feras Mousilli*
Feras Mousilli



DATED: October 18, 2024                    Respectfully submitted,



                                           RUTLEDGE LAW OFFICE, P.C.

                                           */s/ Richard C. Rutledge*
                                           Richard C. Rutledge
                                           SBN: 17423510
                                           8701 New Trails, Suite 200
                                           The Woodlands, Texas 77381
                                           (281) 528-1535
                                           (281) 205-4682 (Fax)
                                           rickr@rutledgelaw.net

                                           **ATTORNEYS FOR PLAINTIFF**
                                           **LLOYD & MOUSILLI**

Certified Document Number: 117077520 - Page 14 of 15

PLAINTIFF LLOYD & MOUSILLI PLLC'S VERIFIED PETITION AND APPLICATION FOR INJUNCTIVE RELIEF

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rick Rutledge
Bar No. 17423510
rickr@rutledgelaw.net
Envelope ID: 93340803
Filing Code Description: Petition
Filing Description: Plaintiff Lloyd & Mousilli, PLLC's Verified Petition and Application for Injunctive Relief
Status as of 10/18/2024 4:28 PM CST

Associated Case Party: Lloyd & Mousilli, PLLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Richard C.Rutledge | | rickr@rutledgelaw.net | 10/18/2024 4:23:20 PM | SENT |
| Lindsay Hamner | | rutlawstaff@rutledgelaw.net | 10/18/2024 4:23:20 PM | SENT |
| Airiel Blackie | | admin@rutledgelaw.net | 10/18/2024 4:23:20 PM | SENT |

Certified Document Number: 117077520 - Page 15 of 15



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 31, 2026

Certified Document Number:        117077520 Total Pages:  15

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**