**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,**<br>*Plaintiff,* | § <br>§ <br>§ | |
| **v.** | § <br>§ | **CIVIL CASE NO. 4:25-cv-05642** |
| **DANIEL MCNARY "MAC" LECKRONE,**<br>*Defendant.* | § <br>§ <br>§ | **JURY DEMANDED** |

---

**PLAINTIFF'S MOTION FOR LEAVE TO WITHDRAW AND AMEND HER RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION NO. 4**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, PLAINTIFF, LEMA MOUSILLI,** by and through her undersigned counsel, and respectfully moves this Court pursuant to Federal Rule of Civil Procedure 36(b) for leave to withdraw and amend her response to Defendant's Request for Admission No. 4. In support of this Motion, Plaintiff respectfully shows the Court as follows:

## I. INTRODUCTION

1. Plaintiff timely served her responses to Defendant's First Set of Requests for Admission on August 24, 2026. One of the fourteen responses, the response to Request No. 4, was incorrect. Plaintiff identified the error the next day, served a corrected response the next day, and produced the documents that made the correction necessary the same day. Plaintiff now seeks the leave that Rule 36(b) requires so that the corrected response governs.

2. The relief sought is narrow. It concerns one request out of fourteen, and one subject: whether Plaintiff possesses contemporaneous notes made during the telephone conversations

alleged in the Complaint. No other response is affected, and Plaintiff does not seek to disturb the admissions she has made to Request Nos. 1, 2, and 3.

3. Both conditions of Rule 36(b) are met. Withdrawal and amendment will promote the presentation of the merits, because the served admission would conclusively establish as true a matter that Plaintiff's own records show is not true. And Defendant cannot show that he would be prejudiced in maintaining or defending this action on the merits: he has held the amended response and the underlying documents since August 25, 2026; no deposition has been taken; discovery remains open until January 15, 2027; and the motions deadline is February 16, 2027. Dkt. 15 ¶¶ 3, 4.

## II. FACTUAL BACKGROUND

4. On July 24, 2026, Defendant served Defendant's First Set of Requests for Admission, consisting of fourteen requests.

5. Request for Admission No. 4 reads: "Admit you do not possess any contemporaneous notes made during the telephone conversation(s) alleged in the Complaint."

6. On August 24, 2026, Plaintiff timely served Plaintiff's Objections and Responses to Defendant's First Set of Requests for Admission. The response to Request No. 4 read, in its entirety: "RESPONSE: Admitted."

7. On August 25, 2026, in the course of her continuing review of her records, Plaintiff located two additional pages of her November 26, 2024 text message exchange with Scott Hepford. Both pages bear the notation "Nov 26, 2024 at 12:04 PM" on their face. Plaintiff produced both pages to Defendant that same day, Bates-labeled MOU0003 and MOU0004.

8. On review of MOU0003 and MOU0004, Plaintiff determined that the response served the previous evening to Request for Admission No. 4 was inadvertently incorrect and could not be

maintained consistent with her obligation under Rule 36(a)(4) to answer truthfully after reasonable inquiry.

9. Plaintiff notified Defendant's counsel the same day. On August 25, 2026, Plaintiff's counsel emailed Elizabeth Revere, with Lloyd E. Kelley copied, stating that the response to Request No. 4 "should have been 'Denied' rather than 'Admitted,'" that Plaintiff "intend[ed] to file a Motion for Leave to Withdraw and Amend the Response to Request for Admission No. 4," and asking Ms. Revere to "let us know whether Defendant opposes the relief requested so we can complete the Certificate of Conference." A true and correct copy of the electronic mail exchange described in this and the following paragraphs is attached as **Exhibit A**.

10. Ms. Revere responded by electronic mail forty-two minutes later, on August 25, 2026 at 11:33 a.m.: "Just send over the amended answers to RFAs along with amended answers to RFPs as appropriate." Ms. Revere did not state that Defendant opposed the relief Plaintiff had described.

11. Plaintiff did as Defendant's counsel asked. On August 25, 2026, Plaintiff served Plaintiff's Amended Objections and Responses to Defendant's First Set of Requests for Admission. That instrument states on its face that it "amend[s] and replace[s] in their entirety Plaintiff's Objections and Responses served on August 24, 2026," and sets out the original and amended responses to Request No. 4 together: "ORIGINAL RESPONSE: Admitted. FIRST AMENDED RESPONSE: Denied." No other response was changed. A true and correct copy is attached as **Exhibit B**.

12. Also on August 25, 2026, Plaintiff served Plaintiff's First Supplemental Responses to Defendant's First Set of Requests for Production. Request for Production No. 4 is conditioned on a denial of Request for Admission No. 4, and Plaintiff's supplemental response to it states:

"Responsive documents exist. See MOU0001 through MOU0004." The production paper and the amended admission response were reconciled the same day.

13. On August 31, 2026, at 4:51 p.m., Ms. Revere emailed Plaintiff's counsel and described her own position: "I replied immediately that you could send over the amended response along with any attendant production necessitated by the change in answer without necessity of a motion."

14. Later the same evening, at 11:39 p.m., Ms. Revere emailed again. She confirmed that she had reviewed the attachments to Plaintiff's August 25, 2026 email and that the amended responses had in fact been served that day, and she wrote: "When I emailed and agreed to the amendment, I erroneously assumed you would mention that the amended discovery had been sent rather than not acknowledging my email at all." She closed: "Please disregard my email below. You have provided the requested discovery. I will follow up to discuss any deficiencies."

15. Defendant has held the amended response, the supplemental production response, and the documents themselves since August 25, 2026. Defendant has not moved to strike the amended response, has not moved to determine the sufficiency of any response under Rule 36(a)(6), has taken no step in reliance on the withdrawn admission, and has never stated that he opposes the relief sought here.

## III. ARGUMENT & AUTHORITIES

16. Rule 36(b) provides that a matter admitted under Rule 36 is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Unlike an interrogatory answer or a response to a request for production, an admission is not corrected by a supplemental response under Rule 26(e). It is corrected only by leave of court.

17. That is so notwithstanding the parties' agreement. Defendant's counsel invited service of the amended response "without necessity of a motion" and has written that she "agreed to the amendment." Plaintiff accepted that courtesy in good faith and served the amended response the same day it was requested. But Rule 36(b) conditions withdrawal on an order of this Court, not on the consent of the requesting party, and an admission left unwithdrawn remains conclusively established against the party who made it whatever counsel may have agreed between themselves. Plaintiff files this Motion so that the record contains the order the rule requires, and so that no question can later arise about the operative response.

18. Rule 36(b) states two conditions. The court may permit withdrawal or amendment if doing so would promote the presentation of the merits of the action, and if the court is not persuaded that withdrawal or amendment would prejudice the requesting party in maintaining or defending the action on the merits. Both are satisfied.

***A. Withdrawal and amendment will promote the presentation of the merits.***

19. Whether Plaintiff possesses documents created during the telephone conversations at the center of this case is a live evidentiary question, and Defendant made it one. Request Nos. 1 through 14 are directed almost entirely at what Plaintiff does and does not possess concerning those conversations, and Request for Production No. 4 was drafted to issue only if Request for Admission No. 4 were denied. Defendant intended the answer to matter.

20. Left in place, the served admission would conclusively establish that Plaintiff possesses no such documents at the same time that MOU0003 and MOU0004 sit in Defendant's hands, produced by Plaintiff. The result would be a record in which a fact is established against the documents rather than by them. Rule 36 exists to narrow what is genuinely undisputed and to

spare the parties proof on matters no one contests. It is not a mechanism for converting a one-day drafting error into a finding of fact the evidence contradicts.

21. Permitting the amendment restores the question to the proof. Defendant remains free to argue at every stage that MOU0003 and MOU0004 are not what Plaintiff says they are, to examine Plaintiff about them, and to argue their weight to the jury. That is the presentation of the merits Rule 36(b) contemplates.

***B. Defendant cannot show prejudice in maintaining or defending on the merits.***

22. Rule 36(b) ties the second condition to prejudice in maintaining or defending the action *on the merits*. The record forecloses any such showing, and Defendant's own correspondence forecloses it most directly of all.

23. First, Defendant agreed. Told on August 25, 2026 that Plaintiff intended to seek this relief and asked squarely whether Defendant opposed it, Defendant's counsel answered by directing Plaintiff to serve the amended responses. She has since written that she "agreed to the amendment" and that the amended response could be served "without necessity of a motion." A party who invites an amendment, receives it on the day he asks for it, and then writes that the requested discovery has been provided cannot be heard to say that the same amendment impairs his defense on the merits.

24. Second, the interval. The admission was served August 24, 2026. The amended response was served August 25, 2026. Defendant was on notice of the correction the day after he received the response, and by an email that told him in terms what was changing and why.

25. Third, the documents. The two pages that prompted the correction were produced the same day the correction was served. Defendant did not have to seek them, move for them, or

learn of them at a deposition. Whatever investigation Defendant wishes to conduct concerning MOU0003 and MOU0004, he has had the underlying documents throughout.

26. Fourth, the stage of the case. No deposition has been taken. Discovery does not close until January 15, 2027, and the motions deadline is February 16, 2027. Dkt. 15 ¶¶ 3, 4. Trial is set for June 28, 2027. Dkt. 15 ¶ 7. Defendant has months of discovery remaining in which to address the subject and may notice Plaintiff's deposition on it at any time.

27. Fifth, reliance. Defendant took no step in reliance on the admission during the single day it stood uncorrected and has taken none since. He has not foregone discovery, withdrawn a request, released a witness, or altered a filing on the strength of it.

28. What Defendant would lose if this Motion is granted is the benefit of an answer that is not accurate. That is not the prejudice Rule 36(b) protects against. Were it otherwise, the rule's second condition would swallow the first in every case, because every withdrawal deprives the requesting party of an admission it would have preferred to keep.

### *C. The interval between the amended response and this Motion is explained by Defendant's own request.*

29. Rule 36(b) sets no deadline for a motion to withdraw or amend, but the sequence should be plain on the record. Plaintiff announced on August 25, 2026 that she intended to file this Motion and asked Defendant's position so the certificate of conference could be completed. Defendant's counsel responded that the amended response could be served "without necessity of a motion." Plaintiff served the amended response that day and, in reliance on Defendant's stated position, did not immediately burden the Court with a motion Defendant had said was unnecessary.

30. On reflection, Plaintiff concluded that the parties' agreement cannot substitute for the order Rule 36(b) requires, and that leaving the August 24, 2026 admission unwithdrawn on the record would invite exactly the dispute the rule exists to prevent. Plaintiff therefore files this Motion. Nothing intervened between the correction and this filing that altered Defendant's position, and Defendant has identified no consequence of the interval beyond the interval itself.

## IV. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Lema Mousilli prays that the Court grant this Motion; permit Plaintiff to withdraw the response of "Admitted" served on August 24, 2026 to Defendant's Request for Admission No. 4; order that Plaintiff's First Amended Response to that Request, served August 25, 2026 and attached as **Exhibit B**, stating "Denied," is Plaintiff's operative response to Request for Admission No. 4; and grant Plaintiff such other and further relief to which she may be justly entitled.

DATE: September 11, 2026

Respectfully submitted,

*/s/ Lloyd E. Kelley*
LLOYD E. KELLEY
Attorney-in-charge
Texas State Bar No. 11203180
SDTX Federal ID No. 13497
**THE KELLEY LAW FIRM**
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973
*kelley@lloydekelley.com*

**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**

Lema Mousilli
Texas State Bar No. 24056016

SDTX Federal ID No. 1358290
**MOUSILLI LAW, PLLC**
11807 Westheimer Road
Suite 550, PMB 624
Houston, TX 77077
Tel: (281) 305-9313
*lema@mousillilaw.com*
*service@mousillilaw.com*

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I certify that counsel for the parties have conferred concerning the relief requested in this Motion. On August 25, 2026, Lema Mousilli, Of Counsel for Plaintiff, emailed Elizabeth Revere, counsel for Defendant, with Lloyd E. Kelley copied, advising that Plaintiff intended to file a Motion for Leave to Withdraw and Amend the Response to Request for Admission No. 4 and asking Ms. Revere to state whether Defendant opposed the relief requested. Ms. Revere responded by email the same day at 11:33 a.m.: "Just send over the amended answers to RFAs along with amended answers to RFPs as appropriate." On August 31, 2026, Ms. Revere wrote that Plaintiff could serve the amended response "without necessity of a motion" and, later the same evening, that "When I emailed and agreed to the amendment, I erroneously assumed you would mention that the amended discovery had been sent rather than not acknowledging my email at all." Defendant has not stated that he opposes the relief requested in this Motion. The correspondence is attached as **Exhibit A**.

*/s/ Lloyd E. Kelley*
Lloyd E. Kelley

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2026, a true and correct copy of the foregoing document was served on all counsel of record through the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure and this District's electronic filing rules.

*/s/ Lloyd E. Kelley*
Lloyd E. Kelley