**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,**<br>*Plaintiff,* | §<br>§<br>§ | |
| **v.** | § | **CIVIL CASE NO. 4:25-cv-05642** |
| | § | |
| **DANIEL MCNARY "MAC" LECKRONE,**<br>*Defendant.* | §<br>§<br>§ | **JURY DEMANDED** |

**PLAINTIFF'S AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION**

**COMES NOW, PLAINTIFF, LEMA MOUSILLI**, and, pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, serves these Amended Objections and Responses to Defendant Daniel McNary Leckrone's First Set of Requests for Admission. These Amended Objections and Responses amend and replace in their entirety Plaintiff's Objections and Responses served on August 24, 2026.

DATED: August 25, 2026

Respectfully submitted,

*/s/ Lloyd E. Kelley*
LLOYD E. KELLEY
Attorney-in-charge
Texas State Bar No. 11203180
SDTX Federal ID No. 13497
**THE KELLEY LAW FIRM**
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973
*kelley@lloydekelley.com*

**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**

EXHIBIT
B

Lema Mousilli
Texas State Bar No. 24056016
SDTX Federal ID No. 1358290
**MOUSILLI LAW, PLLC**
11807 Westheimer Road
Suite 550, PMB 624
Houston, TX 77077
Tel: (281) 305-9313
*lema@mousillilaw.com*
*service@mousillilaw.com*

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record pursuant to the Federal Rules of Civil Procedure and the District's ECF service rules on August 25, 2026, via email, on the following:

**ELIZABETH REVERE**
State Bar No. 00791513
S.D. Texas Bar No. 18329
**ELIZABETH REVERE, PLLC**
804 Sabine Street
Houston, Texas 77007
Telephone: (281) 924-8845
Facsimile: (832) 201-0584
service@bethrevere.com

*/s/ Lema Mousilli*
Lema Mousilli

## PRELIMINARY STATEMENT AND OBJECTIONS TO DEFINITIONS

1. Plaintiff objects to Definition No. 4 to the extent it defines "Plaintiff," "you," and "your" to include Plaintiff's "agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates or any other person or entity acting in concert with it or under its control." As so defined, the Requests are overly broad and purport to require Plaintiff to admit or deny matters concerning documents and information not within her possession, custody, or control, including documents of independent third parties. Plaintiff responds in her individual capacity, based on documents and information within her possession, custody, or control, after reasonable inquiry as required by Rule 36(a)(4).

2. Plaintiff's responses are based on information and documents presently known to Plaintiff after reasonable inquiry. Plaintiff reserves the right to supplement or amend these responses as required by Rule 26(e).

3. Subject to and without waiving the foregoing, Plaintiff responds as follows.

## FIRST AMENDED RESPONSES TO REQUESTS FOR ADMISSION

**Request for Admission No. 1:** Admit you do not possess any audio recording of the telephone conversation(s) alleged in the Complaint.

**RESPONSE:** Admitted.

**Request for Admission No. 2:** Admit you do not possess any video recording of the telephone conversation(s) alleged in the Complaint.

**RESPONSE:** Admitted.

**Request for Admission No. 3:** Admit you do not possess any transcript of the telephone conversation(s) alleged in the Complaint.

**RESPONSE:** Admitted.

**Request for Admission No. 4:** Admit you do not possess any contemporaneous notes made during the telephone conversation(s) alleged in the Complaint.

**ORIGINAL RESPONSE:** Admitted.

**FIRST AMENDED RESPONSE:** Denied.

**Request for Admission No. 5:** Admit you do not possess any contemporaneous notes made immediately following the telephone conversation(s) alleged in the Complaint.

**RESPONSE:** Denied.

**Request for Admission No. 6:** Admit you do not possess any memorandum memorializing the substance or content of the telephone conversation(s) alleged in the Complaint.

**RESPONSE:** Denied.

**Request for Admission No. 7:** Admit you do not possess any summary memorializing the substance or content of the telephone conversation(s) alleged in the Complaint.

**RESPONSE:** Denied.

**Request for Admission No. 8:** Admit you do not possess any document memorializing the substance or content of the telephone conversation(s) alleged in the Complaint.

**RESPONSE:** Denied.

**Request for Admission No. 9:** Admit you are not aware of any document reflecting the substance or content of the telephone conversation(s) alleged in the Complaint.

**RESPONSE:** Denied.

**Request for Admission No. 10:** Admit you are not aware of any memorialization reflecting the substance or content of the telephone conversation(s) alleged in the Complaint.

**RESPONSE:** Denied.

**Request for Admission No. 11:** Admit you possess no record reflecting the date of the telephone conversation(s) alleged in the Complaint other than your own recollection.

**RESPONSE:** Denied.

**Request for Admission No. 12:** Admit you possess no record reflecting the time of the telephone conversation(s) alleged in the Complaint other than your own recollection.

**RESPONSE:** Denied.

**Request for Admission No. 13:** Admit you possess no record reflecting the duration of the telephone conversation(s) alleged in the Complaint other than your own recollection.

**RESPONSE:** Denied.

**Request for Admission No. 14:** Admit you possess no telephone records, including call logs, or other documents reflecting the occurrence of the telephone conversation(s) alleged in the Complaint.

**RESPONSE:** Denied.