**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,** *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 4:25-cv-05642** |
| | § | **JURY DEMANDED** |
| **DANIEL MCNARY "MAC" LECKRONE,** *Defendants.* | § | |

**DEFENDANT DANIEL MCNARY LECKRONE'S MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER AND COUNTERCLAIMS**

**COMES NOW, DEFENDANT DANIEL MCNARY LECKRONE,** in the above-entitled and numbered cause and files this *Motion for Leave to File Second Amended Answer* ("**Motion**") and in support thereof would respectfully show unto the Court as follows:

## I. INTRODUCTION

1. Defendant Daniel McNary Leckrone (**"Defendant"**) respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 15(a)(2), for leave to file a Second Amended Answer, Affirmative Defenses, and Counterclaims in the above-styled and numbered cause. **Exhibit A**, Defendant's Second Amended Answer, Affirmative Defenses, and Counterclaims (**"Second Amended Answer"**).

2. As set forth more fully below, leave to amend should be freely granted because the proposed amendment is timely, is sought in good faith, will not unduly prejudice Plaintiff, and is not futile.

## II. PROCEDURAL BACKGROUND

3. Plaintiff Lema Mousilli filed her Original Complaint against Defendant on November 23, 2025.

4. Defendant filed his Original Answer on March 9, 2026.

5. Defendant filed his First Amended Answer on July 31, 2026 (**"First Amended Answer"**), which remains the live, operative pleading in this case.

6. On May 1, 2026, the Court entered its Scheduling Order (Dkt. 15), which set July 31, 2026, as the deadline for amendments to pleadings and the addition of new parties. That deadline has since passed.

7. Since the filing of the First Amended Answer, the parties have engaged in discovery. During discovery, Plaintiff disclosed the existence of libelous statements she made about Defendant via text message to a third party, Scott Hepford.

8. It is clear from the context of the statements that Plaintiff not only defamed Defendant but was trying to discourage Mr. Hepford from retaining Defendant as counsel through his law firm, The Planay Law Firm, LLC.

9. These defamatory statements form the bases for multiple causes of action against Plaintiff, including:

(a) Defamation;

(b) Defamation *per se*;

(c) Business disparagement;

(d) Tortious interference with potential economic relations; and

(e) Intentional infliction of emotional distress.

10. Prior to the disclosure in discovery, Defendant was unaware of Plaintiff's statements.

11. As part of a private conversation, the statements were inherently undiscoverable. Further, as the libel was published in a text message, it is objectively verifiable.

12. In light of the foregoing, Defendant now seeks leave to file a Second Amended Answer to bring newly discovered causes of action against Plaintiff.

13. Discovery in this matter has not closed. Per the Court's Scheduling Order (Dkt. 15), the discovery deadline is January 15, 2027, and the dispositive motions deadline is February 16, 2027. No trial date has been set that would be disrupted by the proposed amendment; docket call is currently set for June 25, 2027, with jury trial to follow on June 28, 2027.

## III. LEGAL STANDARD

14. Federal Rule of Civil Procedure 15(a)(2) provides that, once the time to amend as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).

15. The Fifth Circuit has recognized that Rule 15(a) "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).

16. In deciding whether to grant leave to amend, courts consider: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

17. Absent a substantial reason to deny leave, the discretion of the district court is not broad enough to permit denial. *Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 139 (5th Cir. 1993); see also *Foman*, 371 U.S. at 182.

18. Where, as here, a scheduling order has been entered under Rule 16(b) and the deadline to amend pleadings has expired, a party seeking leave to amend must first satisfy the more stringent "good cause" requirement of Rule 16(b)(4) before the more liberal Rule 15(a) standard is even considered. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003).

19. Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).

20. In determining whether good cause exists, courts in the Fifth Circuit consider four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S&W Enters*., 315 F.3d at 536 (citing *Reliance Ins. Co. v. La. Land & Expl. Co.,* 110 F.3d 253, 257 (5th Cir. 1997)).

21. Only if the movant satisfies Rule 16(b)(4)'s good-cause standard does the court proceed to evaluate the proposed amendment under Rule 15(a)'s more liberal standard. Id.; *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

## IV. ARGUMENT AND AUTHORITIES

### A. Defendant Has Established Good Cause Under Rule 16(b)(4) to Modify the Scheduling Order

22. There has been no delay in seeking leave to amend. Defendant could not have known about the statements until they were produced by Plaintiff on August 25, 2026. As required by Texas law, Defendant made a make a timely and sufficient request for correction, clarification, or retraction. TEX. CIV. PRAC. & REM. CODE § 73.055. Plaintiff responded to that request on September 11, 2026, refusing to retract, clarify, or correct her statements. Defendant now moves promptly for leave to amend.

23. The causes of action to which Plaintiff's defamatory statements give rise are compulsory counterclaims in this matter because they arise out of the transaction or occurrence that is the subject matter of Plaintiff's claims in this action. FED. R. CIV. P. 13(a)(1)(A).

24. As such, if leave to amend is not granted, Defendant will be left without recourse for the damage he has suffered as a direct result of Plaintiff's libelous statements impugning both him as a person and his professional reputation.

25. Plaintiff will suffer no prejudice from the requested modification of the Scheduling Order. The case remains in the discovery phase, with the discovery deadline not until January 15, 2027, and the dispositive motions deadline not until February 16, 2027. No trial date is imminent; docket call is not set until June 25, 2027, with jury trial to follow on June 28, 2027. Plaintiff will therefore have a full and fair opportunity to conduct discovery on any new matters raised by the proposed amendment.

26. Because ample time remains before the close of discovery and the dispositive-motions deadline, no continuance of the existing case deadlines is necessary to cure any potential prejudice to Plaintiff. To the extent the Court determines that a continuance of any deadline is warranted, Defendant does not oppose a reasonable extension.

27. Because each of the four good-cause factors favors Defendant, Defendant has satisfied Rule 16(b)(4), and the Court should proceed to evaluate the proposed amendment under Rule 15(a)'s more liberal standard, addressed below.

**B. Defendant Has Not Unduly Delayed in Seeking Leave to Amend**

28. Defendant has not unduly delayed in seeking leave to amend. The proposed amendments are based upon facts and issues that were only discovered during the course of the litigation, including through the parties' discovery and ongoing evaluation of the claims and defenses at

issue. Defendant has acted diligently in seeking leave to amend after learning on September 11, 2026, that Plaintiff refuses to clarify, correct, or retract her statements. Amendment is necessary to preserve Defendant's claims.

29. The timing of the requested amendment will not disrupt the orderly progression of this case. The parties remain engaged in discovery, and, to the extent the Court grants the limited modification of the Scheduling Order's pleading-amendment deadline requested above, the proposed amendment will not otherwise delay the proceedings.

30. Nor is the requested amendment the product of dilatory conduct. Defendant seeks leave to ensure that the pleadings accurately and fully reflect the claims and defenses supported by the facts developed in this case and to permit the parties' dispute to be resolved on its merits. Accordingly, there has been no undue delay that would warrant denying leave to amend.

**C. Defendant Has Not Acted in Bad Faith or With Dilatory Motive**

31. Defendant seeks leave to amend in good faith and not for purposes of delay or to obtain any improper tactical advantage. The proposed amendments are intended to conform Defendant's pleadings to the facts and evidence developed during the course of this litigation and to preserve his causes of action against Plaintiff. Those causes of actions are compulsory counterclaims in this matter. FED. R. CIV. P. 13(a)(1)(A).

32. Because the claims are compulsory counterclaims, this is Defendant's only opportunity to obtain redress for the damages caused him by Plaintiff.

33. The proposed amendments are not asserted for any dilatory or tactical purpose, nor to unnecessarily expand or delay this litigation. Rather, they are asserted in direct response to facts and developments that came to light after entry of the Scheduling Order (Dkt. 15). The

amendments are necessary to ensure that Defendant's claims and defenses are fully and accurately presented to the Court.

34. Accordingly, there is no evidence of bad faith or dilatory motive that could weigh against granting Defendant leave to amend.

**D. Plaintiff Will Not Suffer Any Undue Prejudice From the Proposed Amendment**

35. Plaintiff will not suffer any undue prejudice if Defendant is permitted to amend his Answer. The case remains in the discovery phase, with the discovery deadline not until January 15, 2027, and Plaintiff will have a full and fair opportunity to conduct discovery concerning any additional matters raised by the proposed amendments and to address those matters as the case proceeds.

36. The proposed amendments will not deprive Plaintiff of an opportunity to investigate or respond to Defendant's defenses, require the reopening of completed discovery, or interfere with an imminent trial setting, as no trial date certain has been set and docket call is not scheduled until June 25, 2027. While Defendant requests a limited modification of the Scheduling Order's pleading-amendment deadline, that modification will not otherwise disrupt the existing case schedule or materially delay resolution of the case.

37. Any additional discovery necessitated by the proposed amendments can be conducted within the existing discovery period. Therefore, permitting the amendment will not impose an unfair burden on Plaintiff or otherwise prejudice Plaintiff's ability to prepare and present her case.

38. In contrast, denying leave to amend would prevent Defendant from fully presenting defenses supported by the facts and evidence developed in this litigation and it would deny him redress from the harm he has suffered at Plaintiff's hands. Under these circumstances, the interests of justice favor permitting the amendment so that the parties' claims and defenses may be resolved on their merits.

**E. The Proposed Amendment Is Not Futile**

39. The amended allegations and defenses are well-pleaded, supported by the facts and applicable law, and present matters that may properly be considered in resolving the parties' claims and defenses. The proposed amendments are therefore sufficient to withstand a motion to dismiss and are not subject to denial on futility grounds.

40. Moreover, the proposed amendments are not merely conclusory or speculative. They are based upon facts developed during the course of this litigation and provide additional factual and legal bases relevant to Defendant's defenses. Whether Defendant ultimately prevails on those defenses is a matter to be determined on the merits and does not render the proposed amendment futile.

41. Because the proposed amendments state legally cognizable defenses supported by factual allegations and would survive dismissal at the pleading stage, futility provides no basis for denying Defendant leave to amend.

**F. The Discovery Rule**

42. In Texas, the discovery rule is a very narrow exception to the statute of limitations that tolls limitations when an injury is both inherently undiscoverable and objectively verifiable. *See Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 279 2004 Tex. LEXIS 921, 48 Tex. Sup. J. 6 (Supreme Court of Texas. 2004).

43. Generally, a cause of action accrues when a wrongful act causes an injury, regardless of when the plaintiff learns of the injury. *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex.1998). This is true even if the fact of injury is not discovered until later and even if all resulting damages have not yet occurred. *S.V. v. R.V.,* 933 S.W.2d 1, 4 (Tex.1996).

44. In certain, limited circumstances, Texas courts apply the discovery rule as an exception to the general accrual rule. *Computer Assoc. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1994). To apply, the discovery rule requires that the injury be (1) inherently undiscoverable and (2) objectively verifiable. *Id.*

45. When applied, the discovery rule tolls the running of limitations until the plaintiff discovers the injury, or acquires knowledge of facts which, in the exercise of reasonable care and diligence, would lead to the discovery of the wrongful act and resulting injury. *Li v. University of Texas Health Science Ctr. at Houston*, 984 S.W.2d 647, 652 (Tex. App.-Houston [14th Dist.] 1998, pet. denied) (citing *S.V.*, 933 S.W.2d at 4).

46. Here, Plaintiff's statements in private text messages to Mr. Hepford were inherently undiscoverable. Defendant had no idea that he had been libeled until the text messages were produced in discovery. Further, because the statements were made via text message, they are objectively verifiable.

47. Accordingly, the conditions allowing application of the discovery rule in Texas have been met in this circumstance.

**G. The Statutes of Limitation Have Not Run on Defendant's Claims Against Plaintiff**

48. The statute of limitations for the claim of business disparagement under Texas law is two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a); *Newsom v. Brod*, 89 S.W.3d 732, 735, 2002 Tex. App. LEXIS 7482, 19 I.E.R. Cas. (BNA) 417 (Court of Appeals of Texas, First District, Houston. 2002). The statements that are the basis of that claim were made on November 26, 2024.

49. The statute of limitations for the claim of tortious interference with potential economic relations in Texas is two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a). The statements that are the basis of that claim were made on November 26, 2024.

50. The statute of limitations for the claim of intentional infliction of emotional distress in Texas is two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a). The statements that are the basis of that claim were made on November 26, 2024.

51. The statute of limitations for the claim of defamation in Texas is one year. TEX. CIV. PRAC. & REM. CODE § 16.002(a). The statements that are the basis of that claim were made on November 26, 2024. In Texas, "Generally, a defamation claim accrues when the matter is published or circulated. The discovery rule applies to a defamation claim if the matter is not public knowledge. When the discovery rule applies, it defers the accrual of a cause of action until a plaintiff discovers or, through the exercise of reasonable care and diligence, should discover the nature of the injury." *Newsom v. Brod*, 89 S.W.3d at 736 (internal citations omitted). The existence of the statement was not discovered by Defendant until August 25, 2026. Further, the statements were inherently undiscoverable and objectively verifiable. *See* pp. 8-9, §F, ¶¶ 41-46, *supra*. Therefore, applying the discovery rule, the statute of limitations has not run.

52. The statute of limitations for the claim of defamation *per se* in Texas is one year. TEX. CIV. PRAC. & REM. CODE § 16.002(a). The statements that are the basis of that claim were made on November 26, 2024. In Texas, "Generally, a defamation claim accrues when the matter is published or circulated. The discovery rule applies to a defamation claim if the matter is not public knowledge. When the discovery rule applies, it defers the accrual of a cause of action until a plaintiff discovers or, through the exercise of reasonable care and diligence, should discover the nature of the injury." *Newsom v. Brod*, 89 S.W.3d at 736 (internal citations omitted). The existence of the statement was discovered by Defendant on August 25, 2026. Further, the statements were inherently undiscoverable and objectively verifiable. *See* pp. 8-9, §F, ¶¶ 41-46, *supra*. Therefore, applying the discovery rule, the statute of limitations has not run.

53. Consequently, the statutes of limitation have not yet run on any of Defendant's newly discovered claims against Plaintiff.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Daniel McNary Leckrone asks the Court to grant this Motion for Leave to File Second Amended Answer, to accept for filing the Second Amended Answer attached as Exhibit A, and for such other and further relief, both general and special, at law or in equity, to which he may show himself to be justly entitled.

Dated: September 29, 2026.

Respectfully submitted,

By: /s/ *Elizabeth Revere*
ELIZABETH REVERE
State Bar No. 00791513
S.D. Texas Bar No. 18329
**ELIZABETH REVERE, PLLC**
804 Sabine Street
Houston, Texas 77007
Tel: (281) 924-8845
Fax: (832) 201-0584
*service@bethrevere.com*
**ATTORNEY FOR DEFENDANT**
**DANIEL MCNARY LECKRONE**

## CERTIFICATE OF CONFERENCE

I, Elizabeth Revere, counsel for Defendant Daniel McNary Leckrone, certify that I conferred with Plaintiff, who is "of counsel" in this matter, on September 11, 2026, and was told to "file the motion." I responded that I would note that the motion is opposed.

/s/ *Elizabeth Revere*
Elizabeth Revere

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, pursuant to the District's ECF service rules on **September 29, 2026,** ***via electronic filing system.***

/s/ *Elizabeth Revere*
Elizabeth Revere