EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,** *Plaintiff,* | § | |
| **v.** | § | **CIVIL CASE NO. 4:25-cv-05642** |
| **DANIEL MCNARY "MAC" LECKRONE,** *Defendant.* | § | **JURY DEMANDED** |

**AFFIDAVIT OF LEMA MOUSILLI IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY**

**STATE OF TEXAS** §
§
**COUNTY OF HARRIS** §

BEFORE ME, the undersigned notary public, on this day personally appeared Lema Mousilli, known to me to be the person whose name is subscribed below, who, being by me first duly sworn, on her oath deposed and stated as follows:

1. My name is Lema Mousilli. I am over eighteen (18) years of age, of sound mind, and competent to make this affidavit. I am the Plaintiff in this action and a licensed Texas attorney. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. In April 2021, I interviewed and hired Elizabeth Revere ("**Ms. Revere**") as a contract attorney for Lloyd & Mousilli, PLLC ("**L&M**"), where I was the litigation partner. She began on or about April 22, 2021. From that time until approximately 2024, Ms. Revere worked primarily on my cases as my briefing attorney, and I supervised her work.

3. Among the matters on which Ms. Revere worked as an attorney under my supervision were legal matters for Well Cell Global, LLC and its affiliates ("**Well Cell**"). Well Cell was my client.

4. In or about the summer of 2021, the L&M team recorded a video tribute to Feras Mousilli and me. Ms. Revere appears in it, she is identified as "Litigation Attorney," and states: "Hi Lema and Feras, Beth here with many thanks and heartfelt congratulations for the job that both of you have done in building Lloyd & Mousilli into the firm that it is." Exhibit C to the motion is a true and correct transcript of that video, which was played to the jury at the Phase 1 trial in Cause No. 2024-72783 on March 31, 2026, during Ms. Revere's testimony. Maureen Farrell ("**Ms. Farrell**"), who later tried the Partnership Litigation against me for Feras Mousilli, also appears in the video, identified as "Litigation Counsel."

5. Marlene Campbell ("**Ms. Campbell**") worked as my secretary and paralegal at L&M from on or about 2021 through on or about early 2024. Ms. Campbell worked directly for me and had access to my files, my calendar, my client communications, and my communications with the firm concerning my practice.

6. On or about late 2023 or early 2024, Ms. Campbell became the paralegal for Defendant Daniel McNary "Mac" Leckrone at L&M. In that role she arranged Mr. Leckrone's telephone calls, including his calls with Well Cell and its chief executive, Scott Hepford. She continued to work on Well Cell matters until Well Cell terminated its engagement of L&M in November 2024.

7. On August 10, 2024, while I was in the process of leaving L&M, Ms. Revere contacted my client Alexa Curtis and told her that Ms. Revere was taking over her case in the Western District of Texas. Ms. Curtis called me on August 14, 2024 to report that contact. Exhibit

E to the motion is a true and correct copy of the declaration she executed under 28 U.S.C. § 1746 on September 30, 2024. Ms. Revere also entered appearances in state and federal cases in which I was lead counsel, without my knowledge and without the clients' authorization, including Cause No. 2022-35646 (11th Judicial District Court, Harris County), Cause No. 2023-03641 (164th Judicial District Court, Harris County), and Civil Action No. 4:24-cv-01753 (S.D. Tex.).

8. On August 13 and 14, 2024, I demanded in writing that Ms. Revere cease contacting my clients. On August 14, 2024 at 10:03 a.m., she replied: "You will receive service copies of motions to withdraw as they are filed." She then filed motions to withdraw in those cases on August 18, 20, and 23, 2024. Each motion, filed under her signature on behalf of herself and L&M, described me as "the then litigation partner at Lloyd & Mousilli." Each court permitted Ms. Revere to withdraw. I have true and correct copies of the August 13–14, 2024 email exchange and the three withdrawal motions, and will produce them to the Court on request.

9. Ms. Revere testified for Feras Mousilli on March 31, 2026 in Cause No. 2024-72783. Exhibit B to the motion is a true and correct copy of the certified reporter's record of that testimony. Before trial, Ms. Revere executed an affidavit dated February 21, 2025 that was filed in that case and that I identified in Plaintiff's First Supplemental Initial Disclosures at category E(iv). In it she swore that in a telephone call on April 1, 2022 I told her I was only a contractor with L&M and not an actual partner. The affidavit was notarized by Allauna Gluski, the L&M paralegal who assisted Ms. Revere with the August 2024 appearances described above. Exhibit G to the motion is a true and correct copy of that affidavit. On April 1, 2026, the jury found that a general partnership existed between Feras Mousilli and me known as Lloyd & Mousilli, PLLC. Exhibit D to the motion is a true and correct copy of the court's May 8, 2026 Interlocutory Order accepting that verdict. I learned at that trial that Ms. Revere had severed her relationship with L&M

in early 2026 following a fee dispute with the firm. I never told Ms. Revere that I was a contractor, that I was a partner in name only, or that the firm belonged to Feras Mousilli.

10. Defendant's document production in this case includes, at LECK-010 and LECK-011, Verizon records reflecting his calls with Well Cell on November 26, 2024, and, at LECK-001 through LECK-005, an engagement agreement dated on or about November 30, 2024 that he transmitted to Well Cell Support LLC on behalf of his own consultancy, Planay LLC, offering his services at $475 per hour. Well Cell had terminated L&M days earlier, on or about November 22, 2024.

11. Defendant's document production in this case includes, at LECK-015, an email from Mr. Leckrone (mac@planay.pro) to Ms. Revere (beth@bethrevere.com) dated February 28, 2026 forwarding my counsel's November 11, 2025 demand letter, and, at LECK-122, an email from Mr. Leckrone to Ms. Revere and Megan Weiss dated April 6, 2026 forwarding my April 3, 2026 email announcing the jury verdict.

12. Ms. Farrell of Farrell Legal Group PC represented Feras Mousilli at the Phase 1 trial of the Partnership Litigation and continues to represent him in that case. On September 29, 2026, I learned that Ms. Revere is listed as "Of Counsel" on the firm's website, www.farrelllegalgroup.com/about, a true and correct printout of which is attached to this affidavit as Attachment 1. On August 25, 2026, Plaintiff produced to Defendant in this case, among other documents, MOU0003 and MOU0004, screenshots of my real-time text messages with Scott Hepford during Defendant's November 26, 2024 calls. On September 28, 2026, Ms. Farrell served a supplemental document production on behalf of Feras Mousilli in the Partnership Litigation that contained those same two documents, bearing the labels FERAS01788 and FERAS01789. Neither I nor anyone acting for me ever produced MOU0003 or MOU0004 in the Partnership Litigation,

and to my knowledge no other party or nonparty did. The only persons to whom Plaintiff produced those documents are Defendant and his counsel. A true and correct copy of the September 28, 2026 production cover and of FERAS01788 and FERAS01789 is attached to this affidavit as Attachment 2. No protective order or confidentiality agreement has been entered in this case.

13. On April 30, 2026, Ms. Revere wrote to my counsel that Defendant "agrees to a public apology as proposed" and asked that we "send over whatever other details we should discuss." On May 1, 2026 she wrote, "I know we both want to resolve this as soon as possible." In reliance on those statements, my counsel and I prepared a settlement agreement, a stipulation of dismissal, and supporting exhibits, and we did not pursue motion practice directed at Ms. Revere's role while resolution appeared imminent. On July 31, 2026, Ms. Revere wrote: "I have reviewed your proposal with Mr. Leckrone. No thank you." I offer these statements only to explain the timing of this motion.

14. Beginning in or about April 2026, Ms. Revere began copying "Mimi Campbell" at mimi@bethrevere.com on her emails to me in this case. On September 2, 2026 at 1:22 a.m., a letter from Ms. Revere was transmitted to me by Mimi Campbell from that address, listing direct telephone number 903-244-9600. That is the telephone number I disclosed for Ms. Campbell in Plaintiff's First Supplemental Initial Disclosures, item 8, a true and correct copy of which is Exhibit F to the motion. Mimi Campbell is Ms. Campbell.

15. On September 15, 2026, Ms. Revere wrote to me: "As both you and Lloyd are aware, my paralegal should be copied on all correspondence," and stated that if I continued to serve documents without copying her paralegal she would "raise the issue with the Court as one of intentional obfuscation." On September 24, 2026 at 9:54 a.m., in connection with the Rule 37(a)(1) conference I had requested on September 11, I wrote to Ms. Revere: "Marlene Campbell

may not attend the call. She is a material witness and I intend to depose her regarding this matter." At 10:32 a.m. Ms. Revere replied: "I intend to have my paralegal on our discovery call. She is not a fact witness to this matter and had no knowledge of the events prior to suit being filed." In the same email she wrote: "Lema, although I cannot imagine the basis, if you believe that you reason to disqualify me, either enlighten me or file your motion." On September 29, 2026, I asked Ms. Revere whether Defendant opposed this motion and whether she would withdraw. In her replies of September 29 and September 30, 2026, she stated that she does not "have any personal knowledge as to the causes of action," that she "knew nothing about the facts of this case until I learned of it through my client," that whether I was a partner with L&M "has no relevance to the claims and defenses in this matter," and that "only information available at that time is relevant." She disputed the grounds for the motion, declined to withdraw, and did not state that Defendant is unopposed. She addressed her September 30, 2026 email to Ms. Campbell as a recipient. True and correct copies of these emails are in my possession and will be produced to the Court on request.

16. Exhibit F, served June 9, 2026, identified both Ms. Revere (item 7) and Ms. Campbell (item 8) as persons with knowledge of relevant facts. I will take the deposition of each, and I will call Ms. Revere as a witness at the trial of this case.

FURTHER AFFIANT SAYETH NOT.

[signature]

**Lema Mousilli**

SWORN TO AND SUBSCRIBED before me on the 30th day of September, 2026, by Lema Mousilli.

MELISA ALICIA OLSEN
Notary ID #126305087
My Commission Expires
August 27, 2028

[signature]

Notary Public, State of Texas
My commission expires: Aug. 27, 2028

EXHIBIT A-1

FARRELL GRO
RELENTLESS ADVOCACY

Home About Practice Areas FAQs News & Results

Call Now

# ABOUT OUR FIRM

Farrell Legal Group represents clients in serious disputes where the stakes are personal, financial, or both. Our firm's work includes business and fiduciary litigation, plaintiff's tort matters, sexual assault litigation, catastrophic injury cases, and disputes involving small businesses, employees, and corporate misconduct.

Our firm approaches litigation with a clear view of our client's priorities and the challenges they are facing. Legal disputes can be disruptive, expensive, and emotionally difficult, so Farrell Legal Group focuses on listening and understanding our client, helping clients understand their options, clearly evaluate risks, move forward with a clear strategy, and remain present and responsive. For our hourly billable clients, you will never have to worry about calling our team and getting nickle-dimed to death. Our policy is to be generous with our time. The relationship is more important than timekeeping.




## Advocacy With Purpose

Some matters call for compromise. Others require aggressive courtroom advocacy. Farrell Legal Group's approach is built around the needs of each case for the specific client, with a focus on protecting both immediate interests and long-term goals.

Whether representing an individual, a family, an employee, or a business, Farrell Legal Group is committed to preparation, communication, and advocacy when justice demands it.



## Maureen Farrell

Senior Partner

Maureen Farrell is a seasoned attorney with a distinguished legal career spanning corporate finance and litigation from initial demand to jury trial, bench trial, arbitration or settlement.

Originally from St. Louis, Maureen began her legal education abroad, training in Oxford, England, before embarking on her career as a corporate finance lawyer at one of London's most prestigious law firms. After five years of navigating complex corporate transactions, Maureen returned to Texas with her young family. While her children were young, she worked as a litigation contract attorney she could be the primary caregiver for her 4 kids. Once the children could all read and put on their own seatbelts, she returned to full time practice, first in a litigation boutique and eventually in her own firm.

Maureen earned her Master of Laws (LLM) from the University of Houston and passed the Texas Bar, officially joining the ranks of Texas's fierce litigators. Maureen has built a reputation for tenacity, skill, creativity and compassion.

Maureen lives with her husband, James, and their four children in The Woodlands.

She practices throughout Texas, leveraging her extensive professional network to provide her clients with exceptional legal representation. With a steadfast commitment to fairness and an unrelenting drive to protect her clients' interests, Maureen continues to make a meaningful impact in the lives of her clients and the broader legal community.

## Cassie Avery

Senior Paralegal

Cassie Avery is a senior paralegal with nearly 20 years of experience in the legal field. She began her career in 2005 as a file clerk with the U.S. Bankruptcy Court, where her diligence and strong work ethic laid the foundation for steady professional growth.

Cassie has extensive experience in civil litigation, business disputes, family law, and personal injury matters, handling cases ranging from complex litigation to highly personal disputes. Her well-rounded background allows her to approach each matter with precision, efficiency, and care.

Originally from Central Texas, Cassie now resides in Michigan and is an alumna of Delta College in Saginaw, MI. Outside of work, she enjoys spending time with her husband, five children, and three granddaughters. A self-proclaimed homebody, she also enjoys crocheting, knitting, reading, a great cup of coffee.

Guided by dedication, resilience, and a commitment to lifelong learning, Cassie continues to make a meaningful impact in the legal community.



## Mike Maugere

Case Manager

Born in New Jersey and raised in Florida from the age of 11, Mike Maugere has dedicated his life to public service and community safety. At 19, he enlisted in the U.S. Army, serving honorably for five years, including deployment during Operation



Desert Storm. He was discharged in 1992 with the rank of Sergeant, carrying forward a strong foundation of leadership, discipline, and commitment.

That same year, Mike began his law enforcement career as a correction officer with the Williamson County Sheriff's Office. In 1993, he joined the Smithville Police Department as a patrol officer, launching a distinguished career in law enforcement. His experience expanded further when he moved to the Bastrop County Sheriff's Office in 1998, serving in multiple roles including patrol deputy, sergeant, criminal investigator, and narcotics investigator.

In 2006, Mike returned to the Smithville Police Department as a patrol lieutenant. He rose through the ranks, becoming captain in 2013 and Chief of Police in 2014, a position he held with distinction until his retirement in 2020. Throughout his tenure, Mike was known for his leadership, dedication to justice, and unwavering commitment to community safety.

Following his retirement from policing, Mike worked in private security before transitioning to a civilian role in 2023 as a case manager at a law firm. There, he applies his investigative background and law enforcement experience to support legal teams and advocate for clients.

Mike is a great listener, and our clients know they can trust him completely.

Outside of work, Mike is an avid outdoorsman who enjoys hiking, metal detecting, and saltwater fishing. He finds both joy and serenity in exploring nature—whether on a trail or along the coast—embracing the thrill of discovery and the peace of the great outdoors.

## Beth Revere

Of Counsel

Beth Revere brings more than 30 years of experience in criminal, civil, and appellate law in both state and federal courts. An attorney licensed in both Texas and Louisiana and a Certified Mediator, she is regularly sought after for high-conflict resolution in both family and civil matters. Her practice includes employment law, human resources consulting, civil litigation, mediation, arbitration, parenting coordination, and dispute resolution involving government entities and officials.

Beth has been practicing since 1991 with a JD from Tulane Law School and is known for bringing deep legal expertise, calm judgment, and practical solutions to difficult disputes.





## Chris Reel

Co-Counsel

Chris Reel is an award-winning and nationally sought-after trial attorney focused on high-stakes commercial litigation, complex business disputes, intellectual property conflicts, and employee rights matters. He is frequently brought in by firms nationwide to serve as lead or co-trial counsel in high-stakes litigation and arbitration, with a reputation for distilling complex disputes into clear and compelling trial narratives.

Chris currently serves as co-counsel with Farrell Legal Group in a multi-million dollar investor dispute proceeding to arbitration, and in an employee claim against Amazon in Dallas federal court, where he is admitted pro hac vice. He is licensed in Ohio and Florida and is not licensed in Texas.

Maureen and Chris are a fearsome trial team and welcome trial referrals as co-counsel anywhere.

## Request A Free Case Review

No Cost, No Obligation

Whether you are facing a catastrophic injury, sexual assault matter, or a serious business dispute, Farrell Legal Group is prepared to evaluate your case and provide a clear path forward.

FAQ
About
Practice Areas
SMS Consent
Privacy Policy
Terms & Conditions

First name *

Last name *

Email *

Phone *

Message *

☐ By checking this box, you agree to receive text messages from Farrell Legal Group about appointment reminders, real-time case updates, document and signature requests, court date reminders, and regular follow-ups. you can reply STOP to opt-out at any time, for any assistance, reply HELP for customer care 210-693-1011. Message and data rates may apply. Messaging frequency may vary. please review our privacy policy and terms of service. *https://www.farrelllegalgroup.com/pp*

☐ Check this box if you no longer wish to receive SMS text messages from Farrell Legal Group. You can update your preferences anytime at www.farrelllegalgroup.com

**Email**
query@farrellpc.com

**Phone**
210-693-1011

**Address**
8708 Technology Forest Pl
#175
The Woodlands, TX 77381

Submit

FARRELL GROU

This website is for general informational purposes only and does not constitute legal advice. Viewing this website or contacting Farrell Legal Group PC does not create an attorney-client relationship. Prior results and representative matters do not guarantee or predict a similar outcome in any future matter.

© 2026 by Unlimitaire LLC & Farrell Legal Group PC

Farrell Legal Group PC. Regulated by the State Bar of Texas
Admitted to practice by the State Bar Of Texas in 2011

EXHIBIT
A-2

< 19



Scott Hepford >

Nov 26, 2024 at 12:04 PM

Let him talk more

He's lying

That is a lie

I wasn't fired

I quit

I took 75K

He's such a liar

Tell him I hadn't been paid in over a year and I took 75k

I am a partner

The firm website says Partner

My emails say partner

iMessage

19



Scott Hepford

Partner

My emails say partner

There is marketing materials that say partner

There's a goddamn video

You don't want him

He has already demonstrated he can't think clearly and believes whatever he is told.

Why would you ever want him at your attorney

You've got an idiot for an "architect"

WTF Scott

iMessage

MOU0004

FERAS 01789