EXHIBIT
F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | **CIVIL CASE NO.** |
| | § | |
| **v.** | § | **4:25-CV-05642** |
| | § | |
| | § | **JURY DEMANDED** |
| **DANIEL MCNARY "MAC" LECKRONE,** | § | |
| | § | |
| ***Defendant.*** | § | |

# PLAINTIFF'S FIRST SUPPLEMENTAL INITIAL DISCLOSURES

**COMES NOW, PLAINTIFF, LEMA MOUSILLI**, in the above-styled matter and serves these First Supplemental Initial Disclosures ("**Supplemental Disclosures**"). Pursuant to Federal Rule of Civil Procedure 26(e) and the Court's Scheduling Order (Dkt. 15), Plaintiff supplements her May 15, 2026 Initial Disclosures as set forth below. These Supplemental Disclosures are based upon information presently known and reasonably available to Plaintiff, and that Plaintiff reasonably believes she may use in support of her claims and defenses. Plaintiff does not represent that she is identifying every document, tangible thing, or witness possibly relevant to this action. Discovery is ongoing, and Plaintiff reserves the right to amend or further supplement these Supplemental Disclosures as required by Rule 26(e).

These Supplemental Disclosures are made without Plaintiff waiving her right to object to any discovery request or proceeding involving or relating to the subject matter of these disclosures on any grounds, including competency, privilege, relevancy, materiality, hearsay, undue burden,

confidentiality, or any other appropriate grounds. These Supplemental Disclosures are not an admission by Plaintiff regarding any matter.

Each of the following disclosures is subject to the foregoing.

**Rule 26(a)(1)(A)(i): The name, and if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

**Response:** The following individuals are likely to have discoverable information that Plaintiff may use to support her claims or defenses. Plaintiff anticipates that other individuals may also have discoverable information and specifically reserves the right to identify additional witnesses as discovery proceeds. There are no current non-attorney employees of Plaintiff with discoverable information Plaintiff intends to use to support her claims. The persons identified below may be contacted through undersigned counsel unless otherwise indicated.

1. **Lema Mousilli**
   c/o Lloyd E. Kelley
   THE KELLEY LAW FIRM
   2726 Bissonnet, Suite 240, PMB 12
   Houston, TX 77005
   Telephone: (281) 492-7766
   Email: kelley@lloydekelley.com

   Plaintiff in this matter. Has personal knowledge of all relevant facts, including: her professional reputation and standing as a licensed Texas attorney; her tenure as Litigation Partner at Lloyd & Mousilli, PLLC from 2019 through mid-2024; the absence of any misappropriation by her of any funds belonging to Lloyd & Mousilli, PLLC or anyone else; her client relationships at Lloyd & Mousilli, PLLC and at her successor practices, including with Well Cell Global, LLC; the impact of Defendant's

defamatory statements upon her reputation, business, and emotional well-being, including her mental anguish, humiliation, anxiety, and distress; and her damages.

2. **Daniel McNary Leckrone**
   c/o Elizabeth Revere
   ELIZABETH REVERE, PLLC
   804 Sabine Street
   Houston, TX 77007
   Telephone: (281) 924-8845
   Email: service@bethrevere.com

   Defendant in this matter. Has personal knowledge of the statements he made about Plaintiff to Mr. Scott Hepford on or about December 1, 2024 and on later occasions; the sources from which Defendant obtained the false information underlying those statements; his relationship and communications with Lloyd & Mousilli, PLLC, Feras Mousilli, Megan Weiss, Marlene Campbell, and Elizabeth Revere relating to Plaintiff; his commercial activities through Planay LLC; and his communications with Well Cell Global, LLC and its representatives.

3. **Scott Hepford, CEO**
   Well Cell Global, LLC
   11511 Katy Freeway
   Houston, Texas 77079
   Telephone: (888) 991-1012
   Email: scott@wellcellglobal.com

   One of the recipients of the defamatory statements at issue. Has personal knowledge of the contents, dates, and circumstances of his telephone communications with Defendant Leckrone, including the statements Defendant made about Plaintiff; the effect of those statements on his perception of Plaintiff; and his subsequent business dealings with Plaintiff and with Defendant Leckrone / Planay LLC.

4. **Paula Oschman**
Executive Assistant to CEO Scott Hepford
Well Cell Global, LLC
11511 Katy Freeway
Houston, Texas 77079
Telephone: (281) 600-5000, ext. 308
Mobile: (713) 203-9887
Email: paula@wellcellsupport.com; paula@wellcellglobal.com

Has personal knowledge of communications between Defendant Leckrone and Well Cell Global, LLC during the relevant period, including emails of November 26 and November 30, 2024, and may have knowledge of telephone communications between Defendant Leckrone and Mr. Hepford.

5. **Feras Mousilli**
c/o Maureen Farrell
FARRELL LEGAL GROUP PC
3411 Richmond Ave., Suite 400
Houston, Texas 77046
Telephone: (210) 693-1011
Email: maureen@farrellpc.com

Brother of Plaintiff; Cross-Defendant in Cause No. 2024-72783, 295th Judicial District Court of Harris County, Texas. Has personal knowledge of: the partnership relationship between Plaintiff and Feras Mousilli adjudicated in Cause No. 2024-72783; the October 16, 2024 partnership withdrawal of $75,000 from Chase Account ending in 1125; the falsity of any accusation that Plaintiff misappropriated funds from Lloyd & Mousilli, PLLC; his communications, if any, with Defendant Leckrone regarding Plaintiff during the relevant period; and his role in conveying any information underlying Defendant's statements.

6. **Megan Weiss a/k/a Megan Matthees**
Last known affiliation: Lloyd & Mousilli, PLLC
Telephone: (507) 459-0385

Head of Operations / Senior Paralegal at Lloyd & Mousilli, PLLC. Has personal knowledge of: internal Lloyd & Mousilli, PLLC operations and communications during the relevant period; her communications, if any, with Defendant Leckrone regarding Plaintiff; her role in conveying any information underlying Defendant's statements; and her own testimony at the Phase 1 trial in Cause No. 2024-72783.

7. **Elizabeth Revere**
ELIZABETH REVERE, PLLC
804 Sabine Street
Houston, TX 77007
Telephone: (281) 924-8845
Email: service@bethrevere.com

Counsel of record for Defendant. Ms. Revere was a contract attorney with, and Senior Counsel over disputes and litigation for, Lloyd & Mousilli, PLLC. Ms. Revere has personal knowledge of: internal Lloyd & Mousilli, PLLC operations and communications during the relevant period; her communications, if any, with Defendant Leckrone regarding Plaintiff; her testimony at the Phase 1 trial in Cause No. 2024-72783; and the bases for the assertion (rejected by the Phase 1 jury) that Plaintiff was not a partner in Lloyd & Mousilli, PLLC.

8. **Marlene Campbell**
Last known affiliation: Lloyd & Mousilli, PLLC
Telephone: (903) 244-9600

From approximately 2021 to 2023, Ms. Campbell served as Plaintiff's senior paralegal at Lloyd & Mousilli, PLLC. In or about 2023, Ms. Campbell became paralegal to Defendant Leckrone at Lloyd & Mousilli, PLLC, where she remains listed as personnel on the firm's website. Ms. Campbell has personal knowledge of:

Plaintiff's role, responsibilities, and authority at Lloyd & Mousilli, PLLC during her tenure as Plaintiff's senior paralegal; Plaintiff's client relationships and engagements at Lloyd & Mousilli, PLLC, including with Well Cell Global, LLC; the internal operations and personnel of Lloyd & Mousilli, PLLC during the relevant period; her communications, if any, with Defendant Leckrone, Feras Mousilli, Megan Weiss, and Elizabeth Revere regarding Plaintiff during the relevant period; and her role, if any, in conveying any information underlying Defendant's statements. Plaintiff requests that contact with Ms. Campbell be effected through Defendant's counsel or by formal process, given her current professional affiliation with Lloyd & Mousilli, PLLC.

9. **Bernadette Fadel**
3315 Chartreuse Lane
Houston, Texas 77082

Has personal knowledge of her observations of Plaintiff's mental anguish, humiliation, anxiety, and emotional distress during the relevant period.

10. **Nazanin Amiri**
Telephone: (832) 833-9767

Has personal knowledge of her observations of Plaintiff's mental anguish, humiliation, anxiety, and emotional distress during the relevant period.

11. **Custodian of Records**
Lloyd & Mousilli, PLLC
c/o Maureen Farrell
FARRELL LEGAL GROUP PC
3411 Richmond Ave., Suite 400
Houston, Texas 77046
Telephone: (210) 693-1011
Email: maureen@farrellpc.com

May have knowledge of and access to documents reflecting the operations, finances, and personnel of Lloyd & Mousilli, PLLC during the relevant period, including records reflecting Plaintiff's status, compensation, and authority within the firm, and the engagement and roles of Defendant Leckrone, Megan Weiss, Marlene Campbell, and Elizabeth Revere.

12. **Custodian of Records**
Well Cell Global, LLC
11511 Katy Freeway
Houston, Texas 77079

May have knowledge of and access to documents reflecting communications between Well Cell Global, LLC (and its principals) and Defendant Leckrone, Planay LLC, and Lloyd & Mousilli, PLLC, and reflecting the engagement of Plaintiff and her practices.

13. **Custodian of Records**
Verizon Wireless
(Subscriber: Daniel McNary "Mac" Leckrone)

May have knowledge of and access to documents reflecting telephone communications by Defendant Leckrone during the relevant period, including but not limited to communications with Mr. Hepford, Ms. Oschman, Feras Mousilli, Megan Weiss, Marlene Campbell, and Elizabeth Revere.

14. **Custodian of Records**
Texas Nexus Law Group, PLLC, and Mousilli Law, PLLC
c/o Lema Mousilli
MOUSILLI LAW, PLLC
11807 Westheimer Road, Suite 550, PMB 624
Houston, Texas 77077
Telephone: (281) 305-9313

May have knowledge of and access to documents reflecting Plaintiff's representation of clients during and after her tenure at Lloyd & Mousilli, PLLC.

Plaintiff reserves the right to identify additional persons with discoverable information as discovery progresses and to supplement these disclosures consistent with Rule 26(e).

**Rule 26(a)(1)(A)(ii): A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

**Response:** Plaintiff identifies the following categories of documents, electronically stored information, and tangible things presently in her possession, custody, or control that she may use to support her claims or defenses. Plaintiff anticipates additional documents will be obtained through discovery, and reserves the right to supplement these disclosures as required by Rule 26(e). Locations are identified by the party in possession or by reference to the public record where applicable.

**A.** Demand letter and related correspondence:

(i) The November 11, 2025 Demand for Correction, Clarification, or Retraction from Lloyd E. Kelley to Defendant Leckrone (in the possession of Plaintiff and produced by Defendant as LECK-013 to LECK-014);

(ii) Emails transmitting the demand letter to Defendant Leckrone, including the November 11, 2025 email from Plaintiff's paralegal Izabelle Hernandez (in the possession of Plaintiff);

(iii) Defendant Leckrone's February 28, 2026 email forwarding the demand letter to defense counsel (produced by Defendant as LECK-015).

**B.** Communications and engagement documents between Defendant Leckrone (and Planay LLC) and Well Cell Global, LLC:

(i) The November 26, 2024 email from Defendant Leckrone to Scott Hepford and Paula Oschman, subject "Well Cell Licensing Program Continuity" (produced by Defendant as LECK-002);

(ii) The November 27, 2024 Engagement Agreement between Planay LLC and Well Cell Support LLC (produced by Defendant as LECK-001 and LECK-003 to LECK-005);

(iii) The November 30, 2024 email from Defendant Leckrone to Scott Hepford and Paula Oschman transmitting the Engagement Agreement (produced by Defendant as LECK-001);

(iv) Any additional correspondence, billing records, invoices, or engagement documents reflecting the relationship between Defendant Leckrone or Planay LLC and Well Cell Global, LLC (in the possession of Defendant and/or Well Cell Global, LLC; to be obtained through discovery).

**C.** Defendant Leckrone's telephone records:

(i) Verizon Wireless billing statement for billing period November 7 to December 6, 2024 (produced by Defendant as LECK-006 to LECK-012);

(ii) Verizon Wireless billing statements for other billing periods reflecting communications with Mr. Hepford, Ms. Oschman, Feras Mousilli, Megan Weiss, Marlene Campbell, and/or Elizabeth Revere during the relevant period (in the

possession of Defendant and/or Verizon Wireless; to be obtained through discovery).

**D.** Records reflecting Plaintiff's professional credentials and reputation:

(i) Plaintiff's State Bar of Texas licensure records and history of good standing (publicly available records of the State Bar of Texas);

(ii) Plaintiff's professional biographies, attorney profile pages, and curriculum vitae (in the possession of Plaintiff and publicly available);

(iii) Press, articles, awards, and recognition reflecting Plaintiff's reputation in the legal community (in the possession of Plaintiff and publicly available).

**E.** Records from the parallel state-court litigation, Cause No. 2024-72783, *Lloyd & Mousilli, PLLC v. Lema Barazi et al.*, 295th Judicial District Court, Harris County, Texas, including:

(i) The Charge of the Court and Verdict signed April 1, 2026, including the jury's finding of a partnership between Plaintiff and Feras Mousilli known as "Lloyd & Mousilli, PLLC" (publicly filed; in the possession of Plaintiff);

(ii) The Interlocutory Order Pursuant to Jury Verdict for the Preservation of Evidence signed by Hon. Donna Roth on May 8, 2026 (publicly filed; in the possession of Plaintiff);

(iii) Cross-Defendant Feras Mousilli's First Amended Witness List dated March 7, 2026 (publicly filed; in the possession of Plaintiff);

(iv) The Affidavit of Elizabeth Revere dated February 21, 2025 (publicly filed; in the possession of Plaintiff);

(v) The December 3, 2024 Order Granting Chase Bank's Motion to Interplead and ordering deposit of $75,000 into the court registry (publicly filed; in the possession of Plaintiff);

(vi) Such additional filings, transcripts, and exhibits from Cause No. 2024-72783 as Plaintiff may use to support her claims or defenses, including any ruling of Hon. Donna Roth excluding the characterization of the October 16, 2024 withdrawal as "theft" (publicly available through the Harris County District Clerk).

**F.** Documents reflecting Defendant Leckrone's association with Lloyd & Mousilli, PLLC, and the relationships among Lloyd & Mousilli, PLLC personnel relevant to this action:

(i) The Original Complaint, Defendant's Original Answer, and other filings in this action that reflect or admit such association (publicly filed; in the possession of all parties);

(ii) Any engagement letter, agreement, or arrangement between Defendant Leckrone (and/or Planay LLC) and Lloyd & Mousilli, PLLC during the relevant period (in the possession of Defendant and/or Lloyd & Mousilli, PLLC; to be obtained through discovery);

(iii) Personnel and assignment records, communications, and other documents reflecting the engagement, roles, and transitions of Marlene Campbell at Lloyd & Mousilli, PLLC and in connection with her work for Defendant Leckrone and/or Defendant's counsel of record (in the possession of Defendant and/or Lloyd & Mousilli, PLLC; to be obtained through discovery);

(iv) The Lloyd & Mousilli, PLLC website and archived versions thereof reflecting personnel and roles during the relevant period (publicly available).

**G.** Documents reflecting Plaintiff's damages and the impact of Defendant's statements:

(i) Communications and records reflecting Plaintiff's mental anguish, humiliation, anxiety, and emotional distress (in the possession of Plaintiff and the lay witnesses identified above);

(ii) Records reflecting client relationships and business opportunities affected by Defendant's statements, to the extent such records are or become known to Plaintiff (to be developed through discovery);

(iii) Records bearing on the computation of exemplary damages, including evidence of Defendant's net worth (to be obtained through discovery).

**I.** All documents produced or to be produced by Defendant in this action, which Plaintiff may use offensively in any capacity not solely for impeachment (in the possession of all parties).

Plaintiff reserves the right to identify additional documents and to supplement these disclosures consistent with Rule 26(e).

**<u>Rule 26(a)(1)(A)(iii)</u>: A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

**Response:** Plaintiff identifies the following categories of damages and the computation or basis for each to the extent presently known. Several categories will require further discovery and expert development, and Plaintiff will supplement these disclosures as required by Rule 26(e),

consistent with the September 1, 2026 expert designation deadline established by the Court's Scheduling Order (Dkt. 15).

1. ***Presumed Damages (Defamation Per Se).*** Plaintiff's primary category of damages is presumed damages on her defamation claim. The statements at issue are defamatory per se under Texas law because they (a) accuse Plaintiff of a crime (theft) punishable by imprisonment and (b) injure Plaintiff in her office, profession, or occupation as a licensed attorney. Tex. Civ. Prac. & Rem. Code § 73.001 et seq. Because the law presumes damage to reputation in cases of defamation per se, no specific computation is required; the amount is determined by the jury based upon the nature and severity of the defamatory statements, the audience to which they were communicated, the standing of the plaintiff in her profession and community, and the degree of fault of the defendant. Plaintiff will present evidence supporting each of these factors at trial.

2. ***Loss of Reputation and Future Business Opportunities.*** As an element of presumed damages, Plaintiff seeks compensation for the loss of professional reputation and the diminished future business opportunities resulting from Defendant's defamatory statements, including the chilling effect on prospective client relationships, referral sources, and professional opportunities arising in the legal community. The amount of this category is not subject to mechanical computation and will be presented to the jury based upon the nature of the statements, the audience, and Plaintiff's standing and trajectory in her profession. See Bentley, 94 S.W.3d at 605–06.

3. ***Mental Anguish, Humiliation, Anxiety, and Emotional Distress.*** Plaintiff seeks compensation for mental anguish, humiliation, anxiety, and emotional distress proximately caused by Defendant's defamatory statements and related conduct. This category of

damages is supported by Plaintiff's own testimony and by the testimony of lay witnesses identified above, who have observed Plaintiff during the relevant period. This category is not subject to mechanical computation and will be presented to the jury based upon the testimony, the nature and severity of Defendant's wrongful conduct, and the duration of Plaintiff's distress.

4. ***Special Damages — Lost Business Income.*** To date, Plaintiff has not identified specific business or revenue lost as a result of Defendant's defamatory statements. Plaintiff reserves the right under Rule 26(e) to identify and quantify specific special damages, including lost revenue and profits, should discovery reveal that any client, prospective client, or business opportunity was lost, chilled, or affected as a result of Defendant's statements, or to the extent such damages are otherwise established. Plaintiff will supplement these disclosures promptly if and when such information becomes available.

5. ***Exemplary Damages.*** Plaintiff seeks exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003 based on Defendant's actual malice, including his reckless disregard for the truth of statements he repeated to Plaintiff's client without verification and notwithstanding Defendant's own status as a licensed attorney. The amount is subject to the statutory cap under Tex. Civ. Prac. & Rem. Code § 41.008(b), calculated as the greater of (a) $200,000 or (b) two times the amount of economic damages plus an amount of noneconomic damages not to exceed $750,000. Plaintiff will supplement with a specific computation upon completion of discovery regarding economic and noneconomic damages and Defendant's net worth.

6. ***Attorneys' Fees, Costs, and Pre- and Post-Judgment Interest.*** Plaintiff seeks recovery of reasonable and necessary attorneys' fees and costs incurred in prosecuting this

action. The amount will be presented at trial through an affidavit and supporting records. Plaintiff also seeks pre- and post-judgment interest at the maximum rate allowed by law.

Plaintiff will make available for inspection and copying the documents and other evidentiary materials in her possession on which each computation is or will be based, consistent with Rule 26(a)(1)(A)(iii), upon reasonable request and consistent with the Federal Rules of Civil Procedure.

**Rule 26(a)(1)(A)(iv): For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

**Response:** None.

Dated: June 9, 2026

Respectfully submitted,

By: */s/ Lloyd E. Kelley*
LLOYD E. KELLEY
Attorney-in-charge
Texas State Bar No. 11203180
S.D. Texas Bar No. 13497
**THE KELLEY LAW FIRM**
2726 Bissonnet, Suite 240, PMB 12
Houston, TX 77005
Tel: (281) 492-7766
*kelley@lloydkelley.com*

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document, and any attachments, will be served on all counsel of record, in accordance with the governing rules of procedure regarding service on this **June 9, 2026**.

*/s/ Lloyd E. Kelley*
Lloyd E. Kelley