**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO.** |
| | § | **4:25-cv-05642** |
| **DANIEL MCNARY "MAC"** | § | **JURY DEMANDED** |
| **LECKRONE,** | § | |
| ***Defendants.*** | § | |

**DEFENDANT DANIEL MCNARY LECKRONE'S RESPONSE TO PLAINTIFF'S MOTION TO WITHDRAW LLOYD E. KELLEY AS COUNSEL AND DESIGNATE LEMA MOUSILLI AS ATTORNEY-IN-CHARGE**

**COMES NOW, DEFENDANT DANIEL MCNARY LECKRONE**, and files this *Response to Plaintiff's Motion to Withdraw Lloyd E. Kelley as Counsel and Designate Lema Mousilli as Attorney-in-Charge* ("**Response**"), and in support thereof respectfully shows the Court as follows:

## I. FACTUAL AND PROCEDURAL BACKGROUND

1. Lema Mousilli has filed a Motion to Substitute Counsel that she has characterized as "unopposed." This is incorrect. While Defendant does not oppose the withdrawal of Lloyd Kelley, Defendant is opposed to substituting in the law firm of Mousilli Law, PLLC as discussed below.

2. When Mr. Kelley's paralegal asked if undersigned counsel was opposed to *Mr. Kelley's withdrawal*, Ms. Revere told her there is no opposition. In two previous emails, Ms. Revere had attempted to confer with Mr. Kelley regarding a motion to be filed under 28 U.S.C. § 1654 asking that the Court require Ms. Mousilli to choose between being represented by counsel and acting *pro se*. Given this, Mr. Kelley was aware of the basis for objecting to Mousilli Law, PLLC being allowed to appear as counsel in this matter.

3. When Ms. Revere received service of a motion to substitute counsel rather than a motion to withdraw, she immediately contacted Mr. Kelley's office and asked that the representation that the motion was unopposed and the certificate of service be amended. Mr. Kelley declined to do so.

## II. ARGUMENT & AUTHORITY

4. "In all courts of the United States the parties may plead and conduct their own cases *personally or by counsel* as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654 (emphasis added). Under this statute, a party "ha[s] a right to represent himself or to be represented by counsel, but he ha[s] no right to a hybrid representation partly by himself and partly by counsel." *Lee v. Alabama*, 406 F.2d 466, 469, 1968 U.S. App. LEXIS 4776 (United States Court of Appeals for the Fifth Circuit. 1968) (citations omitted).

5. Even in criminal cases where an individual's freedom is at issue, the Fifth Circuit finds no right to hybrid representation. In a case involving a licensed attorney as the litigant, the Fifth Circuit confirmed that there is no right to hybrid representation "A 'criminal defendant does not have the right. . . to a 'hybrid representation,' partly by counsel and partly by himself.'" *Neal v. Texas*, 870 F.2d 312, 1989 U.S. App. LEXIS 5214 (United States Court of Appeals for the Fifth Circuit. 1989).

6. Like federal courts, the State of Texas does not recognize a right to hybrid representation. "In civil cases, a party is entitled to represent himself or to be represented by an attorney, but he is not entitled to representation partly by counsel and partly pro se." *In re Sondley*, 990 S.W.2d 361, 1999 Tex. App. LEXIS 1627 (Court of Appeals of Texas, Seventh District, Amarillo. 1999).

7. Throughout the course of this litigation, Ms. Mousilli has represented herself and her law firm to be "of counsel." As Plaintiff, Ms. Mousilli is a necessary fact witness as to most elements of proof in the claims raised in this matter. Therefore, if she were not a party, Ms. Mousilli would not be able to represent the Plaintiff in this matter. Because Ms. Mousilli is not the only attorney in her firm, the firm is likewise prohibited from appearing as advocate in this matter. Texas Disciplinary Rules of Professional Conduct. § 3.08(c), (Texas Center for Legal Ethics, 2026).

8. Accordingly, Mr. Leckrone is opposed to Ms. Mousilli being allowed to appear as counsel through her firm, Mousilli Law, PLLC. Mr. Leckrone has no opposition to Ms. Mousilli appearing *pro se* as allowed by 28 U.S.C. § 1654.

## III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Daniel McNary Leckrone respectfully requests that the Court grant Plaintiff's Motion only to the extent it seeks withdrawal of Lloyd E. Kelley and The Kelley Law Firm as counsel of record; deny the request to designate Lema Mousilli of Mousilli Law, PLLC as Attorney-in-Charge or otherwise permit Mousilli Law, PLLC to appear as counsel for Plaintiff; and grant Defendant such other and further relief, both general and special, at law or in equity, to which he may show himself to be justly entitled.

Dated: October 2, 2026.

Respectfully submitted,

By: /s/ *Elizabeth Revere*
ELIZABETH REVERE
State Bar No. 00791513
S.D. Texas Bar No. 18329
**ELIZABETH REVERE, PLLC**
804 Sabine Street
Houston, Texas 77007
Tel: (281) 924-8845
Fax: (832) 201-0584
*service@bethrevere.com*
**ATTORNEY FOR DEFENDANT**
**DANIEL MCNARY LECKRONE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, pursuant to the District's ECF service rules on **October 2, 2026, *via electronic filing system***.

/s/ *Elizabeth Revere*
Elizabeth Revere