**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,** *Plaintiff,* | § | |
| **v.** | § | **CIVIL CASE NO. 4:25-cv-05642** |
| **DANIEL MCNARY "MAC" LECKRONE,** *Defendant.* | § | **JURY DEMANDED** |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO WITHDRAW LLOYD E. KELLEY AS COUNSEL AND DESIGNATE LEMA MOUSILLI AS ATTORNEY-IN-CHARGE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, PLAINTIFF, LEMA MOUSILLI**, and files this *Reply in support of her Motion to Withdraw Lloyd E. Kelley as Counsel and Designate Lema Mousilli as Attorney-in-Charge* (Dkt. 23) (the "**Motion**"), in reply to Defendant's Response (Dkt. 24) (the "**Response**"), and respectfully shows the Court as follows:

## I. INTRODUCTION

1. Defendant agrees that Mr. Kelley may withdraw. (Dkt. 24 ¶¶ 1, 8.) The only question he raises is whether Ms. Mousilli, who has appeared as counsel of record for Plaintiff in every instrument filed since the Complaint (Dkt. 1 at 11; Dkt. 23 ¶ 1), may be designated Attorney-in-Charge in his place. Defendant claims she may appear only "pro se." (Dkt. 24 ¶ 8.) Neither the statute nor the rule he invokes draws that line.

## II. THE CERTIFICATE OF CONFERENCE IS ACCURATE

2. On October 1, 2026, at 10:11 a.m., Mr. Kelley's office wrote to Ms. Revere: "Lloyd is withdrawing from this case. Please let me know if you are opposed." At 10:17 a.m., Ms. Revere answered: "I am not opposed; however, Lloyd has been telling me that since day one in this matter. Therefore, I will continue to treat him as attorney-in-charge until the Court grants his motion." (Ex. A.) The Certificate of Conference reported that exchange accurately. (Dkt. 23 at 4.) The Motion sought that withdrawal, with the attorney already of record designated in his place. (Dkt. 23 ¶¶ 2, 5.) Ms. Revere's objection, first stated in writing at 12:51 p.m. that day (Ex. A), goes to the designation, and the Court now has Defendant's position on that point in full. Plaintiff does not object to the Court treating the Motion as opposed as to the designation.

## III. THERE IS NO HYBRID REPRESENTATION UNDER SECTION 1654

3. Section 1654 permits a party to conduct her case personally or by counsel as the rules of the Court allow. 28 U.S.C. § 1654. Each authority Defendant cites, by his own description, withholds one thing: representation "partly by himself and partly by counsel." (Dkt. 24 ¶¶ 4–6.) That describes a litigant acting for himself alongside a separate lawyer. Once Mr. Kelley withdraws, Plaintiff will have one attorney: a member in good standing of the bar of this Court who has appeared in every instrument Plaintiff has filed. (Dkt. 23 ¶ 1.) There is no second actor and nothing "hybrid." Defendant cites no authority holding that a licensed attorney admitted to this Court loses the ability to appear as counsel, or to do so through her own firm, because she is also the party.

4. Defendant's own position confirms the point. He "has no opposition to Ms. Mousilli appearing pro se." (Dkt. 24 ¶ 8.) A licensed attorney who appears for herself does not stop being an attorney: she signs under Rule 11, answers to this Court's rules of conduct, and

carries the same obligations as any other counsel of record. The Response does not say what would differ in practice if the docket read "pro se" rather than "Attorney-in-Charge," and it claims no prejudice. Defendant acknowledges that Ms. Mousilli has appeared "of counsel" throughout this case (Dkt. 24 ¶ 7), and for more than ten months he raised no objection; his counsel conferred with her and offered to meet with her. (Ex. B.)

**IV. RULE 3.08 EXEMPTS A LAWYER WHO IS A PARTY**

5. The Rule 3.08 argument fails on the text of the rule. Rule 3.08(a) does not apply where "the lawyer is a party to the action and is appearing pro se." Tex. Disciplinary R. Prof'l Conduct 3.08(a)(4) (quoted in *FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1309 n.3 (5th Cir. 1995)); *see* Dkt. 22 ¶ 16. Defendant concedes that Plaintiff may appear for herself (Dkt. 24 ¶ 8), which is the exception. Rule 3.08(c) adds nothing. It restricts a lawyer from acting as advocate where "another lawyer in the lawyer's firm" is prohibited under paragraph (a) or (b), and only "[w]ithout the client's informed consent." *U.S. Fire*, 50 F.3d at 1309 n.3. No other lawyer of Mousilli Law, PLLC has appeared or is proposed to appear; the Motion asks that Ms. Mousilli, and no one else, be designated. (Dkt. 23 at 3.) And the client whose consent paragraph (c) requires is Plaintiff, who has given it. (Dkt. 23 ¶ 2.) Defendant's premise, "if she were not a party" (Dkt. 24 ¶ 7), answers itself.

6. The purpose of the rule confirms the result. The lawyer-witness rule guards against a jury confusing an advocate's argument with a witness's proof, and the Fifth Circuit has cautioned that it must not be used as "a tactical weapon to deprive the opposing party of the right to be represented by the lawyer of his or her choice." *U.S. Fire*, 50 F.3d at 1315 n.14 (quoting Tex. Disciplinary R. Prof'l Conduct 3.08 cmt. 10). A jury will know that the lawyer is the plaintiff; the confusion the rule addresses does not arise when the party is the witness. Comment 10 permits an

opponent to invoke the rule only on a showing of actual prejudice to itself (Dkt. 22 ¶ 17), and a court in this District, quoting Texas authority, has observed that the rule "should rarely be the basis for disqualification." *In re Duke Invs., Ltd.*, 454 B.R. 414, 423 (Bankr. S.D. Tex. 2011) (quoting *In re Bivins*, 162 S.W.3d 415, 421 (Tex. App.—Waco 2005, no pet.) (per curiam)). The Response asserts no prejudice at all.

7. Finally, the Response asks the Court to declare that Mousilli Law, PLLC is "prohibited from appearing as advocate" and to order that Plaintiff proceed only pro se. (Dkt. 24 ¶¶ 7–8; Dkt. 24-1.) That is a request to disqualify counsel of record. It is made by response rather than by motion, *see* Fed. R. Civ. P. 7(b)(1); carries no certificate of conference, *see* LR 7.1(D); comes more than ten months after Ms. Mousilli first appeared (Dkt. 1 at 11); and was raised the day after Plaintiff moved to disqualify Ms. Revere (Dkt. 22; Ex. A). A party who seeks to deprive an opponent of counsel bears the burden of showing at least a reasonable possibility that an identifiable impropriety actually occurred. *In re Am. Airlines, Inc.*, 972 F.2d 605, 611 (5th Cir. 1992); *U.S. Fire*, 50 F.3d at 1316; *Galderma Labs., L.P. v. Actavis Mid Atl. LLC*, 927 F. Supp. 2d 390, 398 (N.D. Tex. 2013). Defendant has not attempted that showing.

## V. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Lema Mousilli respectfully requests that the Court grant the Motion in full; permit Lloyd E. Kelley and The Kelley Law Firm to withdraw as Attorney-in-Charge and as counsel of record for Plaintiff; designate Lema Mousilli of Mousilli Law, PLLC as Attorney-in-Charge for Plaintiff; enter the order submitted at Dkt. 23-1; decline the relief requested in the Response and in Dkt. 24-1; and grant such other and further relief as the Court deems just and proper.

DATE: October 6, 2026

Respectfully submitted,

*/s/ Lloyd E. Kelley*
LLOYD E. KELLEY
Attorney-in-charge
Texas State Bar No. 11203180
SDTX Federal ID No. 13497
**THE KELLEY LAW FIRM**
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973
*kelley@lloydekelley.com*

**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**

Lema Mousilli
Texas State Bar No. 24056016
SDTX Federal ID No. 1358290
**MOUSILLI LAW, PLLC**
11807 Westheimer Road
Suite 550, PMB 624
Houston, TX 77077
Tel: (281) 305-9313
*lema@mousillilaw.com*
*service@mousillilaw.com*

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2026, a true and correct copy of the foregoing document was served on all counsel of record through the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure and this District's electronic filing rules.

/s/ Lloyd E. Kelley
Lloyd E. Kelley