**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,** *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 4:25-cv-05642** |
| | § | ________________ |
| **DANIEL MCNARY "MAC" LECKRONE,** | § | **JURY DEMANDED** |
| *Defendant.* | § | |

**PLAINTIFF'S OPPOSED MOTION TO STRIKE DEFENDANT'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM FOR DECLARATORY JUDGMENT (DKT. 16)**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, PLAINTIFF, LEMA MOUSILLI**, by and through her undersigned counsel, and respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 15(a)(2), to strike Defendant Daniel McNary "Mac" Leckrone's First Amended Answer, Affirmative Defenses, and Counterclaim for Declaratory Judgment (Dkt. 16), which Defendant filed without Plaintiff's written consent and without leave of Court. In support of this Motion, Plaintiff respectfully shows the Court as follows:

## I. INTRODUCTION

1. Defendant answered the Complaint on March 9, 2026. (Dkt. 10.) His one opportunity to amend as a matter of course under Rule 15(a)(1) closed twenty-one days later. On July 31, 2026, more than four months after that window closed, Defendant filed a First Amended Answer that added a ninth affirmative defense and a counterclaim. (Dkt. 16.) He did not move for leave. He did not obtain an order. He did not ask for, and Plaintiff never gave, written consent.

Rule 15(a)(2) permits an amendment at that stage "only with the opposing party's written consent or the court's leave." Defendant had neither.

2. Under settled Fifth Circuit law, an amended pleading filed without the leave that Rule 15(a)(2) requires is "without legal effect" and is properly stricken. *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 295–96 (5th Cir. 2003). The Scheduling Order's amendment deadline did not excuse the requirement: "neither Rule 16 nor the scheduling order overrides the clear statement in Rule 15 that amendments after the 21-day period require leave of the court or consent of the opposing party." *Klein v. Marvin Lumber & Cedar Co.*, 575 F. App'x 347, 350 (5th Cir. 2014) (per curiam). Plaintiff asks the Court to strike Dkt. 16, confirm that Dkt. 10 is Defendant's operative answer, and direct that any matter Defendant wishes to re-plead proceed by motion for leave under Rules 15(a)(2) and 16(b)(4), the same path his pending motion for leave (Dkt. 21) already acknowledges he must follow.

## II. PROCEDURAL BACKGROUND

3. Plaintiff filed her Original Complaint on November 23, 2025. (Dkt. 1.) Following the Court's Order granting substituted service (Dkt. 9), Defendant filed his Original Answer and Affirmative Defenses on March 9, 2026. (Dkt. 10.) The Original Answer pleads eight affirmative defenses and no counterclaim. (Dkt. 10 at 5–6.)

4. Because the Original Answer contained no counterclaim, no responsive pleading to it was required. Defendant's period to amend once as a matter of course therefore ran twenty-one days from service of the Original Answer, Fed. R. Civ. P. 15(a)(1)(A), and expired on March 30, 2026.

5. On May 1, 2026, the Court entered its Scheduling Order. (Dkt. 15.) Paragraph 1 of the Order reads, in full: "July 31, 2026 AMENDMENTS TO PLEADINGS AND ADDITION OF

NEW PARTIES. Party requesting joinder will furnish a copy of this scheduling order to new parties." (Dkt. 15 ¶ 1.) The Order does not state that pleadings may be amended without leave. The parties' Joint Discovery/Case Management Plan, from which the Order was drawn, recited that Defendant would add parties "with leave of Court as required." (Dkt. 14 ¶ 6.)

6. On July 31, 2026, Defendant filed his First Amended Answer, Affirmative Defenses, and Counterclaim for Declaratory Judgment, with a sixteen-page exhibit. (Dkt. 16; Dkt. 16-1.) The pleading adds a "Ninth Defense," asserting that Plaintiff is a public figure (Dkt. 16 ¶ 53), and a Counterclaim for Declaratory Judgment seeking a declaration that "Texas law is inapplicable to any claims Plaintiff may have arising from the alleged communications" (Dkt. 16 ¶¶ 54–81). Neither appears in the Original Answer.

7. No motion for leave to file Dkt. 16 appears on the docket, and no order granting leave was entered. Dkt. 16 does not recite that it was filed with leave or by consent. Defendant never requested Plaintiff's consent to the amendment, and neither Plaintiff nor her counsel gave consent, in writing or otherwise.

8. On September 29, 2026, Defendant moved for leave to file a Second Amended Answer and Counterclaims. (Dkt. 21.) That motion describes Dkt. 16 as the pleading that "remains the live, operative pleading in this case" (Dkt. 21 ¶ 5), acknowledges that Rule 15(a)(2) governs amendment once the time to amend as a matter of course has expired (*id.* ¶ 14), and acknowledges that amendment after the Scheduling Order deadline requires good cause under Rule 16(b)(4) (*id.* ¶ 18). The proposed Second Amended Answer carries forward the Ninth Defense and the declaratory counterclaim first added in Dkt. 16. (Dkt. 21-1 ¶¶ 53–80.) Plaintiff's response to Dkt. 21 is due October 20, 2026.

## III. ARGUMENT AND AUTHORITIES

### A. Rule 15(a)(2) Required Written Consent or Leave of Court, and Defendant Obtained Neither.

9. Rule 15(a)(1) permits a party to amend a pleading once as a matter of course within twenty-one days after serving it. Fed. R. Civ. P. 15(a)(1)(A). In all other cases, as Defendant has told the Court, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2) (quoted at Dkt. 21 ¶ 14). The rule provides no third path.

10. Defendant served his Original Answer on March 9, 2026. The twenty-one-day period expired on March 30, 2026. Dkt. 16 was filed on July 31, 2026, 123 days later. Defendant did not have Plaintiff's written consent; he never asked for it. He did not have the Court's leave; he never sought it. Under the plain terms of Rule 15(a)(2), Dkt. 16 was not a pleading Defendant was permitted to file.

### B. A Pleading Filed Without Required Leave Is Without Legal Effect and Is Properly Stricken.

11. The Fifth Circuit has held that "failing to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in an amended complaint having no legal effect." *Mathews*, 332 F.3d at 296. The court adopted the rule stated by Wright and Miller: an amendment that cannot be made as of right, if "served without obtaining the court's leave or the opposing party's consent," is "without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval." *Id.* at 295 (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1484, at 601 (1990)).

12. The Fifth Circuit has applied that rule to affirm orders striking amended pleadings filed without leave. In *Suter v. University of Texas at San Antonio*, the plaintiff filed an amended complaint on the day the scheduling order set as the deadline for amendments, but without a motion for leave. The district court struck it, and the Fifth Circuit affirmed, holding that Rule 15(a)'s liberal standard "is inapposite because Suter never requested leave to amend, whether in a formal motion or within the body of her amended complaint." 495 F. App'x 506, 508 (5th Cir. 2012) (per curiam). In *Klein*, on appeal from this District, the district court struck an amended complaint filed "without leave of the court or Marvin's consent, more than 21 days after filing [the] original pleading," and the Fifth Circuit held that the district court acted within its discretion. 575 F. App'x at 350. District courts in this Circuit do the same. *Martinez v. Foods*, No. SA:13-CV-133-DAE, 2013 WL 12394357, at *2 (W.D. Tex. Nov. 6, 2013) (striking amended complaint filed on the scheduling-order deadline without leave because "it had no legal effect, and Defendant had no obligation to respond to it"); *English v. United States*, No. 4:24-CV-00283, 2024 WL 3976864, at *1 n.1 (S.D. Tex. Aug. 27, 2024) (striking amended complaint filed without leave that "does not indicate that it was filed with consent from the opposing parties").

13. Nothing distinguishes Dkt. 16. It is an amended pleading, filed outside the Rule 15(a)(1) period, without consent and without leave, and it adds new matter: an affirmative defense that would change the standard of fault Plaintiff must prove, and a claim for affirmative relief. It should be stricken.

## C. The Scheduling Order Deadline Did Not Dispense with Rule 15(a)(2).

14. Defendant may contend that because Dkt. 16 was filed on the Scheduling Order's amendment deadline, no leave was needed. The Fifth Circuit rejected that argument in *Klein*. There, as here, the amended pleading was filed before the scheduling-order deadline expired, and

the plaintiff argued that Rule 16(b)(3)(A) says nothing about leave being required within the deadline the court sets. The court answered: "This is correct, but neither Rule 16 nor the scheduling order overrides the clear statement in Rule 15 that amendments after the 21-day period require leave of the court or consent of the opposing party." 575 F. App'x at 350. *Suter* is to the same effect: an amended complaint filed on the deadline date, without a motion for leave, had "no legal effect." 495 F. App'x at 508. And in *Martinez*, the court struck a pleading filed on the deadline because the scheduling order set a date for motions to amend, not for amended pleadings, and because Rule 15(a)(2) independently required leave or consent. 2013 WL 12394357, at *1–2.

15. This Court's Scheduling Order sets a date; it does not confer leave. (Dkt. 15 ¶ 1.) A deadline for amendments is the date by which a party must act; it is not an advance grant of every amendment a party chooses to file. Defendant's own motion reads the Order the same way: it treats July 31, 2026, as the date after which Rule 16(b)(4) applies in addition to Rule 15(a)(2), not as a period during which Rule 15(a)(2) was suspended. (Dkt. 21 ¶¶ 14, 18.)

**D. The Narrow Exception for Harmless Procedural Lapses Does Not Apply.**

16. *Mathews* acknowledged that some courts give effect to an unauthorized amendment "when leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change." 332 F.3d at 295 (quoting Wright & Miller § 1484). The Fifth Circuit confined that exception to cases in which "the parties would be in the same position regardless of which procedure the court used," and declined to apply it where giving effect to the unauthorized pleading would cost the opposing party a defense. *Id.* at 296–97. The parties here would not be in the same position.

17. First, the Court has never been asked whether leave should be granted for the matter in Dkt. 16, and Defendant, not Plaintiff, bears the burden of asking. Fed. R. Civ. P. 15(a)(2). That

request must now also satisfy Rule 16(b)(4), because the Scheduling Order deadline has passed. *See Suter*, 495 F. App'x at 508 (after the unauthorized amended complaint was stricken, the plaintiff's later motions for leave were governed by Rule 16(b)'s good-cause standard). Defendant concedes that standard governs his Second Amended Answer. (Dkt. 21 ¶ 18.) It governs equally the Ninth Defense and the declaratory counterclaim he first attempted to add in Dkt. 16. Giving Dkt. 16 effect would excuse him from that showing for those two items alone.

18. Second, the new matter is not cosmetic. The Ninth Defense asserts that Plaintiff is a public figure. (Dkt. 16 ¶ 53.) As Defendant's own proposed pleading puts it, a plaintiff who is not a public figure "need only show that [the] statements were negligent." (Dkt. 21-1 ¶ 98.) The Ninth Defense, if sustained, would raise the fault standard on every one of Plaintiff's claims. Defendant possessed every fact on which that defense rests when he answered in March 2026; nothing in Dkt. 16 or Dkt. 21 suggests otherwise. The counterclaim seeks affirmative declaratory relief on choice of law. (Dkt. 16 ¶¶ 54–81.) A party may not add a defense that changes the governing standard, and a claim for relief, four months after answering and without leave, and then ask the Court to treat the omission as harmless.

19. Third, Plaintiff was entitled to rely on the rule that an unauthorized pleading requires no response. *Martinez*, 2013 WL 12394357, at *2. Because Dkt. 16 is without legal effect, no answer to its counterclaim was due, and Plaintiff asks the Court to so confirm. Should the Court instead give effect to Dkt. 16, Plaintiff requests fourteen days from the Court's order within which to respond to the counterclaim.

**E. The Motion Is Timely.**

20. Rule 12(f)(1) permits the Court to strike matter from a pleading on its own, and Rule 12(f)(2) permits a party to move before responding to the pleading. Plaintiff has not

responded to Dkt. 16, and the Court's authority to enforce Rule 15(a)(2) does not lapse because the opposing party, entitled to treat an unauthorized filing as a nullity, did not answer it. Plaintiff brings this Motion now because Defendant has now put Dkt. 16 to use: his September 29 motion represents to the Court that Dkt. 16 "remains the live, operative pleading in this case" (Dkt. 21 ¶ 5) and seeks to build a Second Amended Answer upon it. Whether Dkt. 16 is a pleading at all is therefore squarely presented, and it should be resolved before the Court rules on Dkt. 21, so that every item of new matter Defendant seeks to add after the Scheduling Order deadline is evaluated under the same standard.

## IV. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Lema Mousilli respectfully requests that the Court grant this Motion; strike Defendant's First Amended Answer, Affirmative Defenses, and Counterclaim for Declaratory Judgment (Dkt. 16) and its exhibit (Dkt. 16-1); confirm that Defendant's Original Answer and Affirmative Defenses (Dkt. 10) is his operative pleading; confirm that no response to the counterclaim in Dkt. 16 was required; direct that any matter Defendant seeks to re-plead from Dkt. 16 proceed only by motion for leave under Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4); in the alternative, should the Court give effect to Dkt. 16, grant Plaintiff fourteen days from the Court's order to respond to the counterclaim; and grant such other and further relief as the Court deems just and proper.

DATE: October 7, 2026

Respectfully submitted,

*/s/ Lloyd E. Kelley*
LLOYD E. KELLEY
Attorney-in-charge
Texas State Bar No. 11203180
SDTX Federal ID No. 13497
**THE KELLEY LAW FIRM**
2726 Bissonnet Ste 240 PMB 12

Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973
*kelley@lloydekelley.com*

**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**

Lema Mousilli
Texas State Bar No. 24056016
SDTX Federal ID No. 1358290
**MOUSILLI LAW, PLLC**
11807 Westheimer Road
Suite 550, PMB 624
Houston, TX 77077
Tel: (281) 305-9313
*lema@mousillilaw.com*
*service@mousillilaw.com*

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I certify that counsel for the parties have conferred concerning the relief requested in this Motion. Defendant opposes the relief requested.

/s/ Lloyd E. Kelley
Lloyd E. Kelley

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2026, a true and correct copy of the foregoing document was served on all counsel of record through the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure and this District's electronic filing rules.

/s/ Lloyd E. Kelley
Lloyd E. Kelley