**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,** *Plaintiff,* | § § § | |
| **v.** | § § | **CIVIL CASE NO. 4:25-cv-05642** |
| **DANIEL MCNARY "MAC" LECKRONE,** *Defendant.* | § § § § | **JURY DEMANDED** |

**DEFENDANT DANIEL MCNARY LECKRONE'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM FOR DECLARATORY JUDGMENT**

**COMES NOW, DEFENDANT DANIEL MCNARY LECKRONE,** in the above-entitled and numbered cause and moves pursuant to Federal Rules of Civil Procedure 15(a)(2) and, to the extent applicable, 16(b)(4), for leave to file and for the Court to accept his First Amended Answer, Affirmative Defenses, and Counterclaim for Declaratory Judgment, previously filed July 31, 2026 (Dkt. 16), and in support thereof respectfully shows the Court as follows:

## I. INTRODUCTION

1. Defendant Daniel McNary Leckrone filed his First Amended Answer, Affirmative Defenses, and Counterclaim for Declaratory Judgment (Dkt. 16) on July 31, 2026, the deadline established in the Court's Scheduling Order (Dkt. 15) for amendments to pleadings. This date was presented to the Court by agreement of the parties with our Joint Case Management Plan. Dkt. 14, 14-1. Before filing, Defendant did not request leave under Rule 15(a)(2), because he believed that the parties agreed that amendments could be filed on or before that date (Dkt. 14, 14-1). Defendant now seeks that leave and requests that the Court deem Dkt. 16 properly filed as of July 31, 2026, or alternatively permit its filing upon entry of an order granting leave.

2. Ten weeks after the Amended Answer was filed, Plaintiff filed an opposed Motion to Strike Defendant's First Amended Answer on October 7, 2026 (Dkt. 26), asserting that the Scheduling Order did not eliminate the separate requirement of leave under Rule 15(a)(2) and arguing that the deadline agreement of the parties asked that the Court impose and that the Court imposed on that basis, did not constitute written consent (Dkt. 14, 14-1). Without conceding that striking Dkt. 16 is warranted or that Plaintiff has established prejudice, Mr. Leckrone requests leave for filing of Dkt. 16.

3. As set forth more fully below, leave to amend should be freely granted because the proposed amendment is timely, is sought in good faith, will not unduly prejudice Plaintiff, and is not futile.

## II. PROCEDURAL BACKGROUND

4. Plaintiff Lema Mousilli filed her Original Complaint against Defendant on November 23, 2025 (Dkt. 1). Defendant filed his Original Answer on March 9, 2026 (Dkt. 10).

5. On May 1, 2026, the Court signed its Scheduling Order (Dkt. 15), setting July 31, 2026, as the deadline for amendments to pleadings and addition of new parties.

6. On July 31, 2026, Defendant filed his First Amended Answer, Affirmative Defenses, and Counterclaim for Declaratory Judgment (Dkt. 16), which remains the live, operative pleading in this case. That pleading added a ninth affirmative defense concerning Plaintiff's status as a public figure (plead affirmatively in an abundance of caution) and a counterclaim seeking declaratory relief concerning the applicable law.

7. Defendant subsequently filed a Motion for Leave to File Second Amended Answer and Counterclaims on September 29, 2026 (Dkt. 21). That separate motion seeks additional amendments and remains pending. The present Motion addresses only the First Amended Answer

filed at Dkt. 16 and does not withdraw or supersede the Motion for Leave to File Second Amended Answer filed at Dkt. 21.

8. Discovery in this matter has not closed. Per the Court's Scheduling Order, the discovery deadline is January 15, 2027, and the dispositive motions deadline is February 16, 2027. No trial date has been set that would be disrupted by the proposed amendment; docket call is currently set for June 25, 2027, with jury trial to follow on June 28, 2027.

## III. LEGAL STANDARD

9. Federal Rule of Civil Procedure 15(a)(2) provides that, once the time to amend as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).

10. The Fifth Circuit has recognized that Rule 15(a) "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).

11. In deciding whether to grant leave to amend, courts consider: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

12. Absent a substantial reason to deny leave, the discretion of the district court is not broad enough to permit denial. *Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 139 (5th Cir. 1993); see also *Foman*, 371 U.S. at 182.

13. Where, a scheduling order has been entered under Rule 16(b) and the deadline to amend pleadings has expired, a party seeking leave to amend must first satisfy the more stringent "good cause" requirement of Rule 16(b)(4) before the more liberal Rule 15(a) standard is even

considered. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003).

14. Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).

15. In determining whether good cause exists, courts in the Fifth Circuit consider four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S&W Enters*., 315 F.3d at 536 (citing *Reliance Ins. Co. v. La. Land & Expl. Co.,* 110 F.3d 253, 257 (5th Cir. 1997)).

16. Only if the movant satisfies Rule 16(b)(4)'s good-cause standard does the court proceed to evaluate the proposed amendment under Rule 15(a)'s more liberal standard. Id.; *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

## IV. ARGUMENT AND AUTHORITIES

### A. Defendant Filed the First Amended Answer Within the Court-Ordered Deadline

17. Defendant filed his First Amended Answer on July 31, 2026, within the deadline established by the Court's Scheduling Order (Dkt. 15). Thus, Defendant does not seek permission to introduce an amendment that was first presented after that date. The omission at issue is the absence of a separate request for leave under Rule 15(a)(2).

18. Defendant respectfully requests that the Court grant leave to accept the First Amended Answer as filed. Granting leave will not prejudice Plaintiff, who has had notice of the amended pleading since July 31, 2026, and saw no exigency to object for ten weeks.

19. Granting will allow the parties' claims and defenses to be resolved on their merits. Further, The request for declaratory judgment speaks to the law applicable in this matter, which must necessarily be addressed by the Court. Although Mr. Leckrone included Ms. Mousilli's status as a

public person as an affirmative defense in an abundance of caution, it is not an enumerated affirmative defense and her status as a public person cannot come as a surprise to Ms. Mousilli, having run for public office several times. FED. R. CIV. P. 8(c)(1).

**B. The Rule 15 Factors Favor Leave**

20. The First Amended Answer was filed on the date agreed by the parties and set by the Court; the requested relief is not intended to delay proceedings. The amendment identifies an additional defense and seeks a determination of the applicable law, matters important to adjudication of the parties' dispute.

21. Plaintiff has had notice of the contents of First Amended Answer since July 31, 2026. Discovery remains open until January 15, 2027, and trial is scheduled for June 28, 2027. Defendant submits that any need to respond to or investigate the added defense and declaratory counterclaim can be accommodated within the existing schedule. If the Court determines a response to the counterclaim is required, Defendant does not oppose a reasonable response period.

22. There is no indication of repeated unsuccessful attempts to cure deficiencies in this First Amended Answer, and the requested leave is not sought in bad faith. The added defense is one of which Ms. Mousilli has been aware given her multiple campaigns for judge. The declaratory counterclaim raises issues of applicable law that must be resolved for adjudication of the claims in this matter. The absence of a separate motion for leave should not stand as a barrier to consideration of these essential issues.

**C. Alternatively, Good Cause Exists for the Limited Relief Requested**

23. To the extent the Court concludes that Rule 16(b)(4) applies because this request for leave is made after July 31, Defendant requests a limited modification of the Scheduling Order to allow the Court to consider and accept the pleading filed on the original deadline. The proposed

amendment itself was tendered timely; the delay concerns seeking formal leave, not disclosure of the proposed allegations.

24. The amendment is important to Defendant's ability to fully assert his defenses and seek a determination of the applicable law and crucial to proper adjudication of this matter. Plaintiff received the amended pleading on July 31, 2026, and has not been deprived of notice of its contents. Because discovery remains open and trial is months away, Defendant submits that prejudice, if any, may be addressed without changing the trial setting.

25. Defendant respectfully requests that the Court resolve this procedural issue on its merits and grant leave. Defendant further requests that the Court consider this Motion in conjunction with Plaintiff's Motion to Strike (Dkt. 26), without affecting Defendant's separate pending request concerning the Second Amended Answer (Dkt. 21). In an abundance of caution, Defendant will separately respond to Plaintiff's Motion to Strike.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Daniel McNary Leckrone asks the Court to grant leave under Rule 15(a)(2) and, to the extent necessary, Rule 16(b)(4); deem Defendant's First Amended Answer, Affirmative Defenses, and Counterclaim for Declaratory Judgment (Dkt. 16) properly filed as of July 31, 2026, or alternatively authorize its filing upon entry of the Court's order; deny Plaintiff's Motion to Strike (Dkt. 26) to the extent inconsistent with such relief; and for such other and further relief, both general and special, at law or in equity, to which he may show himself to be justly entitled.

Dated: October 9, 2026.

Respectfully submitted,

By: /s/ *Elizabeth Revere*
ELIZABETH REVERE
State Bar No. 00791513
S.D. Texas Bar No. 18329
**ELIZABETH REVERE, PLLC**
804 Sabine Street
Houston, Texas 77007
Tel: (281) 924-8845
Fax: (832) 201-0584
*service@bethrevere.com*
**ATTORNEY FOR DEFENDANT**
**DANIEL MCNARY LECKRONE**

## CERTIFICATE OF CONFERENCE

I, Elizabeth Revere, counsel for Defendant Daniel McNary Leckrone, certify that I conferred with Lloyd Kelley, attorney-in-charge and Plaintiff, who is "of counsel" in this matter, on October 8, 2026. Plaintiff indicated she is opposed to this motion.

/s/ *Elizabeth Revere*
Elizabeth Revere

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, pursuant to the District's ECF service rules on **October 9, 2026, *via electronic filing system.***

/s/ *Elizabeth Revere*
Elizabeth Revere