**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO.** |
| | § | **4:25-cv-05642** |
| **DANIEL MCNARY "MAC"** | § | **JURY DEMANDED** |
| **LECKRONE,** | § | |
| ***Defendant.*** | § | |

**DEFENDANT DANIEL MCNARY LECKRONE'S RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION**

**COMES NOW, DEFENDANT DANIEL MCNARY "MAC" LECKRONE**, in the above-entitled and numbered cause and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby serves his responses and objections to Plaintiff's Second Set of Requests for Production.

Dated: October 14, 2026.

Respectfully submitted,

By: */s/ Elizabeth Revere*
ELIZABETH REVERE
State Bar No. 00791513
S.D. Texas Bar No. 18329
**ELIZABETH REVERE, PLLC**
804 Sabine Street
Houston, Texas 77007
Tel: (281) 924-8845
Fax: (832) 201-0584
*service@bethrevere.com*
**ATTORNEY FOR DEFENDANT**
**DANIEL MCNARY LECKRONE**



**EXHIBIT**
**B**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, pursuant to the District's ECF service rules on **October 14, 2026,** ***via electronic mail*** on the following:

Lloyd E. Kelley
Attorney-in-charge
The Kelley Law Firm
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
*kelley@lloydekelley.com*
Attorneys for Plaintiff

/s/ *Elizabeth Revere*
Elizabeth Revere

# I. DEFINITIONS

As used throughout these discovery requests, the following terms shall have the meanings set forth below:

1. **"Plaintiff"** means Lema Mousilli, the Plaintiff in this action.

2. **"You," "Your," and "Defendant"** mean Daniel McNary "Mac" Leckrone.

3. **"L&M"** means Lloyd & Mousilli, PLLC.

4. **"Planay Entity"** means Planay LLC, The Planay Law Firm, LLC, and any predecessor, successor, affiliate, or assumed name of either.

5. **"Well Cell Global, LLC"** means the entity of that name of which Scott Hepford is identified as Chief Executive Officer in Defendant's Initial Disclosures.

6. **"Well Cell Support LLC"** means the entity identified as "Well Cell Support LLC" in the document produced at LECK-003 through LECK-005.

7. **"The Well Cell Termination"** means the communication referred to as "your recent message to L&M" in the document produced at LECK-002, which Plaintiff understands to be an electronic mail message sent on November 22, 2024 by Carol Wilson terminating the engagement of L&M by Well Cell Global, LLC and by Well Cell Support LLC.

8. **"Feras Mousilli"** means Feras Mousilli, an attorney associated with L&M.

9. **"Document"** has the broadest meaning permitted by Rule 34(a)(1)(A) and includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium, including electronically stored information.

10. **"Communication"** means any transmission of information between two or more persons by any means, including electronic mail, text message, instant message, voice call, voicemail, letter, and in-person conversation.

    OBJECTION: This definition is outside the scope of Rule 34 to the extent that it purports to require the creation of documents related to oral and in-person conversations. Rule 34 does not require the creation of documents related to conversations that were not recorded or otherwise memorialized. Defendant will produce documents and other items as required by Rule 34.

11. **"Concerning"** means relating to, referring to, describing, evidencing, constituting, reflecting, or otherwise pertaining to, in whole or in part.

    OBJECTION: This definition is outside the scope of discovery to the extent that it includes information "otherwise pertaining to, in whole or in part." This sweeping language can include materials unrelated to the claims and defenses raised in this matter and is disproportionate to the needs of the case. Defendant will employ definitions of "concerning" that are within the scope of discovery as defined by Rule 26.

12. **"Document produced at"** a stated Bates number or range means the document Defendant produced in this action bearing that Bates number or range.

## II. INSTRUCTIONS

1. Respond in writing to each request within thirty days after service, as Rule 34(b)(2)(A) requires.

2. For each request, state that inspection and related activities will be permitted as requested, or state with specificity the grounds for objecting to the request, including the reasons, as Rule 34(b)(2)(B) requires. Produce the documents no later than the time stated in the response.

3. An objection to part of a request must specify the part and permit inspection of the rest, and every objection must state whether any responsive materials are being withheld on the basis of that objection, as Rule 34(b)(2)(C) requires.

4. Produce documents as they are kept in the usual course of business, or organize and label them to correspond to the categories in these requests, as Rule 34(b)(2)(E)(i) requires.

5. Produce electronically stored information in its native format with all metadata intact, or in a form in which it is ordinarily maintained, and in any event in a reasonably usable form, as Rule 34(b)(2)(E)(ii) requires. Do not produce as static images any electronically stored information that is ordinarily maintained in a searchable format.

OBJECTION: This "instruction" goes beyond the requirements of Rule 34 and is not proportional to the needs of the case to the extent that it requires production of all electronically stored information in native format with all metadata intact, without regard to relevance, proportionality, burden, or the nature of the information requested. Further, the "instruction" is not consistent with the agreement of the parties as to the production of electronically stored information. Dkt. 14, p. 4, ¶ 22. Plaintiff has made no attempt to confer and agree as to the production format of electronically stored information. Defendant will produce responsive electronically stored information in compliance with Rule 34(b)(2)(E)(ii).

6. A statement that responsive materials will be produced only under a protective order is not a response to a request. Rule 26(c) places on the party seeking protection the burden of moving for a protective order. No protective order has been sought by any party or entered by the Court in this action.

OBJECTION: This "instruction" is outside of the rules to the extent that it purports to limit Defendant's right to seek protection under Federal Rule of Civil Procedure 26(c), including protection for confidential, proprietary, privileged, or otherwise sensitive information. Defendant reserves the right to seek an appropriate protective order where warranted and will comply with the Federal Rules of Civil Procedure and any applicable orders of the Court.

7. If You withhold any responsive document on a claim of privilege or work-product protection, describe the nature of the document in a manner that, without revealing protected information, will enable Plaintiff to assess the claim, as Rule 26(b)(5)(A) requires.

8. If You contend that no responsive document exists as to any request, state that fact and describe the search performed, including each custodian, electronic mail account, device, messaging

application, and cloud storage account searched, the date range applied, and the search terms or other method used.

OBJECTION: This "instruction" seeks information outside the scope and dictates of Rule 34; it is unduly burdensome and disproportional to the needs of the case. Rule 34 does not require a responding party to provide a comprehensive identification of every custodian, electronic mail account, device, messaging application, cloud storage account, date range, and search term whenever no responsive documents are identified. Defendant will conduct a reasonable search for responsive documents within his possession, custody, or control and respond in accordance with the Federal Rules of Civil Procedure.

9. These requests are continuing in nature, and You must supplement or correct Your responses and production as Rule 26(e) requires.

OBJECTION: This "instruction" is outside the scope of the Rules of Civil Procedure to the extent it purports to impose a continuing duty to search for and produce documents beyond the supplementation requirements of Federal Rule of Civil Procedure 26(e). Defendant will supplement or correct his responses as required by Rule 26(e) and any applicable order of the Court.

10. Each request is separate and independent, and no request limits, qualifies, or is limited or qualified by any other request.

11. Unless a request states otherwise, the relevant time period is January 1, 2022 through the date of Your response.

OBJECTION: This "instruction" is temporally overbroad and not in proportion to the claims and defenses in this matter. This case is related to statements regarding events that occurred in the fall of 2024. A date range extending over two years before that is disproportionate to the needs of the case. Defendant will address the appropriate temporal scope of discovery in his responses to the individual requests.

## RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 26:** All Documents and Communications concerning the Well Cell Termination.

RESPONSE: Objection: This Request is overbroad and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It is overbroad on its face in that it seeks information unrelated to the claims and defenses asserted in this matter. The claims in this matter are related to allegedly defamatory statements made by Defendant to a third party. Plaintiff alleges that Defendant said she stole money from her former law firm. Relevant information as to the claims is related to the questions of what was actually said, whether the statement(s) was/were false, the requisite intent as to each claim, and damages caused. Relevant information as to defenses is further related to questions of whether a claim has been stated, whether the statements were opinion/non-actionable, whether the statements had defamatory meaning, fault or malice, whether the statements are protected by the first amendment, and whether Plaintiff took action to mitigate damages. The information sought does not bear on any of these issues. The request is not limited

by subject matter or tailored to the issues in the case as it seeks "all documents and communications" on an unrelated subject. The request is disproportionate to the needs of this case which centers around a sentence or two uttered almost two years ago.

Defendant has not identified any responsive documents within the scope of discovery.

**REQUEST FOR PRODUCTION NO. 27:** All Documents and Communications, from November 19, 2024 through December 31, 2024, by which any person informed You of the Well Cell Termination or of its substance, including the communication referred to as "your recent message to L&M" in LECK-002.

RESPONSE: Objection: This Request is overbroad and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It is overbroad on its face in that it seeks information unrelated to the claims and defenses asserted in this matter. The claims in this matter are related to allegedly defamatory statements made by Defendant to a third party. Plaintiff alleges that Defendant said she stole money from her former law firm. Relevant information as to the claims is related to the questions of what was actually said, whether the statement(s) was/were false, the requisite intent as to each claim, and damages caused. Relevant information as to defenses is further related to questions of whether a claim has been stated, whether the statements were opinion/non-actionable, whether the statements had defamatory meaning, fault or malice, whether the statements are protected by the first amendment, and whether Plaintiff took action to mitigate damages. The information sought does not bear on any of these issues. The request is not limited by subject matter or tailored to the issues in the case as it seeks "all documents and communications" on an unrelated subject. The request is disproportionate to the needs of this case which centers around a sentence or two uttered almost two years ago.

Defendant has not identified any responsive documents within the scope of discovery.

**REQUEST FOR PRODUCTION NO. 28:** All Documents and Communications concerning the termination, non-renewal, withdrawal, or transfer of any engagement of Lloyd & Mousilli, PLLC by any client between November 19, 2024 and January 31, 2025.

RESPONSE: Objection: This Request is overbroad and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It is overbroad on its face in that it seeks information unrelated to the claims and defenses asserted in this matter. The claims in this matter are related to allegedly defamatory statements made by Defendant to a third party. Plaintiff alleges that Defendant said she stole money from her former law firm. Relevant information as to the claims is related to the questions of what was actually said, whether the statement(s) was/were false, the requisite intent as to each claim, and damages caused. Relevant information as to defenses is further related to questions of whether a claim has been stated, whether the statements were opinion/non-actionable, whether the statements had defamatory meaning, fault or malice, whether the statements are protected by the first amendment, and whether Plaintiff took action to mitigate damages. The information sought does not bear on any of these issues. The request is not limited by subject matter or tailored to the issues in the case as it seeks "all documents and communications" on an unrelated subject. The request is disproportionate to the needs of this case which centers around a sentence or two uttered almost two years ago.

Defendant has not identified any responsive documents within the scope of discovery.

**REQUEST FOR PRODUCTION NO. 29:** All Documents and Communications between You and Carol Wilson.

RESPONSE: Objection. This Request is overbroad and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It is overbroad on its face in that it seeks information unrelated to the claims and defenses asserted in this matter. The claims in this matter are related to allegedly defamatory statements made by Defendant to a third party. Plaintiff alleges that Defendant said she stole money from her former law firm. Relevant information as to the claims is related to the questions of what was actually said, whether the statement(s) was/were false, the requisite intent as to each claim, and damages caused. Relevant information as to defenses is further related to questions of whether a claim has been stated, whether the statements were opinion/non-actionable, whether the statements had defamatory meaning, fault or malice, whether the statements are protected by the first amendment, and whether Plaintiff took action to mitigate damages. The information sought does not bear on any of these issues. The request is not limited by subject matter or tailored to the issues in the case as it seeks "all documents and communications" without reference to subject matter. The request is temporally overbroad in that the subject of this matter arose in late November 2024 and the request seeks information from almost 3 years earlier. The request is disproportionate to the needs of this case which centers around a sentence or two uttered almost two years ago. On its face, this Request seeks privileged and/or confidential client information, proprietary business information, and information subject to duties of confidentiality owed to third parties – such information is outside the scope of discovery and not proportional to the needs of this case. Defendant has not identified any responsive documents within the scope of discovery.

**REQUEST FOR PRODUCTION NO. 30:** All Documents and Communications concerning the arrest of Feras Mousilli on November 19, 2024, from November 19, 2024 through January 31, 2025.

RESPONSE: Objection: This Request is overbroad and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It is overbroad on its face in that it seeks information unrelated to the claims and defenses asserted in this matter. The claims in this matter are related to allegedly defamatory statements made by Defendant to a third party. Plaintiff alleges that Defendant said she stole money from her former law firm. Relevant information as to the claims is related to the questions of what was actually said, whether the statement(s) was/were false, the requisite intent as to each claim, and damages caused. Relevant information as to defenses is further related to questions of whether a claim has been stated, whether the statements were opinion/non-actionable, whether the statements had defamatory meaning, fault or malice, whether the statements are protected by the first amendment, and whether Plaintiff took action to mitigate damages. The information sought does not bear on any of these issues. The request is not limited by subject matter or tailored to the issues in the case as it seeks "all documents and communications" on an unrelated subject. The request is disproportionate to the needs of this case which centers around a sentence or two uttered almost two years ago.

Defendant has not identified any responsive documents within the scope of discovery.

**REQUEST FOR PRODUCTION NO. 31:** All Documents concerning the formation, registration, ownership, membership, and officers of Planay LLC, including governmental filings.

RESPONSE: Objection: This Request is overbroad and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It is overbroad on its face in that it seeks information unrelated to the claims and defenses asserted in this matter. The claims in this matter are related to allegedly defamatory statements made by Defendant to a third party. Plaintiff alleges that Defendant said she stole money from her former law firm. Relevant information as to the claims is related to the questions of what was actually said, whether the statement(s) was/were false, the requisite intent as to each claim, and damages caused. Relevant information as to defenses is further related to questions of whether a claim has been stated, whether the statements were opinion/non-actionable, whether the statements had defamatory meaning, fault or malice, whether the statements are protected by the first amendment, and whether Plaintiff took action to mitigate damages. The information sought does not bear on any of these issues. The request is not limited by subject matter or tailored to the issues in the case as it seeks "all documents" on an unrelated subject. The request is disproportionate to the needs of this case which centers around a sentence or two uttered almost two years ago. Formation documents and other documents related to Planay, LLC have no relationship to the claims or defenses made the basis of this lawsuit.

Defendant has not identified any responsive documents within the scope of discovery.

**REQUEST FOR PRODUCTION NO. 32:** All Documents concerning the formation, registration, ownership, membership, and officers of The Planay Law Firm, LLC, including governmental filings.

RESPONSE: Objection: This request is duplicative of Request No. 31. Likewise, the Request is overbroad and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It is overbroad on its face in that it seeks information unrelated to the claims and defenses asserted in this matter. The claims in this matter are related to allegedly defamatory statements made by Defendant to a third party. Plaintiff alleges that Defendant said she stole money from her former law firm. Relevant information as to the claims is related to the questions of what was actually said, whether the statement(s) was/were false, the requisite intent as to each claim, and damages caused. Relevant information as to defenses is further related to questions of whether a claim has been stated, whether the statements were opinion/non-actionable, whether the statements had defamatory meaning, fault or malice, whether the statements are protected by the first amendment, and whether Plaintiff took action to mitigate damages. The information sought does not bear on any of these issues. The request is not limited by subject matter or tailored to the issues in the case as it seeks "all documents" on an unrelated subject. The request is disproportionate to the needs of this case which centers around a sentence or two uttered almost two years ago. Formation documents and other documents related to Planay, LLC have no relationship to the claims or defenses made the basis of this lawsuit.

Defendant has not identified any responsive documents within the scope of discovery.

**REQUEST FOR PRODUCTION NO. 33:** All Documents concerning the relationship, if any, between Planay LLC and The Planay Law Firm, LLC, including any merger, conversion, assumed-name filing, or common ownership.

RESPONSE: Objection: This Request is overbroad and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It is overbroad on its face in that it seeks information unrelated to the claims and defenses asserted in this matter. The claims in this matter are related

to allegedly defamatory statements made by Defendant to a third party. Plaintiff alleges that Defendant said she stole money from her former law firm. Relevant information as to the claims is related to the questions of what was actually said, whether the statement(s) was/were false, the requisite intent as to each claim, and damages caused. Relevant information as to defenses is further related to questions of whether a claim has been stated, whether the statements were opinion/non-actionable, whether the statements had defamatory meaning, fault or malice, whether the statements are protected by the first amendment, and whether Plaintiff took action to mitigate damages. The information sought does not bear on any of these issues. The request is not limited by subject matter or tailored to the issues in the case as it seeks "all documents" on an unrelated subject. The request is disproportionate to the needs of this case which centers around a sentence or two uttered almost two years ago. Documents related to Planay, LLC and The Planay Law Firm, LLC have no relationship to the claims or defenses made the basis of this lawsuit.

Defendant has not identified any responsive documents within the scope of discovery.

**REQUEST FOR PRODUCTION NO. 34:** All engagement agreements, retainer agreements, consulting agreements, statements of work, and drafts between any Planay Entity and Well Cell Global, LLC or Well Cell Support LLC.

RESPONSE: Objection: This request is temporally overbroad and not reasonably tailored to relate to the claims and defenses made the subject of this lawsuit. It is temporally overbroad in that the subject of this matter arose in late November 2024 and the request seeks information from almost 3 years earlier. On its face, this Request seeks privileged and/or confidential client information, proprietary business information, and information subject to duties of confidentiality owed to third parties – such information is outside the scope of discovery and not proportional to the needs of this case.

Defendant has not identified any responsive documents within the scope of discovery.

**REQUEST FOR PRODUCTION NO. 35:** All invoices, billing statements, time records, ledgers, and payment records reflecting amounts billed to or received from Well Cell Global, LLC or Well Cell Support LLC by You or any Planay Entity, January 1, 2022 to present.

RESPONSE: Objection: This request is temporally overbroad and not reasonably tailored to relate to the claims and defenses made the subject of this lawsuit. It is temporally overbroad in that the subject of this matter arose in late November 2024 and the request seeks information from almost 3 years earlier. On its face, this Request seeks privileged and/or confidential client information, proprietary business information, and information subject to duties of confidentiality owed to third parties – such information is outside the scope of discovery and not proportional to the needs of this case.

Defendant has not identified any responsive documents within the scope of discovery.

**REQUEST FOR PRODUCTION NO. 36:** All Documents and Communications concerning any consulting, advisory, or professional services provided by You or any Planay Entity to either Well Cell entity before November 19, 2024.

RESPONSE: Objection: This Request is overbroad and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It is overbroad on its face in that it seeks information

unrelated to the claims and defenses asserted in this matter. The claims in this matter are related to allegedly defamatory statements made by Defendant to a third party. Plaintiff alleges that Defendant said she stole money from her former law firm. Relevant information as to the claims is related to the questions of what was actually said, whether the statement(s) was/were false, the requisite intent as to each claim, and damages caused. Relevant information as to defenses is further related to questions of whether a claim has been stated, whether the statements were opinion/non-actionable, whether the statements had defamatory meaning, fault or malice, whether the statements are protected by the first amendment, and whether Plaintiff took action to mitigate damages. The information sought does not bear on any of these issues. The request is not limited by subject matter or tailored to the issues in the case as it seeks "all documents and communications" on an unrelated subject. The request is disproportionate to the needs of this case which centers around a sentence or two uttered almost two years ago. On its face, this Request seeks privileged and/or confidential client information, proprietary business information, and information subject to duties of confidentiality owed to third parties – such information is outside the scope of discovery and not proportional to the needs of this case.

Defendant has not identified any responsive documents within the scope of discovery.

**REQUEST FOR PRODUCTION NO. 37:** All Documents and Communications bearing or concerning the subject line "Well Cell Licensing Program Continuity."

RESPONSE: Objection: This Request is overbroad and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It is overbroad on its face in that it seeks information unrelated to the claims and defenses asserted in this matter. The claims in this matter are related to allegedly defamatory statements made by Defendant to a third party. Plaintiff alleges that Defendant said she stole money from her former law firm. Relevant information as to the claims is related to the questions of what was actually said, whether the statement(s) was/were false, the requisite intent as to each claim, and damages caused. Relevant information as to defenses is further related to questions of whether a claim has been stated, whether the statements were opinion/non-actionable, whether the statements had defamatory meaning, fault or malice, whether the statements are protected by the first amendment, and whether Plaintiff took action to mitigate damages. The information sought does not bear on any of these issues. The request is not limited by subject matter or tailored to the issues in the case as it seeks "all documents and communications" on an unrelated subject. The request is disproportionate to the needs of this case which centers around a sentence or two uttered almost two years ago. On its face, this Request seeks privileged and/or confidential client information, proprietary business information, and information subject to duties of confidentiality owed to third parties – such information is outside the scope of discovery and not proportional to the needs of this case.

Defendant has not identified any responsive documents within the scope of discovery.

**REQUEST FOR PRODUCTION NO. 38:** All engagement agreements, retainer agreements, consulting agreements, and statements of work between any Planay Entity and any person or entity that was a client of Lloyd & Mousilli, PLLC at any time from January 1, 2022 to present.

RESPONSE: Objection: This Request is overbroad and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It is overbroad on its face in that it seeks information unrelated to the claims and defenses asserted in this matter. The claims in this matter are related

to allegedly defamatory statements made by Defendant to a third party. Plaintiff alleges that Defendant said she stole money from her former law firm. Relevant information as to the claims is related to the questions of what was actually said, whether the statement(s) was/were false, the requisite intent as to each claim, and damages caused. Relevant information as to defenses is further related to questions of whether a claim has been stated, whether the statements were opinion/non-actionable, whether the statements had defamatory meaning, fault or malice, whether the statements are protected by the first amendment, and whether Plaintiff took action to mitigate damages. The information sought does not bear on any of these issues. The request is not limited by subject matter or tailored to the issues in the case as it seeks "all engagement agreements, retainer agreements, consulting agreements, and statements of work" on an unrelated subject. The request is disproportionate to the needs of this case which centers around a sentence or two uttered almost two years ago. This request is temporally overbroad and not reasonably tailored to relate to the claims and defenses made the subject of this lawsuit. It is temporally overbroad in that the subject of this matter arose in late November 2024 and the request seeks information from almost 3 years earlier. On its face, this Request seeks privileged and/or confidential client information, proprietary business information, and information subject to duties of confidentiality owed to third parties – such information is outside the scope of discovery and not proportional to the needs of this case.

Defendant has not identified any responsive documents within the scope of discovery.

**REQUEST FOR PRODUCTION NO. 39:** All Documents and Communications concerning the transfer of any client, matter, or file from Lloyd & Mousilli, PLLC to You or any Planay Entity, January 1, 2024 to present.

RESPONSE: Objection: This Request is overbroad and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It is overbroad on its face in that it seeks information unrelated to the claims and defenses asserted in this matter. The claims in this matter are related to allegedly defamatory statements made by Defendant to a third party. Plaintiff alleges that Defendant said she stole money from her former law firm. Relevant information as to the claims is related to the questions of what was actually said, whether the statement(s) was/were false, the requisite intent as to each claim, and damages caused. Relevant information as to defenses is further related to questions of whether a claim has been stated, whether the statements were opinion/non-actionable, whether the statements had defamatory meaning, fault or malice, whether the statements are protected by the first amendment, and whether Plaintiff took action to mitigate damages. The information sought does not bear on any of these issues. The request is not limited by subject matter or tailored to the issues in the case as it seeks "all documents and communications" on an unrelated subject. The request is disproportionate to the needs of this case which centers around a sentence or two uttered almost two years ago. This request is temporally overbroad and not reasonably tailored to relate to the claims and defenses made the subject of this lawsuit. It is temporally overbroad in that the subject of this matter arose in late November 2024 and the request seeks information from almost 11 months earlier. On its face, this Request seeks privileged and/or confidential client information, proprietary business information, and information subject to duties of confidentiality owed to third parties – such information is outside the scope of discovery and not proportional to the needs of this case.

Defendant has not identified any responsive documents within the scope of discovery.

**REQUEST FOR PRODUCTION NO. 40:** All Documents concerning origination credit, matter credit, billing credit, referral fee, or compensation received by or credited to You in connection with either Well Cell entity, January 1, 2022 to present.

RESPONSE: Objection: This Request is overbroad and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It is overbroad on its face in that it seeks information unrelated to the claims and defenses asserted in this matter. The claims in this matter are related to allegedly defamatory statements made by Defendant to a third party. Plaintiff alleges that Defendant said she stole money from her former law firm. Relevant information as to the claims is related to the questions of what was actually said, whether the statement(s) was/were false, the requisite intent as to each claim, and damages caused. Relevant information as to defenses is further related to questions of whether a claim has been stated, whether the statements were opinion/non-actionable, whether the statements had defamatory meaning, fault or malice, whether the statements are protected by the first amendment, and whether Plaintiff took action to mitigate damages. The information sought does not bear on any of these issues. The request is not limited by subject matter or tailored to the issues in the case as it seeks "all documents concerning origination credit, matter credit, billing credit, referral fee, or compensation" on an unrelated subject. The request is disproportionate to the needs of this case which centers around a sentence or two uttered almost two years ago. This request is temporally overbroad and not reasonably tailored to relate to the claims and defenses made the subject of this lawsuit. It is temporally overbroad in that the subject of this matter arose in late November 2024 and the request seeks information from almost 3 years earlier. On its face, this Request seeks privileged and/or confidential client information, proprietary business information, and information subject to duties of confidentiality owed to third parties – such information is outside the scope of discovery and not proportional to the needs of this case.

Defendant has not identified any responsive documents within the scope of discovery.

**REQUEST FOR PRODUCTION NO. 41:** All Documents constituting or reflecting the "public record" referenced in Your Response to Request for Admission No. 13.

RESPONSE: *See* LECK-016 to LECK-030.

**REQUEST FOR PRODUCTION NO. 42:** Documents sufficient to identify each jurisdiction in which You are or have been licensed to practice law and Your status in each, January 1, 2015 to present.

RESPONSE: Objection: This Request is overbroad and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It is overbroad on its face in that it seeks information unrelated to the claims and defenses asserted in this matter. The claims in this matter are related to allegedly defamatory statements made by Defendant to a third party. Plaintiff alleges that Defendant said she stole money from her former law firm. Relevant information as to the claims is related to the questions of what was actually said, whether the statement(s) was/were false, the requisite intent as to each claim, and damages caused. Relevant information as to defenses is further related to questions of whether a claim has been stated, whether the statements were opinion/non-actionable, whether the statements had defamatory meaning, fault or malice, whether the statements are protected by the first amendment, and whether Plaintiff took action to mitigate damages. The information sought does not bear on any of these issues. The request is not limited

by subject matter or tailored to the issues in the case as it seeks information about Defendant's license to practice law and means of livelihood that are in no way related to the claims or defenses raised in this matter. The request is disproportionate to the needs of this case which centers around a sentence or two uttered almost two years ago. This request is temporally overbroad and not reasonably tailored to relate to the claims and defenses made the subject of this lawsuit. It is temporally overbroad in that the subject of this matter arose in late November 2024 and the request seeks information from almost 10 years earlier.

Defendant has not identified any responsive documents within the scope of discovery.

**REQUEST FOR PRODUCTION NO. 43:** All Documents concerning any complaint, grievance, or disciplinary proceeding filed against You with any bar association, licensing authority, or disciplinary body, January 1, 2015 to present.

RESPONSE: Objection: This Request is overbroad and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It is overbroad on its face in that it seeks information unrelated to the claims and defenses asserted in this matter. The claims in this matter are related to allegedly defamatory statements made by Defendant to a third party. Plaintiff alleges that Defendant said she stole money from her former law firm. Relevant information as to the claims is related to the questions of what was actually said, whether the statement(s) was/were false, the requisite intent as to each claim, and damages caused. Relevant information as to defenses is further related to questions of whether a claim has been stated, whether the statements were opinion/non-actionable, whether the statements had defamatory meaning, fault or malice, whether the statements are protected by the first amendment, and whether Plaintiff took action to mitigate damages. The information sought does not bear on any of these issues. The request is not limited by subject matter or tailored to the issues in the case as it seeks information about Defendant's license to practice law and means of livelihood that are in no way related to the claims or defenses raised in this matter. The request is disproportionate to the needs of this case which centers around a sentence or two uttered almost two years ago. This request is temporally overbroad and not reasonably tailored to relate to the claims and defenses made the subject of this lawsuit. It is temporally overbroad in that the subject of this matter arose in late November 2024 and the request seeks information from almost 10 years earlier.

Defendant has not identified any responsive documents within the scope of discovery.