**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,**<br>***Plaintiff,***<br><br>**v.**<br><br>**DANIEL MCNARY "MAC" LECKRONE,**<br>***Defendant.*** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL CASE NO. 4:25-cv-05642**<br>**JURY DEMANDED** |

**DEFENDANT DANIEL MCNARY LECKRONE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY ELIZABETH REVERE AND ELIZABETH REVERE, PLLC AS COUNSEL FOR DEFENDANT AND FOR PROTECTIVE RELIEF**

**COMES NOW, DEFENDANT DANIEL MCNARY LECKRONE**, and files this *Response in Opposition to Plaintiff's Motion to Disqualify Elizabeth Revere and Elizabeth Revere, PLLC as Counsel for Defendant and for Protective Relief* (Dkt. 22) ("**Motion**"), and respectfully shows the Court as follows:

## I. INTRODUCTION

1. On its face, the Motion is violative of the rules of this Court, which allow only one motion per filing. Judge Alfred H. Bennett, Court Procedures § B.5 (rev. July 6, 2026). Plaintiff has bundled a motion for disqualification with two discovery protective orders; she did not submit the pre-motion discovery letter, with certificate of conference, that the Court requires before discovery disputes are presented. Bennett Proc. § B.4. Further, a motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." FED. R. CIV. P. 26(c)(1). Plaintiff

did not confer with counsel regarding her requests for protective orders, as evidenced by the omission of any reference to them in her certificate of conference. Dkt. 22, p. 19.

2. Plaintiff seeks the extraordinary remedy of disqualifying Defendant's chosen counsel based largely on Plaintiff's unilateral decision to designate counsel as a fact witness, collateral events from a separate litigation case, and speculation concerning the movement of two documents between cases. The Motion does not establish that Ms. Revere is a necessary witness on an essential fact in this action, that her continued representation causes actual prejudice to Plaintiff, or that any personal or professional interest adversely limits her representation of Defendant.

3. The Motion also seeks to remove Ms. Revere's paralegal, Marlene Campbell, from the litigation team because Plaintiff has designated her as a witness. No rule cited by Plaintiff establishes that a paralegal becomes disqualified from assisting counsel merely because an opposing party identifies the paralegal as a potential witness. Nor does Plaintiff cite any authority establishing that Ms. Campbell must be excluded from this case or that supports the imposition of a protective order.

4. Finally, without prior conference as required, Plaintiff asks the Court to impose a protective order related to discovery produced in this matter. Defendant does not oppose entry of an appropriate protective order. Had Plaintiff conferred, the parties would have been able to provide the Court with an agreed order.

## II. RELEVANT BACKGROUND

5. This case concerns statements allegedly made by Defendant in November 2024 and Plaintiff's claims arising from those statements. Plaintiff's Motion devotes substantial attention to a separate partnership dispute between Plaintiff and Feras Mousilli, including Ms. Revere's testimony in that separate case and a jury finding concerning the existence of a partnership.

6. Those matters do not transform Ms. Revere into a necessary witness concerning what Defendant allegedly said, what Defendant knew when he allegedly said it, or the circumstances under which Defendant communicated with Scott Hepford. The issues before the Court in this matter are whether Mr. Leckrone's alleged statements were false, whether his statements were made with the requisite fault, and whether the statements caused damages.

7. Plaintiff has made no showing that issues related to her ongoing feud with her brother or the partnership litigation have any relation to the central issues in this matter.

8. Plaintiff disclosed Ms. Revere as a fact witness on June 9, 2026. That designation is Plaintiff's litigation position; it does not establish necessity under Rule 3.08. Plaintiff's Motion acknowledges that a party seeking disqualification under the advocate-witness rule must show that counsel's testimony is necessary because counsel possesses disputed information that cannot be supplied by other witnesses or records. Dkt. 22, p. 10, ¶ 17. Although Plaintiff claims to have made such a showing, she has not identified even a shred of evidence showing that Ms. Revere has disputed information that cannot be supplied by other witnesses or records.

9. The Motion itself identifies numerous other witnesses with knowledge of the subjects Plaintiff says are relevant, including Plaintiff, Defendant, Feras Mousilli, Megan Weiss, Scott Hepford, and others. In the Motion, Plaintiff also relies extensively on existing documents, sworn testimony, prior filings, emails, telephone records, and a prior trial record. Plaintiff therefore cannot establish that Ms. Revere is the sole or necessary source of evidence merely by announcing an intention to depose and call her. Nor can Plaintiff show an essential fact in this case to which Ms. Revere could testify merely by announcing an intention to depose and call her.

10. Further, Plaintiff claims to have hired Ms. Revere to work as a contractor at L&M. Dkt. 22, p. 1, ¶ 1. She has been aware of Ms. Revere's L&M history for over five years. Dkt. 22-1, p.

1, ¶ 2. However, she did not object to Ms. Revere's appearance seven months ago – nor did she object to Ms. Revere's representation of Mr. Leckrone when she provided her supplemental initial disclosures in early June 2026. The fact that Plaintiff did not object until one day after Ms. Revere sought leave to assert counterclaims on behalf of Mr. Leckrone (Dkt. 21) points to tactics as the true reason for this Motion.

## III. ARGUMENT AND AUTHORITIES

11. Plaintiff has gone to great lengths in attempts to bring both her ongoing feud with her brother and their Harris County litigation against each other into this matter. Although Plaintiff seems to argue that Mr. Leckrone was somehow acting in concert with her brother, an allegation that Mr. Leckrone vehemently denies, she has yet to articulate any fact that makes either her feud or the state litigation relevant to any claims or defenses in this matter.

12. Ms. Revere disputes and denies each allegation of misconduct alleged against her by Plaintiff. **Exhibit A**, **Unsworn Declaration of Elizabeth Revere**, ¶ 5. Nothing to do with Plaintiff's feud with her brother, Feras Mousilli, or their ongoing state court litigation is relevant to this matter – and Plaintiff has made no showing that it is. For these reasons and in the interest of judicial economy, Mr. Leckrone's response does not address Plaintiff's unrelated allegations in this Response. He is happy to address them should the Court desire further information in that regard.

### A. Disqualification is an extraordinary remedy and Plaintiff bears the burden

13. Motions to disqualify are substantive motions affecting a party's right to counsel and are governed by federal law, informed by applicable ethical standards. *In re Dresser Indus., Inc.*, 972 F.2d 540, 543–44 (5th Cir. 1992). The Court must consider the particular facts and the litigants'

rights rather than mechanically applying a disciplinary rule. *FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1312–16 (5th Cir. 1995).

14. "[D]epriving a party of the right to be represented by the attorney of his or her choice is a penalty that must not be imposed without careful consideration." *In re ProEducation Int'l, Inc.*, 587 F.3d 296, 300 (5th Cir. 2009) (citations omitted).

15. The Fifth Circuit has also cautioned that disqualification standards require careful and exacting application because disqualification motions may be used as procedural weapons. *In re Am. Airlines, Inc.*, 972 F.2d 605, 611 (5th Cir. 1992). Plaintiff therefore must establish the factual and legal predicates for the specific disqualification requested. Mere allegations, witness designations, and appearances of conflict do not substitute for that showing.

**B. Plaintiff has not shown that Ms. Revere is a necessary witness under Rule 3.08**

16. Rule 3.08 does not provide that an attorney must withdraw whenever an opposing party places the attorney on a witness list. The relevant question is whether the attorney is a necessary witness on an essential fact and whether the dual role creates the prejudice required to justify disqualification. Plaintiff's own cited authority recognizes that necessity requires more than relevance or cumulative personal knowledge. "When an attorney's testimony is merely cumulative or capable of being corroborated by other witnesses, the attorney is not likely to be a necessary witness…" *Duke Invs., Ltd. v. Amegy Bank, N.A. (In re Duke Invs., Ltd.)*, 454 B.R. 414, 422 (Bankr. S.D. Tex. 2011). Necessity turns on whether the information is available from other sources, not on which side it helps.

17. Rule 3.08(a) addresses representation by a lawyer who is "a witness necessary to establish an essential fact on behalf of the lawyer's client." TEX. DISC. R. PROF'L CONDUCT 3.08(a). Mr. Leckrone does not intend to call Ms. Revere as a witness and does not require her testimony to

establish any fact in his defense. **Exhibit B**, **Unsworn Declaration of Daniel McNary Leckrone**, ¶ 3. Moreover, Plaintiff has failed to demonstrate that Ms. Revere possesses testimony necessary to establish an essential fact in this litigation or that her continued representation of Mr. Leckrone would cause Plaintiff actual prejudice. Plaintiff's unilateral designation of Ms. Revere as a witness does not satisfy the requirements for disqualification under Rule 3.08.

18. Rule 3.08(b) applies only if the attorney believes she will be compelled to give testimony that is "substantially adverse" to the client. TEX. DISC. R. PROF'L CONDUCT 3.08(b). Plaintiff has identified no testimony that she might elicit from Ms. Revere that would be adverse to Mr. Leckrone. Mr. Leckrone's defenses are not related to Plaintiff's status at L&M. They are related to L&M's allegations against Plaintiff. Plaintiff has only pointed to testimony related to her status at L&M, for which there are numerous other sources. Dkt. 1, ¶ 8. Additionally, that information is not substantially adverse to Mr. Leckrone's position.

19. Further, "[t]he fact that a lawyer serves as both an advocate and a witness does not in itself compel disqualification." *In re Sanders,* 153 S.W.3d 54, 57 (Tex. 2004) (per curiam). "Disqualification is only appropriate if the lawyer's testimony is 'necessary to establish an essential fact.'" *Id.*; TEX. DISC. R. PROF'L CONDUCT 3.08(a). Plaintiff has failed to show any essential fact to which Ms. Revere would be a necessary witness.

20. "Consequently, the party requesting disqualification must demonstrate that the opposing lawyer's dual roles as attorney and witness will cause the party actual prejudice." *Sanders*, 153 S.W.3d at 57. Plaintiff has not shown actual prejudice.

21. Plaintiff's proposed testimony from Ms. Revere concerning Plaintiff's status at L&M, events surrounding Plaintiff's departure, and Ms. Revere's prior testimony is unrelated to the operative communications alleged in this action. To the extent any such subject is relevant,

Plaintiff identifies multiple independent sources of proof, including Plaintiff herself, Feras Mousilli, Defendant, firm personnel, prior pleadings, prior sworn testimony, and documentary evidence. Plaintiff cannot create necessity by choosing opposing counsel as the witness through whom it prefers to present cumulative or impeachment evidence.

22. Plaintiff bears the burden of identifying an essential fact to which Ms. Revere is a necessary witness. *Sanders*, 153 S.W.3d at 57. While Plaintiff lists subjects on which she would like to question Ms. Revere, Dkt. 22, ¶¶ 21–24, she ties none of them to an element of any claim or defense in this case. In the Motion, Plaintiff raises a supposed statement that Plaintiff was "terminated," but no such statement is pleaded. Dkt. 22, ¶¶ 7, 21. The only statements at issue are that Plaintiff "stole hundreds of thousands of dollars" and "stole $75,000." Dkt. 1, ¶¶ 19–20, 22.

23. Plaintiff points to Mr. Leckrone's communications with his counsel in 2026, more than a year after the statements at issue, which relate to Mr. Leckrone's representation in this lawsuit. Dkt. 22, ¶ 23. Those communications are privileged, and they cannot show what Mr. Leckrone knew or should have known when he spoke in November 2024. "[T]he focus of the actual-malice inquiry is the defendant's state of mind… Evidence concerning events after an article has been printed and distributed, has little, if any, bearing on that issue." *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 174 (Tex. 2003).

24. Plaintiff concedes that Ms. Revere is not the exclusive source on that subject in any event. Dkt. 22, ¶ 23. Plaintiff argues that Ms. Revere's testimony will be relevant to her status at L&M, which her own Complaint says is "extensively documented and corroborated by substantial evidence, including testimony from numerous witnesses and thousands of pages of records." Dkt. 1, ¶ 8.

25. Plaintiff also claims Ms. Revere has information regarding her relationship with Well Cell, on which Plaintiff herself and Well Cell are the direct sources. Dkt. 22, ¶ 22. A list of topics is not a showing of necessity.

26. Plaintiff has failed to show a single fact to which Ms. Revere is a necessary witness or the only source of the information for evidence related to the claims and defenses raised in this matter. This case is unrelated to Plaintiff's feud with her brother and the litigation between them. The only tangential relationship is that Mr. Leckrone's statements to Mr. Hepford were based on information contained in the pleadings filed in state court. Ex. B, ¶ 8.

27. The interim jury finding in Plaintiff's state court litigation with her brother is unrelated to this matter. It has no bearing on the claims made or the defenses raised.

28. Plaintiff also fails to establish actual prejudice from Ms. Revere's continued representation. Rule 3.08 "may furnish some guidance in those procedural disqualification disputes where the party seeking disqualification can demonstrate actual prejudice to itself resulting from the opposing lawyer's service in the dual roles." TEX. DISC. R. PROF'L CONDUCT 3.08 cmt. 10. "[A] lawyer should not seek to disqualify an opposing lawyer by unnecessarily calling that lawyer as a witness. Such unintended applications of this Rule, if allowed, would subvert its true purpose by converting it into a mere tactical weapon in litigation." *Id.*

29. The prospect that Plaintiff may seek discovery from opposing counsel is not itself prejudice warranting disqualification, particularly where the proposed testimony is available from other sources. Any legitimate evidentiary issue that later arises can be addressed through ordinary discovery and trial-management tools without depriving Defendant of chosen counsel now.

**C. Rule 1.06 does not independently require disqualification**

30. Plaintiff's reliance on Defendant's Certificate of Interested Parties is misplaced. Dkt. 11. Ms. Revere is identified in the Certificate in her capacity as counsel for Defendant. The Court required a listing of those "financially interested in the outcome." Dkt. 3, ¶ 2. The certificate of interested parties exists so the court can evaluate recusal. A fee interest is aligned with the client's interest, not adverse. Ms. Revere was included in the certificate to disclose the potential availability of attorney fees related to this matter. Ex. A, ¶ 4. The existence of the Certificate does not establish a separate financial interest on the part of Ms. Revere in the outcome of this litigation, much less an interest that is adverse to Defendant or adversely limits her representation of him. Plaintiff's characterization of that routine disclosure as evidence of a conflict does not establish a basis for disqualification under Rule 1.06.

31. Plaintiff invokes Rule 1.06, comment 5's concern with 'the probity of a lawyer's own conduct in a transaction.' Dkt. 22, ¶ 26. The transaction here is Mr. Leckrone's November 2024 calls, in which Ms. Revere had no part. Ex. A, ¶ 3. That Ms. Revere left L&M over a fee dispute has no relevance to the claims and defenses in this matter which turn on what was said by Mr. Leckrone to Mr. Hepford, the truth of what was said, Mr. Leckrone's state of mind, and the question of damages; therefore, why Ms. Revere left L&M has no connection to the outcome of this case nor does it raise an issue adverse to Mr. Leckrone. Events in another case do not become "the transaction" because Plaintiff calls them a "concerted effort." TEX. DISC. R. PROF'L CONDUCT 1.06(b)(2).

32. Rule 1.06 protects the client, and the client here has raised no objection. When opposing counsel raises a conflict, the objection "should be viewed with great caution" because it "can be misused as a technique of harassment." TEX. DISC. R. PROF'L CONDUCT 1.06 cmt. 17. The Fifth

Circuit has applied that caution where an opponent sought disqualification on conflict grounds, describing such a request as "a tactic designed to delay and harass." *U.S. Fire*, 50 F.3d at 1315. Mr. Leckrone, the only client whose interests Rule 1.06(b)(2) protects, has consented to Ms. Revere's continued representation. Ex. B, ¶ 7.

33. Nor can Plaintiff turn her former supervisory role into an attorney-client relationship. Plaintiff asserts that Ms. Revere, her "former supervisee," is "deploying against her the knowledge acquired in that role." Dkt. 22, ¶ 33. But Ms. Revere worked at L&M as a contract attorney. She was not Plaintiff's attorney. Ex. A, ¶ 19. Plaintiff identifies no attorney-client relationship between Ms. Revere and Plaintiff, and no current representation in which Ms. Revere owes Plaintiff duties as a client. A former-client conflict requires "an actual attorney-client relationship between the moving party and the attorney he seeks to disqualify." *Am. Airlines*, 972 F.2d at 614. Without that relationship, Plaintiff cannot seek disqualification on that basis: "courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification." *In re Yarn Processing Patent Validity Litig.*, 530 F.2d 83, 88 (5th Cir. 1976) (citations omitted). Exceptions to this rule are "narrow." *Id.* at 89.

34. Again, Mr. Leckrone has consented to Ms. Revere's continued representation after full disclosure of the existence, nature, implications, and possible adverse consequences of her other relationships and representations. Ex. B, ¶ 7. TEX. DISC. R. PROF'L CONDUCT 1.06(c)(2).

35. Plaintiff's reliance on Ms. Revere's "Of Counsel" affiliation with Farrell Legal Group is similarly insufficient. Ex. A, ¶¶ 9-11. Rule 1.06(b)(2) only applies where Mr. Leckrone's representation would be "adversely limited." TEX. DISC. R. PROF'L CONDUCT 1.06(b)(2). Mr. Leckrone is not adverse to Feras Mousilli here: Mr. Mousilli is not a party and was not involved

in Mr. Leckrone's discussion with Scott Hepford – the conversation that forms the basis of this litigation. Ex. B, ¶ 6.

36. Ms. Revere represents Farrell Legal Group in a separate and unrelated matter; she does not represent Feras Mousilli in the Partnership Litigation. Ex. A, ¶¶ 7, 11. Neither Ms. Revere's representation of Farrell Legal Group, nor her professional affiliation with that firm, creates interests adverse to Mr. Leckrone in this action or adversely limits her representation of Mr. Leckrone. Plaintiff has not established any conflict, much less one requiring disqualification in this action.

37. Plaintiff relies on *Dresser* not for its facts but for its test: whether "a specific impropriety" has occurred, as opposed to "a generalized appearance of impropriety." Dkt. 22, ¶¶ 15, 27 (citing *Dresser*, 972 F.2d at 544). Plaintiff thus concedes that the appearance of impropriety is not enough. The only specific "impropriety" Plaintiff identifies is that two documents she produced in this case were provided to counsel in another proceeding. Dkt. 22, ¶ 27. No protective order restricted their use. Dkt. 22-1, ¶ 12. That is not an impropriety. Absent a protective order, "[a] party may generally do what it wants with material obtained through the discovery process, as long as it wants to do something legal." *Harris v. Amoco Prod. Co.,* 768 F.2d 669, 683–84 (5th Cir. 1985); *see* § III.D, infra. Lawful conduct cannot supply the specific impropriety Plaintiff's own test requires, and without impropriety, Plaintiff is left with the appearance of impropriety she concedes is insufficient. *See U.S. Fire*, 50 F.3d at 1315 ("[C]ourts and commentators generally have rejected the mere appearance of impropriety as a rationale" for disqualifying a lawyer-witness.).

38. Plaintiff's Rule 1.06 grounds rest on her dispute with her brother, Feras Mousilli, and their litigation in Harris County, Cause No. 2024-72783, not on any claim or defense in this case. Mr. Leckrone is not a party to that case; Feras Mousilli is not a party to this one. The only connection

between the two cases is a public document: Mr. Leckrone's statements were based on the petition filed in that case, a certified copy of which is already in this record. Dkt. 16-1; Ex. B, ¶ 8. Mr. Leckrone makes no allegation that Feras Mousilli played any role in the events at issue. *Id.* ¶¶ 5-6. Ms. Revere has no personal knowledge of the petition or of Mr. Leckrone's reliance on it, and none of her testimony is needed to prove either. Ex A, ¶ 3.

**D. The transmission of discovery materials does not establish a basis for disqualification**

39. Plaintiff's Complaint, discovery requests, and this Motion repeatedly invoke the Harris County litigation. E.g., Dkt. 1, ¶¶ 7–12; Dkt. 22, ¶¶ 5–11. In evaluating whether that litigation bears on any claim or defense here, including in responding to Plaintiff's discovery requests, Ms. Revere consulted counsel familiar with that record, Ms. Farrell, and provided her two documents Plaintiff had produced: screenshots of Plaintiff's own text messages with Scott Hepford (MOU0003–04). Ex. A, ¶ 8. Mr. Leckrone authorized that disclosure. Ex. B, ¶ 4. Ms. Revere did not ask Ms. Farrell to produce the documents in the Harris County litigation, was not consulted about their production there, and did not learn of it until she read this Motion. Ex. A, ¶ 8. No protective order, confidentiality agreement, or sealing order restricted the documents' use, and Plaintiff identifies none. Dkt. 22-1, ¶ 12. Plaintiff claims no privilege in them, and they are her own communications with a third party who also has them.

40. "A party may generally do what it wants with material obtained through the discovery process, as long as it wants to do something legal." *Harris*, 768 F.2d at 683–84 (citations omitted). "The federal rules do not themselves limit the use of discovered documents or information." *Id.* at 684.

41. Whatever Plaintiff's objection to that disclosure, it presents a discovery question with a discovery remedy, a protective order, not a basis to deprive Mr. Leckrone of counsel of his choice.

Defendant does not oppose entry of a standard protective order governing confidential material produced in this action going forward.

42. Plaintiff's argument also conflates Ms. Revere's separate professional affiliation with Farrell Legal Group with the representation at issue here. Defendant is represented in this action by Elizabeth Revere, PLLC. Farrell Legal Group does not represent Defendant in this action. Feras Mousilli is not a party in this action. Plaintiff has made no showing that Ms. Revere owes Feras Mousilli any duty arising from being subpoenaed as a witness in the Partnership Litigation. Plaintiff has made no showing of any fact that adversely limits her representation of Mr. Leckrone.

**E. Plaintiff has not shown good cause to screen Ms. Campbell from Defendant's litigation team**

43. Plaintiff was one of at least seventeen attorneys with whom Ms. Campbell worked as an independent contractor with L&M. **Exhibit C**, **Unsworn Declaration of Marlene Campbell**, ¶¶ 2, 5. During her time working with L&M, Ms. Campbell did not work on any matter that was substantially related to this case. *Id.* ¶¶ 7, 9.

44. "The critical issue is whether the employee worked on the matter in which Firm B was representing the defendant in the lawsuit or otherwise had access to information relating to Firm B's representation of the defendant. If not, there is no presumption, conclusive or otherwise, that confidential information of the defendant was imparted to the employee while working at Firm B." TEX. COMM. ON PROF'L ETHICS, OP. 650 (2015) (citing *In re Columbia Valley Healthcare Sys., L.P.*, 320 S.W.3d 819, 828 (Tex. 2010)).

45. Contrary to the implication fostered by Plaintiff's Motion, Ms. Campbell has no personal knowledge concerning the alleged defamatory statement upon which Plaintiff's slander claim is based. Ex. C, ¶¶ 4, 8–9. Ms. Campbell was not present for the alleged statement, did not hear Defendant make the alleged statement, and was not aware that Defendant allegedly made such a

statement until after Plaintiff filed this lawsuit. *Id.* ¶¶ 4, 8. Accordingly, Ms. Campbell has no personal knowledge that Defendant made the statement Plaintiff attributes to him or of the circumstances in which Plaintiff alleges the statement was made.

46. In the Motion, Plaintiff baselessly and without investigation asserts that Ms. Campbell "arranged" the calls during which the alleged statements at issue were made. Dkt. 22, p. 5, ¶ 7. However, Ms. Campbell did not arrange those calls and was unaware of them until she learned of them from the client after suit was filed. Ex. C, ¶¶ 3–4.

47. Plaintiff has made no showing that Ms. Campbell should be barred from working on this case. She has made no showing that she is entitled to a protective order under Rule 26(c)(1). Under Rule 26(c)(1), a protective order may issue for good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1).

48. Plaintiff has not alleged that Ms. Campbell's work on the case would cause annoyance. *Id.* Plaintiff has not alleged that Ms. Campbell's work on the case would cause embarrassment. *Id.* Plaintiff has not alleged that Ms. Campbell's work on the case would cause oppression. *Id.* Plaintiff has not alleged that Ms. Campbell's work on the case would cause undue burden. *Id.* Plaintiff has not alleged that Ms. Campbell's work on the case would cause undue expense. *Id.* Plaintiff has made no showing of good cause to exclude Ms. Campbell from work on this matter.

49. Rule 5.03 is a supervision duty, and Plaintiff alleges no disclosure or misuse of any information. TEX. DISC. R. PROF'L CONDUCT 5.03.

50. A showing of good cause requires specifics. Plaintiff must show "a particular and specific demonstration of fact," and the court grants only as narrow an order as the facts require. *Zavala v. Cooper Tire & Rubber Co.*, No. 4:22-CV-498, Dkt. 36 (E.D. Tex. Nov. 17, 2022) (quoting *In re*

*Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998)). Plaintiff has failed to show a particular and specific demonstration of fact.

**F. Proposed protective order regarding discovery**

51. On September 18, 2026, twelve days before Plaintiff filed this Motion, Defendant's counsel sent Plaintiff a proposed protective order modeled on the Court's suggested template. Ex. A, Ex. 1. Plaintiff has neither responded to nor acknowledged receipt of the proposed protective order. *Id*. Her affidavit tells the Court that "[n]o protective order or confidentiality agreement has been entered in this case" Dkt. 22-1, ¶ 12, but not that she was offered one and ignored it.

52. Defendant does not oppose an order limiting the use of Plaintiff's production to this action. Imposition of a protective order would fully address Plaintiff's stated concern. Therefore, this issue does not support disqualification, which "must not be imposed cavalierly." *ProEducation*, 587 F.3d at 300.

**G. The timing and cumulative nature of the Motion weigh against the requested remedy**

53. Setting aside the question of whether Plaintiff has successfully raised any basis for disqualification – which Mr. Leckrone does not concede – the timing of the Motion points to her decision to file being a tactical one.

54. "As a rule, '[a] party who fails to file its motion to disqualify opposing counsel in a timely manner waives the complaint.'" *In re George*, 28 S.W.3d 511, 513, (Tex. 2000) (quoting *Vaughan v. Walther*, 875 S.W.2d 690, 690 (Tex. 1994) (per curiam)).

55. Ms. Revere appeared for Defendant in early March 2026. Dkt. 10. Plaintiff is familiar with Ms. Revere and has known her and her history with L&M for years. Dkt. 22-1, p. 1, ¶ 2. Further, as a party to the partnership litigation, Plaintiff was present for Ms. Revere's testimony on March 31, 2026. She did not have to wait for preparation of the record to know exactly what happened.

56. Plaintiff states that she designated Ms. Revere as a witness in June 2026, but she was aware of all facts on which she bases her Rule 3.08 argument since March. Further, Plaintiff's disclosure was supplemental and Ms. Revere did not appear on her original initial disclosures.

57. Plaintiff's delay in designating Ms. Revere as a witness does not change when she became aware of the facts underlying that designation, facts of which Plaintiff was aware when she made her original initial disclosures in May. Yet Plaintiff did not seek disqualification until September 30, 2026.

58. In her motion, Plaintiff does not explain why she omitted Ms. Revere and Ms. Campbell from her May disclosures, surely no facts came to light between the two disclosures. Her timing in supplementing her disclosures to add opposing counsel and her staff points to gamesmanship. Ex. A, ¶ 12.

59. Although evidence of settlement discussions is generally inadmissible, it may be admitted to negate a contention of undue delay. FED. R. EVID. 408(b). Because Plaintiff has raised the parties' settlement discussions as an excuse for her delay, Defendant responds. Dkt. 22, p. 16, ¶ 31. Ms. Revere and Mr. Kelley attempted to discuss settlement from the early days of this case. However, Mr. Kelley was unable to confirm that Plaintiff would accept even a public apology. Ex. A, ¶ 17. When Plaintiff herself sent a settlement proposal, it was so unreasonable that it included a requirement that Mr. Leckrone admit in a public filing that the settlement was the result of his willful and malicious injury of plaintiff – a situation which would have jeopardized his license to practice law. Plaintiff's offer of settlement was so out of proportion to the facts and evidence in this case that it cannot fairly be characterized as a good faith offer of settlement. Ex. A, ¶ 18.

60. In any event, the few emails over a course of months that constituted these "settlement talks" did not prevent moving forward with discovery or other aspects of the case and they should not have presented a reason for delay in filing a motion to disqualify.

61. Although Plaintiff offers explanations for her delay in filing this Motion, she does not and cannot explain the timing of filing her Motion one day after Mr. Leckrone requested leave to amend and add counterclaims against her. The timing of this Motion points to it being a tactical move intended to prejudice Mr. Leckrone. "[D]isqualification motions may be used as 'procedural weapons' to advance purely tactical purposes." *Am. Airlines,* 972 F.2d at 611.

62. "A motion to disqualify should be made with reasonable promptness after a party discovers the facts which lead to the motion." *Pendergest-Holt v. Certain Underwriters at Lloyd's of London*, No. 4:09-cv-3712, 2010 WL 11661414, at *14–15 (S.D. Tex. July 30, 2010) (citations omitted). Plaintiff has been aware of Ms. Revere's relationship with L&M for over 5 years. Dkt. 22-1, p. 1, ¶ 2. She has been aware of Ms. Revere's testimony in her litigation with her brother since March 31, 2026 –six months before Plaintiff filed the Motion to Disqualify. Dkt. 22-2, p. 1. The Southern District has held that Texas "case law has directed that a 'four month' wait to file a motion to disqualify is 'permissible,' five months is a 'gray area,' and six months is 'impermissible.'" *Grant Prideco, Inc. v. Schlumberger Tech. Corp*., No. 4:23-cv-00730, Dkt. 371, p. 5 (S.D. Tex. Sept. 29, 2025).

63. Ms. Revere has done substantial work on this matter, including investigating Mr. Leckrone's defenses, preparing necessary filings, participating in the discovery process, investigating Mr. Leckrone's counterclaims, seeking leave to file said claims, strategic development of the case, and preparation for depositions. Ex. A, ¶ 15.

64. "A litigant may not delay filing a motion to disqualify in order to use the motion later as a tool to deprive his opponent of counsel of his choice after substantial preparation of the case has been completed." *Pendergest-Holt*, 2010 WL 11661414, at *15. The passage of so many months reinforces the need to require a concrete showing of necessity and prejudice before disrupting Defendant's representation.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Daniel McNary Leckrone respectfully requests that the Court deny Plaintiff's *Motion to Disqualify Elizabeth Revere and Elizabeth Revere, PLLC as Counsel for Defendant and for Protective Relief* in its entirety, decline to disqualify Defendant's counsel or screen Marlene Campbell from participation in this matter, impose a protective order related to discovery if the Court sees fit, and grant Defendant such other and further relief, both general and special, at law or in equity, to which he may show himself justly entitled.

Dated: October 21, 2026.

Respectfully submitted,

By: /s/ *Elizabeth Revere*

ELIZABETH REVERE
State Bar No. 00791513
S.D. Texas Bar No. 18329
**ELIZABETH REVERE, PLLC**
804 Sabine Street
Houston, Texas 77007
Tel: (281) 924-8845
Fax: (832) 201-0584
*service@bethrevere.com*
**ATTORNEY FOR DEFENDANT**
**DANIEL MCNARY LECKRONE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, pursuant to the District's ECF service rules on **October 21, 2026,** ***via electronic filing system***.

/s/ *Elizabeth Revere*
Elizabeth Revere