# UNSWORN DECLARATION OF ELIZABETH REVERE

**THE STATE OF TEXAS** §
§
**COUNTY OF HARRIS** §

Pursuant to 28 U.S.C. § 1746, I, **Elizabeth Revere**, state as follows:

1. "My name is **Elizabeth Revere**. I am over the age of eighteen (18), of sound mind, and competent to make this declaration. The statements herein are based on my personal knowledge and are true and correct.

2. "I have been licensed to practice law for 35 years. I am licensed in both the State of Texas and the State of Louisiana and am currently admitted before several federal district courts.

3. "I am not a fact witness in this matter. I had no knowledge of the calls between Mr. Leckrone and Mr. Hepford before this case was filed. I was not aware of Mr. Leckrone's statements before this case was filed. I was not aware of the source of Mr. Leckrone's information before this case was filed.

4. "I listed myself on Defendant's certificate of interested parties to disclose any potential for an award of attorney fees.

5. "Plaintiff's Motion contains numerous allegations of misconduct on my part, and I deny that any of them are true. It is my evaluation that the unfounded allegations are not relevant to the matters before this Court, therefore, I have chosen not to address them out of respect for judicial resources. However, I am willing to provide additional testimony as to any issue raised that the Court wishes.

6. "The basis of Mr. Leckrone's truth defense is that Lloyd & Mousilli ("**L&M**") had filed a lawsuit against Ms. Mousilli in Harris County, Texas claiming, among other things, that she had taken money from L&M. It is entirely unrelated to Lema Mousilli's status in or relationship to L&M.

7. "My involvement in the litigation between Ms. Mousilli and her brother in Harris County was having been subpoenaed as a witness.

8. "In evaluating discovery requests for this matter, I have been diligent in determining whether there might be any relevance to Plaintiff's various discovery requests before objecting to them. To that end, I have discussed the issues in this matter versus the Harris County case and shared the MOU0003-4 documents with counsel, Maureen Farrell. That was done with client consent. I did not ask that Ms. Farrell produce the documents MOU0003 and MOU0004, was not consulted about production of the documents in the state case and I did not learn of it until I read this Motion.

**EXHIBIT A**

9. "I am listed "of counsel" with Farrell Legal Group. In that capacity, I have assisted Ms. Farrell with trial preparation, at trial, and covered depositions for her. I have not been compensated for prior work and have no financial interest in Farrell Legal Group.

10. "Ms. Farrell and I are independent practitioners with no fee sharing and no shared clients in this matter. We collaborate occasionally. After reading ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 90-357 (1990), it may be that the listing "Of Counsel" overstates the relationship.

11. "I currently represent the Farrell Legal Group in Harris County Court at Law related to a dispute with Ms. Farrell's former partner. Mr. Leckrone is aware of that representation and agrees to my continued representation of him.

12. "Plaintiff's initial disclosures were insufficient under Rule 26 requiring that I send a deficiency email requesting that she list actual names for people with knowledge of relevant facts, provide a description of relevant documents, and a computation of damages on May 17, 2026. Three weeks later, Ms. Mousilli supplemented her disclosures and added me and my paralegal, Marlene Campbell, to the list of persons with knowledge of relevant facts, an act which I took to be retaliatory and harassing, but not worthy of response. I had already discussed with Ms. Campbell whether she had knowledge of the facts of this case prior to learning of it having been filed. She did not.

13. "I sent a proposed protective order based on the Court's suggested template to Plaintiff on September 18, 2026. **Exhibit 1**, Email with Protective Order attachment. Plaintiff has neither responded to nor acknowledged either my email or the draft protective order.

14. "Plaintiff did not confer with me before filing her requests for protective orders.

15. "I have done substantial work on this matter, including investigating Mr. Leckrone's defenses, preparing necessary filings, participating in the discovery process, investigating Mr. Leckrone's counterclaims, seeking leave to file said claims, strategic development of the case, and preparation for depositions.

16. "As a party to the partnership litigation, Plaintiff was a witness to my testimony on the date it happened, March 31, 2026.

17. "While it is true that Mr. Kelley and I attempted to discuss settlement from the early days of this case, Mr. Kelley was unable to confirm that Plaintiff would accept even a public apology. Our talks consisted of a few emails and calls.

18. "Further, when Plaintiff herself sent a settlement proposal, it was so unreasonable that it included a requirement that Mr. Leckrone admit in a public filing that the settlement was the result of his willful and malicious injury of plaintiff. As she is also an attorney, Plaintiff understands – and likely intended that - signing and complying with the agreement would have jeopardized Mr. Leckrone's license to practice law.

19. "I previously worked at L&M as a contract attorney. I elected to cease working with Ms. Mousilli on her cases sometime in 2023. I don't recall exactly when that was, but it was agreed with firm management that I would no longer work with her and handle other matters for the firm. When I ultimately stopped working with L&M it was because of a fee dispute.

20. "I declare under penalty of perjury that the foregoing is true and correct."

**Executed on the 20th day of October 2026.**

______________________________
**Elizabeth Revere**

Gmail

**Mimi Campbell <mimi@bethrevere.com>**

# Mousilli v. Leckrone, Defendant Response to Discovery Deficiency

1 message

**Mimi Campbell** <mimi@bethrevere.com> Fri, Sep 18, 2026 at 4:36 PM
To: Lloyd Kelley <kelley@lloydekelley.com>
Cc: Kimberly Ayres <kimberly@lloydekelley.com>, Beth Revere <beth@bethrevere.com>, lema@mousillilaw.com, service@mousillilaw.com

Counsel,

Please see Defendant's Response to Discovery Deficiency attached.

Thank you,
Mimi Campbell, Paralegal
Elizabeth Revere, PLLC
Attorney, Mediator, SHRM- SCP
www.BethRevere.com
www.MediationMosaic.com
804 Sabine Street
Houston, Texas 77007
tel 281-924-8845
fax 832-201-0584
direct 903-244-9600

*Confidentiality Notice* - This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. It may also be privileged or otherwise protected by work product immunity or other legal rules. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. Thank you for your time and consideration.

**2 attachments**

**2026.09.18 Agreed Stipulated Confidentiality Order.docx**
31K

**2026.09.18 Def Response to Discovery Deficiency.pdf**
281K

EXHIBIT
1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LEMA MOUSILLI,** *Plaintiff,* | § § § | |
| **v.** | § § | **CIVIL CASE NO. 4:25-cv-05642** |
| **DANIEL MCNARY "MAC" LECKRONE,** *Defendants.* | § § § § | |

**AGREED STIPULATED CONFIDENTIALITY ORDER**

WHEREAS, it is anticipated that the parties to this lawsuit will be producing documents and supplying information, which a party may regard as proprietary or otherwise confidential, during the discovery phase of this action;

WHEREAS, it is also anticipated that court filings in this matter will include references to documents or information that a party may regard as proprietary or otherwise confidential;

WHEREAS, it is further anticipated that deposition testimony in this matter will include references to documents or information that a party may regard as proprietary or otherwise confidential;

WHEREAS, the parties to this action desire to protect the confidentiality of any such proprietary or otherwise confidential documents or testimony furnished in the course of this action;

IT IS HEREBY stipulated and made an Order of the Court that—until this Stipulated Confidentiality Order is amended or superseded—all parties and their agents, including their employees and counsel, who are provided with Confidential Information (as defined below) shall follow the procedures set forth below with respect to certain documents, information, or testimony provided or exchanged in this action.

**A. Scope**

1. This Order shall govern all documents and information produced by any party to this action, whether produced informally or pursuant to a formal discovery request, and shall also include all documents or information revealed during a deposition, in any interrogatory answer, or otherwise disclosed via discovery.

2. Nothing in this Order precludes any party from seeking relief from the Court with regard to the production of documents or information.

3. This Order does not alter any confidentiality obligations that a party may have at law or under another agreement.

4. Nothing in this Order shall be construed as an agreement or acknowledgment by the non-producing party that any document, testimony, or other information designated as "Confidential" or "Confidential—Attorneys' Eyes Only" (as those phrases are defined below) constitutes a trade secret or is in fact confidential.

**B. Confidential Information**

1. Materials that contain sensitive information may be designated as "Confidential" or as "Confidential—Attorneys' Eyes Only." The producing party will make such a designation only for those documents or discovery responses that are in good faith believed to contain or constitute valuable confidential, proprietary, trade secret, or otherwise sensitive information as well as privileged client information or communications with or related to individuals or entities not parties to this case. Confidential Information also includes sensitive personal information. Materials so designated are referred to herein as "Confidential Information."

2. Documents shall be designated as Confidential Information by marking or stamping each page of any such document as "Confidential" or "Confidential—Attorneys' Eyes Only," or

otherwise identifying such documents by Bates production numbers or other unequivocal identifier in writing to each party receiving the Confidential Information. In lieu of marking the originals of documents, any party may mark the copies of such documents that are produced or exchanged.

3. With respect to deposition testimony that constitutes or references Confidential Information, confidential portions of the transcript may be designated as such on the record at the time the testimony is given, and additional portions of the testimony may be designated as "Confidential" or "Confidential—Attorneys' Eyes Only" within ten (10) days of receipt of the transcript. Until the ten-day period has expired, the entire transcript shall be treated as Confidential Information if any portions had been so designated on the record. Additionally, in any deposition in which documents designated as containing Confidential Information are marked as exhibits, shown to the deponent, or otherwise employed, those documents shall be considered confidential and subject to the provisions of this Order.

**C. Treatment of Confidential Information**

1. Except as otherwise provided in this Order or subsequent court rulings, documents designated as "Confidential" shall not be disclosed or shown to anyone other than:

(a) The parties, their employees, and their agents to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(b) Outside counsel for the parties, their employees, and their agents to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(c) In-house counsel for the parties, their employees, and their agents to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(d) Persons employed by any party or by counsel solely for the purpose of assisting in the preparation of this action for trial, including but not limited to experts, their staff, and support personnel to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation;

(e) The Court or persons employed by the Court, including the jury;

(f) Duly qualified court reporters and videographers participating in these proceedings;

(g) Persons who were the authors or recipients of the documents in the ordinary course of business;

(h) Witnesses in preparation for or in the course of depositions or the trial of this matter; and

(i) Persons who, in addition to those identified above, are permitted access by either order of the Court or stipulation.

2. In the event that documents or testimony are designated as "Confidential—Attorneys' Eyes Only," such information shall not be disclosed or shown to anyone other than the persons described in paragraph C.1(b), C.1(d), C.1(e), C.1(f), C.1(g), and C.1(i).

3. Confidential Information shall be used by the receiving party solely for the prosecution or defense of this litigation and only as provided in this Stipulated Confidentiality Order. Confidential Information shall not be used or employed for any other action, proceeding, or purpose whatsoever.

4. Before disclosing Confidential Information to any third party pursuant to this Order, the disclosing party must provide prior written notice to the producing party or any other

party designating the information as Confidential Information. Such disclosure shall not be made until (1) such party consents to the disclosure; or (2) the court resolves any objections to the disclosure, whichever is earlier. Any objections to such disclosure shall be made in writing to the court within ten (10) business days of receipt of the notice.

5. Notwithstanding anything to the contrary in the foregoing paragraphs, any party may use without restriction:

(a) its own documents or information; and

(b) documents or information developed or obtained by a receiving party independently of discovery in this action.

6. Each person given access to designated Confidential Information shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulated Confidentiality Order. To the extent such person is neither a party nor employed by a party, such person shall sign an agreement to be bound to this Order before any Confidential Information is disclosed.

7. No Confidential Information shall be filed with the Court or used in a hearing unless the party seeking to file or use the Confidential Information has provided, at least five (5) business days before the filing or hearing, written notice to all parties and any person designating the information as Confidential Information. This pre-filing notice shall identify the specific information that the party intends to file or use. Any objections to such filing or use shall be made in writing to the Court within the five-day period with a request for an expedited hearing. If objections are lodged, the Confidential Information must not be filed or used until further instruction from the Court, unless the information is filed pursuant to the Court's procedures for filing documents under seal.

8. The inadvertent or unintentional disclosure of Confidential Information, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter if, within ten (10) days of discovering the inadvertent failure to designate the material as confidential, the person or entity that provided the Confidential Information identifies the material produced and amends the designation.

9. Within thirty (30) days of the settlement or final adjudication, including appeals, of the action in which the documents have been produced, all Confidential Information supplied by the parties and non-parties and all copies thereof shall, upon request, be certified to have been destroyed or deleted. However, it is understood that each party may retain a complete file of all litigation documents filed with the Court in these actions and that work product in the possession or control of counsel for any party that reflects or includes information derived from documents or testimony designated as confidential will not be destroyed or deleted.

10. Any dispute concerning the application of this Stipulated Confidentiality Order shall be heard by the Court upon motion by the objecting party. Any violation of this Stipulated Confidentiality Order may result in sanctions and costs.

Stipulated to and Agreed to by:

| | |
|---|---|
| ____________________________ | ________________________________ |
| Date | Lloyd E. Kelley, Counsel for Plaintiff |
| ____________________________ | ________________________________ |
| Date | Elizabeth Revere, Counsel for Defendant |

It is so ORDERED.

| | |
|---|---|
| ____________________________ | ________________________________ |
| Date | The Honorable Alfred H. Bennett<br>United States District Judge |