**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,**<br>***Plaintiff,***<br><br>**v.**<br><br>**DANIEL MCNARY "MAC" LECKRONE,**<br>***Defendant.*** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL CASE NO. 4:25-cv-05642**<br>**JURY DEMANDED** |

**DEFENDANT DANIEL MCNARY LECKRONE'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER AND COUNTERCLAIMS**

**COMES NOW, DEFENDANT DANIEL MCNARY LECKRONE,** in the above-entitled and numbered cause and files this Reply in Support of his *Motion for Leave to File Second Amended Answer and Counterclaims* (Dkt. 21), responding to Plaintiff's Response (Dkt. 28), and in support thereof would respectfully show unto the Court as follows:

## I. SUMMARY OF REPLY

1. The counterclaims arise from the same November 26, 2024 calls on which Plaintiff sues; she concedes they would "try Plaintiff's case a second time with the parties reversed." Dkt. 28 ¶ 38. Every reason Plaintiff gives why Leckrone's counterclaims are futile applies equally to her own identical claims, and the rest rely on discovery responses the Court cannot consider on a futility review. (Plaintiff's ¶ 18 is addressed in Leckrone's response to Dkt. 26.)

## II. LECKRONE HAS SHOWN GOOD CAUSE UNDER RULE 16(b)(4)

### A. The counterclaims did not exist until Plaintiff produced the texts

2. Leckrone served discovery on July 24, 2026, before the July 31 pleading deadline; Plaintiff produced the texts on August 25. Dkt. 28 ¶ 15. Under the discovery rule, the claims accrued then.

§ III.B, *infra*. Plaintiff says Leckrone "was then told where to look," but her Complaint says nothing about any communication from Plaintiff to the client and misdates the calls "on or about December 1, 2024." Dkt. 28 ¶ 20; Dkt. 1 ¶¶ 14, 19–21. Her disclosures do not list the texts among the documents she may use. Dkt. 28-6 at 8–12. Her response is the first time she has said she was texting the client during the time frame of the calls. Dkt. 28 ¶ 12 & n.1. Plaintiff faults Leckrone because he "never asked" what was said, but that assumes he knew there was something to ask about. Dkt. 28 ¶ 2. Unlike the movants in *Squyres v. Heico Cos.*, 782 F.3d 224, 238 (5th Cir. 2015), and *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999), Leckrone could not have pleaded facts held only by his opponent. He sent his statutory demand within eight days, Tex. Civ. Prac. & Rem. Code § 73.055(c) and moved to amend within thirty-five.

3. Plaintiff falsely asserts that Leckrone "did not respond to a request to waive service." Dkt. 28 ¶ 20. He did. On February 3, 2026, he emailed Plaintiff's counsel, with the attorney-in-charge copied, that he waived service, and attached the signed waiver form. **Exhibit 1**, Email and Waiver. That was seventeen days before the Court granted substituted service. Dkt. 9. Plaintiff chose not to notify the Court that she already had a signed waiver of service, either before or after the order issued. Dkt. 9.

**B. The amendment is important, and Plaintiff will not be prejudiced**

4. Plaintiff makes Leckrone's pursuit of the Planay engagement the centerpiece of her motive theory, Dkt. 28 § II.C, ¶¶ 9, 13; she cannot also call its loss unimportant. Section 16.069 is a savings clause for otherwise-barred counterclaims; it does not shorten the period for a timely one. Dkt. 28 ¶ 22; Tex. Civ. Prac. & Rem. Code § 16.069(a). Every subject of "new" discovery she lists is already in her case: Planay's revenue and Well Cell dealings (her own RFP Nos. 31–36, Dkt. 28-2), Mr. Hepford's reasons (her motive theory, Dkt. 28 ¶¶ 7, 9, 13), and emotional distress (her IIED and mental-anguish claims, Dkt. 1 ¶¶ 39–42; Dkt. 28-6 at 13–14). Plaintiff did not designate

a damages expert for her claims. Dkt. 17. A short extension, if needed, would cure any prejudice. Dkt. 21 ¶ 26.

## III. THE COUNTERCLAIMS ARE NOT FUTILE

### A. Futility review is limited to the proposed pleading

5. Plaintiff agrees futility is measured under Rule 12(b)(6). Dkt. 28 ¶ 17. Under that standard, "a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Plaintiff's futility arguments instead rest on Leckrone's RFA answers, RFP objections, expert designation, and emails. Dkt. 28 ¶¶ 30, 32, 34; Dkt. 28-2; Dkt. 28-7; Dkt. 28-4. Her arguments are summary-judgment arguments, at best.

### B. Limitations does not appear on the face of the pleading

6. Dismissal on limitations is proper only if the bar is evident from the pleadings and "the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Leckrone pleads the discovery rule and its facts. Dkt. 21-1 ¶¶ 88, 91. Plaintiff cites *Newsom* at 736 repeatedly but omits its rule: "The discovery rule applies to a defamation claim if the matter is not public knowledge." *Newsom v. Brod*, 89 S.W.3d 732, 736 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *accord Kelley v. Rinkle*, 532 S.W.2d 947, 949 (Tex. 1976). Her own test asks whether "the type of injury alleged is the kind that could ordinarily be discovered through the exercise of reasonable diligence." *Quiroz v. Hernandez*, 167 F.4th 254, 262 (5th Cir. 2026). A private communication to a third party, never published to Leckrone or the public, is that type. And *Steel* applied the rule: "Discovery of a malignant brain tumor does not equate to discovery of an actionable injury." *Steel v. Rhone Poulenc, Inc.*, 962 S.W.2d 613, 619 (Tex. App.—Houston [1st Dist.] 1997), *aff'd*, 997 S.W.2d 217, 224 (Tex. 1999). Knowing Mr. Hepford did not sign is

knowing of a loss, not of Plaintiff's publication. At most, when Leckrone should have discovered the texts is a fact question.

**C. Plaintiff's other arguments apply equally to her own identical claims**

7. The counterclaims track Plaintiff's four counts; each objection is a merits question common to both sides:

**(a)** *IIED.* Her IIED count rests on the same statements and seeks the same "humiliation, anxiety, and mental anguish" as her defamation count. Dkt. 1 ¶¶ 26, 40. If Leckrone's gravamen "is really another tort," *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004), so is hers.

**(b)** *Special damages.* She pleads only "potential loss of clients" and discloses that she "has not identified specific business or revenue lost" Dkt. 1 ¶ 27; Dkt. 28-6 at 14. Leckrone pleads a specific lost engagement. Dkt. 21-1 ¶¶ 102, 112.

**(c)** *Interference and causation.* She too pleads her interference was "independently tortious" because of the statements and her own causation allegations rest on an "apparent effort" and "apparent motive," Dkt. 1 ¶¶ 15, 24, 28, 37. Information-and-belief pleading is proper for facts, like Mr. Hepford's reasons, "peculiarly within the defendant's possession." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018).

**D. The statements are actionable as pleaded**

8. Plaintiff concedes that calling someone "a liar" can imply verifiable facts, and admits her texts "deny, point by point, the accusations in the petition," so whether Leckrone was "lying" is verifiable against the petition Dkt. 28 ¶¶ 38, 12. And meaning turns on "the entirety of a publication," *Bentley v. Bunton*, 94 S.W.3d 561, 579 (Tex. 2002), not two screenshots of an unproduced thread (Dkt. 28-3). *Moore v. Waldrop* was a summary judgment on a lone "crook,"

affirmed because the plaintiff "did not plead a cause of action for slander *per quod* or special damages." 166 S.W.3d 380, 387 (Tex. App.—Waco 2005, no pet.). Leckrone pleads both. And *Whitelock* said only that name-calling "may not have been" verifiable, while letting the claim proceed on verifiable statements like "He's lying." 661 S.W.3d at 599–600.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Daniel McNary Leckrone asks the Court to grant his Motion for Leave to Amend and accept his Second Amended Answer and Counterclaims for filing, and for such other and further relief, both general and special, at law or in equity, to which he may show himself justly entitled.

Dated: October 25, 2026.

Respectfully submitted,

By: /s/ *Elizabeth Revere*
ELIZABETH REVERE
State Bar No. 00791513
S.D. Texas Bar No. 18329
**ELIZABETH REVERE, PLLC**
804 Sabine Street
Houston, Texas 77007
Tel: (281) 924-8845
Fax: (832) 201-0584
*service@bethrevere.com*
**ATTORNEY FOR DEFENDANT**
**DANIEL MCNARY LECKRONE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, pursuant to the District's ECF service rules on **October 25, 2026,** ***via electronic filing system***.

/s/ *Elizabeth Revere*
Elizabeth Revere