**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,** *Plaintiff,* | § | |
| **v.** | § | **CIVIL CASE NO. 4:25-cv-05642** |
| **DANIEL MCNARY "MAC" LECKRONE,** *Defendant.* | § | **JURY DEMANDED** |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER AND COUNTERCLAIMS**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, PLAINTIFF, LEMA MOUSILLI**, by and through her undersigned counsel, and files this *Motion for Leave to File Sur-Reply*, and respectfully shows the Court as follows:

1. Defendant moved for leave to file a second amended answer and counterclaims (Dkt. 21). Plaintiff responded (Dkt. 28), and Defendant replied (Dkt. 30). The Court's procedures provide that sur-replies are rarely considered and that a party who believes one is necessary must seek leave. Court Procedures and Practices § B.5(f).

2. A short sur-reply is warranted because Defendant's Reply raises an argument for the first time and mischaracterizes both the authority and the pleading on which it relies. First, the Reply mischaracterizes *Whitelock v. Stewart*, 661 S.W.3d 583 (Tex. App.—El Paso 2023, pet. denied). It tells the Court that *Whitelock*, while treating name-calling as opinion, allowed the claim to proceed "on verifiable statements like 'He's lying.'" (Dkt. 30 ¶ 8.) *Whitelock* involved no such

statement. It treated the statement that the plaintiffs were "nothing but liars and a bunch of frauds" as opinion that "may not have been objectively verifiable," and the statements it found verifiable were specific factual accusations of animal neglect, criminal charges, and fraud. 661 S.W.3d at 599–600. Nothing in *Whitelock* holds that an accusation of lying is verifiable. Second, the Reply argues for the first time that, under *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000), the Court may not consider Defendant's own discovery responses. (Dkt. 30 ¶ 5.) *Collins* addresses only whether a pleading states a claim. It does not limit the record on which the Court decides whether Defendant has shown good cause under Rule 16(b)(4), the threshold question on which those responses bear directly. Third, the Reply represents that, unlike the plaintiff in *Moore v. Waldrop*, Defendant pleads both a per quod cause of action and special damages. (Dkt. 30 ¶ 8.) He does not. His defamation count pleads defamation per se and presumed damages (Dkt. 21-1 ¶¶ 99, 104), and the only allegation of special damages appears in his business disparagement count (*id.* ¶ 113). Plaintiff has had no opportunity to respond to these points, each of which bears directly on the questions before the Court.

3. The proposed Sur-Reply, attached as Exhibit A, is limited to those points and to a brief request for conditions in the event leave is granted, which responds to the Reply's statement that a short extension would cure any prejudice. (Dkt. 30 ¶ 4.) It does not exceed the five pages the Court's procedures allow for a reply, and it will not delay the Court's consideration of the Motion.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Lema Mousilli respectfully requests that the Court grant her leave to file the Sur-Reply attached as Exhibit A, direct the

Clerk to file it, and grant Plaintiff such other and further relief to which she may show herself justly entitled.

DATE: October 26, 2026

Respectfully submitted,

*/s/ Lloyd E. Kelley*
LLOYD E. KELLEY
Attorney-in-charge
Texas State Bar No. 11203180
SDTX Federal ID No. 13497
**THE KELLEY LAW FIRM**
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973
*kelley@lloydekelley.com*

**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**

Lema Mousilli
Texas State Bar No. 24056016
SDTX Federal ID No. 1358290
**MOUSILLI LAW, PLLC**
11807 Westheimer Road
Suite 550, PMB 624
Houston, TX 77077
Tel: (281) 305-9313
*lema@mousillilaw.com*
*service@mousillilaw.com*

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

I certify that on October 25 and 26, 2026, Plaintiff's counsel, Lema Mousilli, conferred by email with Defendant's counsel, Elizabeth Revere, regarding the relief requested in this motion. On October 26, 2026, Ms. Revere stated that Defendant opposes the motion.

/s/ Lema Mousilli
Lema Mousilli

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2026, a true and correct copy of the foregoing document was served on all counsel of record through the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure and this District's electronic filing rules.

/s/ Lema Mousilli
Lema Mousilli