**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,**<br>*Plaintiff,*<br><br>**v.**<br><br>**DANIEL MCNARY "MAC" LECKRONE,**<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL CASE NO. 4:25-cv-05642**<br><br>**JURY DEMANDED** |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER AND COUNTERCLAIMS**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, PLAINTIFF, LEMA MOUSILLI**, and files this Sur-Reply, limited to points raised in Defendant's Reply (Dkt. 30).

**A. *Collins* Governs Futility, Not Good Cause.**

1. Defendant argues for the first time that the Court may not consider his discovery responses because futility review is confined to "the contents of the pleadings, including attachments thereto." (Dkt. 30 ¶ 5 (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).) *Collins* addresses futility only. The threshold question is good cause under Rule 16(b)(4): whether the movant has shown "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Filgueira v. US Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (per curiam)). *Squyres* decided that question on the record. *Id.* at 237–38. Defendant's discovery responses therefore bear directly on good cause, importance, and prejudice. (Dkt. 28-1; Dkt. 28-2.) Plaintiff's futility arguments, in turn, rest on Defendant's own allegations and on the text

messages on which his counterclaims are based. (Dkt. 28 ¶¶ 33–39; Dkt. 21-1 ¶¶ 88–89; *see Collins*, 224 F.3d at 498–99.)

**B. *Squyres* Supports Denial.**

2. Defendant distinguishes *Squyres* on the ground that he "could not have pleaded facts held only by his opponent." (Dkt. 30 ¶ 2.) The movant in *Squyres* made the same argument: that he lacked a basis for his new claim until he obtained it in discovery. The Fifth Circuit rejected it because he had earlier reason to suspect the claim and his delay in obtaining the discovery was self-imposed. 782 F.3d at 238. The court relied on authority affirming denial of leave where the movants "had been aware of the factual underpinnings of the [new] fraud claim for some time, and . . . they had not been diligent in pursuing the claim." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 644 (5th Cir. 2007)). Defendant took part in the calls, knew Plaintiff was the client's lawyer, received Plaintiff's demand letter in November 2025, and was served with a Complaint describing the conversation, yet served no discovery until July 24, 2026. (Dkt. 28-1, Resp. to RFA No. 43; Dkt. 21-1 ¶ 29; Dkt. 1 ¶ 14; Dkt. 28 ¶ 15.) His delay, like the movant's in *Squyres*, was self-imposed.

**C. Two Mischaracterizations in the Reply.**

3. First, Defendant states that *Whitelock*, while treating name-calling as opinion, was "letting the claim proceed on verifiable statements like 'He's lying.'" (Dkt. 30 ¶ 8.) *Whitelock* involved no such statement. It treated the statement that the plaintiffs were "nothing but liars and a bunch of frauds" as opinion that "may not have been objectively verifiable," and the statements it found verifiable were specific accusations that the plaintiffs had starved horses, faced animal cruelty charges, and committed fraud. Nothing in *Whitelock* holds that an accusation of lying is verifiable. *Whitelock v. Stewart*, 661 S.W.3d 583, 599–600 (Tex. App.—El Paso 2023, pet.

denied). Second, Defendant states that, unlike the plaintiff in *Moore*, who "did not plead a cause of action for slander per quod or special damages," he "pleads both." (Dkt. 30 ¶ 8.) He does not; no per quod claim appears in his proposed pleading. His defamation count pleads defamation per se and presumed damages (Dkt. 21-1 ¶¶ 99, 104); his only reference to special damages is in his business disparagement count (*id.* ¶ 113).

**D. Conditions if Leave Is Granted.**

4. Defendant states that "[a] short extension, if needed, would cure any prejudice." (Dkt. 30 ¶ 4.) If the Court grants leave in any part, Plaintiff requests that the Court (a) allow her twenty-one days after the amended pleading is filed to answer or move under Rule 12; (b) extend the discovery deadline by sixty days solely for discovery concerning the permitted counterclaims, with a corresponding extension of the dispositive-motion deadline as to those counterclaims only; and (c) preclude expert testimony in support of any counterclaim absent leave of Court on a showing of good cause.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Lema Mousilli respectfully requests that the Court deny Defendant's Motion for Leave to File Second Amended Answer and Counterclaims (Dkt. 21); in the alternative, should the Court grant leave in any part, impose the conditions set out in Part D; and grant Plaintiff such other and further relief to which she may show herself justly entitled.

DATE: October 26, 2026

Respectfully submitted,

*/s/ Lloyd E. Kelley*
LLOYD E. KELLEY
Attorney-in-charge
Texas State Bar No. 11203180

SDTX Federal ID No. 13497
**THE KELLEY LAW FIRM**
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973
*kelley@lloydekelley.com*

**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**

Lema Mousilli
Texas State Bar No. 24056016
SDTX Federal ID No. 1358290
**MOUSILLI LAW, PLLC**
11807 Westheimer Road
Suite 550, PMB 624
Houston, TX 77077
Tel: (281) 305-9313
*lema@mousillilaw.com*
*service@mousillilaw.com*

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2026, a true and correct copy of the foregoing document was served on all counsel of record through the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure and this District's electronic filing rules.

/s/ Lema Mousilli
Lema Mousilli