**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,** *Plaintiff,* | § § § | |
| **v.** | § § | **CIVIL CASE NO. 4:25-cv-05642** |
| **DANIEL MCNARY "MAC" LECKRONE,** *Defendant.* | § § § | **JURY DEMANDED** |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO DISQUALIFY ELIZABETH REVERE AND ELIZABETH REVERE, PLLC AS COUNSEL FOR DEFENDANT AND FOR PROTECTIVE RELIEF**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, PLAINTIFF, LEMA MOUSILLI,** and files this *Reply in Support of Her Motion to Disqualify* (Dkt. 22) and respectfully shows the Court as follows:

## I. DEFENDANT'S RESTATED TRUTH DEFENSE MAKES MS. REVERE NECESSARY

1. Defendant now swears that his truth defense is that his statements were "speaking of and based on the allegations L&M asserted against Lema Mousilli in that litigation." (Dkt. 29-2 ¶ 8.) The petition Feras Mousilli filed in the name of Lloyd & Mousilli, PLLC ("**L&M**") rests those allegations on a premise: that Plaintiff worked under an "Independent Contractor Agreement" and that Feras Mousilli was the "sole owner and Managing Partner of Lloyd & Mousilli." (LECK-018 ¶¶ 11–12; *see* LECK-019 ¶¶ 18–22.) Defendant's answer affirmatively denies that Plaintiff and Feras Mousilli were partners. (Dkt. 10 ¶ 7.) The assurance of Defendant's counsel, Elizabeth Revere ("**Ms. Revere**"), that the defense is "entirely unrelated" to Plaintiff's status (Dkt. 29-1 ¶ 6) cannot be squared with either document.

2. The movant must show that counsel's testimony is necessary and goes to an essential element of the non-movant's case. *Pendergest-Holt v. Certain Underwriters at Lloyd's of London*,

No. H-09-3712, 2010 U.S. Dist. LEXIS 155196, at *21 n.34 (S.D. Tex. July 30, 2010). The contractor premise is that element. The only evidence of a supposed admission of it by Plaintiff is Ms. Revere's account of a two-person telephone call, given by affidavit and at trial for Feras Mousilli. (Dkt. 22, Ex. B at 10:3–11, 51:14–52:1; Ex. G.) No other witness can be examined about what she says she heard.

3. Ms. Revere is not a bystander to that premise. She swears that her involvement in the Partnership Litigation (Dkt. 22 ¶ 9) "was having been subpoenaed as a witness." (Dkt. 29-1 ¶ 7.) Her testimony clearly says otherwise. Testifying for Feras Mousilli under examination by Maureen Farrell ("**Ms. Farrell**") (Dkt. 22 ¶ 9), she agreed that she had been at L&M "working directly for Feras the whole time this lawsuit has been going on" and that she "took over the litigation side of it." (Ex. B at 20:4–10.) Ms. Farrell filed Ms. Revere's sworn affidavit in that case thirteen months before trial. (Ex. G.) Ms. Revere is listed "of counsel" with Ms. Farrell's firm, "assisted Ms. Farrell with trial preparation, at trial," and shared Plaintiff's production with her here. (Dkt. 29-1 ¶¶ 8–9.) She is the sworn proponent of the premise on which Defendant's defense rests, and her own declaration cannot give a consistent account of her role in establishing it.

4. Defendant's statement that he will not call her (Dkt. 29-2 ¶ 3) does not change who holds that evidence. Defendant cannot disclaim the premise to keep his counsel and rely on it to prove truth. If the Court is inclined to deny disqualification on Defendant's sworn representations, any denial should be conditioned on them: Defendant will not call Ms. Revere and will offer no evidence or argument that Plaintiff was not a partner of L&M or was its independent contractor. Any denial should also be without prejudice to renewal before trial under Rule 3.08(c), which bars a lawyer-witness from an active role before the tribunal.

## II. THE MOTION IS TIMELY

5. Defendant's own authority measures timeliness from when the movant "discovers the facts which lead to the motion." *Pendergest-Holt*, 2010 U.S. Dist. LEXIS 155196, at *14–15. Those facts surfaced in September 2026: counsel's demands that Ms. Campbell be copied on all correspondence (September 15) and attend discovery conferences (September 24), the appearance of Plaintiff's production in Feras Mousilli's production (September 28), and Plaintiff's discovery of the Farrell Legal Group affiliation (September 29). (Dkt. 22 ¶ 32.) The motion followed on September 30, 2026. Those events, not Defendant's motion for leave, set the timing. Each federal waiver decision *Pendergest-Holt* collects involved a delay of a year or more, a motion on the eve of trial, or both, while courts found no waiver where a motion came about six months after notice at an early stage. 2010 U.S. Dist. LEXIS 155196, at *15–17. *Pendergest-Holt* itself involved fourteen months of delay and a motion seven weeks before trial. *Id.* at *22–23. Here, discovery is open until January 15, 2027 and trial is set for June 28, 2027. (Dkt. 15 ¶¶ 3, 7.) Nor was Ms. Revere's designation gamesmanship: Plaintiff supplemented three weeks after Ms. Revere asked her to "list actual names for people with knowledge of relevant facts." (Dkt. 29-1 ¶ 12.)

## III. MARLENE "MIMI" CAMPBELL

6. Marlene Campbell, who also goes by "Mimi" and signs her correspondence in this case as "Mimi Campbell" (Dkt. 29-1 at 4), is a disclosed fact witness whom Ms. Revere has placed on Defendant's litigation team. Ms. Revere copies her on the correspondence she sends to Plaintiff and Mr. Kelley, has demanded that she be copied on all correspondence, and insists that she attend the parties' meet-and-confer calls over Plaintiff's objection. (Dkt. 22, Ex. A ¶¶ 14–15.) Ms. Campbell herself sends Plaintiff Defendant's discovery papers and other correspondence (Dkt. 29-1 at 4) and coordinates with the Court's case manager on Defendant's behalf. Her declaration does

not deny that, after she stopped working with Plaintiff in early 2024, she was Defendant's paralegal at L&M and worked on Well Cell matters through November 2024 (*compare* Dkt. 22 ¶ 13, *with* Dkt. 29-3 ¶¶ 5–7), and Defendant offers her sworn testimony on disputed merits facts (Dkt. 29-3 ¶¶ 3–4, 8). A person whose declaration a party files on contested facts is a witness, whatever counsel calls her.

7. Embedding that witness in the litigation team while assuring Plaintiff that she "is not a fact witness" (Ex. A ¶ 15) is not a generalized appearance of impropriety; it is counsel's own conduct, contrary to her duty to supervise nonlawyer assistants (Dkt. 22 ¶¶ 28–29), and it reinforces the case for disqualification. *See In re Am. Airlines, Inc.*, 972 F.2d 605, 611 (5th Cir. 1992). A district court "is obliged to take measures against unethical conduct occurring in connection with any proceeding before it." *Pendergest-Holt*, 2010 U.S. Dist. LEXIS 155196, at *11–12 (quoting *In re ProEducation Int'l, Inc.*, 587 F.3d 296, 299–300 (5th Cir. 2009)). If the Court views the Campbell screen as subject to Procedure B.4, Plaintiff asks that it be denied without prejudice to presentation by letter.

## IV. PRAYER

Plaintiff respectfully requests that the Court grant the Motion. In the alternative, Plaintiff requests that the Court (1) condition any denial of disqualification on Defendant's representations as stated in Part I, without prejudice to renewal before trial; (2) grant the use restriction Defendant does not oppose (Dkt. 29 ¶ 52) on the proposed order filed with the Motion; and (3) grant Plaintiff all other relief to which she may be justly entitled.

DATE: October 28, 2026

Respectfully submitted,

*/s/ Lloyd E. Kelley*
LLOYD E. KELLEY
Attorney-in-charge
Texas State Bar No. 11203180

SDTX Federal ID No. 13497
**THE KELLEY LAW FIRM**
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973
*kelley@lloydekelley.com*

**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**
Lema Mousilli
Texas State Bar No. 24056016
SDTX Federal ID No. 1358290
**MOUSILLI LAW, PLLC**
11807 Westheimer Road
Suite 550, PMB 624
Houston, TX 77077
Tel: (281) 305-9313
*lema@mousillilaw.com*
*service@mousillilaw.com*

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2026, a true and correct copy of the foregoing document was served on all counsel of record through the Court's CM/ECF system.

/s/ Lema Mousilli
Lema Mousilli