**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO.** |
| | § | **4:25-cv-05642** |
| **DANIEL MCNARY "MAC"** | § | **JURY DEMANDED** |
| **LECKRONE,** | § | |
| ***Defendant.*** | § | |
| | § | |

**DEFENDANT DANIEL MCNARY LECKRONE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM FOR DECLARATORY JUDGMENT**

**COMES NOW, DEFENDANT DANIEL MCNARY LECKRONE,** in the above-entitled and numbered cause and files his *Response in Opposition to Plaintiff's Motion to Strike Defendant's First Amended Answer, Affirmative Defenses, and Counterclaim for Declaratory Judgment* (Dkt. 26) ("**Response**") and in support thereof would respectfully show the Court as follows:

## I. INTRODUCTION

1. Plaintiff seeks to strike *Defendant's First Amended Answer, Affirmative Defenses, and Counterclaim for Declaratory Judgment* because Defendant filed the pleading without first obtaining leave of Court or Plaintiff's written consent under Federal Rule of Civil Procedure 15(a)(2). Dkt. 16.

2. Mr. Leckrone filed his *First Amended Answer, Affirmative Defenses, and Counterclaim for Declaratory Judgment* on July 31, 2026, the deadline established in the Court's Scheduling Order for amendments to pleadings. Dkt. 16; Dkt. 15. This date was presented to the Court by agreement

of the parties in their Joint Case Management Plan. Dkt. 14, 14-1. Before filing, Mr. Leckrone did not request leave under Rule 15(a)(2), because he believed that the parties agreed that amendments could be filed on or before that date. Dkt. 14, 14-1. In the event that leave was required, Defendant has sought that leave. Dkt. 27.

3. Sixty-eight days after the Amended Answer was filed, Plaintiff filed an opposed *Motion to Strike Defendant's First Amended Answer* on October 7, 2026. Dkt. 26. The motion asserted that the Scheduling Order did not eliminate the separate requirement of leave under Rule 15(a)(2) and that Plaintiff never gave consent "in writing or otherwise." Dkt. 26, ¶¶ 7, 14–15. The record shows otherwise. *See* ¶¶ 11–15, 45, *infra*. Without conceding that striking is warranted or that Plaintiff has established prejudice, Mr. Leckrone has requested leave for filing of his *First Amended Answer*. Dkt. 27.

4. On October 9, 2026, Defendant filed his *Motion for Leave to File First Amended Answer, Affirmative Defenses, and Counterclaim for Declaratory Judgment*, expressly requesting leave under Rule 15(a)(2) and, to the extent applicable, Rule 16(b)(4). Dkt. 27. Defendant further requested that the Court deem his *First Amended Answer* properly filed as of July 31, 2026, or alternatively authorize its filing upon entry of an order granting leave. Dkt. 27.

5. As set forth more fully below, leave to amend should be freely granted because the proposed amendment is timely, is sought in good faith, will not unduly prejudice Plaintiff, and is not futile.

6. Accordingly, the procedural omission identified in Plaintiff's Motion has now been presented to the Court for consideration. Mr. Leckrone respectfully asks that the Court consider Plaintiff's *Motion to Strike* together with *Defendant's Motion for Leave* and resolve the matter in favor of permitting amendment. Dkt. 26; Dkt. 27.

7. Further, on September 29, 2026, Mr. Leckrone sought leave to file his *Second Amended Answer and Counterclaims*. Dkt. 21. The Court's ruling on that motion will likely resolve *Defendant's Motion for Leave to File First Amended Answer* and Plaintiff's *Motion to Strike the First Amended Answer*. Dkt. 27; Dkt. 26. If the Court grants the earlier filed motion for leave to file the *Second Amended Answer*, the *Second Amended Answer* will supersede the *First Amended Answer*, and *Plaintiff's Motion to Strike* and *Defendant's Motion for Leave* (Dkt. 27) will be moot.

8. Because Plaintiff briefed Rule 16(b)(4) and good cause for raising the ninth defense and the counterclaim for declaratory judgment in her Response to Mr. Leckrone's request for leave to file his second amended answer, the review she asked for in the current motion is already before the Court. Dkt. 28, ¶ 18; Dkt. 26, ¶ 20.

9. Plaintiff jointly proposed the July 31 amendment date. Plaintiff herself signed the Plan, which bears the signature "/s/ Lloyd E. Kelley (by permission LM)." Dkt. 14 at 6. Plaintiff has treated the *First Amended Answer* as the live pleading by serving discovery on the matters it put at issue, without objection. Plaintiff has not answered the counterclaim and objected only after 68 days. The cases cited by Plaintiff involve scheduling orders that expressly required motions, late filings, or the loss of a limitations defense. None of which are present here.

## II. PROCEDURAL BACKGROUND

10. Plaintiff Lema Mousilli filed her *Original Complaint* against Defendant on November 23, 2025. Dkt. 1. Defendant filed his *Original Answer* on March 9, 2026. Dkt. 10.

11. The parties, through their attorneys-in-charge, conferred by telephone on April 15, 27, and 30, 2026, and exchanged draft discovery plans on April 20, 21, and 30, 2026. Dkt. 14, ¶ 1. The parties affirmed their agreement before the Court. "The parties are in agreement on the discovery plan." Dkt. 14, ¶ 11.

12. The parties jointly filed a Proposed Scheduling Order (**"Proposed Order"**) that proposed "July 31, 2026 / AMENDMENTS TO PLEADINGS AND ADDITION OF NEW PARTIES." Dkt. 14-1. The Court adopted the parties' agreed language word for word. Dkt. 15, ¶ 1.

13. Plaintiff's signature block on the Plan reads "/s/ Lloyd E. Kelley (by permission LM)." Dkt. 14 at 6. Plaintiff herself signed the joint filing that proposed the July 31 amendment date.

14. Plaintiff's Motion to Strike (**"Motion"**) selectively quotes the Joint Discovery/Case Management Plan (**"Plan"**) as stating "with leave of Court as required." Dkt. 26, ¶ 5 (quoting Dkt. 14, ¶ 6). However, this phrase appears only in Defendant's sentence about joining additional parties. Dkt. 14, ¶ 6. It says nothing about amending pleadings.

15. In contrast, in the same paragraph, Plaintiff "reserves her right to add additional parties" with no leave qualifier. *Id*. Where the parties intended to require leave, they said so. Neither the Plan nor the Proposed Order says leave is required to amend pleadings. Dkt. 14; Dkt. 14-1.

16. On May 1, 2026, the Court signed its Scheduling Order, setting July 31, 2026, as the deadline for amendments to pleadings and addition of new parties. Dkt. 15.

17. On July 31, 2026, Defendant filed his *First Amended Answer, Affirmative Defenses, and Counterclaim for Declaratory Judgment*, which remains the live, operative pleading in this case. Dkt. 16. That pleading added a ninth affirmative defense concerning Plaintiff's status as a public figure (pleaded affirmatively in an abundance of caution) and a counterclaim seeking declaratory relief concerning the applicable law.

18. Plaintiff neither answered the counterclaim raised in the *First Amended Answer* nor moved to strike within 21 days. Fed. R. Civ. P. 12(a)(1)(B), 12(f)(2).

19. On September 14, 2026, six weeks after the *First Amended Answer* was filed, Plaintiff served her second requests for admission and second requests for production. **Exhibit A**, Second

Requests for Admission; **Exhibit B**, Second Requests for Production. Those requests seek discovery on matters first raised in the *First Amended Answer*. Requests for Admission 40 and 56 ask about "the lawsuit filed against Plaintiff on October 18, 2024," which is the petition attached to the *First Amended Answer* as Exhibit A. Dkt. 16, ¶ 70; Dkt. 16-1. Requests for Admission 96 through 100 ask about the times and durations of the November 26, 2024 calls in Pacific Time, the facts pleaded in support of the declaratory counterclaim. Dkt. 16, ¶¶ 62, 64, 74–76. Nothing in the requests objects to the *First Amended Answer*.

20. Plaintiff raised her first objection to the *First Amended Answer* on October 6, 2026 and filed the instant motion on October 7, 2026.

21. On September 29, 2026, Defendant filed a *Motion for Leave to File Second Amended Answer and Counterclaims*. Dkt. 21. That separate motion seeks additional amendments and adds newly discovered counterclaims; it remains pending. Defendant's *Motion for Leave to File First Amended Answer* addresses only the *First Amended Answer* and does not withdraw or supersede Dkt. 21. Dkt. 21; Dkt. 27.

22. On October 9, 2026, Defendant filed his *Motion for Leave to File First Amended Answer, Affirmative Defenses, and Counterclaim for Declaratory Judgment*. Dkt. 27. In her response to Dkt. 21, Plaintiff has briefed her good-cause arguments related to the ninth defense and the request for declaratory judgment. Dkt. 28, ¶ 18. Her arguments are well briefed before the Court.

23. Discovery in this matter has not closed. Per the Court's Scheduling Order, the discovery deadline is January 15, 2027, and the dispositive motions deadline is February 16, 2027. The amendment does not disrupt the existing trial setting; docket call is set for June 25, 2027, with jury trial to follow on June 28, 2027.

## III. ARGUMENT AND AUTHORITIES

### A. The Court's Ruling on Defendant's *Motion for Leave to File Second Amended Answer* Will Likely Resolve This Motion

24. The Court's ruling on *Defendant's Motion for Leave to File Second Amended Answer* will likely be dispositive of the instant motion. Defendant believes that good cause has been shown and the acceptance of the *Second Amended Answer* will make this motion and Defendant's *Motion for Leave to File First Amended Answer*[1] moot.

25. As Plaintiff concedes, Defendant's *Second Amended Answer* carries forward all the *First Amended Answer*. Dkt. 26, ¶ 8. If Mr. Leckrone's *Motion for Leave to File Second Amended Answer* is granted, the *Second Amended Answer* becomes the operative pleading, obviating the need to rule on issues related to an earlier pleading. Dkt. 21; Dkt. 21-1. "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

26. Striking the *First Amended Answer* would only add a ruling on content that the Court will review anyway in considering the *Motion for Leave to File Second Amended Answer*.

27. Because Plaintiff has fully briefed her arguments related to Rules 16(b)(4) and 15(a)(2), there is no prejudice to her if the Court rules on the *Motion for Leave to File Second Amended Answer* first. Dkt. 28; Dkt. 26.

---

[1] *Defendant's Motion for Leave to File First Amended Answer* (Dkt. 27) was necessitated by the instant Motion.

**B. Motions to Strike are Disfavored**

28. Motions to strike are disfavored. Striking is "a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962). Rule 15 contains no strike mechanism. FED. R. CIV. P.15.

29. Rule 12(f) reaches only "insufficient defense[s]" or "redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P.12(f).

30. Plaintiff's Fifth Circuit authorities affirm strikes as within the district court's discretion but not a single case holds that striking is required.

31. The *Klein* court took pains to note that striking the amended complaint "in no way prejudiced" Klein because it "contained exactly the same causes of action as his previous complaint." *Klein v. Marvin Lumber & Cedar Co.*, 575 F. App'x 347, 350 (5th Cir. 2014) (per curiam).

32. The *Suter* matter involved a deadline that was specifically targeted to "all motions to amend or to supplement pleadings." *Suter v. Univ. of Tex. at San Antonio*, 495 F. App'x 506, 508 (5th Cir. 2012) (per curiam). Plaintiff in that case first filed an amended complaint on the deadline without the required motion, then delayed before filing two motions for leave to amend, still failing to show good cause. The Fifth Circuit reviewed only for abuse of discretion and affirmed; it did not hold that striking was required. This is materially different from the case at hand. *See* ¶¶ 11-16*, supra.* Further, neither *Klein* nor *Suter* hold that striking is required.

**C. The Rules Favor Granting Leave to Amend**

33. Federal Rule of Civil Procedure 15(a)(2) provides that, once the time to amend as a matter of course has expired, "a party may amend its pleading only with the opposing party's written

consent or the court's leave," and that "[t]he *court should freely give leave* when justice so requires." FED. R. CIV. P. 15(a)(2) (emphasis added).

34. The Fifth Circuit has recognized that Rule 15(a) "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).

35. In deciding whether to grant leave to amend, courts consider: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

36. Absent a substantial reason to deny leave, the discretion of the district court is not broad enough to permit denial. *Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 139 (5th Cir. 1993); see also *Foman*, 371 U.S. at 182.

**D. The Good-Cause Standard, to the Extent Rule 16(b)(4) Applies**

37. Where a scheduling order has been entered under Rule 16(b) and the deadline to amend pleadings has expired, a party seeking leave to amend must first satisfy the more stringent "good cause" requirement of Rule 16(b)(4) before the more liberal Rule 15(a) standard is even considered. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003).

38. Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).

39. In determining whether good cause exists, courts in the Fifth Circuit consider four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a

continuance to cure such prejudice. *S&W Enters.*, 315 F.3d at 536 (citing *Reliance Ins. Co. v. La. Land & Expl. Co.,* 110 F.3d 253, 257 (5th Cir. 1997)).

40. The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. "It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." *Foman*, 371 U.S. at 181.

**E. The Answer (Dkt.16) was Filed on the Jointly Proposed Date as Ordered by the Court**

41. Defendant filed his *First Amended Answer* on July 31, 2026, within the deadline established by the Court's Scheduling Order. Dkt. 15. Thus, Defendant does not seek permission to introduce an amendment that was first presented after that date. The omission at issue is the absence of a separate request for leave under Rule 15(a)(2).

42. Granting leave will allow the parties' claims and defenses to be resolved on their merits. Further, the request for declaratory judgment speaks to the law applicable in this matter, which the counterclaim squarely presents for decision. Although Mr. Leckrone included Ms. Mousilli's status as a public figure as an affirmative defense in an abundance of caution, it is not an enumerated affirmative defense and her status as a public figure cannot come as a surprise to Ms. Mousilli, having run for public office several times. FED. R. CIV. P. 8(c)(1).

43. As explained in Defendant's *Motion for Leave*, the amendment was made in good faith, concerns matters directly related to the claims already before the Court and will not unduly prejudice Plaintiff. Dkt. 27. Discovery remains open until January 15, 2027, and the existing schedule provides sufficient opportunity to address the amended pleading. Thus, should the Court find a failure to request leave, it is explainable as a misunderstanding that did not result in an

untimely filed pleading and that can be readily cured. Because Plaintiff has been aware of the amended answer since the agreed deadline, albeit without a motion, and she has acted as though the amended answer is the live pleading, there can be no prejudice claimed. *See* ¶ 19, *supra*.

44. Plaintiff jointly proposed the July 31 amendment date and signed the Plan herself. Dkt. 14 at 6; *see* ¶¶ 11–13, *supra*. She then served discovery on the matters the *First Amended Answer* put at issue, without objection. *See* ¶ 19, *supra*. Mr. Leckrone's actions were taken in good faith with a reasonable reading of the Order coupled with his understanding of the agreement of the parties. Dkt. 14; Dkt. 14-1; Dkt. 15; *See* ¶ 46, *infra*.

45. The Scheduling Order, adopted verbatim from the Joint Proposed Scheduling Order, sets a date for "AMENDMENTS TO PLEADINGS," not for motions. Dkt. 15; Dkt. 14-1. Plaintiff's own cases are distinguishable. *See* ¶ 32, *supra*. In *Brown*, the order stated "a motion for leave to amend is required," and the pleading was filed after the deadline. *Brown v. Alixa-RX*, No. 22-40160 (5th Cir. Sept. 30, 2022) (per curiam) (unpublished). Nor does *Brown* help Plaintiff on consent. There, the defendants agreed only not to oppose a motion to extend the amendment deadline, and the plaintiff then filed her amended complaint after the original deadline, while that motion was pending, under an order that expressly required a motion for leave. *Id.* Here, Plaintiff herself signed the joint Plan that proposed July 31, 2026, as the date for "AMENDMENTS TO PLEADINGS AND ADDITION OF NEW PARTIES," and Defendant filed on that date. Dkt. 14 at 6; Dkt. 14-1; Dkt. 15, ¶ 1. That jointly filed writing, signed by Plaintiff, was understood by Mr. Leckrone to be written consent to amendments filed by that date. Fed. R. Civ. P. 15(a)(2). At a minimum, it establishes that Defendant filed in good-faith reliance on the parties' agreement. Defendant could

not locate *Martinez* at the citation Plaintiff provided and has requested a corrected citation.[2] By Plaintiff's own description, the order in that case included "a date for motions to amend," Dkt. 26, ¶ 14. Rule 16 lists the time to "amend the pleadings" separately from the time to "file motions." FED. R. CIV. P. 16(B)(3)(A).

46. In a close analog to the situation here, an amended complaint was filed without motion but "in conformance with the timeline established by the scheduling order." *Group 1 Auto., Inc. v. Aetna Life Ins. Co*., No. 4:20-CV-01290, Dkt. 85 at 4, 6 (S.D. Tex. May 20, 2022) (Eskridge, J.) (reported at 2022 WL 1607841). As here, the plaintiff "believed it didn't need to seek leave," and the confusion "arose from certain discussions" with counsel and "the language of the scheduling order itself." *Id.* at 2. The court noted it is "appropriate to construe the amended complaint as a timely-filed motion for leave to amend." *Id.* at 3. "Rule 15(a)(2) states that a district court 'should freely give leave [to amend] when justice so requires.' The Fifth Circuit holds that this 'evinces a bias in favor of granting leave to amend.'" *Id.* (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006)) (citation omitted). The motion to strike was denied. *Id*. at 6.

47. Plaintiff argues that, because Mr. Leckrone sought leave of court to amend his answer after the amendments deadline (Dkt. 21), he somehow concedes the necessity of a motion before the deadline. Dkt. 26, ¶ 15. Recognizing that Rule 16(b)(4) governs post-deadline amendments says nothing about an amendment filed on the deadline.

**F. Plaintiff's Authorities Do Not Support Striking Dkt. 16**

48. Plaintiff relies on *United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293 (5th Cir. 2003). But *Mathews* is a prescription case, not a strike case. Nothing was stricken, and the

[2] On October 26 and 27, Counsel requested a correct cite from Plaintiff with no reply as of the time of filing. **Exhibit C**, Emails regarding corrected cite.

phrase "properly stricken," which Plaintiff attributes to the case, does not appear in the decision. Dkt. 26, ¶ 2. Specifically, the case involved an amendment delivered to the court on August 2, but it was not "filed" until leave was requested and granted on August 9. The prescriptive period had run on August 4, so the claims were dismissed. *Mathews*, 332 F.3d at 294-295. Further, the court declined to apply the Wright & Miller exception because it would result in the defense losing its affirmative defense of prescription resulting in prejudice. *Id.* at 296. Here, Plaintiff loses no defense: neither the ninth defense nor the declaratory counterclaim carries a limitations stake, and Plaintiff identifies none nor makes any showing of prejudice.

49. The *Klein* case is also distinguishable. It reviewed the strike only for abuse of discretion in the context of a summary judgment appeal. *Klein v. Marvin Lumber & Cedar Co.*, 575 F. App'x 347 (5th Cir. 2014) (per curiam). "In any event, Klein was in no way prejudiced by the striking of the amended complaint, which contained exactly the same causes of action as his previous complaint." *Id.* at 350. Further, *Klein* did not mandate striking; however, even if it did and even were it not distinguishable, it is nonprecedential. 5th Cir. R. 47.5.4.

50. The *English* case is also procedurally and factually distinguishable. The case was considered on a motion to dismiss. *English v. United States*, No. 4:24-CV-00283, 2024 WL 3976864, at *1 n.1 (S.D. Tex. Aug. 27, 2024) (Hanks, J.). In a footnote on page 1, the court noted that the plaintiff, who was self-represented, had filed an amended complaint 30 days after filing of a motion to dismiss. The court noted that the amended complaint was filed without leave and did not indicate that it was filed with consent from the opposing parties. *Id.* Rule 15(a) (1)(B) allows a party to replead within 21 days of service of a motion to dismiss. FED. R. CIV. P. 15(A)(1)(B). The *English* plaintiff missed that deadline, failed to request leave and did not obtain consent.

51. Defendant has now expressly requested that leave through his *Motion for Leave*, providing the Court an opportunity to consider the proposed amendment under the applicable standards of Rules 15(a)(2) and 16(b)(4). Dkt. 27.

52. Defendant incorporates by reference the arguments and authorities set forth in his Motion for Leave and respectfully submits that striking *Defendant's First Amended Answer* is unnecessary if the Court grants the requested leave. Dkt. 27. Plaintiff has not demonstrated that permitting the amendment would result in undue prejudice or otherwise warrant denial of leave.

53. *Defendant's First Amended Answer* contains an additional defense (that Plaintiff is a public figure) which is clearly applicable given her multiple campaigns to be a Harris County Judge. It also asks that the Court rule on whether the law relied upon by Plaintiff is applicable to the claims at issue. The counterclaim puts that issue before the Court and gives Plaintiff notice of Defendant's position. Thus, the amendment is of vital importance to the resolution of this matter.

54. Plaintiff identifies no prejudice, and the existing schedule accommodates any response the amendment requires.

**G. Rule 15 Factors Favor Leave**

55. The First Amended Answer was filed on the date agreed by the parties and set by the Court; the requested relief is not intended to delay proceedings. The amendment identifies an additional defense and seeks a determination of the applicable law, matters important to adjudication of the parties' dispute.

56. Plaintiff has had notice of the contents of *First Amended Answer* since July 31, 2026. Discovery remains open until January 15, 2027, and trial is scheduled for June 28, 2027. Defendant submits that any need to respond to or investigate the added defense and declaratory counterclaim

can be accommodated within the existing schedule. If the Court determines a response to the counterclaim is required, Defendant does not oppose a reasonable response period.

57. There have been no unsuccessful attempts to cure deficiencies in this *First Amended Answer*, and the requested leave is not sought in bad faith. The added defense is one of which Ms. Mousilli has been aware given her multiple campaigns for judge. The declaratory counterclaim raises issues of applicable law central to the adjudication of the claims in this matter. The absence of a separate motion for leave should not stand as a barrier to consideration of these essential issues.

58. Plaintiff argues that the Court has not been asked for leave to amend. Dkt. 26, ¶ 17. That argument is now moot. Dkt. 27. In that motion, Mr. Leckrone meets the requirements of Rule 15 and addresses the good cause concerns of Rule 16(b)(4).

59. Plaintiff claims that the ninth defense pleaded would "raise the fault standard." Dkt. 26, ¶ 18. However, actual malice has been in this case since the original answer. Dkt. 10, ¶ 49 (Fifth Defense, "Lack of Fault / No Actual Malice"). Mr. Leckrone pleaded that he "did not act with negligence, actual malice, or any degree of fault required to impose liability." *Id*. The ninth defense changes no burden and rests on Plaintiff's public candidacies. Public-figure status is a question of law for the court. *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). The filing came within the timeline proposed by the parties. Dkt. 14-1; Dkt. 15; Dkt. 16.

60. The counterclaim adds no discovery burden. Plaintiff has already taken discovery on its facts. *See* ¶ 19. The counterclaim asks the Court to apply the forum state's choice-of-law rules under *Klaxon Co. v. Stentor Elec. Mfg*. Co., 313 U.S. 487, 496 (1941). The facts on which it rests—where Mr. Leckrone was when he received the calls—are already the subject of Plaintiff's own discovery. *See* ¶ 19, *supra*. Plaintiff's Motion does not contend that the counterclaim is redundant.

61. Because she took discovery on it, Plaintiff did not treat the first amended answer as a nullity. As stated in his motion for leave to amend, Mr. Leckrone does not oppose affording Plaintiff time to answer the counterclaim. Defendant does not seek a default. But Plaintiff's answer was due August 21, 2026, and Defendant opposes Plaintiff's request that the Court "confirm that no response to the counterclaim in Dkt. 16 was required." Dkt. 26 at 8; *see also* Dkt. 26, ¶ 19. The appropriate relief is a deadline for Plaintiff's answer, not a ruling that none was due.

**H. Alternatively, Good Cause Exists**

62. To the extent the Court concludes that Rule 16(b)(4) applies because the request for leave was made after July 31, Defendant requests a limited modification of the Scheduling Order to allow the Court to consider and accept the pleading filed on the original deadline. The proposed amendment itself was tendered timely; the delay concerns seeking formal leave, not disclosure of the proposed allegations.

63. The amendment is important to Defendant's ability to fully assert his defenses and seek a determination of the applicable law and is crucial to proper adjudication of this matter. Plaintiff received the amended pleading on July 31, 2026, and has not been deprived of notice of its contents. Because discovery remains open and trial is months away, Defendant submits that prejudice, if any, may be addressed without changing the trial setting.

64. Defendant respectfully requests that the Court resolve this procedural issue on its merits and grant leave. Defendant further requests that the Court consider his *Motion for Leave* (Dkt. 27) in conjunction with Plaintiff's *Motion to Strike*, without affecting Defendant's separate pending request concerning the *Second Amended Answer*. Dkt. 26; Dkt. 21.

65. Mr. Leckrone's amended answer was filed by the deadline under a reasonable reading of the jointly proposed order accepted by the Court. Dkt. 14-1; Dkt. 15. *See* ¶ 46, *supra*. The only

delay was that in filing the motion for leave. There was no delay in disclosing the substance of the pleading.

**I. Plaintiff's Delay Confirms There Is No Prejudice**

66. Plaintiff cites Rule 15(a)(2), which provides no strike procedure. To the extent Rule 12(f)(2) applies, a motion to strike must come "before responding … or, if a response is not allowed, within 21 days after being served." FED. R. CIV. P. 12(F)(2). As to the answer and defenses, to which no response is allowed, that window closed on August 21, 2026. As to the counterclaim, Plaintiff's answer was due the same day, and she neither answered nor moved. Plaintiff then took discovery on the amended pleading's subject matter and waited until October 7 to object. *See* ¶¶ 18–20, *supra*. That delay confirms that Plaintiff suffers no prejudice from the *First Amended Answer*. Mr. Leckrone nonetheless does not oppose affording Plaintiff additional time to answer the counterclaim.

67. Defendant therefore requests that the Court rule on *Defendant's Motion for Leave to File Second Amended Answer* (Dkt. 21) and deny Plaintiff's *Motion to Strike* (Dkt. 26) and Defendant's *Motion for Leave to File First Amended Answer* (Dkt. 27) as moot. Alternatively, Defendant requests that the Court deny Plaintiff's *Motion to Strike* and grant Dkt. 27, or defer ruling on Plaintiff's *Motion to Strike* until Dkt. 21 has been resolved.

68. Defendant's separate *Motion for Leave to File Second Amended Answer* and Counterclaims remains pending and is not withdrawn or superseded by the relief requested herein. Dkt. 21.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Daniel McNary Leckrone asks the Court to rule on his *Motion for Leave to File Second Amended Answer* (Dkt. 21), which ruling may make Plaintiff's *Motion to Strike* (Dkt. 26) and Mr. Leckrone's *Motion for Leave to File First*

*Amended Answer* (Dkt. 27) moot, and to deny Plaintiff's *Motion to Strike as moot*. Alternatively, he asks that the Court deny Plaintiff's *Motion to Strike* (Dkt. 26); grant Defendant's *Motion for Leave to File First Amended Answer, Affirmative Defenses, and Counterclaim for Declaratory Judgment* (Dkt. 27); deem Defendant's *First Amended Answer* (Dkt. 16) properly filed as of July 31, 2026, or alternatively authorize its filing upon entry of the Court's order, order Plaintiff to answer the counterclaim within fourteen days of that order, and for such other and further relief, both general and special, at law or in equity, to which he may show himself justly entitled.

Dated: October 28, 2026.

Respectfully submitted,

By: /s/ *Elizabeth Revere*
ELIZABETH REVERE
State Bar No. 00791513
S.D. Texas Bar No. 18329
**ELIZABETH REVERE, PLLC**
804 Sabine Street
Houston, Texas 77007
Tel: (281) 924-8845
Fax: (832) 201-0584
*service@bethrevere.com*
**ATTORNEY FOR DEFENDANT**
**DANIEL MCNARY LECKRONE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, pursuant to the District's ECF service rules on **October 28, 2026, *via electronic filing system***.

/s/ *Elizabeth Revere*
Elizabeth Revere