**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,**<br>***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 4:25-cv-05642** |
| | § | |
| **DANIEL MCNARY "MAC" LECKRONE,**<br>***Defendant.*** | § | **JURY DEMANDED** |

**PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSION TO DEFENDANT DANIEL MCNARY "MAC" LECKRONE**

**TO: Defendant Daniel McNary "Mac" Leckrone, by and through his attorney of record, Elizabeth Revere, Elizabeth Revere, PLLC, 804 Sabine Street, Houston, Texas 77007.**

Pursuant to Federal Rule of Civil Procedure 36, Plaintiff Lema Mousilli requests that Defendant Daniel McNary "Mac" Leckrone admit or deny the following matters within thirty (30) days of service. Each matter not admitted shall be specifically denied. A denial shall fairly meet the substance of the requested admission. If a matter is neither admitted nor denied because of a lack of information or knowledge, Defendant must state that fact and certify that a reasonable inquiry has been made and that the information known or readily obtainable is insufficient to enable Defendant to admit or deny.

DATE: September 14, 2026

Respectfully submitted,

*/s/ Lloyd E. Kelley*
LLOYD E. KELLEY
Attorney-in-charge
Texas State Bar No. 11203180
SDTX Federal ID No. 13497
**THE KELLEY LAW FIRM**
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005

**EXHIBIT A**

Telephone: 281-492-7766
Telecopier: 281-652-5973
*kelley@lloydekelley.com*

**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**

Lema Mousilli
Texas State Bar No. 24056016
SDTX Federal ID No. 1358290
**MOUSILLI LAW, PLLC**
11807 Westheimer Road
Suite 550, PMB 624
Houston, TX 77077
Tel: (281) 305-9313
*lema@mousillilaw.com*
*service@mousillilaw.com*

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record pursuant to the Federal Rules of Civil Procedure and the District's ECF service rules on September 14, 2026, via email, on the following:

**ELIZABETH REVERE**
State Bar No. 00791513
S.D. Texas Bar No. 18329
**ELIZABETH REVERE, PLLC**
804 Sabine Street
Houston, Texas 77007
Telephone: (281) 924-8845
Facsimile: (832) 201-0584
service@bethrevere.com

*/s/ Lloyd E. Kelley*
Lloyd E. Kelley

## I. DEFINITIONS

As used throughout these discovery requests, the following terms shall have the meanings set forth below:

1. **"Plaintiff"** means Lema Mousilli, the Plaintiff in this action.

2. **"You," "Your," and "Defendant"** mean Daniel McNary "Mac" Leckrone.

3. **"L&M"** means Lloyd & Mousilli, PLLC.

4. **"Planay LLC"** means the entity identified as "Planay LLC" in the document produced at LECK-003 through LECK-005.

5. **"Well Cell Global, LLC"** means the entity of that name of which Scott Hepford is identified as Chief Executive Officer in Defendant's Initial Disclosures.

6. **"Well Cell Support LLC"** means the entity identified as "Well Cell Support LLC" in the document produced at LECK-003 through LECK-005.

7. **"Genuine"** has the meaning given by Rule 36(a)(1)(B), and a document is genuine if it is what it purports to be and is a true and correct copy of the original.

8. **"Telephone call"** means any voice communication conducted over any telephone, mobile, cellular, or voice-over-internet service, whether or not connected to a live person.

9. **"Document produced at"** a stated Bates number or range means the document Defendant produced in this action bearing that Bates number or range.

10. **"Statement"** means any oral or written assertion, however communicated.

11. **"Feras Mousilli"** means Feras Mousilli, an attorney associated with L&M.

12. **"The Well Cell Termination"** means the communication referred to as "your recent message to L&M" in the document produced at LECK-002, which Plaintiff understands to be an electronic mail message sent on November 22, 2024 by Carol Wilson terminating the engagement of L&M by Well Cell Global, LLC and by Well Cell Support LLC.

## II. INSTRUCTIONS

1. Answer each request separately and fully in writing within thirty days after service, as Rule 36(a)(3) requires.

2. If You object to a request, state the grounds for the objection, as Rule 36(a)(5) requires. An objection may not be based solely on the ground that the request presents a genuine issue for trial.

3. If You deny a request, the denial must fairly respond to the substance of the matter, as Rule 36(a)(4) requires.

4. When good faith requires that You qualify an answer or deny only a part of a request, admit so much of the request as is true and specifically deny or qualify the remainder.

5. You may assert lack of knowledge or information as a reason for failing to admit or deny only if You state that You have made reasonable inquiry and that the information You know or can readily obtain is insufficient to enable You to admit or deny, as Rule 36(a)(4) requires.

6. Each request is separate and independent, and no request limits, qualifies, or is limited or qualified by any other request.

7. Copies of the documents referenced in Section III are not attached because each was produced by Defendant in this action and has therefore already been furnished within the meaning of Rule 36(a)(2).

8. An admission is for the purposes of this action only, as Rule 36(b) provides. That limitation is not a ground for declining to answer.

9. These requests are continuing in nature, and You must supplement or correct Your answers as Rule 26(e) requires.

## III. REQUESTS FOR ADMISSION

### 1. COMMUNICATIONS OF NOVEMBER 26, 2024

***A. Telephone communications on November 26, 2024.***

**REQUEST FOR ADMISSION NO. 26:** Admit that You participated in at least one telephone call with Scott Hepford on November 26, 2024.

**REQUEST FOR ADMISSION NO. 27:** Admit that You participated in more than one telephone call with Scott Hepford on November 26, 2024.

**REQUEST FOR ADMISSION NO. 28:** Admit that You participated in a telephone call with Scott Hepford on November 26, 2024 that lasted twenty minutes or longer.

**REQUEST FOR ADMISSION NO. 29:** Admit that You participated in a telephone call with Scott Hepford on November 26, 2024 that lasted twenty-five minutes or longer.

**REQUEST FOR ADMISSION NO. 30:** Admit that the total duration of Your telephone calls with Scott Hepford on November 26, 2024 exceeded forty minutes.

**REQUEST FOR ADMISSION NO. 31:** Admit that You participated in at least one telephone call with Paula Oschman on November 26, 2024.

***B. Content of the November 26, 2024 communications.***

**REQUEST FOR ADMISSION NO. 32:** Admit that You spoke with Scott Hepford about Plaintiff on November 26, 2024.

**REQUEST FOR ADMISSION NO. 33:** Admit that during a telephone call with Scott Hepford on November 26, 2024, You stated that Plaintiff took money from L&M.

**REQUEST FOR ADMISSION NO. 34:** Admit that during a telephone call with Scott Hepford on November 26, 2024, You stated that Plaintiff stole money from L&M.

**REQUEST FOR ADMISSION NO. 35:** Admit that during a telephone call with Scott Hepford on November 26, 2024, You used the word "stole" in reference to Plaintiff.

**REQUEST FOR ADMISSION NO. 36:** Admit that during a telephone call with Scott Hepford on November 26, 2024, You stated that the amount Plaintiff took from L&M was $75,000.

**REQUEST FOR ADMISSION NO. 37:** Admit that during a telephone call with Scott Hepford on November 26, 2024, You stated that the amount Plaintiff took from L&M was hundreds of thousands of dollars.

**REQUEST FOR ADMISSION NO. 38:** Admit that during a telephone call with Scott Hepford on November 26, 2024, You stated that Plaintiff was fired from L&M.

**REQUEST FOR ADMISSION NO. 39:** Admit that during a telephone call with Scott Hepford on November 26, 2024, You stated that Plaintiff was no longer affiliated with L&M.

**REQUEST FOR ADMISSION NO. 40:** Admit that during a telephone call with Scott Hepford on November 26, 2024, You referred to the lawsuit filed against Plaintiff on October 18, 2024.

**REQUEST FOR ADMISSION NO. 41:** Admit that during a telephone call with Scott Hepford on November 26, 2024, You discussed the legal services Plaintiff was then providing to Well Cell Global, LLC.

**REQUEST FOR ADMISSION NO. 42:** Admit that during a telephone call with Scott Hepford on November 26, 2024, You discussed the engagement of Planay LLC by Well Cell Support LLC.

***C. Your knowledge on November 26, 2024.***

**REQUEST FOR ADMISSION NO. 43:** Admit that at the time of Your first telephone call with Scott Hepford on November 26, 2024, You knew that Scott Hepford was a client of Plaintiff.

**REQUEST FOR ADMISSION NO. 44:** Admit that at the time of Your first telephone call with Scott Hepford on November 26, 2024, You knew that Scott Hepford was a client of Mousilli Law, PLLC.

**REQUEST FOR ADMISSION NO. 45:** Admit that at the time of Your first telephone call with Scott Hepford on November 26, 2024, You knew that Plaintiff performed legal work for Well Cell Global, LLC.

## 2. COMMUNICATIONS BETWEEN NOVEMBER 24, 2024 AND DECEMBER 3, 2024

***A. Telephone communications within the period.***

**REQUEST FOR ADMISSION NO. 46:** Admit that You participated in at least one telephone call with Scott Hepford at any time between November 24, 2024 and December 3, 2024.

**REQUEST FOR ADMISSION NO. 47:** Admit that You participated in more than one telephone call with Scott Hepford at any time between November 24, 2024 and December 3, 2024.

**REQUEST FOR ADMISSION NO. 48:** Admit that the total duration of Your telephone calls with Scott Hepford between November 24, 2024 and December 3, 2024 exceeded forty minutes.

**REQUEST FOR ADMISSION NO. 49:** Admit that You participated in at least one telephone call with Paula Oschman at any time between November 24, 2024 and December 3, 2024.

***B. Content of the communications within the period.***

**REQUEST FOR ADMISSION NO. 50:** Admit that You spoke with Scott Hepford about Plaintiff at least once between November 24, 2024 and December 3, 2024.

**REQUEST FOR ADMISSION NO. 51:** Admit that during at least one telephone call with Scott Hepford between November 24, 2024 and December 3, 2024, You stated that Plaintiff took money from L&M.

**REQUEST FOR ADMISSION NO. 52:** Admit that during at least one telephone call with Scott Hepford between November 24, 2024 and December 3, 2024, You stated that Plaintiff stole money from L&M.

**REQUEST FOR ADMISSION NO. 53:** Admit that during at least one telephone call with Scott Hepford between November 24, 2024 and December 3, 2024, You stated that the amount Plaintiff took from L&M was $75,000.

**REQUEST FOR ADMISSION NO. 54:** Admit that during at least one telephone call with Scott Hepford between November 24, 2024 and December 3, 2024, You stated that the amount Plaintiff took from L&M was hundreds of thousands of dollars.

**REQUEST FOR ADMISSION NO. 55:** Admit that during at least one telephone call with Scott Hepford between November 24, 2024 and December 3, 2024, You stated that Plaintiff was fired from L&M.

**REQUEST FOR ADMISSION NO. 56:** Admit that during at least one telephone call with Scott Hepford between November 24, 2024 and December 3, 2024, You referred to the lawsuit filed against Plaintiff on October 18, 2024.

**REQUEST FOR ADMISSION NO. 57:** Admit that during at least one telephone call with Scott Hepford between November 24, 2024 and December 3, 2024, You discussed the engagement of Planay LLC by Well Cell Support LLC.

**REQUEST FOR ADMISSION NO. 58:** Admit that during at least one telephone call with Scott Hepford between November 24, 2024 and December 3, 2024, You discussed the transfer of legal work from Plaintiff to You.

**REQUEST FOR ADMISSION NO. 59:** Admit that during at least one telephone call with Scott Hepford between November 24, 2024 and December 3, 2024, You discussed the transfer of legal work from Plaintiff to Planay LLC.

***C. Your knowledge within the period.***

**REQUEST FOR ADMISSION NO. 60:** Admit that at the time of each telephone call You had with Scott Hepford between November 24, 2024 and December 3, 2024, You knew that Scott Hepford was a client of Plaintiff.

**REQUEST FOR ADMISSION NO. 61:** Admit that You made no statement to Scott Hepford between November 24, 2024 and December 3, 2024 correcting any statement You had made about Plaintiff.

## 3. GENUINENESS OF DOCUMENTS PRODUCED BY DEFENDANT

***A. Genuineness of Defendant's production.***

**REQUEST FOR ADMISSION NO. 62:** Admit that You produced the documents bearing Bates numbers LECK-001 through LECK-122 in this action.

**REQUEST FOR ADMISSION NO. 63:** Admit that the document produced at LECK-001 is genuine.

**REQUEST FOR ADMISSION NO. 64:** Admit that the document produced at LECK-002 is genuine.

**REQUEST FOR ADMISSION NO. 65:** Admit that the document produced at LECK-003 through LECK-005 is genuine.

**REQUEST FOR ADMISSION NO. 66:** Admit that the document produced at LECK-006 through LECK-012 is genuine.

**REQUEST FOR ADMISSION NO. 67:** Admit that the document produced at LECK-013 through LECK-014 is genuine.

**REQUEST FOR ADMISSION NO. 68:** Admit that the document produced at LECK-015 is genuine.

**REQUEST FOR ADMISSION NO. 69:** Admit that the document produced at LECK-016 through LECK-030 is genuine.

**REQUEST FOR ADMISSION NO. 70:** Admit that the document produced at LECK-031 through LECK-068 is genuine.

**REQUEST FOR ADMISSION NO. 71:** Admit that the document produced at LECK-069 through LECK-070 is genuine.

**REQUEST FOR ADMISSION NO. 72:** Admit that the document produced at LECK-071 through LECK-074 is genuine.

**REQUEST FOR ADMISSION NO. 73:** Admit that the document produced at LECK-075 through LECK-120 is genuine.

**REQUEST FOR ADMISSION NO. 74:** Admit that the document produced at LECK-121 is genuine.

**REQUEST FOR ADMISSION NO. 75:** Admit that the document produced at LECK-122 is genuine.

***B. The electronic mail messages produced at LECK-001 and LECK-002.***

**REQUEST FOR ADMISSION NO. 76:** Admit that You sent the electronic mail message produced at LECK-002.

**REQUEST FOR ADMISSION NO. 77:** Admit that You sent the electronic mail message produced at LECK-002 on November 26, 2024.

**REQUEST FOR ADMISSION NO. 78:** Admit that You sent the electronic mail message produced at LECK-002 from the address mac@planay.pro.

**REQUEST FOR ADMISSION NO. 79:** Admit that You sent the electronic mail message produced at LECK-002 to the address scott@wellcellglobal.com.

**REQUEST FOR ADMISSION NO. 80:** Admit that You sent the electronic mail message produced at LECK-002 to the address paula@wellcellsupport.com.

**REQUEST FOR ADMISSION NO. 81:** Admit that the sentence "I was just informed about your recent message to L&M." appears in the electronic mail message produced at LECK-002.

**REQUEST FOR ADMISSION NO. 82:** Admit that You sent the electronic mail message produced at LECK-001.

**REQUEST FOR ADMISSION NO. 83:** Admit that You sent the electronic mail message produced at LECK-001 on November 30, 2024.

**REQUEST FOR ADMISSION NO. 84:** Admit that the electronic mail message produced at LECK-001 quotes an electronic mail message from Paula Oschman dated November 26, 2024.

**REQUEST FOR ADMISSION NO. 85:** Admit that You signed the electronic mail message produced at LECK-001 as "Mac Leckrone, President."

***C. The engagement agreement produced at LECK-003 through LECK-005.***

**REQUEST FOR ADMISSION NO. 86:** Admit that the document produced at LECK-003 through LECK-005 is an engagement agreement proposed by Planay LLC to Well Cell Support LLC.

**REQUEST FOR ADMISSION NO. 87:** Admit that the document produced at LECK-003 bears the date November 27, 2024.

**REQUEST FOR ADMISSION NO. 88:** Admit that the document produced at LECK-003 states an hourly rate of $475.

**REQUEST FOR ADMISSION NO. 89:** Admit that You signed the document produced at LECK-004 as "Mac Leckrone, President, Planay LLC."

**REQUEST FOR ADMISSION NO. 90:** Admit that You transmitted the document produced at LECK-003 through LECK-005 to Scott Hepford.

**REQUEST FOR ADMISSION NO. 91:** Admit that You were the President of Planay LLC on November 26, 2024.

***D. The billing statement produced at LECK-006 through LECK-012.***

**REQUEST FOR ADMISSION NO. 92:** Admit that the document produced at LECK-006 through LECK-012 is a billing statement You received from Verizon Wireless.

**REQUEST FOR ADMISSION NO. 93:** Admit that the document produced at LECK-006 through LECK-012 reflects a billing period of November 7, 2024 through December 6, 2024.

**REQUEST FOR ADMISSION NO. 94:** Admit that the telephone number identified on the document produced at LECK-006 through LECK-012 was assigned to You on November 26, 2024.

**REQUEST FOR ADMISSION NO. 95:** Admit that You used the telephone number identified on the document produced at LECK-006 through LECK-012 on November 26, 2024.

**REQUEST FOR ADMISSION NO. 96:** Admit that the times shown in the call detail entries on the documents produced at LECK-010 and LECK-011 are stated in Pacific Time.

**REQUEST FOR ADMISSION NO. 97:** Admit that the document produced at LECK-010 reflects an incoming call on November 26, 2024 beginning at 10:02 a.m. with a duration of twenty minutes.

**REQUEST FOR ADMISSION NO. 98:** Admit that the document produced at LECK-010 reflects an incoming call on November 26, 2024 beginning at 10:57 a.m. with a duration of twenty-seven minutes.

**REQUEST FOR ADMISSION NO. 99:** Admit that the incoming call reflected on the document produced at LECK-010 beginning at 10:02 a.m. on November 26, 2024 was placed from telephone number 832-599-9552.

**REQUEST FOR ADMISSION NO. 100:** Admit that the incoming call reflected on the document produced at LECK-010 beginning at 10:57 a.m. on November 26, 2024 was placed from telephone number 832-599-9552.

**REQUEST FOR ADMISSION NO. 101:** Admit that telephone number 832-599-9552 is the mobile telephone number You identified for Scott Hepford in Defendant's Initial Disclosures.

**REQUEST FOR ADMISSION NO. 102:** Admit that telephone number 713-203-9887 is the mobile telephone number You identified for Paula Oschman in Defendant's Initial Disclosures.

**REQUEST FOR ADMISSION NO. 103:** Admit that the document produced at LECK-006 through LECK-012 is the only Verizon Wireless billing statement You have produced in this action.

***E. The electronic mail message produced at LECK-122.***

**REQUEST FOR ADMISSION NO. 104:** Admit that the document produced at LECK-122 is an electronic mail message that You forwarded.

**REQUEST FOR ADMISSION NO. 105:** Admit that You forwarded the electronic mail message produced at LECK-122 on April 6, 2026.

**REQUEST FOR ADMISSION NO. 106:** Admit that the electronic mail message produced at LECK-122 bears a header reflecting transmission to Megan Weiss.

## 4. THE TERMINATION OF L&M AND THE CIRCUMSTANCES OF THE NOVEMBER 26, 2024 CALLS

***A. The arrest of Feras Mousilli and Your knowledge of it.***

**REQUEST FOR ADMISSION NO. 107:** Admit that Feras Mousilli was arrested on November 19, 2024.

**REQUEST FOR ADMISSION NO. 108:** Admit that a felony complaint charging Feras Mousilli with the offense of Sexual Performance by a Child was filed in Cause No. 189408801010 in the 178th District Court of Harris County, Texas on November 20, 2024.

**REQUEST FOR ADMISSION NO. 109:** Admit that the arrest of Feras Mousilli was reported by KTRK-TV.

**REQUEST FOR ADMISSION NO. 110:** Admit that You learned of the arrest of Feras Mousilli on or before November 26, 2024.

**REQUEST FOR ADMISSION NO. 111:** Admit that You were aware, before November 26, 2024, that the arrest of Feras Mousilli had been reported in the news media.

**REQUEST FOR ADMISSION NO. 112:** Admit that You were associated with L&M on November 26, 2024.

**REQUEST FOR ADMISSION NO. 113:** Admit that You performed work for L&M after You learned of the arrest of Feras Mousilli.

**REQUEST FOR ADMISSION NO. 114:** Admit that You did not terminate Your association with L&M after You learned of the arrest of Feras Mousilli.

***B. The Well Cell Termination.***

**REQUEST FOR ADMISSION NO. 115:** Admit that the Well Cell Termination was transmitted by electronic mail.

**REQUEST FOR ADMISSION NO. 116:** Admit that the Well Cell Termination was sent on November 22, 2024.

**REQUEST FOR ADMISSION NO. 117:** Admit that the Well Cell Termination was sent after November 19, 2024.

**REQUEST FOR ADMISSION NO. 118:** Admit that the Well Cell Termination was sent before November 26, 2024.

**REQUEST FOR ADMISSION NO. 119:** Admit that the Well Cell Termination was sent by Carol Wilson.

**REQUEST FOR ADMISSION NO. 120:** Admit that the Well Cell Termination terminated the engagement of L&M by Well Cell Global, LLC.

**REQUEST FOR ADMISSION NO. 121:** Admit that the Well Cell Termination terminated the engagement of L&M by Well Cell Support LLC.

**REQUEST FOR ADMISSION NO. 122:** Admit that the Well Cell Termination referred to the arrest of Feras Mousilli.

**REQUEST FOR ADMISSION NO. 123:** Admit that You learned of the Well Cell Termination on November 26, 2024.

**REQUEST FOR ADMISSION NO. 124:** Admit that You learned of the Well Cell Termination before You sent the electronic mail message produced at LECK-002.

**REQUEST FOR ADMISSION NO. 125:** Admit that You did not learn of the Well Cell Termination from Scott Hepford.

**REQUEST FOR ADMISSION NO. 126:** Admit that You did not learn of the Well Cell Termination from Paula Oschman.

**REQUEST FOR ADMISSION NO. 127:** Admit that You did not learn of the Well Cell Termination from Carol Wilson.

**REQUEST FOR ADMISSION NO. 128:** Admit that You learned of the Well Cell Termination from a person then associated with L&M.

**REQUEST FOR ADMISSION NO. 129:** Admit that You learned of the Well Cell Termination from Feras Mousilli.

**REQUEST FOR ADMISSION NO. 130:** Admit that You learned of the Well Cell Termination from Megan Weiss.

**REQUEST FOR ADMISSION NO. 131:** Admit that You learned of the Well Cell Termination from Marlene Campbell.

**REQUEST FOR ADMISSION NO. 132:** Admit that You did not read the Well Cell Termination before sending the electronic mail message produced at LECK-002.

**REQUEST FOR ADMISSION NO. 133:** Admit that You have not produced the Well Cell Termination in this action.

***C. The November 26, 2024 exchange with Scott Hepford.***

**REQUEST FOR ADMISSION NO. 134:** Admit that during a telephone call with Scott Hepford on November 26, 2024, Scott Hepford referred to the arrest of Feras Mousilli.

**REQUEST FOR ADMISSION NO. 135:** Admit that during a telephone call with Scott Hepford on November 26, 2024, Scott Hepford questioned Your continued association with L&M.

**REQUEST FOR ADMISSION NO. 136:** Admit that during a telephone call with Scott Hepford on November 26, 2024, Scott Hepford stated that Your continued association with L&M was not morally justifiable.

**REQUEST FOR ADMISSION NO. 137:** Admit that during a telephone call with Scott Hepford on November 26, 2024, You defended Your continued association with L&M.

**REQUEST FOR ADMISSION NO. 138:** Admit that You responded to Scott Hepford's statements concerning Your association with L&M by making a statement about Plaintiff.

**REQUEST FOR ADMISSION NO. 139:** Admit that You first stated to Scott Hepford that Plaintiff took money from L&M after Scott Hepford referred to the arrest of Feras Mousilli.

**REQUEST FOR ADMISSION NO. 140:** Admit that You first stated to Scott Hepford that Plaintiff took money from L&M after Scott Hepford questioned Your continued association with L&M.

***D. Retention of Well Cell's business by L&M.***

**REQUEST FOR ADMISSION NO. 141:** Admit that during a telephone call with Scott Hepford on November 26, 2024, You asked him to continue the engagement of L&M by Well Cell Global, LLC.

**REQUEST FOR ADMISSION NO. 142:** Admit that during a telephone call with Scott Hepford on November 26, 2024, You asked him to continue the engagement of L&M by Well Cell Support LLC.

**REQUEST FOR ADMISSION NO. 143:** Admit that You sought to persuade Scott Hepford to withdraw the Well Cell Termination.

**REQUEST FOR ADMISSION NO. 144:** Admit that You expected to receive a financial benefit if Well Cell Global, LLC continued to engage L&M.

**REQUEST FOR ADMISSION NO. 145:** Admit that You expected to receive a financial benefit if Well Cell Support LLC continued to engage L&M.

**REQUEST FOR ADMISSION NO. 146:** Admit that no person associated with L&M asked You to contact Scott Hepford.

**REQUEST FOR ADMISSION NO. 147:** Admit that You informed a person associated with L&M that You had contacted Scott Hepford.

**REQUEST FOR ADMISSION NO. 148:** Admit that You informed Feras Mousilli that You had contacted Scott Hepford.

***E. Displacement of Plaintiff by Planay LLC.***

**REQUEST FOR ADMISSION NO. 149:** Admit that Scott Hepford did not ask You to contact him before You sent the electronic mail message produced at LECK-002.

**REQUEST FOR ADMISSION NO. 150:** Admit that You prepared the document produced at LECK-003 through LECK-005.

**REQUEST FOR ADMISSION NO. 151:** Admit that Planay LLC had no written engagement agreement with Well Cell Support LLC before November 27, 2024.

**REQUEST FOR ADMISSION NO. 152:** Admit that the Scope defined in the document produced at LECK-003 includes "general legal matters."

**REQUEST FOR ADMISSION NO. 153:** Admit that the document produced at LECK-003 through LECK-005, if executed, would have obligated Well Cell Support LLC to pay Planay LLC for services.

**REQUEST FOR ADMISSION NO. 154:** Admit that You expected to receive a financial benefit if Well Cell Support LLC executed the document produced at LECK-003 through LECK-005.

**REQUEST FOR ADMISSION NO. 155:** Admit that Planay LLC has received payment from Well Cell Support LLC.

**REQUEST FOR ADMISSION NO. 156:** Admit that Planay LLC has received payment from Well Cell Global, LLC.

**REQUEST FOR ADMISSION NO. 157:** Admit that You sought to provide to Well Cell Global, LLC services that Plaintiff was then providing to Well Cell Global, LLC.

**REQUEST FOR ADMISSION NO. 158:** Admit that You sought to provide to Well Cell Support LLC services that Plaintiff was then providing to Well Cell Support LLC.

**REQUEST FOR ADMISSION NO. 159:** Admit that You suggested to Scott Hepford that he retain You.

**REQUEST FOR ADMISSION NO. 160:** Admit that You suggested to Scott Hepford that he retain Planay LLC.

**REQUEST FOR ADMISSION NO. 161:** Admit that You suggested to Scott Hepford that he cease using Plaintiff as his attorney.

**REQUEST FOR ADMISSION NO. 162:** Admit that You told Scott Hepford that Plaintiff should not represent Well Cell Global, LLC.

**REQUEST FOR ADMISSION NO. 163:** Admit that You told Scott Hepford that Plaintiff should not represent Well Cell Support LLC.