**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO.** |
| | § | **4:25-cv-05642** |
| **DANIEL MCNARY "MAC"** | § | **JURY DEMANDED** |
| **LECKRONE,** | § | |
| ***Defendant.*** | § | |
| | § | |

**DEFENDANT DANIEL MCNARY LECKRONE'S OPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY ELIZABETH REVERE AND ELIZABETH REVERE, PLLC AS COUNSEL FOR DEFENDANT AND FOR PROTECTIVE RELIEF**

**COMES NOW, DEFENDANT DANIEL MCNARY LECKRONE,** in the above-entitled and numbered cause and files this *Opposed Motion for Leave to File Sur-Reply in Opposition to Plaintiff's Motion to Disqualify Elizabeth Revere and Elizabeth Revere, PLLC as Counsel for Defendant and for Protective Relief* (Dkt. 22), and respectfully shows the Court as follows:

## I. SUMMARY OF MOTION

1. Plaintiff's *Reply in Support of her Motion to Disqualify* (Dkt. 32) ("**Reply**") does two things her motion to Disqualify (Dkt. 22) did not. First, it asks for new relief: that any denial of disqualification be conditioned on Mr. Leckrone's agreement to "offer no evidence or argument that Plaintiff was not a partner of L&M or was its independent contractor," and that any denial be "without prejudice to renewal before trial..." Dkt. 32, ¶ 4 & Prayer. Neither request appears in the motion to Disqualify or in Plaintiff's proposed

order. Dkt. 22; Dkt. 22-8. Second, it offers a new interpretation of Ms. Revere's March 31, 2026 testimony in the Harris County litigation between Lloyd & Mousilli, PLLC, Lema Mousilli, and Feras Mousilli, Cause No. 2024-72783 (the "**Partnership Litigation**")., The Motion to Disqualify cited that testimony as evidence of Ms. Revere's role at L&M. The Reply now reads that testimony to mean that she worked on the Partnership Litigation and argues that her declaration therefore "cannot give a consistent account of her role..." It also relies on documents that are not in the record of the motion to disqualify. Dkt. 32, ¶¶ 1, 3. Mr. Leckrone has had no opportunity to respond to either.

2. Mr. Leckrone asks leave to file the Sur-Reply attached as **Exhibit A**, with the Supplemental Unsworn Declaration of Elizabeth Revere attached as **Exhibit B**. The Sur-Reply addresses only those two matters.

## II. ARGUMENT AND AUTHORITIES

### A. The Reply raises matters that were not in the Motion to Disqualify

3. Under this Court's procedures, sur-replies are rarely considered and require leave. Court Procedures and Practices § B.5(f). A sur-reply is appropriate to answer matter raised for the first time in a reply. When a court considers new matter raised in a reply, the non-movant must have "an adequate opportunity to respond." *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004); *see also Gillaspy v. Dallas Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) (per curiam) (reversing summary judgment on a ground first raised in a reply and remanding so the non-movant could respond). Mr. Leckrone will oppose Plaintiff's request for a sur-reply on Dkt. 21 because each point in it answered an argument

Plaintiff had already made. This Motion is different: it answers relief and argument that appear for the first time in the Reply.

4. *New relief requires a new motion.* "A request for a court order must be made by motion" that "state[s] with particularity the grounds for seeking the order" and "state[s] the relief sought." FED. R. CIV. P. 7(b)(1). This District adds safeguards: an opposed motion must be accompanied by a proposed order granting the relief requested and a certificate that the movant conferred, L.R. 7.1(C)–(D), and the respondent has twenty-one days to respond, L.R. 7.3, 7.4. A request embedded in a brief is not a motion. *See United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (request in opposition brief, without particular grounds, "does not constitute a motion"). The Motion to Disqualify asked the Court to disqualify Ms. Revere and her firm, to screen Ms. Campbell, and to enter protective relief. Dkt. 22; Dkt. 22-8. It did not ask the Court to restrict the evidence or argument Mr. Leckrone may offer on the merits, and it did not ask that any denial be without prejudice. Those requests appear for the first time at Dkt. 32, ¶ 4 and in the Reply's Prayer. Plaintiff did not confer on them, and because they were raised in a reply, the last brief the Rules allow her, Mr. Leckrone has had no opportunity to respond. Courts in this Circuit generally "refuse to consider arguments raised for the first time in reply briefs." *Gillaspy*, 278 F. App'x at 315 (citing *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1437 (5th Cir. 1989)). The Court should disregard the new requests. If Plaintiff wants that relief, she may seek it by motion, after conference, on a record to which Mr. Leckrone can respond.

5. If the Court considers those requests, Mr. Leckrone asks leave to respond to them in the attached Sur-Reply. *See Vais Arms*, 383 F.3d at 292.

6. *New interpretation and new evidence.* The Reply quotes two cherry-picked answers from Ms. Revere's March 31, 2026 testimony and argues that they contradict her declaration. Dkt. 32, ¶ 3 (citing Dkt. 22-2 at 20:4–10; Dkt. 29-1, ¶ 7). The Motion to Disqualify quoted the same answers, Dkt. 22, ¶ 6, but it did not argue that the language implied or meant that she had worked on the Partnership Litigation; it cited the same lines for her role heading L&M's litigation practice. Dkt. 22, ¶ 23. The Reply's reading of the same language is new. The Reply also relies on documents that are not in the record of the motion to Disqualify. Dkt. 32, ¶ 1 (citing LECK-018 ¶¶ 11–12; LECK-019 ¶¶ 18–22). Read with the questions and answers around them, the quoted answers concern Ms. Revere's position heading L&M's litigation department, not the Partnership Litigation. Dkt. 22-2 at 20:11–18, 27:6–12, 44:23–45:1. Ms. Revere's supplemental declaration addresses the point directly so that the Court has an accurate record. Ex. B.

7. The Sur-Reply is short, limited to these two matters, and will not delay resolution of the *Motion to Disqualify*.

## III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Daniel McNary Leckrone respectfully asks the Court to grant this *Motion for Leave*, to deem the Sur-Reply (Exhibit A) and the Supplemental Unsworn Declaration of Elizabeth Revere (Exhibit B) filed as of the date of the Court's order, and to grant Defendant such other and further relief to which he may show himself justly entitled.

Dated: October 30, 2026.

Respectfully submitted,

By: /s/ *Elizabeth Revere*

ELIZABETH REVERE
State Bar No. 00791513
S.D. Texas Bar No. 18329
**ELIZABETH REVERE, PLLC**
804 Sabine Street
Houston, Texas 77007
Tel: (281) 924-8845
Fax: (832) 201-0584
*service@bethrevere.com*
**ATTORNEY FOR DEFENDANT**
**DANIEL MCNARY LECKRONE**

## CERTIFICATE OF COMPLIANCE

I certify that this Motion for Leave complies with the word-count limitation in Section 5(d)(4)(ii) of the Court Procedures of United States Magistrate Judge Yvonne Y. Ho. The document contains 1020 words, including headings and footnotes, and excluding the caption, title of the document, table of contents, table of authorities, signature block, and certificates. I relied on the word-count function of Microsoft Word to calculate the word count.

/s/ *Elizabeth Revere*
Elizabeth Revere

## CERTIFICATE OF CONFERENCE

I certify that on October 29, 2026, at 11:55 a.m. with a clarifying email at 12:12 p.m., I conferred by email with Plaintiff's attorney-in-charge, Lloyd E. Kelley, with copies to Lema Mousilli, regarding the relief requested in this motion, and requested Plaintiff's position by 10:00 a.m. on October 30, 2026. On October 30 at 9:26 a.m., Ms. Mousilli responded on Plaintiff's behalf without stating whether Plaintiff opposes the motion. At 9:39 a.m., I again requested Plaintiff's position, asking for response by 11:00 a.m. At 10:47 a.m. Ms. Mousilli again responded without stating a position. Defendant therefore presents the motion as opposed.

/s/ *Elizabeth Revere*
Elizabeth Revere

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, pursuant to the District's ECF service rules on **October 30, 2026,** ***via electronic filing system***.

/s/ *Elizabeth Revere*
Elizabeth Revere