**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO.** |
| | § | **4:25-cv-05642** |
| **DANIEL MCNARY "MAC"** | § | **JURY DEMANDED** |
| **LECKRONE,** | § | |
| ***Defendant.*** | § | |
| | § | |
| | § | |

**DEFENDANT DANIEL MCNARY LECKRONE'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY ELIZABETH REVERE AND ELIZABETH REVERE, PLLC AS COUNSEL FOR DEFENDANT AND FOR PROTECTIVE RELIEF**

**COMES NOW, DEFENDANT DANIEL MCNARY LECKRONE,** and, with leave of Court, files this *Sur-Reply in Opposition* to *Plaintiff's Motion to Disqualify Elizabeth Revere and Elizabeth Revere, PLLC as Counsel for Defendant and for Protective Relief* (Dkt. 22) ("**Motion**"), in response to Plaintiff's Reply (Dkt. 32) ("**Reply**"), and respectfully shows the Court as follows:

## I. SUMMARY OF SUR-REPLY

1. The Reply asks for relief the Motion never sought and rests its necessity argument on a reading of Ms. Revere's testimony that the transcript does not support. Dkt. 32 ¶¶ 3–4. The proposed condition on the merits should not be imposed, and Ms. Revere's supplemental declaration confirms that her only involvement in the Partnership Litigation (the Harris County litigation between Lloyd & Mousilli, PLLC, Lema Mousilli, and Feras

**EXHIBIT B**

Mousilli, Cause No. 2024-72783) was as a witness. Ex. B, Supplemental Unsworn Declaration of Elizabeth Revere (“**Supp. Revere Decl.**”) ¶¶ 3–4.

## II. ARGUMENT AND AUTHORITIES

### A. The proposed merits condition should not be imposed

2. The Reply asks the Court to condition any denial on two things: that Mr. Leckrone will not call Ms. Revere, and that he will “offer no evidence or argument that Plaintiff was not a partner of L&M or was its independent contractor.” Dkt. 32, ¶ 4. The first is already in the record. Mr. Leckrone has declared that he does not intend to call Ms. Revere and does not require her testimony to establish any essential fact. Dkt. 29-2, ¶ 3.

3. The second is a different kind of request. It is not a limit on counsel’s role; it is an order barring a party from contesting a fact on the merits. It was requested for the first time in a reply, without a motion, a proposed order, or a conference. FED. R. CIV. P. 7(b)(1); L.R. 7.1(C)–(D); *see United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). Plaintiff put her status at L&M at issue in her own Complaint. Dkt. 1, ¶ 8. The question under Rule 3.08 is whether Ms. Revere’s testimony is necessary to establish an essential fact. *In re Sanders*, 153 S.W.3d 54, 57 (Tex. 2004) (per curiam). It is not whether Mr. Leckrone should give up a position on the merits in exchange for keeping his counsel.

4. Nor does Mr. Leckrone’s truth defense depend on Plaintiff’s status. The Reply quotes only part of his declaration. Dkt. 32, ¶ 1. The full sentence reads: “My defense of truth is that my statements were speaking of and based on the allegations L&M asserted

against Lema Mousilli in that litigation, not on any personal knowledge arising from Ms. Mousilli's position at or professional relationship with L&M." Dkt. 29-2, ¶ 8.

5. And the premise Plaintiff attributes to the L&M petition does not depend on Ms. Revere. By Plaintiff's own description, the petition rests that premise on a written "Independent Contractor Agreement." Dkt. 32, ¶ 1. The documents Plaintiff cites for that description, LECK-018 and LECK-019, are not in the record of the Motion. A written agreement is proved through the document and the parties to it. Plaintiff was also a party to the April 1, 2022 conversation she says only Ms. Revere can describe. Dkt. 32, ¶ 2; Dkt. 22-7, ¶ 5. "When an attorney's testimony is merely cumulative or capable of being corroborated by other witnesses, the attorney is not likely to be a necessary witness." *Duke Invs., Ltd. v. Amegy Bank, N.A. (In re Duke Invs., Ltd.)*, 454 B.R. 414, 422 (Bankr. S.D. Tex. 2011).

6. Alternatively, if the Court is inclined to impose any condition, Mr. Leckrone does not object to a condition that he will not call Ms. Revere as a witness or offer her testimony concerning the April 1, 2022 conversation.

7. Finally, the Reply describes Rule 3.08(c) as barring a lawyer-witness from "an active role before the tribunal." Dkt. 32, ¶ 4. On Plaintiff's own description, nothing in the pretrial phase of this case calls for relief now.

**B. Ms. Revere's only involvement in the Partnership Litigation was as a witness**

8. The Reply argues that Ms. Revere is "the sworn proponent of the premise" on which Mr. Leckrone's defense rests and that her declaration "cannot give a consistent account of her role…" Dkt. 32, ¶ 3. Ms. Revere's supplemental declaration answers that directly.

9. Ms. Revere did not work on the Partnership Litigation in any capacity. Ex. B, ¶ 3. Her involvement was as a witness: she gave a witness statement in February 2025 about a 2022 conversation with Plaintiff, and she testified at trial under subpoena on March 31, 2026. *Id.* ¶ 4. The work for Ms. Farrell described in her earlier declaration had no relation to the Partnership Litigation. *Id.* ¶ 5; *see* Dkt. 29-1, ¶ 9.

10. The testimony the Reply quotes refers to her work at L&M, not to the lawsuit. Dkt. 22-2 at 20:4–10. Plaintiff's own motion cited the same answers for Ms. Revere's role heading L&M's litigation practice. Dkt. 22 ¶ 23. Mr. Kelley's next question was whether L&M called her "litigation partner"; she answered that her title was "Senior attorney." Dkt. 22-2 at 20:11–18. Elsewhere in the same examination she described taking over the firm's "litigation division," *Id.* at 27:6–12, after Feras Mousilli asked her in August 2024 "to step up to take over the role of heading the litigation department," *Id.* at 44:23–45:1. Ex. B, ¶ 6.

11. Giving a witness statement and testifying under subpoena are what witnesses do. They do not make Ms. Revere a "proponent" of any premise, and they do not make her testimony necessary in this case.

## III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Daniel McNary Leckrone respectfully requests that the Court deny *Plaintiff's Motion to Disqualify Elizabeth Revere and Elizabeth Revere, PLLC as Counsel for Defendant and for Protective Relief*, decline to impose the conditions first requested in Plaintiff's Reply, and grant Defendant such other

and further relief, both general and special, at law or in equity, to which he may show himself justly entitled.

Dated: October 30, 2026.

Respectfully submitted,

By: /s/ *Elizabeth Revere*

ELIZABETH REVERE
State Bar No. 00791513
S.D. Texas Bar No. 18329
**ELIZABETH REVERE, PLLC**
804 Sabine Street
Houston, Texas 77007
Tel: (281) 924-8845
Fax: (832) 201-0584
*service@bethrevere.com*
**ATTORNEY FOR DEFENDANT**
**DANIEL MCNARY LECKRONE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, pursuant to the District's ECF service rules on **October 30, 2026**, via electronic filing system.

/s/ *Elizabeth Revere*
Elizabeth Revere