**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,** *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 4:25-cv-05642** |
| | § | |
| **DANIEL MCNARY "MAC" LECKRONE,** | § | **JURY DEMANDED** |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM FOR DECLARATORY JUDGMENT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, PLAINTIFF, LEMA MOUSILLI**, by and through her undersigned counsel, and files this *Response in Opposition to Defendant Daniel McNary "Mac" Leckrone's Motion for Leave to File First Amended Answer, Affirmative Defenses, and Counterclaim for Declaratory Judgment* (the "**Motion**"). In support thereof, Plaintiff respectfully shows the Court as follows:

## I. INTRODUCTION

1. Defendant filed his First Amended Answer, Affirmative Defenses, and Counterclaim for Declaratory Judgment (Dkt. 16) without leave of Court and without Plaintiff's written consent. He then told the Court that Dkt. 16 "remains the live, operative pleading in this case." (Dkt. 21 ¶ 5.) He asked for leave only after Plaintiff moved to strike, seventy days after the amendment deadline, in a Motion he describes as "necessitated by" Plaintiff's Motion to Strike.

(Dkt. 33 at 6 n.1.) He now asks the Court to grant leave and to deem Dkt. 16 "properly filed as of July 31, 2026." (Dkt. 27 at 6.)

2. Defendant agrees that a request for leave made after the Scheduling Order deadline must first satisfy the good-cause standard of Rule 16(b)(4). (Dkt. 27 ¶¶ 13, 16, 23.) The Fifth Circuit applied that standard to this exact sequence: an amended pleading filed on the deadline without a motion, followed by a later motion for leave. *Suter v. Univ. of Tex. at San Antonio*, 495 F. App'x 506, 508 (5th Cir. 2012) (per curiam). Defendant's only explanation is that he believed the parties had agreed that amendments could be filed by July 31. The only document counsel for both parties signed says nothing about amending pleadings. Defendant possessed every fact underlying the new defense and counterclaim when he answered in March 2026.

3. The Motion should be denied. If the Court grants leave, it should do so prospectively: Dkt. 16 should take effect on the date of the Court's order, Plaintiff should have fourteen days from that order to answer the counterclaim, and no allegation should be deemed admitted by reason of the period in which Dkt. 16 lacked legal effect.

## II. PROCEDURAL BACKGROUND

### A. The Joint Plan and the Scheduling Order.

4. Defendant served his Original Answer on March 9, 2026. (Dkt. 10.) His period to amend once as a matter of course under Rule 15(a)(1)(A) expired twenty-one days later, on March 30, 2026.

5. On April 30, 2026, Defendant's counsel filed the Joint Discovery/Case Management Plan, which bears the electronic signatures of counsel for both parties. (Dkt. 14 at 6.) The Plan does not mention amendment of pleadings or the date July 31, 2026. Its only reference to leave is Defendant's own statement that he "may join additional parties as appropriate based on information and evidence obtained through discovery and with leave of Court as required." (Dkt.

14 ¶ 6.) The parties' agreement is stated in a single sentence: "The parties are in agreement on the discovery plan set forth in this Joint Case Management Plan." (Dkt. 14 ¶ 11.)

6. The July 31, 2026 date appears only in the proposed scheduling order that Defendant's counsel filed with the Plan, a form order prepared for the Magistrate Judge's signature. (Dkt. 14-1.) It bears no signature of any party or counsel. (*Id.* at 1–2.) On May 1, 2026, Magistrate Judge Ho signed the Scheduling Order, which sets July 31, 2026, for "AMENDMENTS TO PLEADINGS AND ADDITION OF NEW PARTIES." (Dkt. 15 ¶ 1; *id.* at 2.) The signed order does not adopt the proposal verbatim; it revises the expert-designation, discovery, and motions provisions. (*Compare* Dkt. 14-1 ¶¶ 2a–4, *with* Dkt. 15 ¶¶ 2a–4.) It does not state that pleadings may be amended without leave.

7. Defendant does not contend that counsel for the parties ever discussed amendment of pleadings. His Motion and his response to Plaintiff's Motion to Strike rest entirely on Dkt. 14 and Dkt. 14-1. (Dkt. 27 ¶ 1; Dkt. 33 ¶¶ 11–15, 45.)

**B. Dkt. 16 and the Belated Request for Leave.**

8. On July 31, 2026, Defendant filed Dkt. 16. It adds a "Ninth Defense" asserting that Plaintiff is a public figure (Dkt. 16 ¶ 53) and a counterclaim for declaratory judgment on choice of law (*id.* ¶¶ 54–81). Dkt. 16 does not recite that it was filed with leave or by consent. The Ninth Defense rests on Plaintiff's candidacies for judicial office, including one in a spring election that preceded the alleged statements. (*Id.* ¶ 53.) The counterclaim rests on Defendant's presence in Oregon when he received the calls. (*Id.* ¶¶ 62, 74–75.)

9. On September 29, 2026, Defendant moved for leave to file a Second Amended Answer and Counterclaims. (Dkt. 21.) That motion quotes Rule 15(a)(2)'s requirement of written consent or leave (Dkt. 21 ¶ 14), acknowledges that amendment after the Scheduling Order deadline

requires good cause under Rule 16(b)(4) (*id.* ¶ 18), and describes Dkt. 16 as "the live, operative pleading in this case" (*id.* ¶ 5). It does not seek leave for Dkt. 16.

10. Plaintiff moved to strike Dkt. 16 on October 7, 2026. (Dkt. 26.) Defendant filed this Motion on October 9, 2026, seventy days after the amendment deadline. (Dkt. 27.) On October 28, 2026, Defendant responded to the Motion to Strike, incorporated this Motion, and asked the Court to consider the two together. (Dkt. 33 ¶¶ 6, 52, 64.) This Response addresses the arguments in both filings.

## III. ARGUMENT AND AUTHORITIES

### A. Rule 16(b)(4) Governs, and *Suter* Resolves the Sequence Defendant Followed.

11. Defendant agrees that where a scheduling order has been entered and the amendment deadline has expired, a movant must satisfy Rule 16(b)(4) before the Court considers Rule 15(a), and he identifies the four factors the Court weighs: the explanation for the failure to move timely, the importance of the amendment, potential prejudice, and the availability of a continuance to cure that prejudice. (Dkt. 27 ¶¶ 13, 15–16.) His request for leave came seventy days after the deadline.

12. In *Suter*, the scheduling order set a deadline for "all motions to amend or supplement pleadings." 495 F. App'x at 508. The plaintiff filed an amended complaint on the deadline without a motion for leave, then moved for leave thirty days later. *Id.* The district court denied leave and struck the amended complaint. *Id.* On appeal, the plaintiff argued that the amended complaint "should have been the 'live' complaint at trial because it was timely filed, even if it was not accompanied by a formal motion for leave to amend." *Id.* The Fifth Circuit rejected the argument: Rule 15(a) "is inapposite because Suter never requested leave to amend, whether in a formal motion or within the body of her amended complaint." *Id.* It then reviewed

the later motions for leave under Rule 16(b)(4) and affirmed the finding that good cause was lacking. *Id.*

13. Defendant distinguishes *Suter* because its order addressed "motions to amend." (Dkt. 33 ¶ 32.) The Rule 15(a) holding did not turn on that language, and the Fifth Circuit has applied the same rule to an order phrased as this one is. In *Klein v. Marvin Lumber & Cedar Co.*, the amended complaint was filed while "the time specified in the scheduling order to amend pleadings had not expired." 575 F. App'x 347, 350 (5th Cir. 2014) (per curiam). The plaintiff argued that Rule 16(b)(3)(A) "says nothing about leave being required to amend one's pleadings within the deadline set by the trial court." *Id.* The court answered: "This is correct, but neither Rule 16 nor the scheduling order overrides the clear statement in Rule 15 that amendments after the 21-day period require leave of the court or consent of the opposing party." *Id.* Defendant's argument that Rule 16 lists the time to amend separately from the time to file motions (Dkt. 33 ¶ 45) is the argument *Klein* accepted as to Rule 16 and rejected as to Rule 15.

14. Defendant's remaining point is that "[t]he proposed amendment itself was tendered timely; the delay concerns seeking formal leave." (Dkt. 27 ¶ 23.) That is the argument *Suter* rejected. Like the pleading in *Suter*, Dkt. 16 requests no leave on its face. A pleading filed without required leave has "no legal effect." *United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003). Defendant's first request for leave is this Motion, and Rule 16(b)(4) applies to it.

**B. The Joint Plan Is Not Written Consent.**

15. Rule 15(a)(2) permits amendment at this stage "only with the opposing party's written consent or the court's leave." (Dkt. 27 ¶ 9 (quoting Fed. R. Civ. P. 15(a)(2)).) Defendant now contends that the Plan was that consent: "That jointly filed writing, signed by Plaintiff, was

understood by Mr. Leckrone to be written consent to amendments filed by that date." (Dkt. 33 ¶ 45.)

16. The record does not support the contention. Defendant's counsel filed both documents on which he relies. The writing that bears counsel's signatures, Dkt. 14, says nothing about amending pleadings. The writing that contains the July 31 date, Dkt. 14-1, is a proposed order that no party or counsel signed, and it says nothing about leave or consent. The deadline itself comes from the Court's signed Scheduling Order (Dkt. 15 ¶ 1), which did not adopt the proposal verbatim, contrary to Defendant's description of it (*compare* Dkt. 33 ¶ 45, *with* Dkt. 14-1 ¶¶ 2a–4, *and* Dkt. 15 ¶¶ 2a–4). Neither document identifies any amendment, let alone a Ninth Defense or a counterclaim that did not yet exist. Agreeing on the date by which amendments must be made is not consent to the content of an amendment no one has seen. The Fifth Circuit has drawn the same line. In *Brown v. Alixa-RX*, the plaintiff argued that she had obtained written consent under Rule 15(a)(2) because opposing counsel agreed not to oppose extending her amendment deadline. The court held that she "did not receive written consent" because the defendants "only agreed not to oppose her request to extend the deadline for filing her amended complaint," and it affirmed the order striking her pleading. No. 22-40160, 2022 U.S. App. LEXIS 27463, at *6–7 (5th Cir. Sept. 30, 2022) (per curiam). If a jointly proposed deadline were written consent to whatever pleading is filed by it, Rule 15(a)(2) would be displaced whenever a scheduling order adopts the parties' proposal. *Klein* holds that the scheduling order does not override Rule 15. 575 F. App'x at 350. The proposal from which the order was drawn cannot do more than the order itself.

17. Defendant's own filings confirm that no one understood the Plan as consent when Dkt. 16 was filed. Dkt. 16 recites neither leave nor consent. Three weeks ago, Defendant told the

Court only that he did not seek leave "because he believed that the parties agreed that amendments could be filed on or before that date." (Dkt. 27 ¶ 1.) The written-consent theory appears for the first time in his response to the Motion to Strike. (Dkt. 33 ¶ 45.) And the one sentence in the Plan that addresses leave is Defendant's own acknowledgment that he would join parties "with leave of Court as required." (Dkt. 14 ¶ 6.)

18. Defendant's quotation of the Plan omits the limit on the parties' agreement. He presents Paragraph 11 as reading: "The parties are in agreement on the discovery plan." (Dkt. 33 ¶ 11.) The sentence continues: "set forth in this Joint Case Management Plan." (Dkt. 14 ¶ 11.) The parties agreed on a discovery plan. They did not agree that Rule 15(a)(2) would not apply.

**C. Defendant Has Not Shown Good Cause.**

**1. Defendant offers no explanation that shows diligence.**

19. Good cause "requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.' " *Suter*, 495 F. App'x at 508 (quoting *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). Defendant's explanation is that he did not think leave was required. (Dkt. 27 ¶ 1; Dkt. 33 ¶ 43.) That is not a reason the deadline could not be met. Defendant met the date. He chose not to ask for leave.

20. Whatever Defendant believed on July 31, he could not have believed it on September 29. That day, he quoted Rule 15(a)(2) to the Court and acknowledged that post-deadline amendment requires good cause. (Dkt. 21 ¶¶ 14, 18.) He still sought no leave for Dkt. 16 and instead represented it to be the operative pleading. (*Id.* ¶ 5.) He moved for leave only after Plaintiff moved to strike. (Dkt. 33 at 6 n.1.)

21. Nor does Defendant identify any fact he learned after he answered. The Ninth Defense rests on Plaintiff's candidacies for public office, including a candidacy that preceded the

alleged statements. (Dkt. 16 ¶ 53.) The counterclaim rests on Defendant's own location when he took the calls. (*Id.* ¶¶ 62, 74–75.) He knew all of it on March 9, 2026. Nothing in Dkt. 16, the Motion, or Dkt. 33 suggests otherwise.

**2. Defendant's descriptions of the amendment's importance contradict each other.**

22. Defendant tells the Court that "the amendment is of vital importance to the resolution of this matter." (Dkt. 33 ¶ 53.) He also tells the Court that "[t]he ninth defense changes no burden" (*id.* ¶ 59), that public-figure status "is not an enumerated affirmative defense" (Dkt. 27 ¶ 19), and that he pleaded it "in an abundance of caution" (*id.* ¶ 6). If the Ninth Defense changes nothing, its importance cannot justify modifying the Scheduling Order. If it changes the governing fault standard, as Defendant's own proposed pleading indicates when it states that a plaintiff who is not a public figure "need only show that [the] statements were negligent" (Dkt. 21-1 ¶ 98), then it is substantial new matter that required a timely request for leave.

23. The counterclaim fares no better. Defendant says it asks the Court to apply the forum state's choice-of-law rules (Dkt. 33 ¶ 60) on a question that, in his words, "must necessarily be addressed by the Court" (Dkt. 27 ¶ 19). By Defendant's own account, the question will be decided whether or not the counterclaim exists. He does not explain what the counterclaim adds that warrants modifying the schedule.

**3. Retroactive leave would prejudice Plaintiff, and Plaintiff's discovery did not accept Dkt. 16.**

24. Defendant asks the Court to deem Dkt. 16 filed as of July 31, 2026 (Dkt. 27 at 6), while maintaining that Plaintiff's answer to the counterclaim "was due August 21, 2026" and opposing any ruling that no response was required (Dkt. 33 ¶ 61). Together, those positions would place Plaintiff out of time on a counterclaim to which she owed no response while Dkt. 16 lacked legal effect. Because the pleading was improperly filed, it "had no legal effect," and the opposing

party "had no obligation to respond to it." *Martinez v. Foods*, No. SA:13-CV-133-DAE, 2013 WL 12394357, at *2 (W.D. Tex. Nov. 6, 2013). Under Rule 8(b)(6), an allegation in a pleading that requires a response, other than one relating to the amount of damages, is admitted if not denied. Retroactive leave would invite exactly that consequence.

25. *Mathews* rejected retroactive effect for this reason. The court allowed that an unauthorized amendment may sometimes be treated as properly filed, but only where "the parties would be in the same position regardless of which procedure the court used." 332 F.3d at 296–97. Where the opposing party would be prejudiced, the amended pleading "could not have been filed until leave of court was granted." *Id.* at 297. The parties here would not be in the same position. Deeming Dkt. 16 filed as of July 31 would put Plaintiff out of time on a response deadline that never ran and would add a defense that Defendant's own pleading says changes the standard of fault.

26. Defendant argues instead that Plaintiff accepted Dkt. 16 by serving her Second Set of Requests for Admission and Requests for Production on matters "first raised" in it. (Dkt. 33 ¶¶ 19, 43–44, 60–61.) The record shows otherwise. Requests for Admission 40 and 56 concern the lawsuit filed against Plaintiff on October 18, 2024. (Dkt. 33 ¶ 19.) On June 15, 2026, six weeks before Dkt. 16, Plaintiff asked Defendant to produce all documents he contends "support any affirmative defense asserted in Your Original Answer and Affirmative Defenses, including but not limited to Documents supporting Your defense of truth or substantial truth." He answered: "See Bates No. LECK-016-030." (Def.'s Resp. to RFP No. 19 (June 15, 2026) (Ex. A at 11).) Those pages contain the October 18, 2024 petition. Asked for the facts supporting his truth defense, he answered under oath: "I recited that a lawsuit was filed against Plaintiff on October 18, 2024." (Def.'s Resp. to ROG No. 14 (June 15, 2026) (Dkt. 28, Ex. I).) Requests for Admission 96 through

100 concern the call entries on LECK-010 and LECK-011. (Dkt. 33 ¶ 19.) Defendant produced those pages on June 15, 2026, in response to Request for Production No. 9: "See Bates LECK-006-012." (Def.'s Resp. to RFP No. 9 (June 15, 2026) (Ex. A at 8).) Discovery on defenses pleaded in Dkt. 10 and on documents Defendant produced before Dkt. 16 existed is not acceptance of Dkt. 16. Nor is serving discovery the "written consent" Rule 15(a)(2) requires.

27. Defendant described the same requests very differently three weeks ago. In his October 7, 2026 letter to the Court's Case Manager concerning Plaintiff's Second Set of Requests for Admission, he wrote that "[t]he remainder of the requests seek information that is entirely outside of the scope of discovery" and that the pattern of requests "appears calculated solely to harass and increase attorney fees in violation of Rule 11." (Ex. B at 1.) The same requests cannot be both outside the scope of this case and proof that Plaintiff embraced Defendant's new pleading.

**4. Time remaining on the schedule does not supply an explanation.**

28. Defendant relies on the time left before the discovery and trial settings. (Dkt. 27 ¶ 24; Dkt. 33 ¶ 63.) The fourth factor asks whether a continuance could cure prejudice. It does not excuse the absence of diligence under the first factor, and it does nothing to cure the prejudice of retroactive leave.

**D. Rule 15(a) Does Not Rescue the Motion.**

29. Because Defendant has not shown good cause, the Court need not reach Rule 15(a). (Dkt. 27 ¶ 16.) If it does, undue delay and prejudice, two of the factors Defendant identifies (Dkt. 27 ¶ 11), weigh against leave. Defendant waited seventy days after the deadline, sought leave only when Plaintiff moved to strike, and in the interim filed a second motion to amend that builds on the unauthorized pleading. (Dkt. 21.) The prejudice of retroactive leave is set out above.

### E. The Good-Cause Question Should Be Decided, Not Mooted.

30. Defendant asks the Court to rule first on his Motion for Leave to File Second Amended Answer and then to deny this Motion and the Motion to Strike as moot. (Dkt. 33 ¶¶ 7, 24–27, 67.) He acknowledges that the good-cause question for the Ninth Defense and the declaratory counterclaim is already before the Court. (*Id.* ¶ 8; *see* Dkt. 28 ¶ 18.) Plaintiff asks the Court to decide that question on the merits, whether the Ninth Defense and the counterclaim are presented through Dkt. 16 or through Dkt. 21-1, so that every item of new matter added after the deadline is evaluated under the same standard.

31. If the Court grants leave as to Dkt. 16, Plaintiff requests that the order (a) make Dkt. 16 effective as of the date of the order; (b) give Plaintiff fourteen days from that date to answer or otherwise respond to the counterclaim, a period Defendant does not oppose (Dkt. 27 ¶ 21; Dkt. 33 at 17); and (c) provide that no allegation of the counterclaim is deemed admitted by reason of any period before that date.

## IV. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Lema Mousilli respectfully requests that the Court deny Defendant's Motion for Leave to File First Amended Answer, Affirmative Defenses, and Counterclaim for Declaratory Judgment (Dkt. 27); grant Plaintiff's Motion to Strike (Dkt. 26); deny leave to add the Ninth Defense and the counterclaim for declaratory judgment, whether presented through Dkt. 16 or Dkt. 21-1; in the alternative, should the Court grant leave, order that Dkt. 16 is effective as of the date of the Court's order, that Plaintiff shall answer or otherwise respond to the counterclaim within fourteen days of that order, and that no allegation of the counterclaim is deemed admitted by reason of any period before that order; and grant Plaintiff such other and further relief to which she may show herself justly entitled.

DATE: October 30, 2026

Respectfully submitted,

*/s/ Lloyd E. Kelley*
LLOYD E. KELLEY
Attorney-in-charge
Texas State Bar No. 11203180
SDTX Federal ID No. 13497
**THE KELLEY LAW FIRM**
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973
*kelley@lloydekelley.com*
**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**

Lema Mousilli
Texas State Bar No. 24056016
SDTX Federal ID No. 1358290
**MOUSILLI LAW, PLLC**
11807 Westheimer Road
Suite 550, PMB 624
Houston, TX 77077
Tel: (281) 305-9313
*lema@mousillilaw.com*
*service@mousillilaw.com*
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2026, a true and correct copy of the foregoing document, together with its exhibits and form order, was served on all counsel of record through the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure and this District's electronic filing rules.

/s/ Lema Mousilli
Lema Mousilli