**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO.** |
| | § | **4:25-cv-05642** |
| **DANIEL MCNARY "MAC"** | § | **JURY DEMANDED** |
| **LECKRONE,** | § | |
| ***Defendants.*** | § | |

**DEFENDANT DANIEL MCNARY LECKRONE'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION**

**COMES NOW, DEFENDANT DANIEL MCNARY "MAC" LECKRONE**, in the above-entitled and numbered cause and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby serves his responses and objections to Plaintiff's First Set of Requests for Production.

Dated: June 15, 2026.

Respectfully submitted,

By: /s/ *Elizabeth Revere*

ELIZABETH REVERE
State Bar No. 00791513
S.D. Texas Bar No. 18329
**ELIZABETH REVERE, PLLC**
804 Sabine Street
Houston, Texas 77007
Tel: (281) 924-8845
Fax: (832) 201-0584
*service@bethrevere.com*
**ATTORNEY FOR DEFENDANT DANIEL MCNARY LECKRONE**



**EXHIBIT A**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, pursuant to the District's ECF service rules on **June 15, 2026,** ***via electronic mail*** on the following:

Lloyd E. Kelley
Attorney-in-charge
The Kelley Law Firm
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
*kelley@lloydekelley.com*
Attorneys for Plaintiff

/s/ *Elizabeth Revere*
Elizabeth Revere

## I. DEFINITIONS

As used throughout these discovery requests, the following terms shall have the meanings set forth below:

1. **"You" or "Defendant"** means Defendant Daniel McNary "Mac" Leckrone, individually, and any agent, representative, or other person acting or purporting to act on his behalf.

2. **"L&M" or "the Firm"** means Lloyd & Mousilli, PLLC, including all of its current and former partners, members, of counsel attorneys, contract attorneys, employees, agents, staff, and representatives.

3. **"Feras Mousilli"** means Feras Mousilli, individually, and in any capacity in which he has acted, including as managing partner or any other role at L&M.

4. **"Megan Weiss"** means Megan Weiss, individually, and in any capacity in which she has acted, including as paralegal or Head of Operations at L&M or in any other role.

5. **"Plaintiff" or "Ms. Mousilli"** means Plaintiff Lema Mousilli, formerly known as Lema Barazi.

6. **"The Statements"** means any and all statements, communications, or representations made by You, whether oral or written, concerning Plaintiff Lema Mousilli, including but not limited to any statement that Plaintiff stole money, funds, or property from L&M or any other person or entity, and any statement concerning the character, conduct, reputation, or fitness of Plaintiff in her personal or professional capacity.

7. **"The Hepford Calls"** means the telephone calls made by You to Scott Hepford on or about December 1, 2024, as alleged in Plaintiff's Original Complaint.

8. **"Hepford"** means Scott Hepford, Chief Executive Officer of Well Cell Global, LLC, and any entity of which he is an officer, director, employee, or agent.

9. **"Document"** means any written, printed, typed, recorded, photographed, or graphic matter of every kind and description, however produced or reproduced, including without limitation any correspondence, email, text message, instant message, direct message, voicemail, memorandum, note, report, contract, agreement, log, calendar entry, invoice, receipt, photograph, video recording, audio recording, and all electronically stored information ("ESI"), including metadata.

10. **"Communication"** means any transmission of information from one person to another, by any means, including but not limited to written, oral, electronic, telephonic, or digital transmission.

11. **"Relating to" or "Concerning"** means directly or indirectly referring to, describing, evidencing, supporting, contradicting, concerning, discussing, mentioning, or reflecting the subject matter of the request.

12. **"Partnership Litigation"** means Cause No. 2024-72783, styled Lloyd & Mousilli, PLLC v. Lema Barazi, et al., pending in the 295th Judicial District Court, Harris County, Texas.

13. **"Jury Verdict"** means the jury verdict rendered in the Partnership Litigation finding that Plaintiff Lema Mousilli is a fifty percent (50%) owner and partner of Lloyd & Mousilli, PLLC.

14. **"Demand Letter"** means the letter dated November 11, 2025, sent by counsel for Plaintiff to You demanding retraction of the Statements.

15. **"ESI"** means electronically stored information in any format, including but not limited to emails, text messages, iMessages, WhatsApp messages, Signal messages, Slack messages, voicemails, social media messages, and any other digital communications stored on any device, server, platform, or cloud service.

## II. INSTRUCTIONS

1. These discovery requests are continuing in nature. If You obtain information after the date of Your initial responses that is responsive to any request herein, You are required to supplement Your responses promptly pursuant to Federal Rule of Civil Procedure 26(e).

2. Each Interrogatory, Request for Production, and Request for Admission must be answered separately and fully. A general objection or reference to documents does not constitute a sufficient response unless expressly authorized by applicable rules.

3. If You claim that any Document or information responsive to these requests is protected by the attorney-client privilege, work-product doctrine, or any other privilege, You must provide a privilege log that identifies: (a) the date of the Document or Communication; (b) the author and all recipients; (c) the subject matter; (d) the basis for the claimed privilege; and (e) the specific request to which the Document or Communication is responsive.

4. If You cannot answer a Request for Admission in full, You must admit to the fullest extent possible and specifically deny the remainder, stating the reasons for each denial.

5. If You claim that any portion of a Request for Production is unduly burdensome, You must nonetheless produce all responsive documents that are not subject to the stated burden and specifically describe the documents withheld and the basis for withholding them.

6. Unless otherwise specified, the relevant time period for all requests is January 1, 2022 through the present.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All Documents and Communications, in any medium, in which You made any statement concerning Plaintiff Lema Mousilli, including but not limited to any statement concerning her character, honesty, professional conduct, finances, alleged theft, or alleged misappropriation of funds, sent to or received from any person or entity from January 1, 2022 through the present.

**RESPONSE**: Objection: This Request is overbroad, unduly burdensome, and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It seeks "all documents and communications in any medium" referencing Plaintiff in any way over a period of more than four

years without limitation as to subject matter, recipient, context, or relationship to the claims and defenses asserted in this action.

Defendant will produce documents and communications that that are relevant to the claims and defenses asserted in this action and that are responsive to this Request.

After a diligent search of documents and communications, there are no responsive documents.

**REQUEST FOR PRODUCTION NO. 2:** All Documents and Communications between You and Feras Mousilli, in any medium, from January 1, 2022 through the present, including but not limited to emails, text messages, iMessages, WhatsApp messages, Signal messages, Slack messages, voicemails, letters, memoranda, and any other written or electronic communications.

**RESPONSE**: Objection: This Request is overbroad, unduly burdensome, and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It seeks all communications between Defendant and Feras Mousilli over a period exceeding four years without limitation as to subject matter or relevance to the claims and defenses asserted in this action. The Request encompasses substantial quantities of communications concerning legal matters, client matters, firm operations, business affairs, personal matters, and other topics unrelated to the allegations at issue. The Request also seeks confidential client information, proprietary business information, or information subject to duties of confidentiality owed to third parties.

Defendant will produce communications between Defendant and Feras Mousilli that are relevant to the claims and defenses asserted in this action.

After a diligent search of documents and communications, there are no responsive documents.

**REQUEST FOR PRODUCTION NO. 3:** All Documents and Communications between You and Megan Weiss, in any medium, from January 1, 2022 through the present, including but not limited to emails, text messages, iMessages, WhatsApp messages, Signal messages, Slack messages, voicemails, letters, memoranda, and any other written or electronic communications.

**RESPONSE**: Objection: This Request is overbroad, unduly burdensome, and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It seeks all communications between Defendant and Megan Weiss over a period exceeding four years without limitation as to subject matter or relevance to the claims and defenses asserted in this action. The Request encompasses substantial quantities of communications concerning legal matters, client matters, firm operations, business affairs, personal matters, and other topics unrelated to the allegations at issue. The Request also seeks confidential client information, proprietary business information, or information subject to duties of confidentiality owed to third parties.

Defendant will produce communications between Defendant and Megan Weiss that are relevant to the claims and defenses asserted in this action.

*See* Bates No. LECK-121-122 attached.

**REQUEST FOR PRODUCTION NO. 4:** All Documents and Communications between You and Scott Hepford or any representative of Well Cell Global, LLC, in any medium, from January 1,

2022 through the present, including but not limited to emails, text messages, iMessages, voicemails, call logs, letters, and any other written or electronic communications.

**RESPONSE**: Objection: This Request is overbroad, unduly burdensome, and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It seeks all communications between Defendant and Well Cell Global, LLC, a former client of Defendant's, over a period exceeding four years without limitation as to subject matter or relevance to the claims and defenses asserted in this action. The Request encompasses substantial quantities of communications concerning legal matters, client matters, firm operations, business affairs, personal matters, and other topics unrelated to the allegations at issue. The Request also seeks confidential client information, proprietary business information, or information subject to duties of confidentiality owed to third parties.

Defendant will produce communications between Defendant and Well Cell, LLC. that are relevant to the claims and defenses asserted in this action.

*See* Bates No. LECK- 001-005.

**REQUEST FOR PRODUCTION NO. 5:** All Documents and Communications between You and any current or former partner, employee, agent, or representative of Lloyd & Mousilli, PLLC, in any medium, from January 1, 2022 through the present, that concern or relate to Plaintiff Lema Mousilli, Mousilli Law, PLLC, the Partnership Litigation, the Jury Verdict, or any client or prospective client of Plaintiff Lema Mousilli.

**RESPONSE**: Objection: This Request is overbroad, unduly burdensome, and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It seeks "all documents and communications with any current or former partner, employee, agent, or representative of Lloyd & Mousilli, PLLC" over a period exceeding four years without limitation as to subject matter, recipient, context, or relationship to the claims and defenses asserted in this action. Further, the term "prospective client of Plaintiff Lema Mousilli" is vague, ambiguous, and seeks information that Defendant has no reasonable means of identifying. The Request seeks confidential client information, proprietary business information, or information subject to duties of confidentiality owed to third parties that is not relevant to any claim or defense and is not proportional to the needs of the case. Defendant will provide any responsive protected information under an appropriate protective order, whether agreed by the parties or entered independently by the Court.

Defendant will produce documents and communications that that are relevant to the claims and defenses asserted in this action and that are responsive to this Request.

*See* Bates No. LECK-121-122.

**REQUEST FOR PRODUCTION NO. 6:** All Documents and Communications between You and any client, former client, or prospective client of Lloyd & Mousilli, PLLC, or of Plaintiff Lema Mousilli or Mousilli Law, PLLC, in any medium, from January 1, 2022 through the present, in which Plaintiff Lema Mousilli is mentioned, referenced, or discussed.

**RESPONSE**: Objection: This Request is overbroad, unduly burdensome, and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It seeks "all documents and communications with any client, former client, or prospective client" of multiple law firms and

individuals over a period exceeding four years without limitation as to subject matter, recipient, context, or relationship to the claims and defenses asserted in this action or any particular person or entity. Further, the term "prospective client" is vague, ambiguous, and seeks information that Defendant has no reasonable means of identifying. The phrases "mentioned," "referenced," or "discussed" are overly broad and encompass communications having no connection to the claims asserted in this action. The Request is not reasonably tailored to the alleged defamatory statements at issue and would require Defendant to identify and review communications involving potentially hundreds of individuals and entities. The Request seeks confidential client information, proprietary business information, or information subject to duties of confidentiality owed to third parties that is not relevant to any claim or defense and is not proportional to the needs of the case. Defendant will provide any responsive protected information under an appropriate protective order, whether agreed by the parties or entered independently by the Court.

Defendant will produce documents and communications with Scott Hepford or Well Cell Global, LLC that are relevant to the claims and defenses asserted in this action and that are responsive to this Request.

After a diligent search of documents and communications, there are no responsive documents.

**REQUEST FOR PRODUCTION NO. 7:** All Documents concerning any financial arrangement, compensation agreement, referral fee agreement, revenue-sharing arrangement, profit distribution, partnership agreement, or any other agreement or understanding between You and Lloyd & Mousilli, PLLC, and/or Feras Mousilli, from January 1, 2019 through the present, including but not limited to contracts, term sheets, invoices, payment records, bank records reflecting transfers, and correspondence concerning compensation.

**RESPONSE**: Objection: This Request seeks information that is not relevant to any claim or defense in this case and is not proportional to the needs of the case as required by FED. R. CIV. P. 26(b)(1). This action concerns alleged defamatory statements purportedly made by Defendant concerning Plaintiff. Defendant's compensation arrangements, financial dealings, banking records, invoices, payment records, and other financial information relating to Lloyd & Mousilli, PLLC and/or Feras Mousilli do not bear on whether the alleged statements were made, whether they were false, or whether Plaintiff suffered damages. The Request is overbroad, unduly burdensome, and invasive of Defendant's financial privacy because it seeks virtually all financial documents and communications between Defendant and Lloyd & Mousilli, PLLC and/or Feras Mousilli over a period exceeding seven years. The Request is not tailored in any way to comply with the scope of discovery under the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 8:** All Documents constituting, evidencing, or concerning any agreement — written or oral — governing Your relationship with Lloyd & Mousilli, PLLC, including but not limited to any partnership agreement, of-counsel agreement, contract attorney agreement, employment agreement, independent contractor agreement, or any amendments or modifications thereto.

**RESPONSE**: Objection: This Request seeks information that is not relevant to any claim or defense in this case and is not proportional to the needs of the case as required by FED. R. CIV. P. 26(b)(1). This action concerns alleged defamatory statements purportedly made by Defendant concerning Plaintiff. The information sought does not bear on whether the alleged statements were

made, whether they were false, or whether Plaintiff suffered damages. The Request further seeks confidential or proprietary business information beyond that necessary to address the issues raised in this action.

**REQUEST FOR PRODUCTION NO. 9:** All call logs, telephone records, and text message records from any personal or work mobile device in Your possession, custody, or control from November 1, 2024 through the present, reflecting any communication with Scott Hepford, Feras Mousilli, Megan Weiss, or any person at Lloyd & Mousilli, PLLC.

**RESPONSE**: Objection: This Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It seeks all call logs, telephone records, and text message records reflecting communications with numerous individuals over a period exceeding eighteen months regardless of subject matter. The Request would require disclosure of substantial amounts of private, confidential, and irrelevant information unrelated to the allegations asserted in this action.

Defendant will produce records of responsive communications with Scott Hepford concerning Plaintiff Lema Mousilli and the allegations asserted in this action.

*See* Bates LECK-006-012.

**REQUEST FOR PRODUCTION NO. 10:** All emails sent or received by You from any personal email account (including but not limited to any Gmail, Yahoo, Outlook, iCloud, or other personal email address), from January 1, 2022 through the present, concerning Plaintiff Lema Mousilli, Scott Hepford, the Partnership Litigation, the Jury Verdict, or any client or prospective client of Plaintiff or of Mousilli Law, PLLC.

**RESPONSE**: Objection: This Request is overbroad and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It is not tailored to relate to the claims and defenses in this matter and, on its face, seeks information outside those claims and defenses. It seeks emails concerning any client or prospective client of Plaintiff or Mousilli Law, PLLC without limitation or relevance to any claim or defense in this matter. Defendant further objects that the term "prospective client of Plaintiff or of Mousilli Law, PLLC" is vague, ambiguous, and seeks information that Defendant has no reasonable means of identifying. The Request seeks confidential client information, proprietary business information, and information subject to duties of confidentiality owed to third parties. Defendant will provide any responsive protected information under an appropriate protective order, whether agreed by the parties or entered independently by the Court.

Defendant will produce responsive emails concerning Plaintiff Lema Mousilli or Scott Hepford related to the allegations asserted in this action.

*See* Bates No. LECK-001-005, and LECK-031-122 attached.

**REQUEST FOR PRODUCTION NO. 11:** All emails sent or received by You from any Lloyd & Mousilli, PLLC email account or domain (including but not limited to any @lloydmousilli.com address), from January 1, 2022 through the present, concerning Plaintiff Lema Mousilli, Scott Hepford, the Partnership Litigation, the Jury Verdict, or any client or prospective client of Plaintiff or of Mousilli Law, PLLC.

**RESPONSE**: Objection: This Request is overbroad and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It is not tailored to relate to the claims and defenses in this matter and, on its face, seeks information outside those claims and defenses. Further, the term "prospective client of Plaintiff or Mousilli Law, PLLC" is vague, ambiguous, and seeks information that Defendant has no reasonable means of identifying. The Request seeks confidential client information or information subject to duties of confidentiality owed to third parties. Defendant will provide any responsive protected information under an appropriate protective order, whether agreed by the parties or entered independently by the Court.

Defendant will produce responsive emails concerning Plaintiff Lema Mousilli or Scott Hepford related to the allegations asserted in this action.

After a diligent search of communications, there are no responsive documents.

**REQUEST FOR PRODUCTION NO. 12:** All messages, direct messages, group messages, and channel communications sent or received by You on Slack, Microsoft Teams, Google Chat, or any other workplace messaging platform, from January 1, 2022 through the present, concerning Plaintiff Lema Mousilli, Scott Hepford, the Partnership Litigation, the Jury Verdict, or any client or prospective client of Plaintiff or Mousilli Law, PLLC.

**RESPONSE**: Objection: This Request is overbroad and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It is not tailored to relate to the claims and defenses in this matter and, on its face, seeks information outside those claims and defenses. Further, the term "prospective client of Plaintiff or Mousilli Law, PLLC" is vague, ambiguous, and seeks information that Defendant has no reasonable means of identifying. The Request seeks confidential client information or information subject to duties of confidentiality owed to third parties. Defendant will provide any responsive protected information under an appropriate protective order, whether agreed by the parties or entered independently by the Court.

Defendant will produce responsive messages concerning Plaintiff Lema Mousilli or Scott Hepford related to the allegations asserted in this action.

After a diligent search of messages, there are no responsive documents.

**REQUEST FOR PRODUCTION NO. 13:** All messages sent or received by You via iMessage, WhatsApp, Signal, Telegram, Facebook Messenger, Instagram, or any other personal messaging application, from January 1, 2022 through the present, concerning Plaintiff Lema Mousilli, Scott Hepford, the Partnership Litigation, the Jury Verdict, or any client or prospective client of Plaintiff or Mousilli Law, PLLC.

**RESPONSE**: Objection: This Request is overbroad and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It is not tailored to relate to the claims and defenses in this matter and, on its face, seeks information outside those claims and defenses. Further, the term "prospective client of Plaintiff or Mousilli Law, PLLC" is vague, ambiguous, and seeks information that Defendant has no reasonable means of identifying. The Request seeks confidential client information or information subject to duties of confidentiality owed to third parties. Defendant will provide any responsive protected information under an appropriate protective order, whether agreed by the parties or entered independently by the Court.

Defendant will produce responsive messages concerning Plaintiff Lema Mousilli or Scott Hepford related to the allegations asserted in this action.

After a diligent search of messages, there are no responsive documents.

**REQUEST FOR PRODUCTION NO. 14:** All voicemail recordings, voicemail transcriptions, or other voice messages sent or received by You from January 1, 2022 through the present, concerning Plaintiff Lema Mousilli, Scott Hepford, or any client of Lloyd & Mousilli, PLLC, or of Plaintiff Lema Mousilli or Mousilli Law, PLLC.

**RESPONSE**: Objection: This Request is overbroad and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It is not tailored to relate to the claims and defenses in this matter and, on its face, seeks information outside those claims and defenses. The Request goes far beyond the scope of discovery and further seeks confidential client information or information subject to duties of confidentiality owed to third parties. Defendant will provide any responsive protected information under an appropriate protective order, whether agreed by the parties or entered independently by the Court.

Defendant will produce responsive recordings concerning Plaintiff Lema Mousilli or Scott Hepford related to the allegations asserted in this action.

After a diligent search of recordings and messages, there are no responsive documents.

**REQUEST FOR PRODUCTION NO. 15:** All posts, messages, direct messages, comments, or other communications made by You on any social media platform — including but not limited to LinkedIn, Facebook, X (formerly Twitter), Instagram, and any legal professional networking platforms — from January 1, 2022 through the present, that concern or reference Plaintiff Lema Mousilli.

**RESPONSE**: Objection: This Request is overbroad and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It is not tailored to relate to the claims and defenses in this matter and, on its face, seeks information outside those claims and defenses.

Defendant will produce responsive posts or messages concerning Plaintiff Lema Mousilli or Scott Hepford related to the allegations asserted in this action.

After a diligent search of social media, there are no responsive documents.

**REQUEST FOR PRODUCTION NO. 16:** All Documents and Communications concerning the Demand Letter dated November 11, 2025, including but not limited to: (a) the Demand Letter itself; (b) any communications You received regarding the Demand Letter; (c) any response or draft response to the Demand Letter; (d) any communications with Feras Mousilli, Megan Weiss, or counsel at L&M concerning the Demand Letter; and (e) any communications with Your counsel concerning the Demand Letter.

**RESPONSE**: Objection: Subsection (e) of this Request directly and improperly requests privileged information related to this matter in violation of FED. R. CIV. P. 26(b)(1). The scope of discovery is limited to non-privileged information relevant to the claims and defenses. FED. R. CIV. P. 26(b)(1).

Defendant will produce information that is responsive to subsections (a)-(d).

*See* Bates No. LECK-013 to LECK-015.

**REQUEST FOR PRODUCTION NO. 17:** All Documents concerning the Partnership Litigation, including but not limited to any pleadings, orders, verdicts, trial transcripts, deposition transcripts, exhibits, or correspondence concerning the Partnership Litigation that are in Your possession, custody, or control.

**RESPONSE**: Objection: This Request is overbroad and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It is not tailored to relate to the claims and defenses in this matter and, on its face, seeks information outside those claims and defenses.

Defendant will produce the pleading, email transmitting press release, and press release that are in his possession.

*See* Bates No. LECK-016-030, LECK-121-122.

**REQUEST FOR PRODUCTION NO. 18:** All Documents You received, reviewed, or relied upon from any source that You contend support any allegation that Plaintiff Lema Mousilli stole, misappropriated, or wrongfully took any funds or property from Lloyd & Mousilli, PLLC, Feras Mousilli, or any other person or entity.

**RESPONSE**: Objection: This Request is overbroad and disproportionate to the needs of the case as controlled by FED. R. CIV. P. 26(b)(1). It is not tailored to relate to the claims and defenses in this matter and, on its face, seeks information outside those claims and defenses.

Defendant will produce responsive documents related to the claims and defenses in this matter.

*See* Bates No. LECK-016-030.

**REQUEST FOR PRODUCTION NO. 19:** All Documents that You contend support any affirmative defense asserted in Your Original Answer and Affirmative Defenses, including but not limited to Documents supporting Your defense of truth or substantial truth.

**RESPONSE**:

*See* Bates No. LECK-016-030.

**REQUEST FOR PRODUCTION NO. 20:** All insurance policies, including any professional liability, errors and omissions, homeowner's, or umbrella policies, that may provide coverage for any claim asserted by Plaintiff in this lawsuit, together with any reservation of rights letters or coverage communications from any insurer.

**RESPONSE**: After a diligent search, there are no responsive documents.

**REQUEST FOR PRODUCTION NO. 21:** All non-privileged Documents and Communications concerning this lawsuit, including but not limited to communications with any person other than

Your retained attorneys about the claims, allegations, or defenses in this matter. [NOTE: Privileged communications with retained counsel need not be produced but must be logged.]

**RESPONSE**: Objection: The request is overly burdensome in that it demands that a privilege log be created for communications with counsel related to this matter. Such a request produces no discoverable information under FED. R. CIV. P. 26(b)(1) and serves only to increase attorney fees and potentially chill communication with counsel to avoid increased fees.

Defendant will produce documents and communications that that are relevant to the claims and defenses asserted in this action.

After a diligent search, there are no responsive documents.

**REQUEST FOR PRODUCTION NO. 22:** All Documents concerning any bar disciplinary proceeding, grievance, complaint, or investigation filed against You or in which You have been named, from January 1, 2016 through the present.

**RESPONSE**: Objection: This Request seeks information that is not relevant to any claim or defense and is not proportional to the needs of the case as required by FED. R. CIV. P. 26(b)(1). This action concerns alleged defamatory statements purportedly made by Defendant concerning Plaintiff. Defendant's bar disciplinary history, grievances, complaints, or investigations are unrelated to the allegations asserted in this action and are not reasonably calculated to lead to the discovery of admissible evidence concerning the claims or defenses at issue. Further, the Request is overbroad in that it seeks information for a period exceeding 10 years without regard to subject matter or any connection to the allegations in this lawsuit.

**REQUEST FOR PRODUCTION NO. 23:** All Documents that identify, reference, or contain contact information for any person to whom You made any statement concerning Plaintiff Lema Mousilli, including client lists, contact lists, email distribution lists, or any other document identifying such persons.

**RESPONSE**: Objection: This Request seeks information that is not relevant to any claim or defense and is not proportional to the needs of the case as required by FED. R. CIV. P. 26(b)(1). It seeks client lists, contact lists, email distribution lists, or other compilations containing confidential third-party information without limitation as to the subject matter of the communication and it is not tailored to the claims and defenses in this matter. Defendant further objects to the extent the Request seeks confidential client information, proprietary business information, or information subject to duties of confidentiality owed to third parties.

**REQUEST FOR PRODUCTION NO. 24:** All Documents provided to, reviewed by, or relied upon by any expert witness You intend to call at trial, together with all reports, draft reports, notes, correspondence, and billing records of any such expert.

**RESPONSE**: Objection: This request is improper in that it seeks information outside the scope of discovery as set forth in FED. R. CIV. P. 26(b)(4)(B)-(C). Further, the Request seeks information protected from disclosure under FED. R. CIV. P. 26(b)(4), including draft expert reports and protected communications between counsel and any testifying expert.

If applicable, Defendant will produce a written report in compliance with FED. R. CIV. P. 26(a)(2)(B) and disclosures pursuant to FED. R. CIV. P. 26(b)(4).

**REQUEST FOR PRODUCTION NO. 25:** All Documents reflecting or constituting any litigation hold notice, document preservation notice, or other instruction issued by You or Your counsel to preserve Documents or ESI in connection with this lawsuit.

**RESPONSE**: After a diligent search, there are no responsive documents.