ELIZABETH REVERE, PLLC
www.BethRevere.com
Beth@BethRevere.com
281-924-8845

October 7, 2026

***Via E-Mail***
Lisa Edwards, Case Manager
United States District Judge Alfred H. Bennett
United States District Court
Southern District of Texas
515 Rusk St., Room 8624
Houston, Texas 77002
*Lisa_Edwards@txs.uscourts.gov*

**Re: *Lema Mousilli v. Daniel McNary Leckrone*, Civil Action No. 4:25-cv-05642; Discovery Dispute Regarding Plaintiff's Second Set of Requests for Admissions, Pursuant to Section B(4) of the Court's Procedures and Practices**

Dear Case Manager Edwards and Law Clerks:

Pursuant to Section B(4) of Judge Bennett's Procedures and Practices, Defendant Daniel McNary Leckrone respectfully submits this letter regarding a discovery dispute with Plaintiff Lema Mousilli concerning Plaintiff's Second Set of Requests for Admissions.

**Nature of the Dispute**

Plaintiff served her Second Set of Requests for Admissions, consisting of one hundred and thirty-eight (138) numbered requests for admission, bringing the total number of requests to one hundred and sixty-three (163). A copy of Plaintiff's Second Set of Requests for Admissions is enclosed as **Exhibit A**.

The sheer number of requests propounded is entirely out of proportion for the needs of this case – given that the case turns on a sentence or two allegedly spoken by Mr. Leckrone in a phone conversation with a third party. Additionally, many of the issues raised in the requests are frivolous in that they ask Defendant to attest to the genuineness of the documents he produced in discovery. Another slew of requests asks that Mr. Leckrone admit to sending emails that he produced in response to discovery and that clearly show he is the sender. Other requests similarly ask that he admit information visible from the face of the documents. The remainder of the requests seek information that is entirely outside of the scope of discovery.

This pattern of sending copious requests outside the scope of discovery appears calculated solely to harass and increase attorney fees in violation of Rule 11.

**EXHIBIT B**

Defendant respectfully requests that the Court allow him to move for entry of a protective order confirming that Defendant is not required to respond to Plaintiff's Second Set of Requests for Admissions.

**Certificate of Conference**

The undersigned certifies that on September 22, 2026, counsel for Defendant conferred with Lloyd E. Kelley, counsel for Plaintiff, in writing by letter, regarding the dispute described above and outlined the defense position. Since then, Ms. Revere has called Mr. Kelley at least two times and left messages regarding her letter. She has also emailed him at least two times regarding her letter, but he has neither responded to nor acknowledged the letter. This is despite emailing Ms. Revere raising other matters in the same email chain. It seems Mr. Kelley refuses to either discuss or respond to Ms. Revere's letter and Mr. Kelley has not provided times for a conference.

A proposed order is enclosed for the Court's consideration.

Respectfully submitted,

Elizabeth Revere
Counsel for Defendant Daniel McNary Leckrone

Enclosures: Exhibit A (Plaintiff's Second Set of Requests for Admissions); Proposed Order

cc (*via e-mail*): Lloyd E. Kelley, lead counsel for Plaintiff