**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 4:25-cv-05642** |
| | § | |
| **DANIEL MCNARY "MAC" LECKRONE,** | § | **JURY DEMANDED** |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO STRIKE DEFENDANT'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM FOR DECLARATORY JUDGMENT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, PLAINTIFF, LEMA MOUSILLI**, and files this Reply in support of her Motion to Strike (Dkt. 26) and in reply to Defendant's Response (Dkt. 33), and respectfully shows the Court as follows:

## I. ARGUMENT

### A. *Klein* Answers Defendant's Central Argument.

1. Defendant does not dispute that Dkt. 16 was filed after the Rule 15(a)(1) period, without leave, and without a request for leave. His central contention is that the Scheduling Order sets a date for "AMENDMENTS TO PLEADINGS," not for motions. (Dkt. 33 ¶ 45.) The Fifth Circuit answered that argument where the amendment was filed within "the time specified in the scheduling order to amend pleadings." *Klein v. Marvin Lumber & Cedar Co.*, 575 F. App'x 347, 350 (5th Cir. 2014) (per curiam). Rule

16(b)(3)(A) may say nothing about leave, the court explained, "but neither Rule 16 nor the scheduling order overrides the clear statement in Rule 15 that amendments after the 21-day period require leave of the court or consent of the opposing party." *Id.* Defendant engages *Klein* only on prejudice. (Dkt. 33 ¶¶ 31, 49.) There, the stricken pleading "contained exactly the same causes of action" as the original. 575 F. App'x at 350. Here, by contrast, Dkt. 16 adds a defense and a claim for affirmative relief.

2. Defendant's distinctions of *Suter* and *Martinez* turn on orders that set deadlines for motions. (Dkt. 33 ¶¶ 32, 45.) *Suter*'s order did address "all motions to amend or supplement pleadings," but its holding did not depend on that language: Rule 15(a) was "inapposite because Suter never requested leave to amend, whether in a formal motion or within the body of her amended complaint." *Suter v. Univ. of Tex. at San Antonio*, 495 F. App'x 506, 508 (5th Cir. 2012) (per curiam). Dkt. 16 requests no leave on its face. Defendant also distinguishes *Brown v. Alixa-RX*, which Plaintiff did not cite (Dkt. 33 ¶ 45), but *Brown* rejected the consent theory Defendant now advances: an agreement concerning the amendment deadline is not written consent to amend. No. 22-40160, 2022 U.S. App. LEXIS 27463, at *6–7 (5th Cir. Sept. 30, 2022) (per curiam).

3. Defendant's principal district court authority is *Group 1 Automotive, Inc. v. Aetna Life Insurance Co.* (Dkt. 33 ¶ 46.) That order, No. 4:20-CV-01290, Dkt. 85 (S.D. Tex. May 20, 2022), does not bind this Court and does not address *Suter*, *Klein*, or *Mathews*. The confusion there arose from "certain discussions at the initial conference" and the language of the scheduling order, and the amendment was the plaintiff's "first

request for leave to amend." *Id.* at 2, 4. Defendant identifies no comparable discussion and he has already moved to amend again. (Dkt. 21.)

**B. Defendant's Consent and Acquiescence Theories Fail on the Record.**

4. Defendant's counsel filed both documents on which he relies. The Plan, which bears counsel's signatures, never mentions amendment of pleadings; the proposed order containing the July 31 date bears no party's signature and says nothing about leave or consent. (Dkt. 14 ¶¶ 6, 11; Dkt. 14-1.) The deadline comes from the order Magistrate Judge Ho signed (Dkt. 15 ¶ 1), and a scheduling order does not override Rule 15. *Klein*, 575 F. App'x at 350. Plaintiff's Response to Dkt. 27 addresses these points in full. (Dkt. 36.)

5. Nor did Plaintiff accept Dkt. 16 by serving discovery. (Dkt. 33 ¶¶ 19, 61.) The requests Defendant identifies concern the October 18, 2024 petition, which Defendant produced on June 15, 2026, as support for the defenses in his Original Answer, and the call records he produced the same day. (Dkt. 36 ¶ 26.) Three weeks before filing his Response, Defendant told the Court that the same set of requests sought, in its remainder, "information that is entirely outside of the scope of discovery." (*Id.*, Ex. B at 1.) Serving discovery is not the written consent Rule 15(a)(2) requires.

**C. Rule 12(f)(2)'s Deadline Does Not Apply.**

6. Defendant argues that the Motion is untimely under Rule 12(f)(2) and that Rule 15 "contains no strike mechanism." (Dkt. 33 ¶¶ 28, 66.) Plaintiff moved under Rule 15(a)(2). (Dkt. 26 at 1.) In *Klein*, the district court "struck the complaint under Federal Rule of Civil Procedure 15(a)," and the Fifth Circuit affirmed. 575 F. App'x at 350. Courts

struck the unauthorized pleadings in *Suter*, 495 F. App'x at 508, *Martinez v. Foods*, No. SA:13-CV-133-DAE, 2013 WL 12394357, at *1, *3 (W.D. Tex. Nov. 6, 2013), and *English v. United States*, No. 4:24-CV-00283, 2024 WL 3976864, at *1 n.1 (S.D. Tex. Aug. 27, 2024), without reference to Rule 12(f). Because such a pleading has "no legal effect," the opposing party has "no obligation to respond to it." *Martinez*, 2013 WL 12394357, at *2. Plaintiff could not be late in responding to a pleading that required no response, and Defendant cites no authority applying Rule 12(f)(2)'s deadline to an amendment filed without leave. Plaintiff moved when Defendant represented Dkt. 16 to be operative. (Dkt. 26 ¶ 20; Dkt. 21 ¶ 5.)

**D. Defendant's Citation Objections.**

7. Defendant states that he "could not locate Martinez at the citation Plaintiff provided." (Dkt. 33 ¶ 45 & n.2.) The citation is correct and is readily available through standard legal research services.

8. Defendant also states that the phrase "properly stricken" does not appear in *Mathews*. (Dkt. 33 ¶ 48.) Plaintiff did not quote it. (Dkt. 26 ¶ 2.) *Mathews* supplies the rule that a pleading filed without required leave has "no legal effect." *United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003). *Klein*, *Suter*, *Martinez*, and *English* show that striking is the remedy. *Mathews* also refused to treat such a pleading as filed before leave was granted unless "the parties would be in the same position regardless of which procedure the court used." *Id.* at 296–97. Deeming Dkt. 16 filed as of July 31 while insisting that Plaintiff's answer was due August 21 (Dkt. 33 ¶ 61) would not leave the parties in the same position.

**E. The Good-Cause Question Should Be Decided, Not Mooted.**

9. Defendant asks the Court to rule first on Dkt. 21 and deny this Motion as moot. (Dkt. 33 ¶ 67.) He acknowledges that the good-cause question for the Ninth Defense and the counterclaim is before the Court. (*Id.* ¶ 8.) Plaintiff asks the Court to decide it.

## II. PRAYER

Plaintiff respectfully requests that the Court grant her Motion to Strike (Dkt. 26) and the relief requested in it, and grant Plaintiff such other and further relief to which she may show herself justly entitled.

DATE: November 4, 2026

Respectfully submitted,

*/s/ Lloyd E. Kelley*

LLOYD E. KELLEY
Attorney-in-charge
Texas State Bar No. 11203180
SDTX Federal ID No. 13497
**THE KELLEY LAW FIRM**
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973
kelley@lloydekelley.com

**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**

Lema Mousilli
Texas State Bar No. 24056016
SDTX Federal ID No. 1358290
**MOUSILLI LAW, PLLC**
11807 Westheimer Road
Suite 550, PMB 624
Houston, TX 77077
Tel: (281) 305-9313
lema@mousillilaw.com
service@mousillilaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2026, a true and correct copy of the foregoing document was served on all counsel of record through the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure and this District's electronic filing rules.

/s/ Lema Mousilli
Lema Mousilli

## CERTIFICATE OF COMPLIANCE

I certify that this reply contains 1,108 words, including headings and footnotes, and excluding the case caption, title, signature blocks, and certificates, in compliance with Section 5(d)(4)(ii) of Judge Ho's Court Procedures.

/s/ Lema Mousilli
Lema Mousilli