**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO.** |
| | § | **4:25-cv-05642** |
| **DANIEL MCNARY "MAC"** | § | **JURY DEMANDED** |
| **LECKRONE,** | § | |
| ***Defendant.*** | § | |

# DEFENDANT DANIEL MCNARY LECKRONE'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM FOR DECLARATORY JUDGMENT

TO THE HONORABLE YVONNE Y. HO, UNITED STATES MAGISTRATE JUDGE:

**COMES NOW, DEFENDANT DANIEL MCNARY LECKRONE**, in the above-entitled and numbered cause and files this *Reply in Support of Motion for Leave to File First Amended Answer, Affirmative Defenses, and Counterclaim for Declaratory Judgment* (Dkt. 27) and in reply to *Plaintiff's Response in Opposition* (Dkt. 37), and respectfully shows the Court as follows:

## I. SUMMARY OF REPLY

1. Mr. Leckrone filed his First Amended Answer (Dkt. 16) on July 31, 2026, the date the Scheduling Order set for "AMENDMENTS TO PLEADINGS." Dkt. 15 ¶ 1. The only defect Plaintiff identifies is that no request for leave accompanied it. That request is now before the Court. Therefore, three points resolve the Motion.

2. *First*, Rule 15(a), not Rule 16(b)(4), governs a pleading tendered within the amendment deadline. A court in this District has so held on materially similar facts (*Group 1)*, and Plaintiff's own district-court authority granted leave under Rule 15 on a motion filed after the deadline *(Martinez)*. The Response addresses neither holding.

3. *Second*, under either standard, the only concrete prejudice Plaintiff identifies is that retroactive leave could put her out of time to answer the counterclaim. Mr. Leckrone's position eliminates that prejudice. He asks that Plaintiff be given fourteen days from the Court's order to answer and that no allegation be deemed admitted by reason of any earlier period.

4. *Third*, with that prejudice removed, Plaintiff's lead authority supports treating Dkt. 16 as timely, because "the parties would be in the same position regardless of which procedure the court used." *United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296–97 (5th Cir. 2003).

## II. ARGUMENT AND AUTHORITIES

### A. Rule 15(a) Governs a Pleading Filed Within the Amendment Deadline

5. In *Group 1 Automotive, Inc. v. Aetna Life Insurance Co.*, the plaintiff "filed an amended complaint on June 25th," the scheduling-order deadline, "without seeking leave of Court." No. 4:20-CV-01290, Dkt. 85 at 2 (S.D. Tex. May 20, 2022) (Eskridge, J.). As here, the plaintiff "believed it didn't need to seek leave." *Id.* Its confusion "arose from certain discussions at the initial conference and the language of the scheduling order itself." *Id.* Here, counsel conferred by telephone three times before filing the joint plan and proposed scheduling order. Dkt. 14 ¶ 1. The *Group 1* court treated the pleading as "a

timely-filed motion for leave to amend" and held: "Group 1 filed this motion before the deadline for amendments set forth in the scheduling order. The liberal standards of Rule 15 therefore apply." *Group 1,* at 3 (citing *Rangel v. Gonzalez Mascorro*, No. L-10-104, 2011 U.S. Dist. LEXIS 167387, at *4 (S.D. Tex. Aug. 19, 2011)). It granted leave and denied the motion to strike. *Id.* at 1, 6. Mr. Leckrone cited *Group 1* in his response to the Motion to Strike. Dkt. 33 ¶ 46. The Response does not mention it.

6. In *Martinez v. Tyson Foods, Inc.* - which the Response cites as "*Martinez v. Foods*" with a cite Mr. Leckrone could not locate - the scheduling order set a deadline for "motions to amend," and the court stressed that the order reached motions, "not all 'amended pleadings.'" No. SA:13-CV-133-DAE, Dkt. 20 at 3 (W.D. Tex. Nov. 6, 2013). Although it struck the amended complaint filed on the deadline without a motion, the court granted the plaintiff's motion for leave (filed a month after that deadline) under Rule 15(a)(2) and also considering the *Foman* factors. *Id.* at 5–6. The court did not require good cause under Rule 16(b)(4). The Response quotes *Martinez* on the effect of an unauthorized pleading (Dkt. 37 ¶ 28) but omits its outcome allowing amendment. *Martinez*, Dkt. 20 at 5 (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Counsel has twice asked Plaintiff for a corrected citation and received no response. Dkt. 33 at 11 n.2 & Ex. C.

7. *Suter* is unpublished and not precedent. 5th Cir. R. 47.5.4. Its scheduling order set a deadline for "all motions to amend or supplement pleadings," and the plaintiff acknowledged that her motions were late. *Suter v. Univ. of Tex. at San Antonio*, 495 F. App'x 506, 508 (5th Cir. 2012) (per curiam). The court's statement that Rule 15(a) was "inapposite" answered an argument pressed on appeal for a pleading on which leave had

never been sought. The court relied on the principle that "[a] party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals." *Id.* (quoting *U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)). Mr. Leckrone has asked this Court for leave. *Suter* did not involve an order setting a deadline for amendments rather than motions, and it did not consider the approach *Group 1* took.

8. *Klein* holds that leave is still required under Rule 15 within a scheduling-order deadline. *Klein v. Marvin Lumber & Cedar Co.*, 575 F. App'x 347, 350 (5th Cir. 2014) (per curiam). *Klein* is unpublished and not precedent. 5th Cir. R. 47.5.4. In any event, Mr. Leckrone has asked for leave. Further, *Klein* says nothing about the standard governing that request. The case does not quote the scheduling order, so Plaintiff cannot show the Fifth Circuit "applied the same rule to an order phrased as this one is." Dkt. 37 ¶ 17. And its finding that *Klein* "was in no way prejudiced" rested on the stricken pleading having "contained exactly the same causes of action as his previous complaint." 575 F. App'x at 350. Here, Dkt. 16 adds a defense and counterclaim.

9. *Brown* is distinguishable on the facts: the scheduling order "stated that a motion for leave to amend is required," and the *pro se* plaintiff filed after the deadline while her extension motion was pending. *Brown v. Alixa-RX*, No. 22-40160, slip op. at 2–3 (5th Cir. Sept. 30, 2022) (per curiam) (unpublished). The Response omits both facts. Neither fact is present here.

10. Rule 16 itself separates the time to "amend the pleadings" from the time to "file motions." FED. R. CIV. P. 16(b)(3)(A). Paragraph 1 of the Scheduling Order, adopted

verbatim from the joint proposal, sets a date for "AMENDMENTS TO PLEADINGS," not motions. Dkt. 14-1 ¶ 1; Dkt. 15 ¶ 1. Mr. Leckrone read his order as the *Group 1* plaintiff read its order. His September 29 motion is consistent with that reading, not contrary to it: he sought leave for amendments proposed *after* July 31 (Dkt. 21) because, as he understood the order, amendments filed *by* July 31 needed no motion. When Plaintiff moved to strike, he sought leave within two days. Dkt. 26; Dkt. 27.

11. Mr. Leckrone's response to the Motion to Strike stated that the Court adopted the proposed order "word for word" and "verbatim." Dkt. 33 ¶¶ 12, 45. That is accurate as to Paragraph 1, the only provision at issue; the Court revised Paragraphs 2a through 4. *Compare* Dkt. 14-1, *with* Dkt. 15.

**B. Even If Rule 16(b)(4) Applies, Good Cause Exists**

12. Good cause asks whether "the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)). Mr. Leckrone met the deadline. Plaintiff's point that he knew the underlying facts in March 2026 (Dkt. 37 ¶ 25) proves nothing. An amendment deadline exists so that parties may amend through that date without explaining why they did not amend sooner. The only lapse, the absence of a simultaneous request for leave, came from a good-faith reading of the order and was promptly cured.

13. The Response says the amendment is either unimportant or "substantial new matter." Dkt. 37 ¶ 26. There is no contradiction. Fault has been at issue since the Original Answer. Dkt. 10 ¶ 49 ("Lack of Fault / No Actual Malice"). The Ninth Defense therefore

adds no new burden, but it expressly pleads the public-figure predicate that determines the fault standard, so that no waiver argument can be made later. Plaintiff's own argument that the defense affects "the governing fault standard" confirms its importance. Dkt. 37 ¶ 26. The counterclaim, in turn, frames the choice-of-law question and identifies the facts on which it turns.

14. With the response-deadline relief described below, Plaintiff suffers no prejudice and no continuance is needed. She has had Dkt. 16 since July 31. Discovery remains open until January 15, 2027, dispositive motions are due February 16, 2027, and trial is set for June 28, 2027. Dkt. 15 ¶¶ 3–4, 7.

### C. *Mathews* Supports Treating Dkt. 16 as Timely, With Plaintiff's Response Deadline Running From the Court's Order

15. *Mathews* recognizes that an amended pleading filed without leave "may be considered as properly introduced when leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change." 332 F.3d at 295 (quoting 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1484, at 601 (2d ed. 1990)). The court declined to apply that rule only because treating the pleading as filed early would have stripped the defendant of a limitations defense. *Id.* at 297. Plaintiff loses no defense here.

16. Plaintiff's only claimed prejudice is that deeming Dkt. 16 filed on July 31 could make her answer to the counterclaim untimely and trigger Rule 8(b)(6). Dkt. 37 ¶ 28. Mr. Leckrone does not seek that result. Plaintiff proposes the same safeguards. Dkt. 37 ¶ 35(b)–(c). Rule 15(a)(3) lets the Court set the time to respond to an amended pleading ("[u]nless

the court orders otherwise”). Mr. Leckrone asks the Court to order Plaintiff to answer or otherwise respond to the counterclaim within fourteen days of its order and to provide that no allegation is deemed admitted by reason of any earlier period. With that relief, “the parties would be in the same position regardless of which procedure the court used.” *Mathews*, 332 F.3d at 296–97. Mr. Leckrone therefore asks that the Court deem Dkt. 16 timely filed under Paragraph 1 of the Scheduling Order.

**D. Plaintiff Had Full Notice of Dkt. 16**

17. Mr. Leckrone’s point is notice, not that discovery served as written consent. Plaintiff has had Dkt. 16 since July 31. On September 14 she served requests aimed at the facts underlying the counterclaim, including whether the call times on LECK-010 and LECK-011 “are stated in Pacific Time.” Dkt. 33, Ex. A, RFA 96. The pages may have been produced in June, but that request goes to the Oregon-location issue the counterclaim raises.

18. Mr. Leckrone’s October 7 letter is not inconsistent with this. It objected to 138 additional requests as disproportionate, including requests asking him to admit “information visible from the face of the documents.” Dkt. 37-2 at 1. RFAs 96 through 100 fall in that category. An objection to the volume and form of discovery does not suggest that Plaintiff lacked notice of its subject.

**E. The Court May Decide the Question on This Motion**

19. Mr. Leckrone does not ask the Court to avoid deciding whether the Ninth Defense and the counterclaim should be permitted. The same matters are carried forward in the

proposed Second Amended Answer (Dkt. 21-1), so a ruling here will also streamline the Court's consideration of Dkt. 21.

## III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Daniel McNary Leckrone respectfully asks the Court to (1) grant his Motion for Leave (Dkt. 27); (2) deem his First Amended Answer, Affirmative Defenses, and Counterclaim for Declaratory Judgment (Dkt. 16) timely filed under Paragraph 1 of the Scheduling Order (Dkt. 15); (3) order Plaintiff to answer or otherwise respond to the counterclaim within fourteen days of the Court's order, with no allegation deemed admitted by reason of any period before that order; (4) deny Plaintiff's Motion to Strike (Dkt. 26); and (5) grant such other and further relief to which he may be justly entitled.

Dated: November 6, 2026.

Respectfully submitted,

By: /s/ *Elizabeth Revere*

ELIZABETH REVERE
State Bar No. 00791513
S.D. Texas Bar No. 18329
**ELIZABETH REVERE, PLLC**
804 Sabine Street
Houston, Texas 77007
Tel: (281) 924-8845
Fax: (832) 201-0584
*service@bethrevere.com*
**ATTORNEY FOR DEFENDANT**
**DANIEL MCNARY LECKRONE**

## CERTIFICATE OF COMPLIANCE

I certify that this Reply complies with the word-count limitation in Section 5(d)(4)(ii) of the Court Procedures of United States Magistrate Judge Yvonne Y. Ho. The document contains 2019 words, including headings and footnotes and excluding the case caption, title, signature blocks, and certificates, and any table of contents and table of authorities. I relied on the word-count function of Microsoft Word to calculate the word count.

/s/ *Elizabeth Revere*
Elizabeth Revere

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, pursuant to the District's ECF service rules on **November 6, 2026,** ***via electronic filing system***.

/s/ *Elizabeth Revere*
Elizabeth Revere