11807 Westheimer Road
Suite 550, #624
Houston, Texas 77077
MousilliLaw.com
(281) 305-9313

**Lema Mousilli**
713.306.4650
lema@mousillilaw.com

November 10, 2026

_Via CM/ECF_

The Honorable Yvonne Y. Ho
United States Magistrate Judge
United States District Court, Southern District of Texas
515 Rusk Street, Houston, Texas 77002

**Re: *Lema Mousilli v. Daniel McNary "Mac" Leckrone*, Civil Action No. 4:25-cv-05642; Joint Pre-Motion Conference Letter under Section 5(b) re Marlene Campbell**

Dear Judge Ho:

Plaintiff Lema Mousilli and Defendant Daniel McNary "Mac" Leckrone ("**Defendant Leckrone**") submit this joint pre-motion conference letter under Section 5(b) of the Court's Procedures, as the Case Manager directed. It presents the dispute raised in Plaintiff's October 28, 2026 letter to Judge Bennett's Case Manager, sent the day the case was referred to this Court for all pretrial matters.

**The issues.** The parties dispute two issues, each limited to the period before the Court rules on Plaintiff's Motion to Disqualify (Dkt. 22): (1) whether correspondence between counsel will be sent by and to counsel of record, rather than through or to Marlene Campbell; and (2) whether Ms. Campbell will attend conferences between counsel.

**Background.** Defendant Leckrone and his defense counsel each work at two different law firms. However, Ms. Campbell, who signs case correspondence as "Mimi Campbell," is Defendant Leckrone and defense counsel's paralegal. Previously, she served as Plaintiff's paralegal. Plaintiff identified her as a person with knowledge of relevant facts in this lawsuit on June 9, 2026.

**Plaintiff's position.** Plaintiff asks the Court to direct that, until the Court rules on her motion to disqualify defense counsel (Dkt. 22), (a) correspondence between counsel be sent by and to counsel of record, without Ms. Campbell as sender or copy recipient; and (b) Ms. Campbell not attend conferences between counsel. Plaintiff makes the request under Federal Rule of Civil Procedure 26(c)(1)(B) and (E).

Plaintiff's disclosures identify the subjects of Ms. Campbell's knowledge. Plaintiff's declaration states that, as Defendant's paralegal at Lloyd & Mousilli, PLLC, Ms. Campbell arranged his calls, including with Well Cell and Scott Hepford, and worked on Well Cell matters until November 2024. Plaintiff is currently arranging for Ms. Campbell's deposition.

11807 Westheimer Road
Suite 550, #624
Houston, Texas 77077
MousilliLaw.com
(281) 305-9313

On September 15, 2026, defense counsel wrote that "my paralegal should be copied on all correspondence." On September 24, after Plaintiff objected to Ms. Campbell's attendance at a discovery conference, defense counsel responded, "I intend to have my paralegal on our discovery call." On October 26, during conferral on Dkt. 31, defense counsel added Ms. Campbell to the email chain; Plaintiff removed her, and defense counsel added her back, over several exchanges. On October 28, Ms. Campbell transmitted defense counsel's discovery deficiency letter to Plaintiff and Mr. Kelley. On October 30, Ms. Campbell wrote to the Court's Case Manager on Defendant's behalf about this dispute, and defense counsel copied her on the conference described below.

On October 30, Plaintiff's counsel emailed Ms. Campbell, who has not stated that she is represented by counsel, asking for her available deposition dates, whether a subpoena would be necessary, and whether she is represented. Ms. Campbell forwarded Plaintiff's emails to defense counsel. On November 5, defense counsel wrote that Ms. Campbell "wants all communication to come through me." Plaintiff's counsel asked defense counsel to "state whether you represent her in connection with her deposition or otherwise in this matter." Defense counsel did not answer. Instead, defense counsel wrote that, "[a]fter reading the tenor and tone of [Plaintiff's counsel's] email… Mimi has reconsidered cooperating for a live deposition," and that Plaintiff "may send her a deposition on written questions." Plaintiff cannot confer on pending and anticipated discovery issues while the witness she intends to examine receives Plaintiff's positions before her deposition and defense counsel controls Plaintiff's access to that witness without stating whether she represents her. Plaintiff seeks no relief in this letter concerning Ms. Campbell's deposition.

**Defendant's position.** Defendant opposes both requests. This is not a joint letter: Plaintiff drafted it and refused Defendant's edits to any part other than this section. Plaintiff's proposal is an attempt to hamstring defense counsel's representation of Mr. Leckrone without a ruling on her Motion to Disqualify; it seeks, on an interim basis, part of the screening relief that pending motion requests. Dkts. 22, 29, 32, 35. Defense counsel is a solo practitioner, and Ms. Campbell is her paralegal. Barring her from correspondence and conferences would divert counsel's time from Mr. Leckrone's defense to work her paralegal now does, and would deprive Mr. Leckrone of the representation he chose before the Court rules on whether he may keep it. No rule limits which members of counsel's staff may send or receive correspondence or attend conferences between counsel, and Plaintiff identifies no annoyance, embarrassment, oppression, or undue burden that Ms. Campbell's work causes her. Fed. R. Civ. P. 26(c)(1). Rule 26(c)(1)(B) concerns the terms of discovery, not correspondence. Rule 26(c)(1)(E) concerns who may be present "while the discovery is conducted"; correspondence and conferences between counsel are not discovery.

Plaintiff has not identified any fact relevant to any party's claim or defense to which Ms. Campbell could testify. Ms. Campbell has declared that she did not arrange or participate in any of the calls in the Complaint, did not hear the statements attributed to Defendant, and first learned of them after this suit was filed. Dkt. 29-3 ¶¶ 3–4, 8. Plaintiff's affidavit says only that Ms. Campbell arranged Mr. Leckrone's calls generally and worked

11807 Westheimer Road
Suite 550, #624
Houston, Texas 77077
MousilliLaw.com
(281) 305-9313

on Well Cell matters until Well Cell terminated L&M, days before the calls at issue. Dkt. 22-1 ¶¶ 6, 10. Well Cell is not a party.

Even a lawyer who will testify may participate "in the preparation of a matter for presentation to a tribunal." Tex. Disciplinary R. Prof'l Conduct 3.08 cmt. 8. A paralegal, who never appears before the tribunal, may do the same.

Ms. Campbell is seeking counsel. Because she works for counsel, whose office handles her scheduling, counsel asked to be included in communications with her. When Ms. Campbell asked how to proceed on Plaintiff's October 28 letter, the Case Manager directed the parties to confer and file this letter. Defendant asks the Court to deny the interim request and to address Ms. Campbell's role, if at all, in ruling on Dkt. 22.

**Conference.** Counsel exchanged emails on these issues on September 24, 2026. On and October 30, 2026, Plaintiff's counsel emailed defense counsel proposing a telephone conference on November 4, 2026, at 9:00 a.m., asking that Ms. Campbell not attend or be copied, and proposing conferral by email between counsel if Defendant would not agree. That day, defense counsel responded by email, agreeing that the email exchange would serve as the conference under Section 5(b) and stating Defendant's position on both issues. Defense counsel copied Ms. Campbell on that response. Participating counsel: Lema Mousilli for Plaintiff, with Lloyd E. Kelley copied; Elizabeth Revere for Defendant. Result: the parties did not reach agreement on either issue. Defendant opposes the relief Plaintiff requests.

The parties respectfully request that the Court resolve these issues on this letter or set a pre-motion conference at the Court's convenience.

Respectfully submitted,

Mousilli Law, PLLC
Attorneys at Law

/s/ Lema Mousilli
Lema Mousilli for the Firm
OF COUNSEL FOR PLAINTIFF

Elizabeth Revere, PLLC

Elizabeth Revere
COUNSEL FOR DEFENDANT