**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,** *Plaintiff,* | § § § | |
| **v.** | § | **CIVIL CASE NO. 4:25-cv-05642** |
| | § | |
| **DANIEL MCNARY "MAC" LECKRONE,** *Defendant.* | § § § | **JURY DEMANDED** |

---

**PLAINTIFF'S EMERGENCY APPLICATION FOR IMMEDIATE RELIEF TO PRESERVE THE STATUS QUO ON DEFENDANT'S SUBPOENA TO NON-PARTY LLOYD & MOUSILLI, PLLC**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, PLAINTIFF, LEMA MOUSILLI**, and files this *Emergency Application for Immediate Relief* under Section 2 of the Court's Procedures, and respectfully shows the Court as follows:

## I. SUMMARY

1. On November 12, 2026, Defendant served notice of a subpoena commanding non-party Lloyd & Mousilli, PLLC ("**L&M**") to produce Plaintiff's compensation, payroll, tax, and benefits records from January 1, 2019 to the present. (Ex. A.) L&M's books and records are in the hands of Feras Mousilli, Plaintiff's brother and her adversary in pending state-court litigation over their partnership and business relationship through L&M. (Ex. C ¶¶ 2, 4.) The subpoena also seeks the documents L&M produced or filed in that litigation

that reflect Plaintiff's compensation. (Ex. A at 5.) No one asked Plaintiff before someone acting for L&M agreed to accept service. (Ex. C ¶ 3.)

2. The harm is imminent. The subpoena allows production at any time "on or before December 4, 2026," and L&M has already agreed to accept it. (Ex. A at 1.) Defendant's counsel has refused to instruct L&M to hold its production and has not agreed to sequester anything she receives. (Ex. B.) Once Plaintiff's records reach Defendant and his counsel, no ruling can take them back.

3. Plaintiff has moved as fast as the process allows. Within minutes of receiving the Notice on November 12, 2026, Plaintiff's counsel objected in writing and asked Defendant's counsel to confirm that nothing would be produced until the Court rules. (Ex. B.) She renewed that request on November 15. (*Id.*) At the parties' conference on November 16, she asked Defendant's counsel to withdraw the subpoena. Defendant's counsel refused. Plaintiff seeks emergency relief only because those efforts failed.

4. Plaintiff asks for narrow interim relief: an order that nothing be produced, received, reviewed, used, or shared under the subpoena until the Court resolves the parties' joint letter under Section 5(b) of the Court's Procedures, which Plaintiff will file on November 17, 2026, after Defendant's counsel provides Defendant's position.

## II. FACTS

### A. The Subpoena

5. Defendant's Notice states that he would serve the subpoena "on or after November 12, 2026," by email to L&M's Custodian of Records at info@lloydmousilli.com, and that "Lloyd & Mousilli, PLLC has agreed to accept service

of the subpoena by that method." (Ex. A at 1.) The subpoena commands production at the office of Defendant's counsel, or by email to her, "on or before December 4, 2026, at 10:00 a.m." (*Id.*)

6. The subpoena reaches back to January 1, 2019. (*Id.* at 3.) It defines L&M to include its "accountants, bookkeepers, payroll service providers." (*Id.* at 4.) It seeks every Form W-2, W-4, 1099, and Schedule K-1 issued to Plaintiff (Request No. 2); every payment or transfer from any L&M account to Plaintiff or to any account she owns or controls (Request No. 4); all "fee-split or origination-credit schedules" setting the terms of her compensation (Request No. 5); "all documents relating to any amount that L&M contends was overpaid to, advanced to, loaned to, or taken without authorization by Lema Mousilli" (Request No. 7); and "all documents that L&M produced or filed in the State Court Lawsuit that reflect Compensation paid to Lema Mousilli" (Request No. 9). (*Id.* at 4–5.) It attaches a records-custodian certification under Federal Rules of Evidence 803(6) and 902(11). (*Id.* at 6.)

**B. The Partnership Litigation**

7. Plaintiff and Feras Mousilli are adverse parties in Cause No. 2024-72783 in the 295th District Court of Harris County, Texas (the "**Partnership Litigation**"), which concerns their partnership and business relationship through L&M. (Ex. C ¶ 2.) A Special Master appointed by that court handles all discovery matters and disputes. (*Id.*) Maureen Farrell of Farrell Legal Group PC represents Feras Mousilli in that case. (*Id.*)

8. No protective order has been entered in this case. Defendant has stated that he "does not oppose entry of an appropriate protective order" (Dkt. 29 ¶ 4), but he has not moved for one.

**C. Defendant's Counsel, Ms. Farrell, and Feras Mousilli Are Coordinating**

9. Defendant's counsel, Elizabeth Revere, has worked alongside Feras Mousilli and his counsel throughout the period at issue. In her own words, her work at L&M included "my position heading the firm's litigation department, which I took on in August 2024 at Feras Mousilli's request." (Dkt. 35-1 ¶ 6.) By her own account, her "involvement in the Partnership Litigation was as a witness": she signed a witness affidavit about Plaintiff dated February 21, 2025, and she testified at the first-phase trial on March 31, 2026. (*Id.* ¶ 4.) She testified for Feras Mousilli. (*See* Dkt. 22-2.) She states that "I am listed 'of counsel' with Farrell Legal Group" and that "I currently represent the Farrell Legal Group in Harris County Court at Law related to a dispute with Ms. Farrell's former partner." (Dkt. 29-1 ¶¶ 9, 11.)

10. Defendant authorized Ms. Revere "to share documents produced in this case, including MOU0003–04, with counsel in the Harris County litigation, and to exchange information about that litigation as she found necessary to represent me in this matter." (Dkt. 29-2 ¶ 4.) Ms. Revere then "shared the MOU0003-4 documents with counsel, Maureen Farrell." (Dkt. 29-1 ¶ 8.) Those pages, which Plaintiff produced in this case, appeared in Feras Mousilli's production in the Partnership Litigation as FERAS01788 through FERAS01789. (Dkt. 22 ¶ 11.)

11. The subpoena runs the same route in the opposite direction. Plaintiff did not agree to accept service on L&M's behalf, and no one asked her. (Ex. C ¶ 3.) Feras Mousilli has access to L&M's books and records, including the records of Plaintiff's compensation. (*Id.* ¶ 4.) The agreement the Notice describes therefore came from Feras Mousilli or someone acting for him. Defendant has sworn that "I have not coordinated my actions in this litigation with Feras Mousilli." (Dkt. 29-2 ¶ 5.) A subpoena for Plaintiff's financial records, served by advance arrangement with the side of L&M that Feras Mousilli controls and returnable to Ms. Revere, cannot be reconciled with that statement. Feras Mousilli does not need a subpoena to see Plaintiff's financial records. He already has them. On this record, Ms. Revere, Ms. Farrell, and Feras Mousilli are working together to deliver those records to Defendant and his counsel through this case.

**D. Plaintiff's Request to Confer**

12. On November 12, 2026, at 1:19 p.m., Plaintiff's counsel emailed Ms. Revere and Ms. Farrell, copying Mr. Kelley and the Special Master, objecting to the subpoena, asking who agreed to accept service on L&M's behalf, and asking Defendant to confirm by 12:00 p.m. on November 16, 2026 that L&M would produce nothing until the Court rules and that anything Defendant received would be sequestered and not shared with anyone, including Farrell Legal Group. (Ex. B.) Ms. Farrell did not respond.

13. Ms. Revere responded on November 13, 2026. She wrote that "L&M accepted service of the subpoena through its authorized representative. A copy of its signed acceptance is attached." (*Id.*) Nothing was attached. (*Id.*) She also wrote that "Defendant will not instruct a nonparty regarding its compliance with a subpoena." (*Id.*) On November

15, 2026, Plaintiff's counsel asked again for the signed acceptance and asked whether Defendant and his counsel would agree, until the Court rules, not to accept, review, use, or share anything L&M produces and to sequester anything received. (*Id.*) Ms. Revere did not answer that question. On November 16, 2026, she wrote, "I will also ask that the signed authorization be sent to you." (*Id.*) As of filing, Plaintiff has not received it.

14. Counsel conferred by audio conference on November 16, 2026, at 10:30 a.m. Plaintiff's counsel asked Ms. Revere to withdraw the subpoena. Ms. Revere stated that Defendant will not withdraw it. Defendant has not agreed to hold, sequester, or restrict the use of any production. Ms. Revere stated that she would be able to review the joint letter on November 17, 2026, and that if Plaintiff needed emergency relief, Plaintiff should do what she needed to do.

## III. GROUNDS FOR IMMEDIATE RELIEF

### A. Production Can Occur at Any Time, and It Cannot Be Undone.

15. The subpoena permits production at any time "on or before December 4, 2026." (Ex. A at 1.) The producing side agreed to service in advance, and the recipient is Defendant's counsel. Nothing in the subpoena requires L&M to wait for the Section 5(b) process to run. If L&M produces before the Court acts, Plaintiff's tax and compensation records will pass from Feras Mousilli's side of L&M to Defendant and his counsel, who has already shared Plaintiff's production in this case with Feras Mousilli's counsel under an authorization from Defendant that extends to exchanging information "as she found necessary." (Dkt. 29-2 ¶ 4; Dkt. 29-1 ¶ 8.) No later ruling can undo that disclosure.

16. Under Section 5(b), the Court decides whether written submissions are needed and sets their schedule. That process protects nothing if production is complete before it begins. The interim order Plaintiff requests allows the process to work.

**B. This Is Not Adversarial Discovery.**

17. The subpoena does not go to a neutral third party. Defendant has sworn that "I have been associated with Lloyd & Mousilli, PLLC as an independent contractor and contract attorney." (Def.'s Resp. to Pl.'s Interrog. No. 2, June 15, 2026; *see also* Dkt. 29-2 ¶ 2.) Defendant's counsel states that L&M "has agreed to accept service of the subpoena by that method" and directs service to info@lloydmousilli.com (Ex. A at 1), a mailbox Feras Mousilli has cut Plaintiff out of (Ex. C ¶ 4). Defendant's counsel arranged in advance for a cooperative non-party that is aligned with her client, and whose response is controlled by Plaintiff's adversary in the Partnership Litigation, to produce documents to her office with a business-records certification under Federal Rule of Evidence 902(11) attached. (Ex. A at 1, 6.)

18. What the subpoena leaves out is just as telling. It asks for nothing about the telephone calls at issue, nothing about the client, nothing about what Defendant was told or by whom, and nothing about his communications with Feras Mousilli or Megan Weiss. (Ex. A at 4–5.) All nine requests go to Plaintiff's compensation and to whether L&M "contends" Plaintiff was overpaid or took funds without authorization. (*Id.*)

**C. The Subpoena Raises Substantial Objections.**

19. On timely motion, Rule 45 requires the Court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver

applies" or "subjects a person to undue burden," and permits it to do so where a subpoena requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv), (B)(i). Rule 26(c)(1) separately permits the Court, for good cause, to forbid discovery or to specify the terms on which it proceeds. Fed. R. Civ. P. 26(c)(1).

20. Plaintiff's objections, identified in the Section 5(b) letter, include (a) the relevance and proportionality of seven years of Plaintiff's compensation, payroll, tax, and benefits records; (b) Plaintiff's personal tax and financial information (Requests Nos. 1–4 and 6); (c) confidential information of L&M's clients in fee-split and origination records (Request No. 5); (d) Requests Nos. 7 and 9, which seek L&M's contentions and material produced in the Partnership Litigation, where a Special Master handles discovery; and (e) the absence of any protective order.

21. Defendant's stated reasons do not change that. Defendant offered to limit the subpoena to January 1, 2023 forward because "[t]hat period covers the time in which Plaintiff has said she had not been paid (MOU0003–04)." (Ex. B.) MOU0003 and MOU0004 are the basis of Defendant's proposed counterclaims, for which leave has not been granted. (Dkt. 21; Dkt. 21-1.) And Defendant has sworn that his statements to the client "were speaking of and based on the allegations L&M asserted against Lema Mousilli in that litigation, not on any personal knowledge arising from Ms. Mousilli's position at or professional relationship with L&M." (Dkt. 29-2 ¶ 8.) Plaintiff's payroll, tax, and benefits records do not bear on a defense framed that way.

22. The confidentiality order Defendant offers does not address the problem. It governs documents "produced by any party to this action" (Dkt. 29-1, Order ¶ A.1), leaves designation to "the producing party" (*id.* ¶ B.1), and allows disclosure to "Persons who were the authors or recipients of the documents in the ordinary course of business" (*id.* ¶ C.1(g)). L&M is not a party, the producing party here is the side of L&M that agreed to the subpoena, and Feras Mousilli is an author or recipient of L&M's payroll records.

23. Defendant has already taken the position that records of this kind fall outside the scope of discovery. Plaintiff requested Defendant's own L&M compensation records from the same start date, January 1, 2019. Defendant objected that "Defendant's compensation arrangements, financial dealings, banking records, invoices, payment records, and other financial information relating to Lloyd & Mousilli, PLLC and/or Feras Mousilli do not bear on whether the alleged statements were made, whether they were false, or whether Plaintiff suffered damages," and that the request was "invasive of Defendant's financial privacy because it seeks virtually all financial documents and communications between Defendant and Lloyd & Mousilli, PLLC and/or Feras Mousilli over a period exceeding seven years." (Def.'s Resp. to Pl.'s RFP No. 7, June 15, 2026.)

**D. Interim Relief Costs Defendant Nothing.**

24. Discovery closes January 15, 2027. (Dkt. 15 ¶ 3.) If the Court permits any production after resolving Plaintiff's objections, it can occur then. A short pause preserves every party's position. Production now would end Plaintiff's.

## IV. AFFIRMATION UNDER SECTION 2(b)

25. Plaintiff's counsel affirms that Defendant's counsel was contacted by email on November 12, 15, and 16, 2026, and by audio conference on November 16, 2026, as described above, and that Plaintiff's counsel can be available for a conference before the Court at any time the Court sets. Defendant's counsel has not stated her availability for a conference before the Court.

## V. PRAYER

Plaintiff respectfully requests that the Court enter the accompanying order providing that, until the Court resolves Plaintiff's Section 5(b) letter and any motion the Court permits: (a) L&M shall not produce any document in response to the subpoena; (b) Defendant, his counsel, and anyone acting on their behalf shall not request, accept, review, use, or disclose any document produced in response to the subpoena; (c) any document already received shall be sequestered without review and not disclosed to anyone, including Feras Mousilli, Maureen Farrell, or Farrell Legal Group PC, and Defendant shall file within one business day a notice identifying what was received, when, and from whom; (d) Defendant shall serve the order on L&M and on Ms. Farrell within one business day; and (e) the Court will set an expedited pre-motion conference. Plaintiff reserves her request for reasonable expenses, including attorney's fees, and for sanctions, for presentation through the Section 5(b) process and any motion the Court permits. Plaintiff further requests such other and further relief to which she may show herself justly entitled.

DATE: November 16, 2026

Respectfully submitted,

*/s/ Lloyd E. Kelley*
LLOYD E. KELLEY
Attorney-in-charge
Texas State Bar No. 11203180
SDTX Federal ID No. 13497
**THE KELLEY LAW FIRM**
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973
*kelley@lloydekelley.com*

**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**

Lema Mousilli
Texas State Bar No. 24056016
SDTX Federal ID No. 1358290
**MOUSILLI LAW, PLLC**
11807 Westheimer Road
Suite 550, PMB 624
Houston, TX 77077
Tel: (281) 305-9313
*lema@mousillilaw.com*
*service@mousillilaw.com*

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for Defendant regarding the relief requested in this application. On November 12, 2026, at 1:19 p.m., I emailed Elizabeth Revere, with a copy to Lloyd E. Kelley, requesting written confirmation that no production would occur before the Court rules and that anything Defendant received would be sequestered. Ms. Revere responded by email on November 13, 2026, at 4:42 p.m. I renewed the request by email on November 15, 2026, at 10:37 p.m. On November 16, 2026, at 10:30 a.m., Ms. Revere and I conferred by audio conference. I asked her to withdraw the subpoena. She

stated that Defendant will not withdraw it, and Defendant has not agreed to the relief requested. The application is opposed.

/s/ Lema Mousilli
Lema Mousilli

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2026, a true and correct copy of the foregoing document was served on all counsel of record through the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure and this District's electronic filing rules. On the same date, I served a copy by email on Maureen Farrell (maureen@farrellpc.com) and on Lloyd & Mousilli, PLLC at info@lloydmousilli.com.

/s/ Lema Mousilli
Lema Mousilli

**CERTIFICATE OF COMPLIANCE**

I certify that this application contains 2,531 words, including headings and footnotes, and excluding the case caption, title, signature blocks, and certificates, in compliance with Section 5(d)(4)(ii) of Judge Ho's Court Procedures.

/s/ Lema Mousilli
Lema Mousilli