EXHIBIT

A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,** *Plaintiff,* | § § § | |
| **v.** | § | **CIVIL CASE NO. 4:25-cv-05642** |
| **DANIEL MCNARY "MAC" LECKRONE,** *Defendant.* | § § § § | **JURY DEMANDED** |

**DEFENDANT DANIEL MCNARY LECKRONE'S NOTICE OF INTENT TO SERVE SUBPOENA DUCES TECUM ON NON-PARTY LLOYD & MOUSILLI, PLLC**

**COMES NOW, DEFENDANT DANIEL MCNARY LECKRONE,** in the above-entitled and numbered cause and, pursuant to Federal Rule of Civil Procedure 45(a)(4), gives notice to all parties that, on or after November 12, 2026, he intends to serve a Subpoena to Produce Documents, Information, or Objects (Form AO 88B) on non-party Lloyd & Mousilli, PLLC, through its Custodian of Records, by electronic mail at info@lloydmousilli.com. Lloyd & Mousilli, PLLC has agreed to accept service of the subpoena by that method.

The subpoena commands Lloyd & Mousilli, PLLC to produce the documents described in Exhibit A, together with the executed Certification of Records Custodian attached as Exhibit B, on or before December 4, 2026, at 10:00 a.m., at the offices of Elizabeth Revere, PLLC, 804 Sabine Street, Houston, Texas 77007, or electronically to service@bethrevere.com. A copy of the subpoena and its exhibits is attached to this Notice.

Dated: November 12, 2026.

Respectfully submitted,

By: /s/ *Elizabeth Revere*
ELIZABETH REVERE
State Bar No. 00791513
S.D. Texas Bar No. 18329
**ELIZABETH REVERE, PLLC**
804 Sabine Street
Houston, Texas 77007
Tel: (281) 924-8845
Fax: (832) 201-0584
*service@bethrevere.com*
**ATTORNEY FOR DEFENDANT**
**DANIEL MCNARY LECKRONE**

## CERTIFICATE OF SERVICE

I hereby certify that, before the subpoena described above was served on Lloyd & Mousilli, PLLC, a true and correct copy of this Notice, the subpoena, and its exhibits was served on all counsel of record pursuant to Federal Rule of Civil Procedure 45(a)(4) on **November 12, 2026**, via electronic mail.

/s/ *Elizabeth Revere*
Elizabeth Revere

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | | |
|---|---|---|
| Lema Mousilli<br>*Plaintiff*<br>v.<br>Daniel McNary "Mac" Leckrone<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Civil Action No. 4:25-cv-05642 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Lloyd & Mousilli, PLLC, through its Custodian of Records, 11807 Westheimer Road, Suite 550, PMB 944, Houston, Texas 77077 (info@lloydmousilli.com)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit A (Documents to Be Produced), attached and incorporated by reference. Please return the executed Certification of Records Custodian (Exhibit B) with the production.

| Place: Elizabeth Revere, PLLC<br>804 Sabine St, Houston, Texas 77007,<br>or electronically to service@bethrevere.com | Date and Time:<br>12/04/2026 10:00 am |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/12/2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

[signature]

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant Daniel McNary "Mac" Leckrone, who issues or requests this subpoena, are:

Elizabeth Revere, Elizabeth Revere, PLLC, 804 Sabine St, Houston, TX 77007; service@bethrevere.com; 281-924-8845

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 4:25-cv-05642

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________________
______________________________________________________________________
__________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DOCUMENTS TO BE PRODUCED BY NON-PARTY LLOYD & MOUSILLI, PLLC**

In responding to this subpoena, Lloyd & Mousilli, PLLC is instructed as follows:

## I. INSTRUCTIONS

1. Unless otherwise stated in a particular request, the relevant time period for these requests is January 1, 2019, to the present.

2. Produce the documents as they are kept in the usual course of business, or organize and label them to correspond to the numbered requests below, as provided by Federal Rule of Civil Procedure 45(e)(1)(A).

3. Produce electronically stored information in native or other reasonably usable form. Payroll data, general ledger data, and spreadsheets should be produced in native format (for example, .xlsx or .csv).

4. If any document is withheld under a claim of privilege or other protection, provide the information required by Federal Rule of Civil Procedure 45(e)(2)(A) for each document withheld.

5. If no documents responsive to a particular request exist, state so in writing.

6. Social Security numbers, taxpayer identification numbers, and financial account numbers may be redacted to show only the last four digits.

7. In lieu of appearing in person, Lloyd & Mousilli, PLLC may comply with this subpoena by delivering the documents, together with the executed Certification attached as Exhibit B, by electronic mail to service@bethrevere.com or by mail or hand delivery to Elizabeth Revere, PLLC, 804 Sabine Street, Houston, Texas 77007, on or before the compliance date.

## II. DEFINITIONS

1. The term "Document" is used in the broadest possible sense, and includes but is not limited to the originals and all copies of the following: contracts, agreements, checks, drafts, appraisals, affidavits, notices, memoranda, letters, correspondence of any and all types, intercorporate communications, intra-corporate communications, reports, bulletins, instructions, sketches, notebooks, diaries, telephone logs, agenda, minutes, schedules, plans, drawings, specifications, charts, tables, books, pamphlets, circulars, photographs, films, videotapes, videodiscs, prints, audio tapes, audio disks and all other forms of sound recordings, computer databases, computer disks or tapes, archival copies of computer disks or tapes, computer software, email, faxes, financial records including all ledgers, worksheets, budgets, projections, estimates, or opinions, as well as any and all writings of any nature whatsoever, including all copies and electrical, photostatic, or mechanical reproductions of all of the foregoing items, and including each copy or reproduction that contains any notation or amendment, or otherwise differs in any respect from the original.

2. The term "Communication" means any contact between two or more persons and shall include, but not be limited to, any written, recorded, graphic or oral statement, testimony, meeting, question, complaint, command, supposition, or conjecture, however produced or reproduced, and whether or not made under oath, which is made, distributed, or circulated between or among persons, or data storage or processing units, and any and all documents containing, consisting of, or relating to, a communication.

3. The terms "relating to," "concerning," "pertaining to," "regarding," "reflecting" (or any form thereof) shall mean constituting, comprising, respecting, supporting, contradicting, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to.

4. The terms "L&M," "you," and "your" refer to Lloyd & Mousilli, PLLC and, when applicable, its members, managers, partners, officers, employees, agents, accountants, bookkeepers, payroll service providers, and any other person or entity acting on its behalf or under its control, whether directly or indirectly.

5. The term "Lema Mousilli" refers to Lema Mousilli, formerly known as Lema Barazi, whether acting individually or through Texas Nexis Law Group or any other business, firm, entity, trade name, or assumed name under which she operated or conducted business during her association with L&M, and in any capacity in which she was associated with L&M, including as an employee, member, partner, contractor, or attorney.

6. The term "Compensation" means any payment or transfer of money or any other thing of value made to Lema Mousilli or for her benefit, including but not limited to salary, wages, bonuses, commissions, fee splits, origination credits, draws, distributions, profit shares, guaranteed payments, expense reimbursements, benefits, retirement plan contributions, loans, advances, and payments of personal expenses.

7. The term "Lawsuit" refers to the proceeding styled *Lema Mousilli, Plaintiff v. Daniel McNary Leckrone, Defendant*, in the United States District Court for the Southern District of Texas, Houston Division, Case No. 4:25-cv-05642.

8. The term "State Court Lawsuit" refers to Cause No. 2024-72783, *Lloyd & Mousilli, PLLC v. Lema Barazi, et al.*, in the 295th Judicial District Court of Harris County, Texas.

## REQUESTS FOR PRODUCTION

**Request No. 1:** Produce all payroll records reflecting Compensation paid to Lema Mousilli, including payroll registers, payroll journals, pay stubs, and earnings statements.

**Request No. 2:** Produce all IRS Forms W-2, W-4, 1099 (including Forms 1099-NEC and 1099-MISC), and Schedules K-1 issued to or for Lema Mousilli, together with any corrected or amended versions.

**Request No. 3:** Produce documents sufficient to show each draw, distribution, profit share, or guaranteed payment made to Lema Mousilli.

**Request No. 4:** Produce documents reflecting any payment or transfer of funds from any L&M account to Lema Mousilli, or to any account owned or controlled by Lema Mousilli, including any account of Texas Nexus Law Group.

**Request No. 5:** Produce all agreements, offer letters, compensation plans, fee-split or origination-credit schedules, and other documents that set out the terms of Lema Mousilli's Compensation.

**Request No. 6:** Produce documents sufficient to show all benefits paid by L&M on behalf of Lema Mousilli, including health insurance premiums and retirement plan contributions.

**Request No. 7:** Produce all documents relating to any amount that L&M contends was overpaid to, advanced to, loaned to, or taken without authorization by Lema Mousilli, including any accounting, reconciliation, audit, or demand for repayment.

**Request No. 8:** Produce documents sufficient to show the date on which L&M stopped paying Compensation to Lema Mousilli and the amount and date of any final payment.

**Request No. 9:** To the extent not produced in response to the requests above, produce all documents that L&M produced or filed in the State Court Lawsuit that reflect Compensation paid to Lema Mousilli.

**EXHIBIT B**

**CERTIFICATION OF RECORDS CUSTODIAN**

(Federal Rules of Evidence 803(6) and 902(11))

I, ______________________________, declare as follows:

1. I am over eighteen years of age and competent to make this certification. I am the custodian of records of Lloyd & Mousilli, PLLC, or am otherwise qualified by my position to make this certification, and I am familiar with the manner in which its records are created and maintained.

2. Attached to this certification are ______ pages or files of records produced in response to the subpoena served in *Lema Mousilli v. Daniel McNary Leckrone,* Civil Action No. 4:25-cv-05642, in the United States District Court for the Southern District of Texas.

3. The attached records are true and correct copies of records of Lloyd & Mousilli, PLLC that were:

(a) made at or near the time of the occurrence of the matters set forth in them, by, or from information transmitted by, a person with knowledge of those matters;

(b) kept in the course of the regularly conducted business activity of Lloyd & Mousilli, PLLC; and

(c) made as a regular practice of that regularly conducted business activity.

4. To the extent no records were located in response to a particular request, I have so stated in writing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ____________________, 2026, in Harris County, Texas.

______________________________
Signature

______________________________
Printed Name and Title