**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,** *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 4:25-cv-05642** |
| | § | |
| **DANIEL MCNARY "MAC"** | § | |
| **LECKRONE,** | § | **JURY DEMANDED** |
| *Defendant.* | § | |
| | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S OPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, PLAINTIFF, LEMA MOUSILLI,** and files this Response in Opposition to Defendant's Opposed Motion for Leave to File Sur-Reply in Opposition to Plaintiff's Motion to Disqualify Elizabeth Revere and Elizabeth Revere, PLLC as Counsel for Defendant and for Protective Relief (the "**Motion for Leave**"), and respectfully shows the Court as follows:

## I. SUMMARY

1. Plaintiff's Reply (Dkt. 32) answered Defendant's Response (Dkt. 29) and the three declarations Defendant chose to file with it. It raised nothing Defendant had not already had the opportunity to address, and the Motion for Leave should be denied. If the Court grants leave, Part III below answers the Supplemental Unsworn Declaration of Elizabeth Revere (Dkt. 35-1) (the "**Supplemental Declaration**"), so no further briefing is needed. In

that declaration, Defendant's counsel testifies under oath about her own role in the related state litigation. She then signs the brief that asks the Court to credit that testimony. That is the advocate-witness problem the Motion to Disqualify describes.

## II. The Reply Raised No New Matter

2. Defendant states the standard himself: "A sur-reply is appropriate to answer matter raised for the first time in a reply." (Dkt. 35 ¶ 3.) This Court permits no further briefing without leave and disfavors requests for it. Court Procedures of U.S. Magistrate Judge Yvonne Y. Ho § 5(e) (Sept. 1, 2026) ("**Ho Proc**."). A movant may reply to the response. LR 7.4(E); Ho Proc. § 5(e). A reply answers what the response put in the record, so matter that first appears in a response is not new when the reply addresses it. Under Defendant's own standard, none of the three matters the Motion for Leave identifies is new.

### A. The alternative conditions apply the Motion's argument to representations Defendant first made in his Response.

3. The Motion to Disqualify framed the choice Defendant now resists: "Either the question is essential and Ms. Revere is its witness, or it is irrelevant and the pleaded defense fails. Defendant cannot have both." (Dkt. 22 ¶ 20.) It invoked Rule 3.08(c) by name: "Under Rule 3.08(c), she may not take an active role before this tribunal in the presentation of the matter." (*Id.* ¶ 24; *see id.* ¶ 27.) And it prayed for all other relief to which Plaintiff may be entitled. (*Id.* at 18.)

4. Defendant's Response then added sworn representations that did not exist when Plaintiff moved. Defendant swore: "I do not intend to call Elizabeth Revere as a witness on my behalf in this litigation, and I do not require her testimony to establish any essential

fact in support of my claims or defenses." (Dkt. 29-2 ¶ 3.) His counsel swore that the truth defense "is entirely unrelated to Lema Mousilli's status in or relationship to L&M," and his brief said the same. (Dkt. 29-1 ¶ 6; Dkt. 29 ¶ 18.) The Reply asked that, if the Court denies disqualification on the strength of those representations, the denial be conditioned on them and be without prejudice to renewal under the rule the Motion had already invoked. (Dkt. 32 ¶ 4.) Asking that a party be held to the representations he offered to defeat a motion is an answer to the response. The request is a lesser form of the relief the Motion sought, on grounds the Motion stated with particularity. (Dkt. 22 ¶¶ 16–27.) Defendant describes his principal authority as addressing a request made in an opposition brief without particular grounds. (Dkt. 35 ¶ 4.) Dkt. 32 made no such request.

**B. The Motion quoted and relied on the same testimony.**

5. The Reply's reading of Ms. Revere's March 31, 2026 testimony is the Motion's reading. The Motion stated that she testified she was "working directly for Feras the whole time" the Partnership Litigation was pending, and that she "took over the litigation side of it." (Dkt. 22 ¶ 6 (quoting Dkt. 22-2 at 20:4–10).) Defendant concedes that the Motion "quoted the same answers." (Dkt. 35 ¶ 6.) His Response answered them with one sentence: "My involvement in the litigation between Ms. Mousilli and her brother in Harris County was having been subpoenaed as a witness." (Dkt. 29-1 ¶ 7.) The Reply compared that sentence with the testimony the Motion had already quoted. (Dkt. 32 ¶ 3.) Comparing a non-movant's declaration with the record is the ordinary work of a reply.

### C. LECK-018 and LECK-019 are Defendant's own production and the basis of his own declaration.

6. Defendant swore that his statements "were based on allegations contained in litigation filed by L&M," and his Response told the Court the same. (Dkt. 29-2 ¶ 8; Dkt. 29 ¶ 26.) He pointed to that litigation in discovery as well. Asked to admit that his information about alleged theft came from a third party, he responded: "Deny, the allegation of taking money from Lloyd & Mousilli was public record." (Def.'s Resp. to Pl.'s First Req. for Admis. No. 13 (June 15, 2026).) Asked for the documents constituting that "public record," he responded: "See LECK-016 to LECK-030." (Def.'s Resp. to Pl.'s Second Req. for Produc. No. 41 (Oct. 14, 2026).) The Reply cited two pages of that same document, which Defendant produced and which his declaration relies on. (Dkt. 32 ¶ 1.) Defendant cannot claim surprise at his own evidence.

## III. If Leave Is Granted, the Supplemental Declaration Confirms the Grounds for Disqualification

### A. Defendant's counsel is testifying before this Court about her own role.

7. The Supplemental Declaration is Ms. Revere's second sworn statement in this proceeding on contested facts about her own conduct, and the Sur-Reply she signed rests on it. (Dkt. 35-1 ¶¶ 3–6; Dkt. 35-2 ¶¶ 8–11.) She has offered more: "I am willing to provide additional testimony as to any issue raised that the Court wishes." (Dkt. 29-1 ¶ 5.) The Sur-Reply asserts that "nothing in the pretrial phase of this case calls for relief now." (Dkt. 35-2 ¶ 7.) The Supplemental Declaration is itself a reason for relief now. Rule 3.08 addresses the confusion that arises when the same lawyer both supplies proof and argues its weight,

so that the factfinder cannot tell which is which. Tex. Disciplinary R. Prof'l Conduct 3.08 cmt. 4; *see* Dkt. 22 ¶¶ 17, 25. That confusion is already present in the briefing on this motion. Rule 1.06 also reaches the whole representation, including pretrial work. (Dkt. 22 ¶ 27.)

**B. The Supplemental Declaration contradicts Ms. Revere's first declaration.**

8. Ms. Revere now swears that she did not work on the Partnership Litigation "in any capacity" and that her involvement in it "was as a witness." (Dkt. 35-1 ¶¶ 3–4.) Ten days earlier, she swore: "I have discussed the issues in this matter versus the Harris County case and shared the MOU0003-4 documents with counsel, Maureen Farrell." (Dkt. 29-1 ¶ 8.) Defendant authorized her "to exchange information about that litigation as she found necessary to represent me in this matter." (Dkt. 29-2 ¶ 4.) Plaintiff's documents then appeared in Feras Mousilli's production in the Partnership Litigation as FERAS01788 and FERAS01789. (Dkt. 22 ¶ 11.) The Sur-Reply says that giving a witness statement and testifying under subpoena "are what witnesses do." (Dkt. 35-2 ¶ 11.) Witnesses do not usually exchange information about a pending case with the lawyer trying it, or supply discovery that then turns up in that case.

**C. The Supplemental Declaration adds the affidavit the first declaration left out, but does not explain it.**

9. Ms. Revere's first declaration described her involvement as "having been subpoenaed as a witness." (Dkt. 29-1 ¶ 7.) It did not mention her February 21, 2025 affidavit. The Supplemental Declaration now acknowledges the affidavit, states that she "was asked to make a witness statement" without saying who asked, and states: "I do not

recall the other circumstances surrounding that affidavit, and I do not know how it was used." (Dkt. 35-1 ¶ 4.) When she signed it, she described herself under oath as "Senior Counsel over disputes and litigation for L&M." (Dkt. 22-7 ¶ 4.) An L&M paralegal notarized it, and it was filed in the Partnership Litigation thirteen months before trial. (Dkt. 22 ¶ 9; Dkt. 32 ¶ 3.) On Ms. Revere's own reading of her testimony, she then headed the litigation department of the firm in whose name Feras Mousilli had filed the Partnership Litigation, a role she took on at his request in August 2024. (Dkt. 35-1 ¶ 6; LECK-016.) Who asked the firm's senior litigation counsel to give sworn testimony for use in that case, and why she cannot recall the circumstances, are questions that only her examination can answer.

**D. Ms. Revere's work for Farrell Legal Group.**

10. The Supplemental Declaration places Ms. Revere's work with Maureen Farrell at issue under oath. (Dkt. 35-1 ¶¶ 3, 5.) The record should be complete on that point. Ms. Revere represents Farrell Legal Group, the firm that represents Feras Mousilli in the Partnership Litigation, in No. 1272786 in County Civil Court at Law No. 4 of Harris County, Texas. (Dkt. 29-1 ¶ 11.) The earliest filing in that case showing her as counsel is dated April 6, 2026, six days after she testified for Feras Mousilli. (Ex. B; Dkt. 22 ¶ 9.) Her first declaration disclosed the representation but not when it began. (Dkt. 29-1 ¶ 11.) On this record, she was counsel to Ms. Farrell's firm when she shared Plaintiff's production with Ms. Farrell. (Dkt. 29-1 ¶ 8.) That fact goes to the Rule 1.06 ground. (Dkt. 22 ¶¶ 26–27.)

**E. Defendant's objection to the condition shows why it is needed.**

11. The Sur-Reply again tells the Court that Defendant's truth defense does not "depend on Plaintiff's status." (Dkt. 35-2 ¶ 4; *see* Dkt. 29-1 ¶ 6; Dkt. 29 ¶ 18.) In the same brief, Defendant objects that the condition would require him to "give up a position on the merits." (Dkt. 35-2 ¶ 3.) That position is in his Answer: "Defendant denies Lema Mousilli and Feras Mousilli were equal business partners in a mutual partnership since at least 2019." (Dkt. 10 ¶ 7.) If Plaintiff's status is not part of the defense, the condition costs Defendant nothing. If it costs him a position on the merits, then status is part of the defense, and Ms. Revere's account is the only evidence of the admission she attributes to Plaintiff. (Dkt. 22 ¶ 20.)

12. Restoring the rest of Defendant's sentence does not help him. The omitted clause disclaims "personal knowledge arising from Ms. Mousilli's position at or professional relationship with L&M." (Dkt. 29-2 ¶ 8.) That leaves the defense resting entirely on the allegations in the petition, and those allegations rest on the premise that Plaintiff was not a partner. (Dkt. 32 ¶ 1.)

13. Nor is Ms. Revere's account cumulative because Plaintiff was the other participant in the April 1, 2022 call. (Dkt. 35-2 ¶ 5.) The Reply did not say that only Ms. Revere can describe the call; it said hers is the only evidence of the supposed admission. (Dkt. 32 ¶ 2.) Plaintiff denies making it. (Dkt. 22-1 ¶ 9.) A witness who contradicts an account does not corroborate it. Necessity turns on whether the lawyer holds knowledge of the disputed facts that other witnesses or records cannot supply. *In re Duke Invs., Ltd.*, 454 B.R. 414, 423–

24 (Bankr. S.D. Tex. 2011). On Defendant's side of that dispute, Ms. Revere is the only one who does.

14. Defendant now states that he "does not object to a condition that he will not call Ms. Revere as a witness or offer her testimony concerning the April 1, 2022 conversation." (Dkt. 35-2 ¶ 6.) If the Court reaches the alternative relief requested in the Reply, that much is undisputed, and Ms. Revere's "testimony" should include her February 21, 2025 affidavit (Dkt. 22-7), her March 31, 2026 testimony (Dkt. 22-2), and any other statement by her in any form.

## IV. THE CERTIFICATE OF CONFERENCE

15. Defendant certifies that Plaintiff twice responded "without stating a position," and that he therefore presents the Motion for Leave as opposed. (Dkt. 35 at 6.) The full exchange is attached. (Ex. A.) At 9:26 a.m. on October 30, 2026, Plaintiff asked for the authority supporting the motion and proposed that, if Defendant accepted the conditions requested in the Reply, "Ground 1(a) is moot." (*Id.* at 3.) Defendant answered that "his declaration speaks for itself." (*Id.* at 2.) At 12:00 p.m., after the 11:00 a.m. deadline Defendant had set, his counsel wrote: "I will not answer questions about Mr. Leckrone's testimony outside his declaration." (*Id.* at 1.) She copied Marlene Campbell, the disclosed witness whose role is at issue in the Motion to Disqualify, on that email. (*Id.* at 1; Dkt. 22 ¶¶ 13–14.) Defendant filed the Motion for Leave four minutes later. None of this appears in the certificate. Plaintiff opposes the Motion for Leave.

## V. CONCLUSION

16. Plaintiff respectfully requests that the Court deny the Motion for Leave. If the Court grants leave, Plaintiff requests that the Court consider Part III of this Response as Plaintiff's answer to the Supplemental Declaration, without further briefing, and grant the Motion to Disqualify (Dkt. 22) or, in the alternative, the relief requested in the Reply (Dkt. 32 at 4), with the condition stated in paragraph 14. Plaintiff further requests all other relief to which she may be justly entitled.

DATE: November 16, 2026

Respectfully submitted,

*/s/ Lloyd E. Kelley*
LLOYD E. KELLEY
Attorney-in-charge
Texas State Bar No. 11203180
SDTX Federal ID No. 13497
**THE KELLEY LAW FIRM**
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973
*kelley@lloydekelley.com*

**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**

Lema Mousilli
Texas State Bar No. 24056016
SDTX Federal ID No. 1358290
**MOUSILLI LAW, PLLC**
11807 Westheimer Road
Suite 550, PMB 624
Houston, TX 77077
Tel: (281) 305-9313
*lema@mousillilaw.com*
*service@mousillilaw.com*

**CERTIFICATE OF COMPLIANCE**

I certify that this Response complies with the word-count limitation in Section 5(d)(4)(ii) of the Court Procedures of United States Magistrate Judge Yvonne Y. Ho. The Response contains 2,176 words, including headings and footnotes, and excluding the caption, title of the document, signature block, and certificates. I relied on the word-count function of Microsoft Word to calculate the word count.

/s/ Lema Mousilli
Lema Mousilli

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2026, a true and correct copy of the foregoing document, with its exhibits and the accompanying form of order, was served on all counsel of record through the Court's CM/ECF system.

/s/ Lema Mousilli
Lema Mousilli