**EXHIBIT A**



Lema Mousilli <lema@mousillilaw.com>

# Mousilli v. Leckrone - motion for leave to file Sur-reply to motion to disqualify

**Beth Revere** <beth@bethrevere.com> Fri, Oct 30, 2026 at 12:00 PM
To: Lloyd Kelley <kelley@lloydekelley.com>
Cc: Kimberly Ayres <kimberly@lloydekelley.com>, Mimi Campbell <mimi@bethrevere.com>, Lema Mousilli <lema@mousillilaw.com>

Hi, Lloyd and Lema,

Defendant's authority will be in the motion, as the rules require, and you will receive it when the motion is filed. The purpose of the conference is to find out whether Plaintiff opposes. After three emails, Plaintiff still has not said.

Defendant's position on each ground is set out in my October 29 emails, and I will not argue it further here. I understand that the condition you proposed is offered only as to Ground 1(a). Because it would leave Ground 1(b) and Ground 2, the motion is necessary either way. My offer to discuss a written stipulation with my client still stands.

I will not answer questions about Mr. Leckrone's testimony outside his declaration.

I will file the motion as opposed and describe our exchange in the certificate of conference.

Best regards,

Beth Revere

Elizabeth Revere, PLLC
Attorney, Mediator, SHRM- SCP
www.BethRevere.com
www.MediationMosaic.com
804 Sabine Street
Houston, Texas 77007
tel 281-924-8845
fax 832-201-0584

Proud Member of
Texas Bar College
A Professional Society of Legal Scholars

***Warning on Use of Artificial Intelligence Tools.*** This email and any attachments it contains should not be entered into any artificial intelligence tool. Doing so may permanently destroy the attorney-client privilege that protects this material and exposes it to disclosure in a future dispute or litigation.

***Confidentiality Notice*** - This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. It may also be privileged or otherwise protected by work product immunity or other legal rules. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. Thank you for your time and consideration.

On Fri, Oct 30, 2026 at 10:47 AM Lema Mousilli <lema@mousillilaw.com> wrote:

> Counsel,
>
> Asking for the authority that supports a motion is part of conferring on it. The rules require the motion itself to include all of the legal authority Defendant relies on, so that authority already exists. Your email does not identify authority for any of the three points I raised.
>
> Dkt. 31 is not a comparison. In that motion, Plaintiff requested leave to respond to matters Defendant raised for the very first time in his reply. Plaintiff's reply on the motion to disqualify responds to the declarations Defendant first filed with his response. A reply that answers the non-movant's own evidence does not raise new matter. And offering it in a sur-reply

does not make it proper you to file your own declaration about your own role in the Partnership Litigation on a motion to disqualify you. Your email also does not address the third point at all.

As to Defendant Leckrone, I asked whether he stands by his declaration. That question has a simple yes or no answer, and "his declaration speaks for itself" is not one. My email also did not say the condition would resolve Ground 1(b) or Ground 2. It said the condition would make Ground 1(a) moot.

Thank you,

**Lema Mousilli, JD/MBA** | Principal Attorney
Mousilli Law - Attorneys & Counselors at Law
www.mousillilaw.com

On Fri, Oct 30, 2026 at 9:39 AM Beth Revere <beth@bethrevere.com> wrote:

Hi, Lloyd and Lema,

Thank you for your response. I asked whether Plaintiff opposes the motion for leave, and your email does not say. A conference is not the place to brief the motion. Plaintiff's own motion for leave to file a sur-reply (Dkt. 31) cites no authority for the sur-reply standard other than the Court's procedures, § B.5(f). The standard Plaintiff applied there is the one I am applying here: the reply raised matters for the first time, and the non-movant "has had no opportunity to respond to these points." Dkt. 31 ¶ 2.
As to Mr. Leckrone, his declaration speaks for itself. Your proposal asks him to accept the very condition that Ground 1(a) addresses, and it would not resolve Ground 1(b) or Ground 2. If Plaintiff would like to propose a stipulation, please send it in writing and I will discuss it with my client.

Please let me know by 11:00 a.m. today whether Plaintiff opposes the motion. If I do not hear from you by then, I will file the motion as opposed and describe this exchange in the certificate of conference.

Best regards,

Beth Revere

Elizabeth Revere, PLLC
Attorney, Mediator, SHRM- SCP
www.BethRevere.com
www.MediationMosaic.com
804 Sabine Street
Houston, Texas 77007
tel 281-924-8845
fax 832-201-0584

Proud Member of
Texas Bar College
A Professional Society of Legal Scholars

***Warning on Use of Artificial Intelligence Tools.*** This email and any attachments it contains should not be entered into any artificial intelligence tool. Doing so may permanently destroy the attorney-client privilege that protects this material and exposes it to disclosure in a future dispute or litigation.

***Confidentiality Notice*** - This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. It may also be privileged or otherwise protected by work product immunity or other legal rules. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. Thank you for your time and consideration.

On Fri, Oct 30, 2026 at 9:26 AM Lema Mousilli <lema@mousillilaw.com> wrote:

Counsel,

Please send the authority Defendant relies on for each of the points below:

- That counsel of record may file her own declaration, about her own role in the Partnership Litigation, in support of a sur-reply on a motion to disqualify her.

- That a reply may not respond to a declaration the non-movant first filed with its response.

- That leave to file a sur-reply is the remedy when a reply asks for alternative relief, as opposed to the Court deciding whether to consider that relief.

Additionally, please also tell me whether Mr. Leckrone stands by his declaration. Will he agree, as a condition of any denial of disqualification, that he will not call you as a witness and will not offer evidence or argument that Plaintiff was not a partner of L&M or was its independent contractor? If he agrees, Ground 1(a) is moot.

Thank you,

**Lema Mousilli, JD/MBA** | Principal Attorney
Mousilli Law - Attorneys & Counselors at Law
www.mousillilaw.com

On Thu, Oct 29, 2026 at 12:12 PM Beth Revere <beth@bethrevere.com> wrote:

Hi, Lloyd,

I write to supplement my earlier email conferring on Defendant's intended motion for leave to file a sur-reply to Plaintiff's motion to disqualify (Dkt. 22), so that the conference covers everything the motion will address.

Ground 1 is unchanged. The reply (Dkt. 32) asks for relief that was not requested in the motion: (a) that any denial be conditioned on Mr. Leckrone's agreement not to call me as a witness and not to offer evidence or argument that Ms. Mousilli was not a partner of L&M or was its independent contractor; and (b) that any denial be without prejudice to renewal before trial.

Ground 2, restated more precisely: the reply argues for the first time that my declaration (Dkt. 29-1) is inconsistent with my March 31, 2026 testimony and cannot give a consistent account of my role in the partnership litigation (Dkt. 32 ¶ 3). The reply also relies on documents that are not in the record of the motion, LECK-018 ¶¶ 11–12 and LECK-019 ¶¶ 18–22 (Dkt. 32 ¶ 1).

The sur-reply will be limited to those points. As I mentioned, I will attach a short supplemental declaration addressing my role in the partnership litigation.

Please let me know by 10:00 tomorrow morning whether Plaintiff opposes the motion. I am happy to discuss by phone if you would like.

Best regards,

Beth Revere

Elizabeth Revere, PLLC
Attorney, Mediator, SHRM- SCP
www.BethRevere.com
www.MediationMosaic.com
804 Sabine Street
Houston, Texas 77007
tel 281-924-8845
fax 832-201-0584

Proud Member of
Texas Bar College
A Professional Society of Legal Scholars

🛑 ***Warning on Use of Artificial Intelligence Tools.*** This email and any attachments it contains should not be entered into any artificial intelligence tool. Doing so may permanently destroy the attorney-client privilege that protects this material and exposes it to disclosure in a future dispute or litigation.

***Confidentiality Notice*** - This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. It may also be privileged or otherwise protected by work product immunity or other legal rules. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. Thank you for your time and consideration.

On Thu, Oct 29, 2026 at 11:55 AM Beth Revere <beth@bethrevere.com> wrote:

Hi, Lloyd,

I write to confer on Defendant's intended motion for leave to file a sur-reply to Plaintiff's motion to disqualify. I believe a sur-reply is appropriate on two grounds:

1. Plaintiff's reply in support of her motion to disqualify (Dkt. 32) asks for relief that was not requested in the motion:
   a. that any denial of disqualification be conditioned on Mr. Leckrone's agreement not to call me as a witness and not to offer evidence or argument that Ms. Mousilli was not a partner of L&M or was its independent contractor; and
   b. that any denial be without prejudice to renewal before trial.
2. The reply characterizes, for the first time, two answers from my March 31, 2026 testimony in the partnership litigation as referring to work on that litigation.

Because these matters were not raised in the motion, Defendant has had no opportunity to respond to them. The sur-reply will be limited to those two points, and I will attach a short supplemental declaration addressing my role in the partnership litigation.

Please let me know by 10:00 tomorrow morning whether Plaintiff opposes the motion. I am happy to have a call to discuss if you would like and will do my best to be available at your convenience.

Have a great afternoon!

Best regards,

Beth Revere

Elizabeth Revere, PLLC
Attorney, Mediator, SHRM- SCP
www.BethRevere.com
www.MediationMosaic.com
804 Sabine Street
Houston, Texas 77007
tel 281-924-8845
fax 832-201-0584

Proud Member of
Texas Bar College
A Professional Society of Legal Scholars

🛑 ***Warning on Use of Artificial Intelligence Tools.*** This email and any attachments it contains should not be entered into any artificial intelligence tool. Doing so may permanently destroy the attorney-client privilege that protects this material and exposes it to disclosure in a future dispute or litigation.

***Confidentiality Notice*** - This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. It may also be privileged or otherwise protected by work product immunity or other legal rules. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender

immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. Thank you for your time and consideration.