**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO.** |
| | § | **4:25-cv-05642** |
| **DANIEL MCNARY "MAC"** | § | **JURY DEMANDED** |
| **LECKRONE,** | § | |
| ***Defendant.*** | § | |
| | § | |

**DEFENDANT DANIEL MCNARY LECKRONE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**

**COMES NOW, DEFENDANT DANIEL MCNARY LECKRONE,** in the above-entitled and numbered cause and files this Response in Opposition to Plaintiff's *Motion for Leave to File Sur-Reply in Opposition to Defendant's Motion for Leave to File Second Amended Answer and Counterclaims*, and in support thereof would respectfully show unto the Court as follows:

## I. SUMMARY OF RESPONSE

1. Plaintiff seeks leave to file a sur-reply to Defendant Daniel McNary Leckrone's Reply in support of his Motion for Leave to File Second Amended Answer and Counterclaims. Dkt. 31. Under this Court's procedures, "[n]o further briefing is permitted without leave of Court," and "[t]he Court disfavors requests for further briefing." Ho Procedures § 5(e). A sur-reply exists to answer something new raised for the first time in a reply. Plaintiff's proposed Sur-Reply does something else. Dkt. 31-1. It returns to

authorities Plaintiff herself put at issue in her Response: *Whitelock*, *Moore*, and the Rule 12(b)(6) standard for futility. It then goes beyond what Plaintiff told defense counsel she intended to file, rearguing diligence under *Squyres* and seeking new affirmative relief, including an order barring expert testimony, inside an exhibit. Plaintiff did not confer on either addition. Nothing in the proposed Sur-Reply is new, and the Motion should be denied.

## II. ARGUMENT AND AUTHORITIES

### A. A sur-reply is limited to new matter first raised in a reply

2. "[S]urreplies are heavily disfavored by courts." *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 n.2 (5th Cir. 2014) (per curiam) (quotation omitted) (affirming denial of leave "especially as [the movant] had previously addressed [the case] in its memorandum in opposition"). The Court's procedures permit no further briefing without leave and disfavor requests for it. Ho Procedures § 5(e). A reply that answers the arguments made in a response does not raise new matter, and a disagreement over what a cited case holds is not a reason for more briefing. The Court can read the cases and the proposed pleading for itself.

### B. Each point in the proposed Sur-Reply answers an argument Plaintiff made first

3. *Whitelock.* Plaintiff first cited *Whitelock v. Stewart*, 661 S.W.3d 583 (Tex. App.—El Paso 2023, pet. denied), in her Response, to distinguish name-calling from verifiable accusations. Dkt. 28 ¶¶ 36, 39. In the same Response she conceded that calling someone "a liar" can imply verifiable facts. Dkt. 28 ¶ 38 (citing *Palestine Herald-Press Co. v. Zimmer*, 257 S.W.3d 504, 509 (Tex. App.—Tyler 2008, pet. denied)). The Reply answered

both points. Dkt. 30 ¶ 8. *Whitelock* said that hyperbolic name-calling such as "nothing but liars and a bunch of frauds," "standing alone," "may not have been objectively verifiable," and allowed the claim to proceed because other statements in the same mix were verifiable. 661 S.W.3d at 599–601. Mr. Leckrone's position is that Plaintiff's statements that "He's lying" about specific matters, followed immediately by specific factual assertions, belong in the second category. Dkt. 28-3; Dkt. 28 ¶ 38. Plaintiff points out that *Whitelock* contains no "He's lying" statement. Dkt. 31-1 ¶ 3. The Reply's reference (Dkt. 30 ¶ 8) was to Plaintiff's own text about Mr. Leckrone, Dkt. 28-3 at 1, not to language in *Whitelock*, and counsel apologizes for any confusion. That clarification resolves the point without necessity of a sur-reply. Otherwise, Plaintiff simply reads *Whitelock* differently. That is a disagreement over a case both sides have already briefed, not a new argument, and the opinion is before the Court.

4. *Collins*. The Reply did not argue "for the first time" that futility is decided on the pleading. Plaintiff herself told the Court that futility is measured by "the same standard of legal sufficiency as applies under Rule 12(b)(6)," and that the Court could decide the futility questions "on the face of the proposed pleading." Dkt. 28 ¶¶ 17, 35 (quoting *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014)) *Id.* ¶ 35. The Reply identified the consequence of the standard Plaintiff invoked: on a Rule 12(b)(6) review, the Court is limited to the pleading and its attachments. Dkt. 30 ¶ 5 (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). That point appears only in the Reply's futility section, and the Reply's summary limits it to "a futility review." Dkt. 30 ¶¶ 1, 5. The Reply does not argue that Mr. Leckrone's discovery responses are off-limits

on good cause, and Plaintiff's proposed Sur-Reply concedes that "*Collins* addresses futility only." Dkt. 31-1 ¶ 1. Part A of the Sur-Reply rebuts an argument the Reply did not make.

5. *Moore*. Plaintiff first raised *Moore v. Waldrop*, 166 S.W.3d 380 (Tex. App.—Waco 2005, no pet.), and its discussion of *per quod* defamation and special damages, in her Response. Dkt. 28 ¶ 37. The Reply answered. Dkt. 30 ¶ 8. Plaintiff now contends that the proposed pleading's only allegation of special damages appears in the business disparagement count. Dkt. 31 ¶ 2; Dkt. 31-1 ¶ 3. Her own Response says otherwise. It identifies Mr. Leckrone's special damages as "the lost Planay engagement," citing ¶¶ 102 & 112 of the proposed pleading; ¶ 102 is in the defamation count. Dkt. 28 ¶ 37; *see also* Dkt. 28 ¶ 23. That count is pleaded as "Defamation & Defamation *Per Se*" and alleges that Mr. Leckrone "suffered lost revenue and profits as a direct result of the statements." Dkt. 21-1 ¶ 102. The absence of the Latin label "*per quod*" does not matter; the federal rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam). And *Moore* was decided on a traditional motion for summary judgment by a plaintiff who had pleaded neither a *per quod* claim nor special damages. *See* 166 S.W.3d at 387. Fed. R. Civ. P. 9(g) requires only that special damages be "specifically stated," and ¶ 102 does so. Whether Mr. Leckrone's allegations are sufficient is a question the Court can answer by reading the pleading. It does not call for another brief.

**C. The proposed Sur-Reply goes beyond what Plaintiff conferred on**

6. Before Plaintiff filed, defense counsel asked her on the morning of October 26, 2026, to identify "the new facts, law, or arguments" on which a sur-reply would be based,

so that Mr. Leckrone could evaluate them. **Exhibit 1**, Email Conference. In two emails that day, Plaintiff identified four: *Collins*, *Jones*, *Whitelock*, and the absence of the words "per quod" from the proposed pleading. *Id.* Defense counsel answered each point, offered to correct any misstatement brought to her attention, and invited Plaintiff to identify "a different basis." *Id.* Plaintiff did not identify any other basis before filing. The Motion she filed abandons *Jones* and adds two matters she did not raise: a new argument under *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224 (5th Cir. 2015), and a request for affirmative relief. Dkt. 31-1 ¶¶ 2, 4. Plaintiff's certificate states that she conferred on "the relief requested in this motion." Dkt. 31 at 3. As to Parts B and D of the proposed Sur-Reply, no conference occurred. *See* S.D. Tex. L.R. 7.1(D); Ho Procedures § 5(d)(5)(i) (certificate must state that counsel "conferred regarding the substance of the relief requested").

7. *Squyres.* Part B of the proposed Sur-Reply is a second pass at diligence, which Plaintiff briefed at length in her Response, and it rests on the same record citations. *Compare* Dkt. 31-1 ¶ 2, *with* Dkt. 28 ¶¶ 19–21. The Reply mentioned *Squyres* in a single clause, alongside *Parish v. Frazier*, 195 F.3d 761 (5th Cir. 1999), the case Plaintiff cited, to answer Plaintiff's diligence argument. Dkt. 30 ¶ 2; Dkt. 28 ¶ 21. A citation in reply to an argument the response made is not a new argument that opens the door to re-briefing the issue. In any event, the movant in *Squyres* had told the district court a year earlier that he might plead the very claim he later sought to add, had agreed to postpone discovery, and moved for leave after discovery closed and a summary-judgment motion was on file. 782 F.3d at 229–30, 238–39. Mr. Leckrone moved within thirty-five days of Plaintiff's production, after making the request for correction required by Tex. Civ. Prac. & Rem.

Code § 73.055, which Plaintiff refused on September 11, 2026, with discovery open and no dispositive motion pending. Dkt. 21 ¶¶ 13, 22; Dkt. 30 ¶ 2.

8. *Conditions.* Part D of the proposed Sur-Reply asks for affirmative relief: twenty-one days to respond to the amended pleading; a sixty-day discovery extension limited to the counterclaims, with a matching change to the dispositive-motion deadline; and an order precluding expert testimony on the counterclaims absent a later showing of good cause. Dkt. 31-1 ¶ 4. None of this relates to anything new. Mr. Leckrone's Motion addressed the availability of a continuance. Dkt. 21 ¶ 26. Plaintiff responded. Dkt. 28 ¶ 25. The Reply's single sentence on the subject cited back to the Motion. Dkt. 30 ¶ 4. A request to modify the Scheduling Order and to exclude evidence is a motion. Under the Court's procedures, "[p]arties cannot file motions seeking relief on discovery or scheduling issues without engaging in [the] pre-motion conference process," which begins with a joint letter. Ho Procedures § 5(b). Every motion must also include a certificate of conference on 'the substance of the relief requested.' Id. § 5(d)(5)(i). Plaintiff did neither. If the Court grants leave to amend, Mr. Leckrone does not oppose Plaintiff having twenty-one days to answer or a reasonable extension of discovery that applies equally to both parties. He does oppose a one-sided order barring expert testimony on his claims alone, which Plaintiff has not raised with defense counsel. Mr. Leckrone timely designated experts and served on Plaintiff on October 1, 2026, as the Scheduling Order requires. Dkt. 15 ¶ 2b. Plaintiff's proposed condition would bar them from testifying on the counterclaims while leaving her own designations (Dkt. 17) untouched.

**D. Alternatively, the Court should disregard Parts B and D**

9. If the Court grants leave, Mr. Leckrone asks that the Court disregard Parts B and D of the proposed Sur-Reply as outside the scope of the Motion and of the parties' conference, and he will separately seek leave to file a sur-response in accordance with the Court's procedures.

## III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Daniel McNary Leckrone asks the Court to deny Plaintiff's Motion for Leave to File Sur-Reply; in the alternative, to disregard Parts B and D of the proposed Sur-Reply; and to grant such other and further relief, both general and special, at law or in equity, to which he may show himself justly entitled.

Dated: November 16, 2026.

Respectfully submitted,

By: */s/ Elizabeth Revere*

ELIZABETH REVERE
State Bar No. 00791513
S.D. Texas Bar No. 18329
**ELIZABETH REVERE, PLLC**
804 Sabine Street
Houston, Texas 77007
Tel: (281) 924-8845
Fax: (832) 201-0584
*service@bethrevere.com*
**ATTORNEY FOR DEFENDANT DANIEL MCNARY LECKRONE**

## CERTIFICATE OF COMPLIANCE

I certify that this Response complies with the word-count limitation in Section 5(d)(4)(ii) of the Court Procedures of United States Magistrate Judge Yvonne Y. Ho. The document contains 1792 words, including headings and footnotes and excluding the case caption, title, signature blocks, and certificates, and any table of contents and table of authorities. I relied on the word-count function of Microsoft Word to calculate the word count.

/s/ *Elizabeth Revere*
Elizabeth Revere

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, pursuant to the District's ECF service rules on **November 16, 2026,** ***via electronic filing system***.

/s/ *Elizabeth Revere*
Elizabeth Revere