Gmail

Beth Revere <beth@bethrevere.com>

# Re: Mousilli vs. Leckrone- Surreply

**Beth Revere** <beth@bethrevere.com> Mon, Oct 26, 2026 at 2:11 PM
To: Lema Mousilli <lema@mousillilaw.com>, Mimi Campbell <mimi@bethrevere.com>
Cc: Lloyd Kelley <kelley@lloydekelley.com>, Kimberly Ayres <kimberly@lloydekelley.com>

Hi, Lema,

(1) In *Whitelock*, the court said the phrase "nothing but liars" "may not have been objectively verifiable," which is understandable since the phrase is clearly hyperbole. There is no way to prove that a person does nothing but lie and never or rarely tells the truth. This is a very different statement than saying a person lied about a certain thing, which is verifiable in most cases - including here. The *Whitelock* court did not make a list of what type of statements are verifiable and what are not - but the court clearly said verifiable statements can proceed. Arguing that the statement(s) at issue is verifiable is not a misrepresentation of the case.

(2) As to the text messages you attached, they clearly form the basis of our counterclaim; however, none of the other attached discovery does. Therefore, the Court should not consider the extraneous material under both Rule 12(b)(6) and *Collins*. This is clearly stated in the Response: "Leckrone's RFA answers, RFP objections, expert designation, and emails. Dkt. 28 ¶¶ 30, 32, 34; Dkt. 28-2; Dkt. 28-7; Dkt. 28-4." *See* ¶ Dkt. 30, 5. The text messages are not listed.

(3) That is a direct quote from *Moore* directing that both the claim itself and the damages must be pleaded. Clearly, the counterclaim is for libel, not slander. This does not make the *Moore* language inapplicable. The language speaks to general pleading requirements, not those for a singular claim.

(4) We agree regarding the holding of both *Jones* and *Kansa*. You claim our facts don't support application of the discovery rule. I believe that they do. That is not a misrepresentation.

Nothing that you have raised points to a misrepresentation before the Court, which is a serious allegation. As I said below, I would correct any inadvertent misrepresentation myself. At most, we have different interpretations of the same case law - that does not rise to the misconduct you allege.

The Court can read the cases and discern their applicability to our facts. You have not pointed out any facts, arguments, or law that is absent from the filings.

Your desire for leave to file a sur-response is based on wanting to reargue cases you have already addressed. Since you have not articulated new or different information to put before the Court, I am opposed to your motion for leave.

Should you think of a different basis, please let me know so that I can consider its merits.

Best regards,

Beth Revere

Elizabeth Revere, PLLC
Attorney, Mediator, SHRM- SCP
www.BethRevere.com
www.MediationMosaic.com
804 Sabine Street
Houston, Texas 77007
tel 281-924-8845
fax 832-201-0584

EXHIBIT
1

Proud Member of
Texas Bar College
A Professional Society of Legal Scholars

***Warning on Use of Artificial Intelligence Tools.*** This email and any attachments it contains should not be entered into any artificial intelligence tool. Doing so may permanently destroy the attorney-client privilege that protects this material and exposes it to disclosure in a future dispute or litigation.

***Confidentiality Notice*** - This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. It may also be privileged or otherwise protected by work product immunity or other legal rules. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. Thank you for your time and consideration.

On Mon, Oct 26, 2026 at 1:04 PM Lema Mousilli <lema@mousillilaw.com> wrote:

> Beth,
>
> Briefly: (1) Whitelock treated “nothing but liars and a bunch of frauds” as non-verifiable opinion (661 S.W.3d at 599–600); nothing in it holds that an accusation of lying is verifiable. (2) Your client’s proposed pleading quotes the text messages and bases every new count on them (Dkt. 21-1 ¶¶ 88–89), so they are referred to and central under Collins. (3) “Per quod” does not appear in Dkt. 21-1, although the Reply says it is pleaded. (4) Jones relied on Kansa, which affirmed dismissal where the pleadings showed no entitlement to the discovery rule.
>
> Please let me know by 3:00 p.m. today whether Defendant opposes the motion for leave.
>
> Thank you,
>
> **Lema Mousilli, JD/MBA |** Principal Attorney
> Mousilli Law - Attorneys & Counselors at Law
> www.mousillilaw.com
>
> On Mon, Oct 26, 2026 at 10:55 AM Beth Revere <beth@bethrevere.com> wrote:
>
>> Hi, Lema,
>>
>> I am interested to hear what you feel was misrepresented about the cases. If I learn I have misrepresented a case before the Court, I will withdraw it.
>>
>> I have reviewed the information in our Reply and the cases themselves:
>>
>> The description of the relevant *Whitelocck* holding is correct. While name-calling may not be verifiable, other statements like whether someone is lying are verifiable and may proceed. “In sum, the Stewarts have identified a mix of statements, some of which can be considered defamatory and some which cannot. When a legal action is based on a such a mix of statements, a trial court may properly deny a plaintiff's TCPA motion to dismiss, at least with respect to the actionable statements.”
>>
>> The quote from *Collins* was a direct quote. The court further indicated “We note approvingly, however, that various other circuits have specifically allowed that "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings **if they are referred to in the plaintiff's complaint and are central to her claim.**" *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). (emphasis added). What you attached was neither referenced in the counterclaims nor central to the claims.
>>
>> The quote from *Jones* is, again, a direct quote.” A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred **and the pleadings fail to raise some basis for tolling or the like.**” (emphasis added) Through its citations, the court showed that this has been the standard for decades. The fact that the pleadings failed to raise a basis in *Jones* and we have raised a basis, does not change the applicability of the holding.

Please let me know how you see the use of these cases in the Reply as misrepresentations.

Best regards,

Beth Revere

Elizabeth Revere, PLLC
Attorney, Mediator, SHRM- SCP
www.BethRevere.com
www.MediationMosaic.com
804 Sabine Street
Houston, Texas 77007
tel 281-924-8845
fax 832-201-0584

Proud Member of
Texas Bar College
A Professional Society of Legal Scholars

***Warning on Use of Artificial Intelligence Tools.*** This email and any attachments it contains should not be entered into any artificial intelligence tool. Doing so may permanently destroy the attorney-client privilege that protects this material and exposes it to disclosure in a future dispute or litigation.

***Confidentiality Notice*** - This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. It may also be privileged or otherwise protected by work product immunity or other legal rules. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. Thank you for your time and consideration.

On Mon, Oct 26, 2026 at 10:03 AM Lema Mousilli <lema@mousillilaw.com> wrote:

> Beth,
>
> You misrepresented the case law in your reply. Specifically, the Collins, Jones, and Whitelock cases.
>
> Thank you,
>
> **Lema Mousilli, JD/MBA |** Principal Attorney
> Mousilli Law - Attorneys & Counselors at Law
> www.mousillilaw.com
>
> On Mon, Oct 26, 2026 at 8:03 AM Beth Revere <beth@bethrevere.com> wrote:
>
>> Hi, Lema,
>>
>> Please let me know the new facts, law, or arguments on which you intend to base your sur-response. I will make time today to evaluate your points and let you know whether I agree with your position or oppose your motion for leave.
>>
>> Best regards,
>>
>> Beth Revere
>>
>> Elizabeth Revere, PLLC
>> Attorney, Mediator, SHRM- SCP
>> www.BethRevere.com

www.MediationMosaic.com
804 Sabine Street
Houston, Texas 77007
tel 281-924-8845
fax 832-201-0584

Proud Member of
Texas Bar College
A Professional Society of Legal Scholars

***Warning on Use of Artificial Intelligence Tools.*** This email and any attachments it contains should not be entered into any artificial intelligence tool. Doing so may permanently destroy the attorney-client privilege that protects this material and exposes it to disclosure in a future dispute or litigation.

***Confidentiality Notice*** - This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. It may also be privileged or otherwise protected by work product immunity or other legal rules. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. Thank you for your time and consideration.

On Sun, Oct 25, 2026 at 6:33 PM Lema Mousilli <lema@mousillilaw.com> wrote:

> Counsel,
>
> I intend to file a motion for leave to file a sur-reply to Dkt. 30. Please advise whether Defendant opposes.
>
> Thank you,
>
> **Lema Mousilli, JD/MBA |** Principal Attorney
> Mousilli Law - Attorneys & Counselors at Law
> www.mousillilaw.com