**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 4:25-cv-05642** |
| | § | |
| **DANIEL MCNARY "MAC" LECKRONE,** | § | **JURY DEMANDED** |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF'S AMENDED REQUEST FOR INTERIM RELIEF ON HER EMERGENCY APPLICATION AND NOTICE OF PRODUCTION UNDER DEFENDANT'S SUBPOENA**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, PLAINTIFF, LEMA MOUSILLI**, and files this *Amended Request for Interim Relief on Her Emergency Application and Notice of Production Under Defendant's Subpoena*, and respectfully shows the Court as follows:

## I. SUMMARY

1. Plaintiff's Emergency Application asks the Court to preserve the status quo before non-party Lloyd & Mousilli, PLLC ("**L&M**") produces Plaintiff's records under Defendant's subpoena. (Dkt. 41 ¶¶ 2, 4.) The production had already occurred. L&M produced fifteen pages to Defendant's counsel on November 13, 2026, the *very day* after service and three weeks before the December 4 compliance date. (Ex. E at 3; Ex. H.) On November 16, Plaintiff's counsel told Defendant's counsel at their 10:30 a.m. conference, and again in writing at 12:25 p.m., that Plaintiff was filing an emergency application.

Defendant's counsel failed to disclose the production. (Ex. I ¶¶ 5–6; Ex. J at 2.) She served it that evening, and Defendant now relies on it. (Ex. D; Ex. E at 3–4.) Plaintiff amends her request for interim relief accordingly.

## II. FACTS SINCE THE APPLICATION WAS FILED

### A. L&M Produced on November 13, 2026

2. At 7:57 p.m. on November 16, 2026, Marlene Campbell, paralegal to Defendant and Defendant's counsel, emailed Plaintiff's counsel Defendant's First Supplemental Responses to Plaintiff's First Set of Requests for Production, with L&M's production, cover letter, records-custodian certification, and acceptance of service. (Ex. D.) Defendant's responses state: "On November 13, 2026, L&M produced fifteen pages of records, with a cover letter and a Certification of Records Custodian executed by Megan Weiss under Federal Rules of Evidence 803(6) and 902(11)." (Ex. E at 3.) L&M's cover letter is addressed to Defendant's counsel and dated November 13. (Ex. H.) Ms. Weiss signed the acceptance of service and the certification the same day. (Exs. F, G.)

### B. Defendant's Counsel Did Not Disclose the Production

3. At 4:42 p.m. on November 13, Defendant's counsel wrote that "[n]othing is due from L&M before the December 4, 2026 compliance date." (Dkt. 41-2 at 3.) On November 15, Plaintiff's counsel asked whether Defendant and his counsel would agree not to accept, review, use, or share anything L&M produces and to sequester anything received. (*Id.*) Defendant's counsel did not answer. (*Id.* at 2.) At 8:22 a.m. on November 16, she emailed L&M's signed acceptance, which Plaintiff's counsel overlooked in the rush to file the Application. (Ex. I ¶ 3.)

4. At the 10:30 a.m. conference that morning, Plaintiff's counsel asked Defendant's counsel to withdraw the subpoena. When she refused, Plaintiff's counsel told her that Plaintiff would file an emergency motion for relief and asked whether Defendant would oppose it. Defendant's counsel did not agree to hold, sequester, or restrict the use of any production, and said that if Plaintiff needed emergency relief, Plaintiff should do what she needed to do. She did not disclose that L&M had produced. (Ex. I ¶¶ 4–6; Dkt. 41 ¶ 14.) At 12:25 p.m., Plaintiff's counsel confirmed in writing: "I am filing an emergency application regarding the subpoena to Lloyd & Mousilli, PLLC." (Ex. J at 2.) Defendant's counsel's next email in that thread came at 8:12 a.m. on November 17. (*Id.* at 1.)

5. Defendant's counsel now states: "During our conference on November 16, I had not seen the L&M production," and "I served the production on you the same day I reviewed it." (*Id.*) She does not say when the production reached her. By Defendant's own account, it reached her on November 13. (Ex. E at 3; Ex. H.) Plaintiff first learned of it when it was served. (Ex. I ¶ 7.)

**C. Defendant Relies on an Incomplete Production**

6. Defendant cites L&M0001 through L&M0015 in response to Request for Production No. 19, which seeks the documents he contends support his affirmative defenses, "including but not limited to Documents supporting Your defense of truth or substantial truth." His supplemental response states: "See Bates No. LECK-016-030 (previously produced); See also L&M0001-0015." (Ex. E at 3–4.) He gives notice that he will offer the pages as self-authenticating business records under Federal Rule of Evidence 902(11). (*Id.* at 4.) The production includes Forms 1099 that L&M issued to Plaintiff's law

firm for 2020 through 2024, an index of payments from 2019 through 2024, compensation agreements, correspondence from Feras Mousilli to L&M's bank, and a screenshot of text messages between Feras Mousilli and Plaintiff. Plaintiff does not file the production.

7. That screenshot, L&M0015, has a block of messages blacked out. The subpoena permitted redaction only of Social Security, taxpayer identification, and financial account numbers, and required a description of anything withheld. (Dkt. 41-1 at 6, Instrs. 4, 6.) None was provided. Yet Defendant states that he "produces the L&M production in full" (Ex. E at 3), and Ms. Weiss certified the pages as "true and correct copies" (Ex. G ¶ 3). Defendant's counsel now states that she has asked L&M to produce the page unredacted or describe what it withheld. (Ex. J at 1.) Plaintiff will submit the complete thread for in camera review if the Court wishes.

**D. No Protective Order Governs the Production**

8. No protective order has been entered. (Dkt. 41 ¶ 8.) Defendant's counsel has previously shared Plaintiff's production in this case with counsel for Feras Mousilli. (Dkt. 29-1 ¶ 8; Dkt. 29-2 ¶ 4.) The production was transmitted by Marlene Campbell, a fact witness Plaintiff disclosed on June 9, 2026 (Pl.'s First Supp. Initial Discl. item 8), whose role is at issue in Plaintiff's pending Motion to Disqualify (Dkt. 22). Defendant's counsel again copied Ms. Campbell on her November 17 email about the production. (Ex. J at 1.)

## III. AMENDED REQUEST FOR INTERIM RELIEF

9. The harm the Application describes has not run its course. The records can still be used, copied, and shared, and the subpoena permits further production through December 4, 2026. (Dkt. 41-1 at 3.) Limits on use and disclosure preserve what remains of

the status quo while the Section 5(b) process runs, and they cost Defendant nothing: discovery closes January 15, 2027. (Dkt. 15 ¶ 3.)

10. Plaintiff therefore amends the relief requested in her Application (Dkt. 41 at 10) and asks the Court to order that, until it resolves the parties' Section 5(b) letter and any motion it permits:

(a) L&M shall make no further production in response to the subpoena;

(b) Defendant, his counsel, and anyone acting on their behalf shall sequester L&M0001 through L&M0015 and every other copy or form of the documents L&M produced, and shall not use or disclose them except to submit them to the Court under seal;

(c) within two business days, Defendant shall file a certification identifying each person, other than the Court and counsel of record, to whom any part of the production has been provided or its contents described, with the date, including each member of counsel's staff who has handled it and whether any copy or description has gone to Defendant, Feras Mousilli, Maureen Farrell, or Farrell Legal Group PC;

(d) L&M shall preserve the documents it produced as it keeps them, including the complete, unredacted original of L&M0015;

(e) within one business day, Defendant shall serve the order on L&M at info@lloydmousilli.com and megan@lloydmousilli.com and on Maureen Farrell at maureen@farrellpc.com, and file proof of service; and

(f) the Court will set an expedited pre-motion conference.

Plaintiff continues to reserve her request for reasonable expenses, including attorney's fees, and for sanctions, including in connection with Defendant's counsel's failure to disclose the production on November 16.

## IV. AFFIRMATION UNDER SECTION 2(b)

11. Plaintiff's counsel affirms that Defendant's counsel was contacted regarding this amended request, as stated in the certificate of conference, and that Plaintiff's counsel can be available for a conference before the Court at any time the Court sets.

## V. PRAYER

Plaintiff respectfully requests that the Court enter the accompanying order and grant Plaintiff such other and further relief to which she may show herself justly entitled.

DATE: November 17, 2026

Respectfully submitted,

*<u>/s/ Lloyd E. Kelley</u>*
LLOYD E. KELLEY
Attorney-in-charge
Texas State Bar No. 11203180
SDTX Federal ID No. 13497
**THE KELLEY LAW FIRM**
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973
*kelley@lloydekelley.com*

**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**

Lema Mousilli
Texas State Bar No. 24056016
SDTX Federal ID No. 1358290
**MOUSILLI LAW, PLLC**
11807 Westheimer Road

Suite 550, PMB 624
Houston, TX 77077
Tel: (281) 305-9313
*lema@mousillilaw.com*
*service@mousillilaw.com*

**CERTIFICATE OF CONFERENCE**

I certify that I conferred with counsel for Defendant regarding the relief requested in this amended request. By email on November 12, 2026, at 1:19 p.m., and on November 15, 2026, at 10:37 p.m., I asked Elizabeth Revere whether Defendant and his counsel would sequester, and not review, use, or share, anything L&M produced until the Court rules. She did not agree. On November 16, 2026, at 10:30 a.m., Ms. Revere and I conferred by audio conference. I told her that Plaintiff would file an emergency motion for relief and asked whether Defendant would oppose it. Defendant did not agree to hold, sequester, or restrict the use of any production. On November 16, 2026, at 11:23 p.m., after the production was served, I asked Ms. Revere by email whether Defendant and his counsel would sequester L&M0001 through L&M0015 and every other copy and not use or disclose them, identify everyone other than counsel of record who has received any part of the production, and ask L&M to make no further production. Ms. Revere responded by email on November 17, 2026, at 8:12 a.m. She did not agree to sequester the production or to ask L&M to make no further production and did not identify anyone who has received it. The amended request is opposed.

/s/ Lema Mousilli
Lema Mousilli

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2026, a true and correct copy of the foregoing document and its exhibits was served on all counsel of record through the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure and this District's electronic filing rules. On the same date, I served a copy by email on Maureen Farrell (maureen@farrellpc.com) and on Lloyd & Mousilli, PLLC at info@lloydmousilli.com and megan@lloydmousilli.com.

/s/ Lema Mousilli
Lema Mousilli

## CERTIFICATE OF COMPLIANCE

I certify that this filing contains 1,315 words, including headings and footnotes, and excluding the case caption, title, signature blocks, and certificates, in compliance with Section 5(d)(4)(ii) of Judge Ho's Court Procedures.

/s/ Lema Mousilli
Lema Mousilli