11807 Westheimer Road
Suite 550, #624
Houston, Texas 77077
MousilliLaw.com
(281) 305-9313

**November 17, 2026**

***VIA CM/ECF***
The Honorable Yvonne Y. Ho
United States Magistrate Judge
United States District Court, Southern District of Texas
515 Rusk Street, Houston, Texas 77002

**Re:** ***Lema Mousilli v. Daniel McNary "Mac" Leckrone*****, Civil Action No. 4:25-cv-05642; Joint Letter and Motion for Pre-Motion Conference Regarding Defendant's Subpoena to Non-Party Lloyd & Mousilli, PLLC**

Dear Judge Ho:

The parties submit this joint letter under Section 5(b) of the Court's Procedures concerning the subpoena to produce documents that Defendant noticed on November 12, 2026 and directed to non-party Lloyd & Mousilli, PLLC ("L&M"), with a compliance date of December 4, 2026. L&M produced fifteen pages to Defendant's counsel on November 13, 2026. On November 16, 2026, Plaintiff filed an emergency application under Section 2 (Dkt. 41). That evening, Defendant served the production on Plaintiff, Bates-labeled L&M0001 through L&M0015, with supplemental responses to Plaintiff's Requests for Production Nos. 17, 18, and 19. Plaintiff has filed a notice of the production and an amended request for interim relief. No protective order has been entered.

**Disputes and issues to be addressed**

**1. Scope of the subpoena.** Whether the subpoena should be quashed or modified. It seeks Plaintiff's compensation, payroll, tax, and benefits records from January 1, 2019 to the present (Requests Nos. 1–6 and 8), including fee-split and origination records that identify L&M clients (Request No. 5); documents relating to any amount "L&M contends" Plaintiff was overpaid, advanced, loaned, or took without authorization (Request No. 7); and documents L&M produced or filed in Cause No. 2024-72783 in the 295th District Court of Harris County (the "Partnership Litigation"), in which Plaintiff and Feras Mousilli are adverse parties and a Special Master handles all discovery matters (Request No. 9). Defendant has offered to limit the period to January 1, 2023 forward; Plaintiff does not accept that limit.

**2. Acceptance of service and communications.** Who agreed on L&M's behalf to accept service (the acceptance is signed by Megan Weiss, "Head of Operations," and dated November 13, 2026), and whether Defendant should produce communications between Defendant or his counsel and L&M, Feras Mousilli, Maureen Farrell, or Farrell Legal Group PC concerning the subpoena or the production.

**3. The documents already produced.** Whether L&M0001 through L&M0015 must be returned or sequestered, and their use restricted, pending resolution, and whether L&M may make any further production.

**4. Completeness.** The effect on the production and on the accompanying Rule 902(11) certification of the redaction of message content on L&M0015, which the subpoena's instructions did not permit (Dkt. 41-1 at 6, Instr. 6), made without any description of withheld material.

**5. Use and disclosure.** Whether any production the Court permits should be limited to use in this case, with disclosure to Feras Mousilli, Ms. Farrell, and Farrell Legal Group PC prohibited, and the terms of a protective order, on which the parties are exchanging proposals.

**6. Leave to move.** Whether Plaintiff may move to quash or modify the subpoena and for a protective order, with an award of reasonable expenses, and move for sanctions.

11807 Westheimer Road
Suite 550, #624
Houston, Texas 77077
MousilliLaw.com
(281) 305-9313

**Discussions between the parties**

On November 12, 2026, at 1:19 p.m., Lema Mousilli, counsel for Plaintiff, emailed Elizabeth Revere, counsel for Defendant, with copies to Lloyd E. Kelley, counsel for Plaintiff, to Ms. Farrell, and to Special Master Michael Lowenberg, stating Plaintiff's objections, asking who agreed to accept service for L&M, and requesting written confirmation that nothing would be produced before the Court rules. Ms. Farrell did not respond. Ms. Revere responded by email on November 13 at 4:42 p.m., declining to instruct L&M, offering the January 1, 2023 limit, and stating that L&M's production could be treated as confidential once Plaintiff agreed to Defendant's proposed protective order. Ms. Mousilli declined that limit and renewed the request by email on November 15 at 10:37 p.m. Counsel conferred by audio conference on November 16, 2026, at 10:30 a.m. Participants: Lema Mousilli and Elizabeth Revere. Ms. Mousilli asked Ms. Revere to withdraw the subpoena. Ms. Revere stated that Defendant will not withdraw the subpoena and opposes any motion to quash. At 12:25 p.m. on November 16, Ms. Mousilli emailed Ms. Revere that Plaintiff was filing an emergency application regarding the subpoena and asked for her availability for a conference with the Court. At 11:23 p.m. on November 16, after the production was served, Ms. Mousilli emailed Ms. Revere asking whether Defendant would sequester L&M0001 through L&M0015, identify everyone who has received them, and ask L&M to make no further production. Ms. Revere responded by email on November 17 at 8:12 a.m. Defendant does not agree to sequester the production and agrees that it be treated as confidential while the parties finalize a protective order. Ms. Revere did not identify who has received the production and stated that she has asked L&M to produce L&M0015 unredacted or describe what it withheld. Counsel did not resolve the dispute.

**Plaintiff's position**

The records sought are Plaintiff's own. Plaintiff objects to the subpoena on the grounds of relevance and proportionality; the disclosure of her personal financial and tax information; the disclosure of confidential L&M client information in fee-split and origination records; Requests Nos. 7 and 9, which seek L&M's contentions and material from the Partnership Litigation, where a Special Master handles discovery; and the absence of any protective order. Plaintiff was not asked and did not agree to service on L&M's behalf.

L&M produced the day after service, three weeks before the compliance date. At the November 16 conference, Plaintiff's counsel told Defendant's counsel that Plaintiff would file an emergency motion for relief and asked whether Defendant would oppose it, and at 12:25 p.m. she confirmed in writing that Plaintiff was filing an emergency application. Defendant's counsel did not disclose that L&M had produced to her on November 13. Plaintiff learned of the production when Defendant served it that evening. Defendant states that the production is complete, but L&M0015 bears an unlogged redaction of message content. Defendant's counsel has previously shared Plaintiff's production in this case with counsel for Feras Mousilli. (Dkt. 29-1 ¶ 8; Dkt. 29-2 ¶ 4.) Plaintiff asks the Court to order that L&M0001 through L&M0015 be sequestered and not used or disclosed, and that L&M make no further production, pending resolution; to grant leave to move to quash or modify the subpoena and for a protective order with reasonable expenses; and to grant leave to move for sanctions.

**Defendant's position**

The records belong to L&M, a non-party, which has produced them. Plaintiff asks the Court to bar L&M's own records from being disclosed to L&M's partner, Feras Mousilli, the person from whom they came (issue 5). Defendant served the subpoena in his own defense, not on behalf of L&M or Feras Mousilli, neither of whom is a party here.

**Relevance.** Plaintiff sues on statements that she "stole" from L&M, including $75,000 (Dkt. 1 ¶¶ 14, 19–20). Her June 9, 2026 supplemental disclosures identify an "Oct. 16, 2024 partnership withdrawal of $75,000." In texts she produced (MOU0003–04), she made statements about whether L&M paid her. Her veracity on those statements is at issue. Defendant pleaded that he said only that she had been accused of

11807 Westheimer Road
Suite 550, #624
Houston, Texas 77077
MousilliLaw.com
(281) 305-9313

taking money from L&M (Dkt. 16 ¶¶ 68–73), and he pleaded truth (Dkt. 16 ¶ 46). If the jury finds that Defendant said she "stole" the money, L&M's records of what it paid her, and when, go to the truth of that statement.

**Scope.** The subpoena's instructions permit redaction of Social Security, taxpayer identification, and account numbers. Request No. 9 seeks only documents L&M has already produced or filed in the Partnership Litigation. It seeks no discovery in that case and nothing from the Special Master, whose authority concerns discovery between the parties to that case (295th Dist. Ct. Order of Sept. 11, 2026 ¶¶ 1–2).

**Confidentiality.** Defendant agrees that the production be treated as confidential, and available to the parties, while the parties finalize a joint protective order. Defendant first proposed one on September 18, 2026.

**Service.** How L&M accepted service has no bearing on the subpoena's validity. Any objection to the manner of service belongs to L&M, which accepted service in writing and waived that objection. Defendant provided the signed acceptance to Plaintiff as a courtesy. Plaintiff's request for Defendant's communications concerning the subpoena is not a ground to quash or modify it.

**Conference.** At the November 16 conference, Ms. Mousilli asked Ms. Revere to withdraw the subpoena and said that Plaintiff would file an emergency motion. Ms. Revere declined to withdraw the subpoena and stated that Defendant opposes the motion. Ms. Mousilli did not ask whether L&M had produced. Plaintiff declined to include this account in the joint sections and did not permit Defendant to contribute to any other part of this letter.

**Production.** Defendant's counsel had not seen the production when counsel conferred on November 16. She reviewed it and served it on Plaintiff immediately with supplemental responses (Fed. R. Civ. P. 26(e)(1)(A)). The records are L&M's, Plaintiff now has them, and no one has claimed privilege, so there is no basis to sequester them (cf. Fed. R. Civ. P. 45(e)(2)(B)). L&M, not Defendant, redacted L&M0015; Defendant has asked L&M to correct that by producing the page unredacted or describing what it withheld. Defendant asks the Court to deny Plaintiff's requests to sequester the production and for leave to move to quash or for sanctions.

Sincerely,

Mousilli Law, PLLC
Attorneys at Law

/s/ Lema Mousilli
Lema Mousilli for the Firm
OF COUNSEL FOR PLAINTIFF

Elizabeth Revere, PLLC

Elizabeth Revere
COUNSEL FOR DEFENDANT

cc: All counsel of record (via CM/ECF)