**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 4:25-cv-05642** |
| | § | **JURY DEMANDED** |
| **DANIEL MCNARY "MAC"** | § | |
| **LECKRONE,** | § | |
| ***Defendant.*** | § | |

# DEFENDANT'S RESPONSE TO PLAINTIFF'S EMERGENCY APPLICATION (DKT. 41) AND AMENDED REQUEST FOR INTERIM RELIEF (DKT. 44) REGARDING DEFENDANT'S SUBPOENA TO NON-PARTY LLOYD & MOUSILLI, PLLC

## TABLE OF CONTENTS

Page

I. STATEMENT OF ISSUES ........ 1
II. STANDARD OF REVIEW ........ 2
III. SUMMARY OF THE ARGUMENT ........ 2
IV. FACTS ........ 4
A. Plaintiff's claims put her L&M compensation at issue. ........ 4
B. The subpoena and L&M's compliance. ........ 4
V. ARGUMENT ........ 6
A. The requested interim relief would preserve nothing. ........ 6
B. Plaintiff has not shown good cause for protective relief. ........ 7
C. The records are relevant and proportional. ........ 9
D. Plaintiff's new requests are unnecessary. ........ 11
E. Mr. Leckrone's supplementation was timely. ........ 12
F. Confidential treatment meets Plaintiff's legitimate concern; a bar on sharing L&M's records with L&M does not. ........ 13
VI. AVAILABILITY FOR CONFERENCE ........ 13
VII. CONCLUSION ........ 13
VIII. PRAYER ........ 14

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Brown v. Braddick*, 595 F.2d 961 (5th Cir. 1979) .......... 2, 8

*In re Lipsky*, 460 S.W.3d 579 (Tex. 2015) .......... 9

*In re Terra Int'l, Inc.*, 134 F.3d 302 (5th Cir. 1998) (per curiam) .......... 2, 7

*McIlvain v. Jacobs*, 794 S.W.2d 14 (Tex. 1990) .......... 9

*Shepherd v. Castle*, 20 F.R.D. 184 (W.D. Mo. 1957) .......... 9

*United States v. Garrett*, 571 F.2d 1323 (5th Cir. 1978) .......... 7

*Vogue Instrument Corp. v. Lem Instruments Corp.*, 41 F.R.D. 346 (S.D.N.Y. 1967) .......... 8

*Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812 (5th Cir. 2004) .......... 2, 9, 11

## Rules

Fed. R. Civ. P. 26(b)(1) .......... 1, 2, 9

Fed. R. Civ. P. 26(c)(1) .......... 1, 2, 7

Fed. R. Civ. P. 26(e)(1)(A) .......... 1, 4, 12

Fed. R. Civ. P. 45 .......... 1, 8

Fed. R. Civ. P. 45(a)(4) .......... 4, 8

Fed. R. Civ. P. 45(d)(3) .......... 2

Fed. R. Civ. P. 45(e)(2)(B) .......... 3, 11

## Other Authorities

Court Procedures of United States Magistrate Judge Yvonne Y. Ho § 5(b) .......... 14

**COMES NOW, DEFENDANT DANIEL MCNARY "MAC" LECKRONE,** and files this *Response to Plaintiff's Emergency Application for Immediate Relief to Preserve the Status Quo on Defendant's Subpoena to Non-Party Lloyd & Mousilli, PLLC* (Dkt. 41), as amended by *Plaintiff's Amended Request for Interim Relief on Her Emergency Application and Notice of Production Under Defendant's Subpoena* (Dkt. 44) (together, the **"Application"**), and respectfully shows the Court as follows:

## I. STATEMENT OF ISSUES

1. Whether the Court should enter interim relief to "preserve the status quo"—sequestration, a bar on further production, and a certification of who has handled the records—when non-party Lloyd & Mousilli, PLLC (**"L&M"**) has already produced and Plaintiff has the complete production.

2. Whether Plaintiff has carried her burden to show good cause under Rule 26(c)(1), or a personal right or privilege under Rule 45, to restrict Mr. Leckrone's use of a non-party's records of compensation that she put at issue.

3. Whether L&M's records of what it paid Plaintiff, and of the $75,000, are relevant and proportional to the claims and defenses under Rule 26(b)(1).

4. Whether Mr. Leckrone timely supplemented his discovery responses under Rule 26(e)(1)(A) by serving L&M's production the next business day after L&M produced it.

5. Whether confidential treatment under a protective order addresses Plaintiff's legitimate concerns without barring Mr. Leckrone from discussing L&M's records with L&M.

## II. STANDARD OF REVIEW

6. Rule 26(c)(1) permits the Court, "for good cause," to issue an order to protect a party or person "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking the order bears the burden to show its necessity through "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (per curiam). Plaintiff identifies no different standard for the "interim relief" she seeks. Whatever its label, the relief she requests restricts the use and disclosure of discovery, and Rule 26(c) governs it.

7. A party seeking to quash or modify a subpoena bears the burden of proof, and the Court weighs the relevance of the information, the requesting party's need, the breadth of the request, the time period, the particularity of the description, and the burden imposed. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004); Fed. R. Civ. P. 45(d)(3). A party may challenge a subpoena to a non-party only on the basis of a personal right or privilege with respect to the materials subpoenaed. *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). Discovery extends to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

## III. SUMMARY OF THE ARGUMENT

8. Plaintiff's amended request confirms that there is no status quo left to preserve. L&M produced fifteen pages on November 13, 2026, and on November 16, Mr. Leckrone served the complete production on Plaintiff, with L&M's cover letter, records-custodian certification, and acceptance of service, and with his supplemental responses to Plaintiff's

Requests for Production Nos. 17–19. Dkt. 44 ¶¶ 1–2; Dkt. 44-1. Plaintiff has every page Mr. Leckrone has.

9. What remains is a request that Mr. Leckrone sequester evidence on the claims Plaintiff brought, certify every member of his counsel's staff who has handled it, and keep L&M from producing anything further. Dkt. 44 ¶ 10. None of that is needed. Mr. Leckrone agrees that L&M's production should be treated as confidential, and the parties are exchanging drafts of an agreed protective order. Dkt. 44-7 at 1. The only further production in prospect is the one Plaintiff herself demands: an unredacted copy of L&M0015 or a description of what L&M withheld, which L&M has provided and Mr. Leckrone will produce to Plaintiff as a discovery supplementation. Dkt. 44 ¶ 7; Dkt. 44-7 at 1.

10. The records go to the center of the case Plaintiff filed. She alleges that Mr. Leckrone falsely stated she had taken money from L&M, including $75,000. Dkt. 1 ¶¶ 14, 19–20. What L&M paid her, when the payments stopped, and how L&M's own records treat the $75,000 bear directly on falsity, substantial truth, and her claimed damages. Further, the question of whether and how much Plaintiff was paid was directly raised in text messages Plaintiff produced as MOU0003. Dkt. 28-3 at 1.

11. Plaintiff has not carried her burden. Her declarations show no specific harm from L&M's production to Mr. Leckrone, and the rest of her showing repeats the accusations pending in her Motion to Disqualify. Her new requests have no footing in the rules: Rule 45 provides for sequestration only of material claimed as privileged or trial-preparation material, and no rule requires a party to certify which of his counsel's staff handled a production. Mr. Leckrone served the production on the next business day after L&M

produced it, which is timely under Rule 26(e). Confidential treatment under a protective order, which Mr. Leckrone proposed in September, is all that Plaintiff's legitimate concerns require.

## IV. FACTS

### A. Plaintiff's claims put her L&M compensation at issue.

12. The Complaint alleges that Mr. Leckrone told a client Plaintiff had stolen money from L&M, including $75,000, and that the statements were false and defamatory per se. Dkt. 1 ¶¶ 14, 19–20, 25. Plaintiff seeks damages for lost clients, lost business opportunities, and lost profits. *Id.* ¶¶ 27, 34.

13. Plaintiff's June 9, 2026 supplemental disclosures identify Feras Mousilli as a person with knowledge of the "Oct. 16, 2024 partnership withdrawal of $75,000." Dkt. 22-6 at 4 (item 5). Her own text messages sent during the calls at issue, which she filed with the Court, state: "Tell him I hadn't been paid in over a year and I took 75k." Dkt. 28-3 (MOU0003).

### B. The subpoena and L&M's compliance.

14. On November 12, 2026, before serving the subpoena, Mr. Leckrone served Plaintiff with notice and a copy of it, as Rule 45(a)(4) requires. Dkt. 41-1. The subpoena set a compliance date of December 4, 2026, and permitted L&M to redact financial account numbers to the last four digits. *Id.* at 1, 6.

15. L&M accepted service of the subpoena by email through its Head of Operations, Megan Weiss, and agreed that the subpoena was served on November 12. Dkt. 44-3 ¶¶ 2–3 & at 2. Mr. Leckrone's counsel emailed Plaintiff the signed acceptance on the morning

of November 16, as Plaintiff now acknowledges. Dkt. 44 ¶ 3; Dkt. 44-6 ¶ 3; *cf.* Dkt. 41 ¶ 13.

16. Plaintiff objected by email on November 12. Dkt. 41-2 at 4–5. On November 13, Mr. Leckrone offered to limit the subpoena to January 1, 2023 forward, the period covering Plaintiff's statement that she had not been paid, and asked for Plaintiff's changes to the proposed protective order Mr. Leckrone had sent her on September 18, 2026, to which she had not responded. *Id.* at 3–4. On November 15, Plaintiff rejected that order and asked that any production be limited to use in this case and not disclosed to Feras Mousilli, Ms. Farrell, or Farrell Legal Group. *Id.* at 3. Plaintiff sent a redlined draft protective order on November 16, and Mr. Leckrone's counsel returned edits on the morning of November 17. *See* **Exhibit 1**, Emails with counsel dated November 16-17, 2026; Dkt. 44-7 at 1. Plaintiff's two-month delay is the reason no protective order is in place, yet she cites its absence as a ground for emergency relief. Dkt. 41 ¶ 20(e); Dkt. 44 ¶ 8.

17. L&M's production is dated Friday, November 13. Dkt. 44-5. Mr. Leckrone served it the following Monday, November 16, with his supplemental discovery responses, L&M's cover letter, and its certification. Dkt. 44-1; Dkt. 44-2 at 3. His counsel served it the same day she reviewed it. Dkt. 44-7 at 1. The last page, L&M0015, contains a redaction without a description of what was withheld. Dkt. 44 ¶ 7. L&M has produced the page unredacted, and Mr. Leckrone will again supplement his responses with what L&M provides. Dkt. 44-7 at 1.

18. Counsel conferred by telephone on November 16. Plaintiff asked that the subpoena be withdrawn; Mr. Leckrone's counsel declined and stated that Mr. Leckrone would

oppose any motion to quash. Dkt. 41 ¶ 14; Dkt. 44-7 at 1. Plaintiff did not ask whether L&M had produced, and Mr. Leckrone's counsel had not then seen the production. Dkt. 44-7 at 1; *see* Dkt. 44-6 ¶¶ 4–6. Plaintiff filed her Application that day and her amended request the next.

## V. ARGUMENT

### A. The requested interim relief would preserve nothing.

19. The Application rested on the premise that production "[c]an occur at any time" and "[c]annot be undone." Dkt. 41 at 6. L&M had already produced, and Plaintiff now has the production. The amended request drops the original demand that L&M not produce and asks instead that L&M make "no further production." Dkt. 44 ¶ 10(a).

20. Paragraph 2 of Plaintiff's amended proposed order would bar Mr. Leckrone from using records that came from L&M, that L&M still holds, and that Plaintiff herself holds, except to submit them to the Court under seal. Dkt. 44-8 ¶ 2. Plaintiff's own texts raise the question whether L&M paid her, and they tie her taking of $75,000 to L&M's alleged failure to pay her. Dkt. 28-3 at 1. Yet she would keep from Mr. Leckrone the records that test that claim.

21. The Application concedes, as it must, that the records are already in L&M's hands: "Feras Mousilli does not need a subpoena to see Plaintiff's financial records. He already has them." Dkt. 41 ¶ 11. And the amended request describes the production's contents on the public docket. Dkt. 44 ¶ 6.

22. Sequestering the records from Mr. Leckrone would not keep them from anyone Plaintiff says she fears. It would only keep from Mr. Leckrone evidence he needs to defend

the claims she brought. Plaintiff says a pause costs nothing because discovery closes January 15, 2027. Dkt. 44 ¶ 9. That is less than two months away, and Mr. Leckrone needs these records to prepare for depositions and for dispositive motions, which are due February 16, 2027. Dkt. 15 ¶¶ 3–4.

23. Plaintiff has not identified any concrete harm. Her theory was that the records, once produced, could not be taken back. Dkt. 41 ¶¶ 2, 15. Now that they have been produced, she says the harm "has not run its course" because the records "can still be used, copied, and shared." Dkt. 44 ¶ 9. She does not say how their use in this case, under confidential treatment, would harm her.

24. Nor is any harm irreparable. Rule 26(c)(1) allows the Court, for good cause, to limit how discovery is used and disclosed, and nothing about the timing of L&M's production prevents the Court from doing so. Mr. Leckrone agrees that the production should be treated as confidential. *See* Part V.F, *infra*.

**B. Plaintiff has not shown good cause for protective relief.**

25. A party seeking a protective order bears the burden to show its necessity, which "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (per curiam) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). In *Terra*, a case that included a defamation claim, the Fifth Circuit held that a protective order supported by "nothing more than a conclusory allegation" and no affidavits or other evidence was a clear abuse of discretion. *Id.*

26. The only facts in Plaintiff's first declaration are that no one asked her before L&M accepted service, that Feras Mousilli has access to L&M's records, and that she has not consented to disclosure. Dkt. 41-3 ¶¶ 3–5. Her second declaration adds only her account of the November 16 conference. Dkt. 44-6. None shows that L&M's production to Mr. Leckrone harms Plaintiff. Rule 45 requires notice to the parties before service of a document subpoena, not their consent to how a non-party accepts service. Fed. R. Civ. P. 45(a)(4). Plaintiff received that notice and objected the same day. Whether service on L&M was effective is a question for L&M, which agreed to accept service and has complied. Dkt. 44-3. Whether L&M's members agree among themselves about its compliance is a question of L&M's internal governance, the subject of the Partnership Litigation, not of this case.

27. The rest of the Application's factual case is accusation: that defense counsel, Ms. Farrell, and Feras Mousilli are "working together." Dkt. 41 ¶ 11. Those accusations repeat the ones pending in Plaintiff's Motion to Disqualify as does the amended request's complaint about who on counsel's staff transmitted the production and Mr. Leckrone will not relitigate them here. A non-party's acceptance of service and compliance with a subpoena is what Rule 45 requires. It is not evidence of coordination. Dkt. 22; Dkt. 44 ¶ 8.

28. A party may challenge a subpoena directed to a non-party only on the basis of a personal right or privilege with respect to the materials subpoenaed. *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). *Brown* relied on *Vogue* and *Shepherd*, both of which held that a party who neither possesses the subpoenaed documents nor received the subpoena lacks standing to quash it. *Vogue Instrument Corp. v. Lem Instruments Corp.*, 41

F.R.D. 346, 348 (S.D.N.Y. 1967); *Shepherd v. Castle*, 20 F.R.D. 184, 188 (W.D. Mo. 1957).

29. Mr. Leckrone does not dispute that Plaintiff has a personal interest in records of her own compensation, and confidential treatment addresses it. Plaintiff has shown no legal right of control and no personal right to assert the confidentiality of L&M's information (Request No. 5) or any burden on L&M, which did not object and has complied. Plaintiff has shown no harm from the production of the documents that could not be cured by treatment of the information as confidential. Further, it is Plaintiff who put the information at issue. *See* ¶¶ 10, 12–13, 20, *supra*.

**C. The records are relevant and proportional.**

30. Discovery extends to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The party seeking to quash or modify a subpoena bears the burden of proof. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Courts weigh the relevance of the information, the requesting party's need, the breadth of the request, the time period, the particularity of the description, and the burden imposed, and modification is generally preferable to quashing outright. *Id.*

31. Falsity is an element of Plaintiff's defamation claim. *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015). Substantial truth defeats it, and the test asks whether the statement was more damaging to the plaintiff's reputation, in the mind of the average listener, than a truthful statement would have been, looking to the statement's "gist." *McIlvain v. Jacobs*, 794 S.W.2d 14, 16 (Tex. 1990). Plaintiff alleges that Mr. Leckrone falsely said she took

money from L&M, including $75,000. L&M's records of what it paid her, when the payments stopped, and how it accounted for the $75,000 are the evidence of what happened. Mr. Leckrone relies on them for his defense of truth and substantial truth, as Plaintiff herself notes. Dkt. 44 ¶ 6; Dkt. 44-2 at 3–4.

32. The records also bear on damages. Plaintiff claims lost clients, lost business opportunities, and lost profits. Dkt. 1 ¶¶ 27, 34. What she was paid at L&M before the statements bears on what she claims to have lost after them.

33. Plaintiff's counterpoints do not change this. First, she points to Mr. Leckrone's testimony that his statements were based on L&M's allegations in the state-court litigation. Dkt. 41 ¶ 21 (quoting Dkt. 29-2 ¶ 8). That goes to fault: what Mr. Leckrone knew and relied on. It does not decide falsity, which turns on what actually happened, not on Mr. Leckrone's source. Plaintiff must prove both, and Mr. Leckrone may test both.

34. Second, Plaintiff notes that Mr. Leckrone objected to producing his own L&M compensation records. Dkt. 41 ¶ 23. Mr. Leckrone's compensation is not at issue in any claim or defense. Plaintiff's is: she sued over a statement about money she took from L&M.

35. Third, Plaintiff ties the January 1, 2023 limit to MOU0003–04 and to Mr. Leckrone's proposed counterclaims. Dkt. 41 ¶ 21. The relevance of the records rests on Plaintiff's Complaint, not on the counterclaims. MOU0003–04 shows only that the period Mr. Leckrone proposed is the period Plaintiff herself identified: during the calls at issue, she wrote that she had not been paid in over a year and had taken $75,000. Dkt. 28-3.

36. Requests Nos. 7 and 9 seek L&M's records of amounts it contends Plaintiff was overpaid or took without authorization, and the compensation records L&M produced in

the Partnership Litigation. Dkt. 41-1 at 8. Those records are the documentary basis of the accusation Plaintiff says Mr. Leckrone repeated. That a special master supervises discovery in the Partnership Litigation does not govern discovery in this Court, and Plaintiff identifies no order of the state court restricting L&M's use or production of its own records.

37. Plaintiff's objection to "seven years" of records was addressed by Mr. Leckrone's offer to limit the period to January 1, 2023 forward. Dkt. 41 ¶ 20. If the Court considers any request overbroad, the remedy is to modify it, not to quash the subpoena or sequester the production. *Wiwa*, 392 F.3d at 818.

**D. Plaintiff's new requests are unnecessary.**

38. *No further production* (Dkt. 44 ¶ 10(a)). L&M has answered the subpoena: it produced records and stated that no documents exist for Request No. 6. Dkt. 44-5. *Cf.* ¶¶ 9, 17, *supra.*

39. *Sequestration* (*id.* ¶ 10(b)). Rule 45 provides for sequestration of produced information when a person claims that it is privileged or protected as trial-preparation material. Fed. R. Civ. P. 45(e)(2)(B). Plaintiff makes no such claim. Her concern is confidentiality, which a protective order addresses without keeping evidence from a party.

40. *Certification* (*id.* ¶ 10(c)). No rule requires a party to file a certification identifying which members of his counsel's staff have handled a production, or whether his counsel has shared it with him. Mr. Leckrone is a party, and his counsel may review the evidence with him. To the extent the request is aimed at Ms. Campbell, her role is the subject of Dkt. 22.

41. *Preservation* (*id.* ¶ 10(d)). This request is directed to L&M, a non-party. Mr. Leckrone does not object to L&M preserving its records, including the original of L&M0015.

42. *Service on Ms. Farrell* (*id.* ¶ 10(e)). Ms. Farrell is not counsel of record in this case, and Plaintiff identifies no basis for requiring Mr. Leckrone to serve her with an order. Mr. Leckrone does not oppose a prompt conference. *Id.* ¶ 10(f).

**E. Mr. Leckrone's supplementation was timely.**

43. Plaintiff faults Mr. Leckrone's counsel for not disclosing at the November 16 conference that L&M had produced, and ties her sanctions reservation to it. Dkt. 44 ¶¶ 1, 4–5, 10. At the conference, Plaintiff asked that the subpoena be withdrawn. She did not ask whether L&M had produced, and Mr. Leckrone's counsel had not seen the production. Dkt. 44-7 at 1. No rule required counsel to offer a report on a non-party's compliance during a conference about withdrawing the subpoena and Plaintiff's planned emergency application.

44. A party who learns that a discovery response is incomplete must supplement it "in a timely manner." Fed. R. Civ. P. 26(e)(1)(A). L&M's production is dated Friday, November 13. Mr. Leckrone served it, with L&M's cover letter, certification, and acceptance, the following Monday, the same day his counsel reviewed it. Dkt. 44-1; Dkt. 44-5; Dkt. 44-7 at 1. That is timely by any measure. Counsel's November 13 email does not change this; it correctly stated the subpoena's compliance date. Dkt. 44 ¶ 3.

### F. Confidential treatment meets Plaintiff's legitimate concern; a bar on sharing L&M's records with L&M does not.

45. Mr. Leckrone agrees that L&M's production should be treated as confidential. He sent Plaintiff a proposed protective order on September 18, 2026. Dkt. 41-2 at 4. For two months Plaintiff provided no edits. When she responded on November 15, she offered objections to three provisions and a demand that any production not be disclosed to Feras Mousilli, Ms. Farrell, or Farrell Legal Group, but still no edits. *Id.* at 3. As noted, Plaintiff sent a redlined draft on November 16, and the parties are exchanging edits. Dkt. 44-7 at 1.

46. The non-disclosure term Plaintiff demands would bar Mr. Leckrone from discussing L&M's own records with L&M. The records are L&M's business records, kept and produced by L&M, and Plaintiff concedes that Feras Mousilli, a member of L&M, "already has them." Dkt. 41 ¶ 11. The provision she objects to in Mr. Leckrone's proposed order, which permits disclosure to the authors and recipients of documents in the ordinary course of business, exists for exactly this situation. Confidential treatment protects Plaintiff from public disclosure of her compensation. It should not prevent a party from asking the non-party that produced the records about them. Dkt. 41 ¶ 22.

## VI. AVAILABILITY FOR CONFERENCE

47. As Mr. Leckrone's counsel stated in her November 16 email to Ms. Willborg, Case Manager, she is available for a conference or hearing on Thursday, November 19, 2026.

## VII. CONCLUSION

48. Plaintiff asks the Court to preserve a status quo that ended before she filed. L&M has produced, Plaintiff has every page, and Mr. Leckrone agrees the production should be

treated as confidential. Plaintiff has shown no good cause to keep from Mr. Leckrone the records of the compensation she put at issue when she sued over a statement that she took money from L&M. The Application should be denied.

## VIII. PRAYER

Mr. Leckrone respectfully asks the Court to deny Plaintiff's Emergency Application (Dkt. 41), as amended by her Amended Request for Interim Relief (Dkt. 44). Alternatively, Mr. Leckrone asks that any interim order provide only that L&M's production be treated as confidential pending entry of a protective order, and that the parties' remaining disagreements about the subpoena proceed under Section 5(b) of the Court's Procedures. Mr. Leckrone further requests such other and further relief to which he may show himself justly entitled.

Dated: November 18, 2026.

Respectfully submitted,

By: /s/ *Elizabeth Revere*
ELIZABETH REVERE
State Bar No. 00791513
S.D. Texas Bar No. 18329
**ELIZABETH REVERE, PLLC**
804 Sabine Street
Houston, Texas 77007
Tel: (281) 924-8845
Fax: (832) 201-0584
*service@bethrevere.com*
**ATTORNEY FOR DEFENDANT**
**DANIEL MCNARY LECKRONE**

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the word-count limitation in Section 5(d)(4)(ii) of the Court Procedures of United States Magistrate Judge Yvonne Y. Ho. The document contains 3755 words, including headings and footnotes, and excluding table of contents, table of authorities, caption, title of the document, signature block, and certificates. I relied on the word-count function of Microsoft Word to calculate the word count.

/s/ Elizabeth Revere
Elizabeth Revere

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, pursuant to the District's ECF service rules on **November 18, 2026,** ***via electronic filing system***.

/s/ *Elizabeth Revere*
Elizabeth Revere