**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,** *Plaintiff,* | § § § | |
| **v.** | § | **CIVIL CASE NO. 4:25-cv-05642** |
| | § | |
| **DANIEL MCNARY "MAC" LECKRONE,** *Defendant.* | § § § | **JURY DEMANDED** |

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE NOTICE CORRECTING PARAGRAPH 13 OF HER REPLY**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, PLAINTIFF, LEMA MOUSILLI**, and files this *Response to Defendant's Motion for Leave to File Notice Correcting Paragraph 13 of Plaintiff's Reply*, and respectfully shows the Court as follows:

## I. SUMMARY

1. Defendant filed his Response late on the night of November 18, 2026. (Dkt. 48-5.) Plaintiff spent that night preparing her Reply to it and filed the Reply early the next morning. (Dkt. 48-3.) Late that same night, the paralegal to Defendant's counsel emailed the unredacted page L&M had produced, labeled L&M0015-U. Plaintiff, working on the Reply, did not see that email before she filed. (Dkt. 48-2.) The Reply therefore said Defendant had not served the page. (Dkt. 47 ¶ 13.) Plaintiff withdraws that statement.

2. The correction *proves* Plaintiff's point. L&M has now produced twice, and it keeps supplementing its production under an entirely overbroad subpoena that Plaintiff has shown is improper and harassing, while her objections are pending. (Dkt. 47 ¶¶ 2–7, 11, 13.) That is why Plaintiff asked the Court to stop further production. (Dkt. 44 ¶ 10(a).) Defendant's motion asks for more briefing on a point that does not affect that relief. No further filing is needed, and the motion should be denied.

## II. RESPONSE

### A. The Statement Rested on Defendant's Own Response

3. The Response told the Court that L&M had provided the unredacted page, that Defendant "will produce" it, and that he "will again supplement his responses with what L&M provides." (Dkt. 46 ¶¶ 9, 17.) Plaintiff prepared her Reply from the Response as filed.

### B. Production Is Ongoing, and the Harm Is Real

4. The rest of paragraph 13 stands. L&M made a second production to Defendant's counsel after Plaintiff filed her Application, although Defendant told the Court that L&M "has answered the subpoena." (Dkt. 46 ¶¶ 9, 17, 38.) Defendant still has not said when either production reached his counsel's office, and his motion does not address either point. (Dkt. 48 ¶¶ 3–6.)

5. Production has *not* stopped. L&M produced on November 13, and it produced again after Defendant's counsel asked it for the unredacted page on November 17. (Dkt. 44-2 at 3; Dkt. 44-7 at 1; Dkt. 48-2.) The subpoena allows production through December 4, 2026 (Dkt. 41-1 at 3), and Defendant opposes any order stopping it (Dkt. 46

¶ 38). Each production puts more of Plaintiff's personal financial records in the hands of Defendant's counsel and her staff. Defendant has not identified anyone else who has received them. (Dkt. 44 at 7.) His counsel has already shared Plaintiff's production in this case with Feras Mousilli's counsel once (Dkt. 29-1 ¶ 8), and she now wants to discuss these records with L&M (Dkt. 46 ¶ 46). The harm Plaintiff asked the Court to prevent is happening now.

**C. Ms. Campbell Continues to Serve Discovery and Handle Plaintiff's Records**

6. The service email at issue came from Marlene Campbell. (Dkt. 48-2.) Plaintiff disclosed her as a fact witness on June 9, 2026. (Pl.'s First Supp. Initial Discl. item 8.) Her role is at issue in Plaintiff's pending Motion to Disqualify. (Dkt. 22 ¶¶ 13–14.) Plaintiff has told Defendant's counsel repeatedly to keep her out of this case. On November 15, Plaintiff wrote: "Marlene Campbell is a disclosed fact witness and I have removed her from this thread. Please do not add her back." (Dkt. 41-2 at 3; *see* Dkt. 44 ¶ 8.) Since then, Ms. Campbell has served both of Defendant's supplemental productions of L&M's records. (Dkt. 44-1; Dkt. 48-2.) Defendant's counsel has also copied her on correspondence about those records, including the email that led to this motion. (Dkt. 44-7 at 1; Dkt. 46-1 at 1; Dkt. 48-4.)

7. Ms. Campbell was Plaintiff's secretary at L&M. (Dkt. 22 ¶ 13.) Elizabeth Revere is an attorney Plaintiff interviewed and hired. (Dkt. 22 ¶ 1.) Through Defendant's subpoena, Plaintiff's former secretary has now handled Plaintiff's compensation records and the Forms 1099 that L&M issued to her firm. Those records have no bearing on this

case. (Dkt. 44-1; Dkt. 44 ¶ 6; Dkt. 47 ¶¶ 2–7.) This is the disclosure Plaintiff asked the Court to prevent. (Dkt. 44 ¶ 10(b)–(c).)

**D. The Motion Was Unnecessary**

8. Defendant's counsel emailed at 8:42 a.m. on November 19 and demanded that Plaintiff file a correction by 12:00 p.m. that day. (Dkt. 48-4.) Plaintiff's counsel was in depositions that day. Defendant's counsel filed this motion that afternoon. (Dkt. 48 at 3.) No rule or order set a three-hour deadline. Defendant's counsel set it herself and then took its expiration to the Court.

9. Section 5(e) of the Court's Procedures permits no further briefing without leave, and the Court disfavors requests for it. This is Defendant's second motion in three weeks for leave to file more briefing on a fully briefed matter. (Dkt. 35; Dkt. 48.) Each one needs a response and adds expense for both sides and work for the Court. This one concerns a point that changes nothing.

**E. The Subpoena Is What Is Before the Court**

10. The underlying dispute is about an overly broad and harassing subpoena that demanded Plaintiff's compensation, payroll, tax, and benefits records from January 1, 2019 forward, including every Form W-2, W-4, 1099, and Schedule K-1 issued to her. (Dkt. 41-1 at 7–8.) As Plaintiff's Reply explains, Defendant has not shown that those records bear on any claim or defense, and his Response never mentions the tax forms. (Dkt. 47 ¶¶ 2–7.) Plaintiff has asked the Court to protect her from that subpoena under Rule 26(c)(1), which covers discovery that causes annoyance, embarrassment, or oppression. (Dkt. 41 ¶ 19; Dkt. 47 ¶¶ 11, 14.) That request is what the Court has to decide.

## III. PRAYER

Plaintiff respectfully requests that the Court deny Defendant's Motion for Leave (Dkt. 48) as unnecessary in light of this Response, and grant Plaintiff such other and further relief to which she may show herself justly entitled.

DATE: November 20, 2026

Respectfully submitted,

*/s/ Lloyd E. Kelley*
LLOYD E. KELLEY
Attorney-in-charge
Texas State Bar No. 11203180
SDTX Federal ID No. 13497
**THE KELLEY LAW FIRM**
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973
*kelley@lloydekelley.com*

**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**

Lema Mousilli
Texas State Bar No. 24056016
SDTX Federal ID No. 1358290
**MOUSILLI LAW, PLLC**
11807 Westheimer Road
Suite 550, PMB 624
Houston, TX 77077
Tel: (281) 305-9313
*lema@mousillilaw.com*
*service@mousillilaw.com*

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2026, a true and correct copy of the foregoing document and the accompanying form of order was served on all counsel of record through

the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure and this District's electronic filing rules.

/s/ Lema Mousilli
Lema Mousilli

**CERTIFICATE OF COMPLIANCE**

I certify that this response contains 996 words, including headings and footnotes, and excluding the case caption, title, signature blocks, and certificates, in compliance with Section 5(d)(4)(ii) of Judge Ho's Court Procedures. I relied on the word-count function of Microsoft Word to calculate the word count.

/s/ Lema Mousilli
Lema Mousilli