**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEMA MOUSILLI,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO.** |
| | § | **4:25-cv-05642** |
| **DANIEL MCNARY "MAC"** | § | **JURY DEMANDED** |
| **LECKRONE,** | § | |
| ***Defendant.*** | § | |
| | § | |

# DEFENDANT DANIEL MCNARY LECKRONE'S REPLY IN SUPPORT OF OPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY ELIZABETH REVERE AND ELIZABETH REVERE, PLLC AS COUNSEL FOR DEFENDANT AND FOR PROTECTIVE RELIEF

**COMES NOW, DEFENDANT DANIEL MCNARY LECKRONE**, and files this *Reply in Support of his Opposed Motion for Leave to File Sur-Reply* (Dkt. 35) (**"Motion for Leave"**), in reply to Plaintiff's Response in Opposition (Dkt. 42) (**"Response"**), and respectfully shows the Court as follows:

## I. SUMMARY OF REPLY

1. Plaintiff's Response makes the case for leave. It tells the Court that no further briefing is permitted without leave and that a reply may answer only what the response put in the record. Dkt. 42 ¶ 2. It then devotes Part III, the larger part of its argument, to a second reply on the merits of the Motion to Disqualify, filed without leave, resting on materials that are not in the record, and ending with a broader condition than Plaintiff has ever

requested. *Id.* ¶¶ 7–14. The Court should grant Mr. Leckrone leave to file the Sur-Reply. Whether or not it does, it need not consider Part III of Plaintiff's Response.

## II. ARGUMENT AND AUTHORITIES

### A. Plaintiff's Reply (Dkt. 32) asked for new relief and made new arguments from new materials

2. Plaintiff does not dispute that her Motion to Disqualify (Dkt. 22) and its proposed order (Dkt. 22-8) did not ask the Court to bar Mr. Leckrone from offering "evidence or argument that Plaintiff was not a partner of L&M or was its independent contractor," or to make any denial "without prejudice to renewal before trial." Dkt. 32 ¶ 4. She argues instead that those requests are a "lesser form" of disqualification covered by her general prayer. Dkt. 42 ¶¶ 3–4. They are not. Disqualification decides who may represent Mr. Leckrone. The proposed condition decides what Mr. Leckrone may prove at trial, from any source, on a fact Plaintiff herself pleaded. Dkt. 1 ¶¶ 7–8. A request for that kind of order must state "with particularity the grounds for seeking the order" and "the relief sought." FED. R. CIV. P. 7(b)(1); *see United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). "A formal motion is not always required, so long as the requesting party has set forth with particularity the grounds for the amendment and the relief sought." *Id.* Plaintiff points to Dkt. 22 ¶¶ 16–27 for her grounds. Dkt. 42 ¶ 4. Those paragraphs argue disqualification; none asks the Court to limit what Mr. Leckrone may prove, and the general prayer for other relief states no grounds at all. Dkt. 22 at 18. The statement that "Defendant cannot have both" in the Motion to Disqualify (Dkt. 22 ¶ 20) requested nothing,

and the Motion to Disqualify conceded that Rule 3.08(c) would leave a lawyer-witness "free to prepare the case." *Id.* ¶ 27.

3. Plaintiff also argues that a reply may answer anything in a response. Dkt. 42 ¶ 2. Mr. Leckrone does not argue otherwise. But Plaintiff goes further, arguing that nothing a reply says about the response can be new. *Id.* She cites no authority for that, and neither Local Rule 7.4(E) nor the Court's procedures say it. The question is whether the non-movant has had "an adequate opportunity to respond" before the Court relies on arguments and evidence first presented in a reply. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004). Plaintiff's Reply did more than rebut. It called Ms. Revere "the sworn proponent of the premise" of the defense and said her declaration "cannot give a consistent account of her role." Dkt. 32 ¶ 3. It argued from LECK-018 and LECK-019, which were never filed. *Id.* ¶ 1. And it asked for new relief. *Id.* ¶ 4. A reply "is to contain argument, not new supporting materials," and new materials in a reply deprive the non-movant of a meaningful opportunity to respond. *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239–40 (N.D. Tex. 1991) (allowing a further response to new materials submitted with a reply). That Mr. Leckrone produced LECK-018 and LECK-019 in discovery does not put them in the record. Facts "not appearing of record" must be proved by evidence "filed with the motion or response." S.D. TEX. L.R. 7.7.

4. The Sur-Reply is the proportionate answer. It is five pages (Dkt. 35-2), limited to those matters, and causes no delay. Dkt. 35 ¶ 7. Plaintiff has now briefed the Sur-Reply's substance at length, so granting leave causes her no prejudice.

**B. Part III of the Response is further briefing without leave**

5. "No further briefing is permitted without leave of Court." Court Procedures of U.S. Magistrate Judge Yvonne Y. Ho (**"Ho Proc."**) § 5(e). Plaintiff sought none. Part III is a second reply on Dkt. 22. It asserts a date on which Ms. Revere began representing Farrell Legal Group, with no evidence to support it. Dkt. 42 ¶ 10. It relies on unfiled discovery responses and documents. Dkt. 42 ¶¶ 6, 9 (citing LECK-016; Def.'s Resp. to Pl.'s First Req. for Admis. No. 13; Def.'s Resp. to Pl.'s Second Req. for Prod. No. 41); S.D. TEX. L.R. 7.7. And it asks, for the first time, that the condition reach "any other statement by her in any form." Dkt. 42 ¶ 14. The Court need not consider Part III. If it does, the record answers it briefly.

**C. The record answers Part III**

6. *Counsel's declaration is not trial testimony.* Rule 3.08 addresses "the possible confusion that those dual roles could create for the finder of fact." TEX. DISC. R. PROF'L CONDUCT 3.08 cmt. 4. It "does not prohibit the lawyer who may or will be a witness from participating in the preparation of a matter for presentation to a tribunal." *Id.* cmt. 8; *see* Dkt. 22 ¶ 27. Plaintiff's motion accused Ms. Revere of misconduct and attached her prior testimony. Answering those accusations on a motion the Court decides does not make her a witness "necessary to establish an essential fact" for her client. *In re Sanders*, 153 S.W.3d 54, 57 (Tex. 2004) (per curiam) (*quoting Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990), and TEX. DISC. R. PROF'L CONDUCT 3.08 cmt. 10). Disqualification "is a severe remedy," and the rule is not to be used "as a tactical weapon." *Id.*

7. Plaintiff's position would leave Mr. Leckrone no way to answer her motion. Dkt. 42 ¶¶ 1, 7. Plaintiff, herself a lawyer, filed a motion accusing Ms. Revere of misconduct and supported it with her own affidavit on the very conversation she says makes Ms. Revere a necessary witness, a call on which Plaintiff was the only other person. Dkt. 22 ¶ 20; Dkt. 22-1 ¶ 9. She appears as of counsel on her own briefs, signed the certificate of conference on her motion to disqualify, conferred on this motion on her own behalf, and was Plaintiff's only counsel on the parties' November 16, 2026 discovery conference. Dkt. 22 at 18—19; Dkt. 42 at 9; Dkt. 42-1 at 1–3; Dkt. 45 at 2. Yet when Ms. Revere answers those accusations under oath, Plaintiff calls the answer itself proof of the advocate-witness problem. Dkt. 42 ¶ 1. On that reasoning, a lawyer accused in a motion to disqualify must either stay silent or be disqualified for speaking. The Local Rules require the opposite: facts not of record must be proved by affidavit or other evidence "filed with the motion or response." S.D. TEX. L.R. 7.7. A movant cannot put counsel's conduct at issue and then treat counsel's sworn response as grounds for disqualification. To borrow Plaintiff's phrase, she "cannot have both." Dkt. 22 ¶ 20.

8. *There is no contradiction.* Plaintiff quotes one sentence of Ms. Revere's first declaration. Dkt. 42 ¶ 8. The paragraph it comes from explains that she spoke with Ms. Farrell "[i]n evaluating discovery requests for this matter," with client consent, did not ask that the documents be produced, and did not learn of their production until she read the Motion to Disqualify. Dkt. 29-1 ¶ 8; *see* Dkt. 29-2 ¶ 4. Evaluating discovery in this case is work on this case, not on the Harris County litigation between Lloyd & Mousilli, PLLC,

Lema Mousilli, and Feras Mousilli, Cause No. 2024-72783 (the **"Partnership Litigation"**).

9. *Farrell Legal Group.* Ms. Revere disclosed that representation in her first declaration, and Mr. Leckrone, knowing of it, consented to her continued representation of him. Dkt. 29-1 ¶ 11; Dkt. 29-2 ¶ 7. Any Rule 1.06 question is Mr. Leckrone's to resolve, and he has resolved it. TEX. DISC. R. PROF'L CONDUCT 1.06(c)(2). An opposing party's conflict objection "should be viewed with great caution . . . for it can be misused as a technique of harassment." *Id.* cmt. 17. There is no evidence before the Court in support of Plaintiff's new date for the start of that representation. Dkt. 42 ¶ 10. The cause number and court she attributes to Dkt. 29-1 ¶ 11 do not appear there. Further, the Farrell representation is unrelated to either this case or the Partnership Litigation. Dkt. 29-1 ¶ 11. Plaintiff has omitted from her arguments that Lloyd Kelley, attorney-in-charge of this matter, is also her counsel in the Partnership Litigation. Dkt. 22-2 at 2.

10. *The condition.* Plaintiff says the condition costs Mr. Leckrone nothing if Plaintiff's status is not part of his defense. Dkt. 42 ¶ 11. But the condition is not limited to Ms. Revere. It would bar "evidence or argument" (Dkt. 32 ¶ 4) from any witness or document on a fact Plaintiff pleaded (Dkt. 1 ¶¶ 7–8). Denying an allegation Plaintiff pleaded holds her to her proof; it does not make Ms. Revere's testimony necessary. Necessity under Rule 3.08 turns on whether the lawyer's testimony is "necessary to establish an essential fact" for her client. *Sanders*, 153 S.W.3d at 57. Mr. Leckrone has sworn that it is not and that he will not call her. Dkt. 29-2 ¶ 3. And Plaintiff pleaded that her role at L&M is "extensively documented and corroborated by substantial evidence, including testimony from numerous witnesses

and thousands of pages of records." Dkt. 1 ¶ 8. Plaintiff's own authority holds that testimony that is "merely cumulative or capable of being corroborated by other witnesses" is not necessary, places the burden on the movant, and denied a motion to disqualify counsel from trying the case. *Duke Invs., Ltd. v. Amegy Bank, N.A.* (*In re Duke Invs., Ltd.*), 454 B.R. 414, 422–25 (Bankr. S.D. Tex. 2011).

11. Mr. Leckrone stands by the condition he offered: he will not call Ms. Revere as a witness or offer her testimony concerning the April 1, 2022 conversation. Dkt. 35-2 ¶ 6. That includes her February 21, 2025 affidavit (Dkt. 22-7) and her March 31, 2026 testimony (Dkt. 22-2) concerning that conversation. Plaintiff's new request to extend the condition to "any other statement by her in any form," on any subject, is unexplained and overbroad. Dkt. 42 ¶ 14.

**D. The certificate of conference complied with the Court's procedures**

12. When a movant cannot obtain the respondent's position, the certificate must describe at least two attempts. Ho Proc. § 5(d)(5)(i). The certificate did that. Dkt. 35 at 6. Plaintiff's emails at 9:26 and 10:47 a.m. asked for Defendant's authority and posed questions about Mr. Leckrone's testimony but did not say whether Plaintiff opposed leave. Dkt. 42-1 at 1–3. Ms. Revere's 12:00 p.m. email stated that the motion would be filed as opposed and that the exchange would be described in the certificate. *Id.* at 1. Plaintiff first stated her position in her Response. Dkt. 42 ¶ 15. Ms. Campbell is Ms. Revere's paralegal, has been copied on correspondence in this case since approximately April 2026, and is subject to no order while Dkt. 22 is pending. Dkt. 22 ¶ 14.

## III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Daniel McNary Leckrone respectfully asks the Court to grant his Motion for Leave (Dkt. 35); deem the Sur-Reply (Dkt. 35-2) and the Supplemental Unsworn Declaration of Elizabeth Revere (Dkt. 35-1) filed as of the date of the Court's order; decline to consider Part III of Plaintiff's Response (Dkt. 42 ¶¶ 7–14) or, if the Court considers it, consider this Reply in response; and grant Defendant such other and further relief to which he may show himself justly entitled.

Dated: November 23, 2026.

Respectfully submitted,

By: /s/ *Elizabeth Revere*

ELIZABETH REVERE
State Bar No. 00791513
S.D. Texas Bar No. 18329
**ELIZABETH REVERE, PLLC**
804 Sabine Street
Houston, Texas 77007
Tel: (281) 924-8845
Fax: (832) 201-0584
*service@bethrevere.com*
**ATTORNEY FOR DEFENDANT DANIEL MCNARY LECKRONE**

**CERTIFICATE OF COMPLIANCE**

I certify that this Reply complies with the word-count limitation in Section 5(d)(4)(ii) of the Court Procedures of United States Magistrate Judge Yvonne Y. Ho. The Reply contains 2050 words, including headings and footnotes, and excluding the caption, title of the document, signature block, and certificates. I relied on the word-count function of Microsoft Word to calculate the word count.

/s/ Elizabeth Revere
Elizabeth Revere

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, pursuant to the District's ECF service rules on **November 23, 2026, *via electronic filing system***.

/s/ *Elizabeth Revere*
Elizabeth Revere