United States District Court
Southern District of Texas
**ENTERED**
November 23, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Lema Mousilli, | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 4:25-cv-05642 |
| v. | § | |
| Daniel McNary "Mac" Leckrone, | § | |
| *Defendant*. | § | |

**ORDER ON VARIOUS NON-DISPOSITIVE MOTIONS**

Before and after this case was referred to the undersigned judge, Dkt. 34, the parties filed several non-dispositive motions debating which attorneys and non-lawyer professionals can or are representing each side. Their disputes affect some discovery issues. Those specific motions plus other discovery disputes are resolved briefly below.

**Plaintiff's motion to withdraw counsel (Dkt. 23)**. Plaintiff Lema Mousilli's motion to withdraw (Dkt. 23) Lloyd E. Kelley as her counsel and to designate herself (Mousilli) as "attorney-in-charge" is granted in part and denied in part. Mousilli is free to represent herself, as she has chosen to do. Thus, the request to withdraw Kelley as her attorney—which Defendant Daniel Leckrone does not oppose, Dkt. 24 at 1—is granted. But it is unnecessary and unwarranted for Mousilli to formally designate herself as

"attorney in charge." That designation serves the specific purpose of informing the court and opposing parties who is "responsible in that action for the party" and who must "attend all court proceedings or send a fully informed attorney with authority to bind the client." S.D. Tex. L.R. 11.1 & 11.2. That type of designation is superfluous when, as here, an attorney is choosing to represent herself *pro se*. Thus, Mousilli's further request to designate herself as "attorney in charge" is denied. She may, however, include her bar number and admission to practice in this Court in the signature block to her filings.

**Mousilli's motion to disqualify opposing counsel and counsel's paralegal (Dkt. 22); Lockrone's motion for leave to file related sur-reply (Dkt. 35); and the parties' joint letter for pre-motion conference (Dkt. 40) on related issues**. Mousilli has not satisfied the "exacting standard" to justify the "severe remedy" of disqualifying attorney Elizabeth Revere, the law firm of Elizabeth Revere, PLLC, from representing Leckrone in this case. *See In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding) (per curiam). Nor has Mousilli proffered a valid justification that bars paralegal Marlene Campbell from working on the case. Lockrone's motion to file a sur-reply (Dkt. 35) is denied because the reply raises no new issues meriting further briefing. The denial of Mousilli's disqualification motion also moots the dispute underlying the parties' joint letter (Dkt. 40).

"Texas Disciplinary Rule of Professional Conduct 3.08, which prevents lawyers from "acting as both an advocate and a witness in an adjudicatory proceeding," does not support Revere's disqualification here. *See In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding) (per curiam) (discussing Tex. Displ. R. Prof'l Conduct 3.08). Mousilli's unilateral decision to name Revere as a potential witness is insufficient to merit Revere's disqualification. And she has not shown that Revere's testimony is "*necessary* to establish an *essential* fact ...." *See id.* (emphasis added).

This suit hinges on the allegation that Leckrone falsely told one of Mousilli's clients that Mousilli "stole hundreds of thousands of dollars" from her previous law firm, Lloyd & Mousilli, PLLC ("L&M"). *See* Dkt. 1 at 4-5; *see also id.* at 6 (repeating this allegation as basis for defamation claim). Mousilli asserts that this accusation flows from the false premise that she was not a partner of L&M and therefore "stole what [funds] she drew," which underlies Leckrone's "truth defense" to the defamation claim. *See id.* at 5, 11. From there, Mousilli reasons that she is entitled to question Revere about a phone call wherein Revere allegedly heard Mousilli describe herself as "a partner in name only" and merely "a contractor" of L&M. *See* Dkt. 22 at 11.

But Leckrone—himself an attorney—has disclaimed any intent to use or otherwise rely on Revere's testimony to establish any of his claims or defenses. *See* Dkt. 29-2 at 1. That takes Revere's supposed testimony about the phone

call out of case, along with any supposed need to question Revere about the call. In short, Leckrone agrees that *neither side* can rely on what Mousilli supposedly told Revere during that phone call to prove or disprove her F&M partner status. That is conclusive.

Nor can Mousilli credibly assert that Revere's testimony is indispensable to proving her damages from losing a client. The client itself is an obvious source of information, not to mention L&M's billing records. *See, e.g.*, *In re Judwin Props., Inc.*, 2025 WL 996440, at *3 (Tex. App.—Houston [14th Dist.] Apr. 3, 2025, orig. proceeding) (per curiam) (trial court wrongly disqualified counsel when no evidence showed that counsel was the "only person in possession" of facts "that serve as the basis for the relator's claims"). And Revere has disclaimed having any unique knowledge of the calls between Leckrone and Hepford or any of Leckrone's other statements at issue in this suit. *See* Dkt. 29-1 at 1 ¶ 3. Given Leckrone's conclusive disclaimer of reliance on Revere's testimony for any purpose, Mousilli's continued invocation of Rule 3.08(a) smacks of an improper litigation tactic.

Mousilli's further reliance on Rule 1.06(b)(2), governing conflicts of interest, is even less tenable because it rests on wholly collateral disputes that do not materially affect Revere's representation of Leckrone. Inclusion of counsel's name in Leckrone's certificate of interested persons merely reflected that Revere may have a financial interest in recovering attorneys' fees—and

nothing more. *See* Dkt. 11 at 2; Dkt. 29-1 at 1 ¶ 4 (Revere's declaration). Revere's earlier departure from L&M over unrelated fee disputes has no bearing on Mousilli's claims or Leckrone's defenses. Regardless, Leckrone has knowingly waived any supposed conflicts posed by those other disputes, which clients are free to do. *See* Dkt. 29-2 at 1 ¶ 7 (Leckrone's waiver); Tex. Discpl. R. Prof'l Conduct 1.06(c)(2) (waivers).

In addition, absolutely nothing suggests that Revere worked on the ongoing L&M litigation matter; she was merely called as a witness in that case. *See* Dkt. 29-1 at 1 ¶ 7 (Revere's involvement in the L&M litigation "was having been subpoenaed as a witness"); Dkt. 22-2 at 20. Mousilli simply misconstrues the relevant portion of Revere's testimony. *See* Dkt. 22-2 at 20 (Revere testifying that she "took over the litigation side" *of L&M* during a certain timeframe, not that she worked on the L&M litigation matter). There was also nothing improper about Revere providing copies of Mousilli's text messages to counsel in the other pending case, with Leckrone's knowledge and consent, much less any impropriety that would require Revere's disqualification. *See* Dkt. 29-2 at 1 (Leckrone noting that he authorized Revere to share the underlying text messages, MOU0003-04, with counsel in the L&M state-court case). This Court rejects Mousilli's attempt to manufacture a conflict to thwart Leckore's choice of counsel. *See, e.g.*, Tex. Discpl. R. Prof'l Conduct 1.06 cmt.

17 (opposing party's attempt to raise conflict "should be viewed with great caution" due to potential misuse "as a technique of harassment").

The Court likewise rejects Mousilli's contention that Revere's paralegal, Campbell, cannot work on this matter merely because Campbell used to serve as Mousilli's paralegal. Once again, Mousilli's unilateral naming of Campbell as a potential witness does not entitle her to bar Campbell from supporting Revere's work on this case, including by receiving and reviewing correspondence and discovery. Campbell has no personal knowledge of any facts underlying Mousilli's defamation claim. Dkt. 29-3 at 1. She also did not work on any matter substantially related to this one. *See id.* at 1. More fundamentally, there is no indication that Campbell previously worked on a matter where Mousilli was *the client* entitled to raise any conflict issue that Revere, her current supervising attorney, would have an obligation to police. Mousilli's complaints about Campbell's role are baseless.

Notably, too, Mousilli has improperly attempted to circumvent the Court's pre-motion conference requirement by attempting to shoehorn a request for protective order—a discovery request—into this motion. *See* Dkt. 22 at 16 (requesting protective order under Fed. R. Civ. P. 26(c)(1)). She did this despite already having her separate discovery motion stricken less than two weeks earlier, and for the same violation. *See* Dkt. 20 (September 17, 2026 order striking Dkt. 18); Dkt. 22 (filed September 30, 2026). Mousilli is warned

that any further attempts to bypass the pre-motion process will result in the Court denying her requested relief without leave to resubmit it.

Regardless, there is no basis to disqualify Revere or to preclude Campbell from working on this case, and thus no related basis to impair either individual's involvement in discovery. Mousilli's motion to disqualify Leckrone's attorney and the attorney's paralegal (Dkt. 22) is denied.

**Mousilli's objections to third-party subpoena**. Mousilli filed numerous requests to prohibit Leckrone from obtaining documents from third-party L&M via a November 12, 2026 subpoena. *See* Dkt. 41 (Mousilli's "emergency application" to "preserve the status quo" on the subpoena); 44 (amended version of the application); 45 (November 17, 2026 joint letter regarding the subpoena). Relatedly, Leckrone filed a motion to supplement a portion of that briefing to clarify a factual issue posed by Mousilli's reply brief. *See* Dkt. 48 (addressing factual assertion in Dkt. 47). The motion to supplement is granted.

As for Mousilli's requested relief, there is no dispute that L&M has already produced the documents—fifteen pages in all. Her request to prohibit the production is therefore moot. In any event, the requested documents—including about Mousilli's compensation from L&M—are relevant to her claim that Leckrone falsely accused her of taking L&M's funds and her asserted damages. Mousilli's further request to sequester those documents is denied.

Mousilli's concerns about preserving the confidentiality of information contained in the L&M production must be addressed via a joint protective/confidentiality order.[1] Those concerns do not provide a valid basis for thwarting the production itself. Any protective order cannot validly restrict Leckrone from sharing L&M's own documents or information with L&M. But all the documents should be treated as confidential until the parties submit a joint proposed protective order consistent with this opinion.

## Conclusion

It is **ORDERED** that Plaintiff Lema Mousilli's motion to withdraw counsel (Dkt. 23) is **GRANTED IN PART** with respect to the request for Lloyd Kelley to withdraw from representing Mousilli and **DENIED IN PART** in all other respects. The docket will reflect that Mousilli is proceeding *pro se*.

It is **ORDERED** that Mousilli's motion to disqualify Elizabeth Revere and the firm of Elizabeth Revere, PLLC that also demands paralegal Marlene Campbell to be screened from participating in this case (Dkt. 22) is **DENIED** in its entirety. Defendant Daniel Leckrone's motion for leave to file a sur-reply (Dkt. 35) is **DENIED**. The parties' request for a conference (Dkt. 40) to address disputes about the propriety of Campbell's involvement is **DENIED** as moot.

---

[1] Mousilli's further complaints about Campbell's involvement in handling discovery are mooted by the conclusion that Mousilli is not entitled to preclude Campbell from serving as paralegal to Leckrone's counsel.

It is further **ORDERED** that Mousilli's emergency applications (Dkts. 41, 44) to preserve the status quo on the third-party subpoena to Lloyd & Mousilli, PLLC are **DENIED**, and the parties' joint letter (Dkt. 45) seeking guidance on the scope and validity of the subpoena is **DENIED** as moot. The parties must, however, treat the fifteen pages of documents produced by L&M as confidential, subject to the entry of a protective order that will govern the production and classification of documents. The parties must submit a joint proposed protective/confidentiality order by **December 4, 2026**, consistent with the rulings addressed above. If the parties cannot agree on the contents of the order, then this Court will enter its own standard protective order.

Leckrone's motion for leave to supplement the record (Dkt. 48) concerning Mousilli's reply (Dkt. 47) is **GRANTED**.

Signed on November 23, 2026, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge